UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

MARK A. ARTHUR, on behalf of himself and all others similarly situated,

Plaintiff,

v.

SLM CORPORATION d/b/a "SALLIE MAE,"

Defendant.

NO.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 27 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)

Plaintiff Mark A. Arthur (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## I. NATURE OF ACTION

1.    Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of SLM Corporation (hereinafter referred to as "Sallie Mae" or "the Company" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2.    Sallie Mae is a Delaware corporation that maintains its headquarters at 12061 Bluemont Way, Reston, Virginia. Sallie Mae, through its subsidiaries, provides education

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

1    finance throughout the United States.  Its primary business is to originate and hold student

2    loans by providing funding, delivery, and servicing support for education loans.  The Company,

3    which provides its loans by participating in the Federal Family Education Loan Program

4    ("FFELP") and by offering non-federally guaranteed Private Education Loans ("PELs"), is the

5    nation's leading provider of savings-and-paying-for-college programs.  Through its subsidiaries,

6    the Company manages $180 billion in education loans and serves ten million student and parent

7    customers.  Through its Upromise affiliates, the Company also manages more than $17.5

8    billion in 529 college-savings plans, and is a major, private source of college funding

9    contributions in America with ten million members and more than $475 million in member

10   rewards.  (See Corporate Overview, available at http://SallieMae.com/about/corp_leadership/)

11   (last visited January 29, 2010).

## II.  JURISDICTION AND VENUE

13        3.        This matter in controversy exceeds $5,000,000, as each member of the proposed

14   Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that

15   has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §

16   1332(d)(2).  Further, Plaintiff alleges a national class, which will result in at least one Class

17   member belonging to a different state.  Therefore, both elements of diversity jurisdiction under

18   the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

19        4.        Venue is proper in the United States District Court for the Western District of

20   Washington pursuant to 28 U.S.C. § 1391(b)-(c) and 1441(a), because Defendant is a

21   corporation that is deemed to reside in any judicial district in which it is subject to personal

22   jurisdiction at the time the action is commenced, and because Defendant's contacts with this

23   District are sufficient to subject it to personal jurisdiction.  Venue is also proper in this District

24   because Plaintiff has resided in this District at all times relevant to these claims such that a

25   substantial part of the events giving rise to the claims occurred in this District.

26

27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §  27 ET SEQ.
(TELEPHONE CONSUMER PROTECTION ACT) - 2
CASE NO. C10-0154 MJP

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

## III.  PARTIES

5.     Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of Washington, who resides in Seattle, Washington.

6.     On information and belief, Plaintiff alleges that Sallie Mae is, and at all times mentioned herein was, a corporation whose primary corporate address and headquarters are in Reston, Virginia, and that Sallie Mae does business throughout the country, including this District.

## IV.     THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C.§ 227 (TCPA),  in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.  The FCC "emphasize[d] that prior express consent is deemed to be granted

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 27 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT) - 3
CASE NO. C10-0154 MJP

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## V. FACTUAL ALLEGATIONS

11.     At all times relevant, Plaintiff was an individual residing in the State of Washington.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

12.     Beginning in or around 2003 when Plaintiff started law school, Plaintiff took out a number of loans with Sallie Mae to cover the cost of his schooling.

13.     In Plaintiff's Sallie Mae Signature Student Loan Applications and Promissory Notes, he did not list any cellular telephone number.

14.     Plaintiff did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did he verbally provide Sallie Mae with a cellular phone number at any time during the transaction that resulted in the debt owed to Sallie Mae.

15.     Sallie Mae is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

16.     Notwithstanding the fact Plaintiff did not provide Sallie Mae with his cellular number at any time during the transaction that resulted in the debt owed to Sallie Mae, Sallie Mae repeatedly contacted Plaintiff on Plaintiff's cellular telephone.  Plaintiff received repeated, harassing calls at all hours and often received telephone calls within one hour of each other. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice his complaints to a real person.

17.     All telephone contact by Sallie Mae to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 27 ET SEQ.
(TELEPHONE CONSUMER PROTECTION ACT) - 4
CASE NO. C10-0154 MJP

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

18.     The telephone calls placed by Sallie Mae to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

19.     The telephone number that Sallie Mae used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     "During the transaction that resulted in the debt owed," Plaintiff did not provide a wireless number to Sallie Mae nor otherwise provide express consent to receive prerecorded calls by Sallie Mae on Plaintiff's cellular telephone.

22.     Plaintiff did not own his current cellular telephone at the time he took out his loans. He therefore could not have given Sallie Mae express consent at that time to contact him on that cellular phone via an automatic telephone dialing system.

23.     Plaintiff did not provide "express consent" allowing Sallie Mae to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

24.     Sallie Mae did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

25.     Sallie Mae's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

26.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Sallie Mae to demonstrate that Plaintiff provided express consent within the meaning of the statute.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 27 ET SEQ.
(TELEPHONE CONSUMER PROTECTION ACT) - 5
CASE NO. C10-0154 MJP

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

# VI.  CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

28.    Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after October 27, 2005, received a non-emergency telephone call from Sallie Mae to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Plaintiffs" or "Class members." Plaintiff represents, and is a member of, the Class.  Excluded from the Class are Sallie Mae and any entities in which Sallie Mae has a controlling interest, Sallie Mae's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

29.    Plaintiff does not know the exact number of members in the Class, but based upon the representations of Sallie Mae as to its market share, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

30.    Plaintiff and all members of the Class have been harmed by the acts of Sallie Mae.

31.    This Class Action Complaint seeks money damages and injunctive relief.

32.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Sallie Mae.

33.    There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1    which may affect individual Class members.  Those common questions of law and fact include,

2    but are not limited to, the following:

3           a.      Whether, beginning on October 27, 2005, Sallie Mae made non-

4    emergency calls to Plaintiff and Class members' cellular telephones using an automatic

5    telephone dialing system or an artificial or prerecorded voice;

6           b.      Whether Sallie Mae can meet its burden of showing it obtained prior

7    express consent (i.e., consent that is clearly and unmistakably stated), during the transaction

8    that resulted in the debt owed, to make such calls;

9           c.      Whether Sallie Mae's conduct was knowing and/or willful;

10          d.      Whether Sallie Mae is liable for damages, and the amount of such

11   damages; and

12          e.      Whether Sallie Mae should be enjoined from engaging in such conduct

13   in the future.

14          34.     As a person who received numerous and repeated telephone calls using an

15   automatic telephone dialing system or an artificial or prerecorded voice, without his prior

16   express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of

17   each Class member.  Plaintiff will fairly and adequately represent and protect the interests of

18   the Class, and he has no interests which are antagonistic to any member of the Class.

19          35.     Plaintiff has retained counsel experienced in handling class action claims

20   involving violations of federal and state consumer protection statutes such as the TCPA.

21          36.     A class action is the superior method for the fair and efficient adjudication of

22   this controversy.  Class wide relief is essential to compel Sallie Mae to comply with the TCPA.

23   The interest of Class members in individually controlling the prosecution of separate claims

24   against Sallie Mae is small because the statutory damages in an individual action for violation

25   of the TCPA are small.  Management of these claims is likely to present significantly fewer

26   difficulties than are presented in many class claims because the calls at issue are all automated

27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 27 ET SEQ.
(TELEPHONE CONSUMER PROTECTION ACT) - 7
CASE NO. C10-0154 MJP

1  and the Class members, by definition, did not provide the prior express consent required under

2  the statute to authorize calls to their cellular telephones.

3      37.    Sallie Mae has acted on grounds generally applicable to the Class, thereby

4  making final injunctive relief and corresponding declaratory relief with respect to the Class as a

5  whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA

6  violations complained of herein are substantially likely to continue in the future if an injunction

7  is not entered.

8                    **VII.  CAUSES OF ACTION**

9                         **FIRST COUNT**

10  **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION**
    **ACT 47 U.S.C. §  227 ET SEQ.**
11

12      38.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as

13  if fully set forth herein.

14      39.    The foregoing acts and omissions of Sallie Mae constitute numerous and

15  multiple negligent violations of the TCPA, including but not limited to each of the above cited

16  provisions of 47 U.S.C.§227 et seq.

17      40.    As a result of Sallie Mae's negligent violations of 47 U.S.C.§ 227 et seq.,

18  Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each

19  and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(3)(B).

20      41.    Plaintiff and Class members are also entitled to and do seek injunctive relief

21  prohibiting Sallie Mae's violation of the TCPA in the future.

22      42.    Plaintiff and Class members are also entitled to an award of attorneys' fees and

23  costs.

24

25

26

27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §  27 ET SEQ.
(TELEPHONE CONSUMER PROTECTION ACT) - 8
CASE NO. C10-0154 MJP

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

## VIII.    SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

43.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

44.    The foregoing acts and omissions of Sallie Mae constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

45.    As a result of Sallie Mae's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

46.    Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Sallie Mae in the future.

47.    Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A.    As a result of Sallie Mae's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B.    As a result of Sallie Mae's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.    Injunctive relief prohibiting such violations of the TCPA by Sallie Mae in the future;

D.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 27 ET SEQ.
(TELEPHONE CONSUMER PROTECTION ACT) - 9
CASE NO. C10-0154 MJP

**TERRELL MARSHALL DAUDT PLLC**
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1    E.    An order certifying this action to be a proper class action pursuant to Federal

2  Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court

3  deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing

4  the lawyers and law firms representing Plaintiff as counsel for the Class;

5    F.    Such other relief as the Court deems just and proper.

6    DATED this 2nd day of February, 2010.

7                                TERRELL MARSHALL & DAUDT PLLC

8

9                          By: /s/ Beth E. Terrell, WSBA #26759
10                             Beth E. Terrell, WSBA #26759
                              Email: bterrell@tmdlegal.com
11                             Michael D. Daudt, WSBA #25690
                              Email:  mdaudt@tmdlegal.com
12                             Marc C. Cote, WSBA #39824
                              Email:  mcote@tmdlegal.com
13                             3600 Fremont Avenue North
                              Seattle, Washington  98103
14                             Telephone: 206.816.6603
                              Facsimile: 206.350.3528
15
                              Jonathan D. Selbin
16                             Email: jselbin@lchb.com
                              Alison Stocking
17                             Email: astocking@lchb.com
                              LIEFF, CABRASER, HEIMANN &
18                             BERNSTEIN, LLP
                              250 Hudson Street, 8th Floor
19                             New York, New York  10013
                              Telephone:  (212) 355-9500
20                             Facsimile:  (212) 355-9592

21
                              Daniel M. Hutchinson
22                             Email:  dhutchinson@lchb.com
                              LIEFF, CABRASER, HEIMANN &
23                             BERNSTEIN, LLP
                              Embarcadero Center West
24                             275 Battery Street
                              San Francisco, California  94111-3339
25                             Telephone:  (415) 956-1000
                              Facsimile:  (415) 956-1008

26

27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §  27 ET SEQ.
(TELEPHONE CONSUMER PROTECTION ACT) - 10
CASE NO. C10-0154 MJP

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

David P. Meyer
Email:  dmeyer@dmlaws.com
Mathew R. Wilson
Email:  mwilson@dmlaws.com
DAVID P. MEYER & ASSOCIATES CO., LPA
1320 Dublin Road, Suite 100
Columbus, Ohio  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

*Attorneys for Plaintiff*

TERRELL MARSHALL DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
TEL. 206.816.6603 ● FAX 206.350.3528