1    The Honorable James L. Robert

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
     WASHINGTON

9    MARK A. ARTHUR and CIRILO
10   MARTINEZ, on behalf of themselves and all       NO.  C10-0198 JLR
     others similarly situated,

11                    Plaintiffs,                     **FIRST AMENDED CLASS ACTION**
                                                      **COMPLAINT FOR DAMAGES AND**
12        v.                                          **INJUNCTIVE RELIEF PURSUANT TO**
                                                      **47 U.S.C. § 227 *ET SEQ*. (TELEPHONE**
13   SALLIE MAE, INC.,                                **CONSUMER PROTECTION ACT)**

14                    Defendant.

15                                                    **Demand for Jury Trial**

16

17

18        Plaintiffs Mark A. Arthur and Cirilo Martinez (hereinafter referred to as "Plaintiffs"),

19   individually and on behalf of all others similarly situated, allege on personal knowledge,

20   investigation of their counsel, and on information and belief as follows:

21                              **I.  NATURE OF ACTION**

22        1.      Plaintiffs bring this action for damages, and other legal and equitable remedies,

23   resulting from the illegal actions of Sallie Mae, Inc. (hereinafter referred to as "Sallie Mae" or

24   "the Company" or "Defendant"), in negligently, knowingly, and/or willfully contacting

25   Plaintiffs on Plaintiffs' cellular telephones without their prior express consent within the

26

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 1
CASE No. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1   meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter

2   referred to as the "TCPA").

3        2.      Sallie Mae is a Delaware corporation that maintains its headquarters at 12061

4   Bluemont Way, Reston, Virginia.  Sallie Mae, through its subsidiaries, provides education

5   finance throughout the United States.  Its primary business is to originate and hold student

6   loans by providing funding, delivery, and servicing support for education loans.  The Company,

7   which provides its loans by participating in the Federal Family Education Loan Program

8   ("FFELP") and by offering non-federally guaranteed Private Education Loans ("PELs"), is the

9   nation's leading provider of savings-and-paying-for-college programs.  Through its

10  subsidiaries, the Company manages $180 billion in education loans and serves ten million

11  student and parent customers.  Through its Upromise affiliates, the Company also manages

12  more than $17.5 billion in 529 college-savings plans, and is a major, private source of college

13  funding contributions in America with ten million members and more than $475 million in

14  member rewards.  (*See* Corporate Overview, *available at*

15  http://SallieMae.com/about/corp_leadership/) (last visited March 19, 2010).

## II.  JURISDICTION AND VENUE

17       3.      This matter in controversy exceeds $5,000,000, as each member of the proposed

18  Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that

19  has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §

20  1332(d)(2).  Further, Plaintiffs allege a national class, which will result in at least one Class

21  member belonging to a different state.  Therefore, both elements of diversity jurisdiction under

22  the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

23       4.      Venue is proper in the United States District Court for the Western District of

24  Washington pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is a

25  corporation that is deemed to reside in any judicial district in which it is subject to personal

26  jurisdiction at the time the action is commenced, and because Defendant's contacts with this

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 2
CASE NO. C10-0198 JLR

**TERRELL MARSHALL & DAUDT PLLC**
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff Arthur has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

5. Plaintiff Mark A. Arthur is, and at all times mentioned herein was, an individual citizen of the State of Washington, who resides in Seattle, Washington.

6. Plaintiff Cirilo Martinez is, and at all times mentioned herein was, an individual citizen of the State of Michigan, who resides in Paw Paw, Michigan.

7. On information and belief, Plaintiffs allege that Sallie Mae is, and at all times mentioned herein was, a corporation whose primary corporate address and headquarters are in Reston, Virginia, and that Sallie Mae does business throughout the country, including this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 3
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.350.3528

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

# V.  FACTUAL ALLEGATIONS

**Plaintiff Arthur's Allegations**

12.     At all times relevant, Plaintiff Arthur was an individual residing in the State of Washington.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

13.     Beginning in or around 2003 when Plaintiff Arthur started law school, he took out a number of loans with Sallie Mae to cover the cost of his schooling.

14.     In Plaintiff Arthur's Sallie Mae Signature Student Loan Applications and Promissory Notes, he did not list any cellular telephone number.

15.     Plaintiff Arthur did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did he verbally provide Sallie Mae with a cellular phone number at any time during the transaction that resulted in the debt owed to Sallie Mae.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 4
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

**Plaintiff Martinez's Allegations**

16.     Plaintiff Martinez is an individual residing in the State of Michigan.  Plaintiff Martinez is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

17.     Beginning in or around 1997 when Plaintiff Martinez started law school, he took out a number of loans with Sallie Mae to cover the cost of his schooling.

18.     In Plaintiff Martinez's Sallie Mae Signature Student Loan Applications and Promissory Notes, he did not list any cellular telephone number as he did not own a cellular phone at that time.

19.     Plaintiff Martinez did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did he verbally provide Sallie Mae with a cellular phone number at any time during the transaction that resulted in the debt owed to Sallie Mae.

**Plaintiffs' Joint Allegations**

20.     Sallie Mae is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

21.     Notwithstanding the fact Plaintiffs did not provide Sallie Mae with their cellular number at any time during the transaction that resulted in the debt owed to Sallie Mae, Sallie Mae repeatedly contacted Plaintiffs on Plaintiffs' cellular telephones.  Plaintiffs received repeated, harassing calls at all hours and often received telephone calls within one hour of each other.  Because these calls were prerecorded, Plaintiffs had no ability to request that the calls end or to voice their complaints to a real person.

22.     All telephone contact by Sallie Mae to Plaintiffs on their cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 5
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

23.     The telephone calls placed by Sallie Mae to Plaintiffs' cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

24.     The telephone number that Sallie Mae used to contact Plaintiffs, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

25.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.     "During the transaction that resulted in the debt owed," Plaintiffs did not provide a wireless number to Sallie Mae nor otherwise provide express consent to receive prerecorded calls by Sallie Mae on Plaintiffs' cellular telephone.[6]

27.     Plaintiffs did not own their current cellular telephone at the time they took out their loans.  They therefore could not have given Sallie Mae express consent at that time to contact them on that cellular phone via an automatic telephone dialing system.

28.     Plaintiffs did not provide "express consent" allowing Sallie Mae to place telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

29.     Sallie Mae did not make telephone calls to Plaintiffs' cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

30.     Sallie Mae's telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency

---

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 6
CASE NO. C10-0198 JLR

purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. §

227(b)(1)(A).

31.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling,

the burden is on Sallie Mae to demonstrate that Plaintiffs provided express consent within the

meaning of the statute.[7]

## VI.  CLASS ACTION ALLEGATIONS

32.    Plaintiffs bring this action on behalf of themselves and on behalf of all other

persons similarly situated (hereinafter referred to as "the Class").

33.    Plaintiffs propose the following Class definition, subject to amendment as

appropriate:

> All persons within the United States who, on or after October 27,
> 2005, received a non-emergency telephone call from Sallie Mae
> to a cellular telephone through the use of an automatic telephone
> dialing system or an artificial or prerecorded voice and who did
> not provide prior express consent for such calls during the
> transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class members."  Plaintiffs represent, and

are members of, the Class.  Excluded from the Class are Sallie Mae and any entities in which

Sallie Mae has a controlling interest, Sallie Mae's agents and employees, the Judge to whom

this action is assigned and any member of the Judge's staff and immediate family, and claims

for personal injury, wrongful death and/or emotional distress.

34.    Plaintiffs do not know the exact number of members in the Class, but based

upon the representations of Sallie Mae as to its market share, Plaintiffs reasonably believe that

Class members number at minimum in the tens of thousands.

35.    Plaintiffs and all members of the Class have been harmed by the acts of Sallie

Mae.

36.    This Class Action Complaint seeks money damages and injunctive relief.

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 7
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

37.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Sallie Mae.

38.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.      Whether, beginning on October 27, 2005, Sallie Mae made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b.      Whether Sallie Mae can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

c.      Whether Sallie Mae's conduct was knowing and/or willful;

d.      Whether Sallie Mae is liable for damages, and the amount of such damages; and

e.      Whether Sallie Mae should be enjoined from engaging in such conduct in the future.

39.     As persons who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each Class member.  Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

40.     Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 8
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

41.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Sallie Mae to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Sallie Mae is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

42.     Sallie Mae has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.  CAUSES OF ACTION

## FIRST COUNT

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §  227 *ET SEQ.*

43.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

44.     The foregoing acts and omissions of Sallie Mae constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. §  227 *et seq.*

45.     As a result of Sallie Mae's negligent violations of 47 U.S.C. §  227 *et seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 9
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

46.     Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting Sallie Mae's violation of the TCPA in the future.

47.     Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

48.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

49.     The foregoing acts and omissions of Sallie Mae constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

50.     As a result of Sallie Mae's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

51.     Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Sallie Mae in the future.

52.     Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against Defendant:

A.     As a result of Sallie Mae's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 10
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

B.      As a result of Sallie Mae's willful and/or knowing violations of 47 U.S.C.

§ 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided

by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.      Injunctive relief prohibiting such violations of the TCPA by Sallie Mae in the

future;

D.      An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

E.      An order certifying this action to be a proper class action pursuant to Federal

Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court

deems appropriate, finding that Plaintiffs are proper representatives of the Class, and

appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

F.      Such other relief as the Court deems just and proper.

## IX.  DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts so triable.

DATED this 5th day of April, 2010.

TERRELL MARSHALL & DAUDT PLLC


By: /s/ Beth E. Terrell, WSBA # 26759
    Beth E. Terrell, WSBA #26759
    Email:  bterrell@tmdlegal.com
    Michael D. Daudt, WSBA #25690
    Email:  mdaudt@tmdlegal.com
    Marc C. Cote, WSBA #39824
    Email:  mcote@tmdlegal.com
    3600 Fremont Avenue North
    Seattle, Washington  98103
    Telephone:  206.816.6603
    Facsimile:   206.350.3528

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 11
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528

1

Jonathan D. Selbin, *Admitted Pro Hac Vice*
Email:  jselbin@lchb.com

2

Alison Stocking, *Admitted Pro Hac Vice*
Email:  astocking@lchb.com

3

LIEFF, CABRASER, HEIMANN

4

  & BERNSTEIN, LLP
250 Hudson Street, 8th Floor

5

New York, New York  10013
Telephone:  212.355.9500

6

Facsimile:  212.355.9592

7

Daniel M. Hutchinson, *Admitted Pro Hac Vice*
Email:  dhutchinson@lchb.com

8

LIEFF, CABRASER, HEIMANN

9

  & BERNSTEIN, LLP
Embarcadero Center West

10

275 Battery Street

11

San Francisco, California  94111-3339
Telephone:  415.956.1000

12

Facsimile:  415.956.1008

13

David P. Meyer, *Admitted Pro Hac Vice*
Email:  dmeyer@dmlaws.com

14

Matthew R. Wilson, *Admitted Pro Hac Vice*
Email:  mwilson@dmlaws.com

15

DAVID P. MEYER & ASSOCIATES CO., LPA
1320 Dublin Road, Suite 100

16

Columbus, Ohio  43215

17

Telephone:  614.224.6000
Facsimile:  614.224.6066

18

19

*Attorneys for Plaintiffs and the Proposed Class*

20

21

22

23

24

25

26

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 12
CASE NO. C10-0198 JLR

<u>CERTIFICATE OF SERVICE</u>

I, Beth E. Terrell, hereby certify that on April 5, 2010, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

> Kenneth E. Payson, WSBA #26369
> Email:  kenpayson@dwt.com
> DAVIS WRIGHT TREMAINE LLP
> 1201 Third Avenue, Suite 2200
> Seattle, Washington  98101-3045
> Telephone:  206.622.3150
> Facsimile:  206.757.7700

> Lisa M. Simonetti, *Admitted Pro Hac Vice*
> lsimonetti@stroock.com
> Julia B. Strickland, *Admitted Pro Hac Vice*
> jstrickland@stroock.com
> STROOCK & STROOCK & LAVAN LLP
> 2029 Century Park East, Suite 1600
> Los Angeles, California  90067
> Telephone:  310.556.5819
> Facsimile:  310.556.5959

> *Attorneys for Defendant*

DATED this 5th day of April, 2010.

TERRELL MARSHALL & DAUDT PLLC


By: /s/ Beth E. Terrell, WSBA # 26759
> Beth E. Terrell, WSBA # 26759
> Email:  bterrell@tmdlegal.com
> 3600 Fremont Avenue North
> Seattle, Washington  98103
> Telephone:  206.816.6603
> Facsimile:   206.350.3528

*Attorneys for Plaintiffs*

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF PURSUANT
TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE
CONSUMER PROTECTION ACT) - 13
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528