1  Beth E. Terrell, WSBA #26759
   TERRELL MARSHALL & DAUDT PLLC
2  3600 Fremont Avenue North
   Seattle, Washington 98103
3  Telephone: 206-816-6603
   Facsimile: (206) 350-3528
4
   [Additional Counsel Appear on Signature Page]
5
   *Attorneys for Plaintiffs and the Proposed Class*
6

7

8                          UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF WASHINGTON
9

10

| | |
|---|---|
| 11  MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI on behalf of themselves and all others similarly situated, | Case No. 2:10-cv-00198-JLR |
| 13 | |
| 14                      Plaintiff, | **SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)** |
| 15        v. | |
| 16  SALLIE MAE, INC., | |
| 17                      Defendant. | **DEMAND FOR JURY TRIAL** |
| 18 | |

19

20        Plaintiffs Mark A. Arthur, Cirilo Martinez, and Pari Najafi (hereinafter referred to as

21  "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal

22  knowledge, investigation of their counsel, and on information and belief as follows:

23                          **NATURE OF ACTION**

24        1.      Plaintiffs bring this action for damages, and other legal and equitable

25  remedies, resulting from the illegal actions of Sallie Mae, Inc. (hereinafter referred to as "Sallie

26

884989.1                                    -1-

1   Mae" or "the Company" or "Defendant") in negligently, knowingly, and/or willfully contacting

2   Plaintiffs on Plaintiffs' cellular telephones without their prior express consent within the meaning

3   of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the

4   "TCPA").

5        2.        Sallie Mae is a Delaware corporation that maintains its headquarters at

6   12061 Bluemont Way, Reston, Virginia.  Sallie Mae, through its subsidiaries, provides education

7   finance throughout the United States.  Its primary business is to originate and hold student loans

8   by providing funding, delivery, and servicing support for education loans.  The Company, which

9   provides its loans by participating in the Federal Family Education Loan Program ("FFELP") and

10   by offering non-federally guaranteed Private Education Loans ("PELs"), is the nation's leading

11   provider of savings-and-paying-for-college programs.  Through its subsidiaries, the Company

12   manages $180 billion in education loans and serves ten million student and parent customers.

13   Through its Upromise affiliates, the Company also manages more than $17.5 billion in 529

14   college-savings plans, and is a major, private source of college funding contributions in America

15   with ten million members and more than $475 million in member rewards.  (*See* Corporate

16   Overview, *available at* http://SallieMae.com/about/corp_leadership/) (last visited July 12, 2010).

17                          **JURISDICTION AND VENUE**

18        3.        This matter in controversy exceeds $5,000,000, as each member of the

19   proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each

20   call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §

21   1332(d)(2).  Further, Plaintiffs allege a national class, which will result in at least one Class

22   member belonging to a different state.  Therefore, both elements of diversity jurisdiction under

23   the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

24        4.        Venue is proper in the United States District Court for the Western District

25   of Washington pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is a

26

884989.1                                    -2-

1    corporation that is deemed to reside in any judicial district in which it is subject to personal

2    jurisdiction at the time the action is commenced, and because Defendant's contacts with this

3    District are sufficient to subject it to personal jurisdiction.  Venue is also proper in this District

4    because Plaintiff Arthur has resided in this District at all times relevant to these claims such that a

5    substantial part of the events giving rise to the claims occurred in this District.

6                                          **PARTIES**

7           5.      Plaintiff Mark A. Arthur is, and at all times mentioned herein was, an

8    individual citizen of the State of Washington, who resides in Seattle, Washington.

9           6.      Plaintiff Cirilo Martinez is, and at all times mentioned herein was, an

10   individual citizen of the State of Michigan, who resides in Paw Paw, Michigan.

11          7.      Plaintiff Pari Najafi is, and at all times mentioned herein was, an individual

12   citizen of the State of California, who resides in Orange, California.

13          8.      On information and belief, Plaintiffs allege that Sallie Mae is, and at all

14   times mentioned herein was, a corporation whose primary corporate address and headquarters are

15   in Reston, Virginia, and that Sallie Mae does business throughout the country, including this

16   District.

17          **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

18                          **(TCPA), 47 U.S.C. § 227**

19          9.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47

20   U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding

21   certain telemarketing practices.

22          10.     The TCPA regulates, among other things, the use of automated telephone

23   equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii)

24

25   _____
     [1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat.
     2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the
26   Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

1   prohibits the use of autodialers to make any call to a wireless number in the absence of an

2   emergency or the prior express consent of the called party.[2]

3          11.    According to findings by the Federal Communication Commission

4   ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA,

5   such calls are prohibited because, as Congress found, automated or prerecorded telephone calls

6   are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be

7   costly and inconvenient.  The FCC also recognized that wireless customers are charged for

8   incoming calls whether they pay in advance or after the minutes are used.[3]

9          12.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it

10  confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on

11  behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of

12  the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only

13  if the wireless number was provided by the consumer to the creditor, and that such number was

14  provided during the transaction that resulted in the debt owed."[5]

15                          **FACTUAL ALLEGATIONS**

16  Plaintiff Arthur's Allegations

17         13.    At all times relevant, Plaintiff Arthur was an individual residing in the

18  State of Washington.  Plaintiff Arthur is, and at all times mentioned herein was, a "person" as

19  defined by 47 U.S.C. § 153(10).

20         14.    Beginning in or around 2003 when Plaintiff Arthur started law school, he

21  took out a number of loans with Sallie Mae to cover the cost of his schooling.

22

23  [2] 47 U.S.C. § 227(b)(1)(A)(iii).

    [3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of
24  1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
    [4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer
25  Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43
    Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
26  [5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

15.     In Plaintiff Arthur's Sallie Mae Signature Student Loan Applications and Promissory Notes, he did not list any cellular telephone number.

16.     Plaintiff Arthur did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did he verbally provide Sallie Mae with a cellular phone number at any time during the transaction that resulted in the debt owed to Sallie Mae.

Plaintiff Martinez's Allegations

17.     Plaintiff Martinez is an individual residing in the State of Michigan. Plaintiff Martinez is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

18.     Beginning in or around 1997 when Plaintiff Martinez started law school, he took out a number of loans with Sallie Mae to cover the cost of his schooling.

19.     In Plaintiff Martinez's Sallie Mae Signature Student Loan Applications and Promissory Notes, he did not list any cellular telephone number as he did not own a cellular phone at that time.

20.     Plaintiff Martinez did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did he verbally provide Sallie Mae with a cellular phone number at any time during the transaction that resulted in the debt owed to Sallie Mae.

Plaintiff Najafi's Allegations

21.     At all times relevant, Plaintiff Najafi was an individual residing in the State of California.  Plaintiff Najafi is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

22.     Plaintiff Najafi's son obtained a loan through Sallie Mae for educational purposes.  Because of his credit status at the time, Sallie Mae required a co-signor for the loan.

1   Plaintiff Najafi agreed to co-sign for her son's loan.  Prior to co-signing for her son's loan, she

2   had no relationship with Sallie Mae, nor did she subsequently contract with Sallie Mae.

3          23.     In her son's Sallie Mae Signature Student Loan Applications and

4   Promissory Notes, Plaintiff Najafi did not list any cellular telephone number.

5          24.     Plaintiff Najafi did not list a cellular phone number in or on any other

6   documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did

7   she verbally provide Sallie Mae with a cellular phone number at any time during the transaction

8   that resulted in the debt owed to Sallie Mae.

9   Plaintiffs' Joint Allegations

10          25.     Sallie Mae is, and at all times mentioned herein was, a corporation and a

11   "person", as defined by 47 U.S.C. § 153(10).

12          26.     Notwithstanding the fact Plaintiffs did not provide Sallie Mae with their

13   cellular number at any time during the transaction that resulted in the debt owed to Sallie Mae,

14   Sallie Mae repeatedly contacted Plaintiffs on Plaintiffs' cellular telephones.  Plaintiffs received

15   repeated, harassing calls at all hours and often received telephone calls within one hour of each

16   other.  Because these calls were prerecorded, Plaintiffs had no ability to request that the calls end

17   or to voice their complaints to a real person.

18          27.     All telephone contact by Sallie Mae to Plaintiffs on their cellular telephone

19   occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and

20   all calls that are the subject of this Complaint occurred within four years of the filing of this

21   Complaint.

22          28.     The telephone calls placed by Sallie Mae to Plaintiffs' cellular telephone

23   via the automatic telephone dialing system used "an artificial or prerecorded voice" as described

24   in 47 U.S.C. §  227(b)(1)(A).

25

26

884989.1                                    -6-

29.    The telephone number that Sallie Mae used to contact Plaintiffs, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. §  227(b)(1)(A)(iii).

30.    The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §  227(b)(1)(A)(i).

31.    "During the transaction that resulted in the debt owed," Plaintiffs did not provide a wireless number to Sallie Mae nor otherwise provide express consent to receive prerecorded calls by Sallie Mae on Plaintiffs' cellular telephone.[6]

32.    Plaintiffs did not own their current cellular telephones at the time Plaintiffs Arthur and Martinez, and Plaintiff Najafi's son, took out their loans.  They therefore could not have given Sallie Mae express consent at that time to contact them on that cellular phone via an automatic telephone dialing system.

33.    Plaintiffs did not provide "express consent" allowing Sallie Mae to place telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

34.    Sallie Mae did not make telephone calls to Plaintiffs' cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

35.    Sallie Mae's telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

---

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

1     36.  Under the TCPA and pursuant to the FCC's January 2008 Declaratory

2  Ruling, the burden is on Sallie Mae to demonstrate that Plaintiffs provided express consent within

3  the meaning of the statute.[7]

4  **CLASS ACTION ALLEGATIONS**

5     37.  Plaintiffs bring this action on behalf of themselves and on behalf of all

6  other persons similarly situated (hereinafter referred to as "the Class").

7     38.  Plaintiffs propose the following Class definition, subject to amendment as

8  appropriate:

9  > All persons within the United States who, on or after October 27,
10  > 2005, received a non-emergency telephone call from Sallie Mae to
> a cellular telephone through the use of an automatic telephone
> dialing system or an artificial or prerecorded voice and who did not
11  > provide prior express consent for such calls during the transaction
> that resulted in the debt owed.
12

13  Collectively, all these persons will be referred to as "Class members."  Plaintiffs represent, and

14  are members of, the Class.  Excluded from the Class are Sallie Mae and any entities in which

15  Sallie Mae has a controlling interest, Sallie Mae's agents and employees, the Judge to whom this

16  action is assigned and any member of the Judge's staff and immediate family, and claims for

17  personal injury, wrongful death and/or emotional distress.

18     39.  Plaintiffs do not know the exact number of members in the Class, but based

19  upon the representations of Sallie Mae as to its market share, Plaintiffs reasonably believe that

20  Class members number at minimum in the millions.   This Class size includes consumers holding

21  loans owned or serviced by Sallie Mae, persons who co-signed loans owned or serviced by Sallie

22  Mae, and all other persons who Sallie Mae or its affiliates (mis)dialed.

23     40.  Plaintiffs and all members of the Class have been harmed by the acts of

24  Sallie Mae.

25

26  [7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

41.     This Class Action Complaint seeks money damages and injunctive relief.

42.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Sallie Mae.

43.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

> a.     Whether, beginning on October 27, 2005, Sallie Mae made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

> b.     Whether Sallie Mae can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

> c.     Whether Sallie Mae's conduct was knowing and/or willful;

> d.     Whether Sallie Mae is liable for damages, and the amount of such damages; and

> e.     Whether Sallie Mae should be enjoined from engaging in such conduct in the future.

44.     As persons who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each Class member.  Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

1          45.     Plaintiffs have retained counsel experienced in handling class action claims

2   involving violations of federal and state consumer protection statutes such as the TCPA.

3          46.     A class action is the superior method for the fair and efficient adjudication

4   of this controversy.  Class wide relief is essential to compel Sallie Mae to comply with the TCPA.

5   The interest of Class members in individually controlling the prosecution of separate claims

6   against Sallie Mae is small because the statutory damages in an individual action for violation of

7   the TCPA are small.  Management of these claims is likely to present significantly fewer

8   difficulties than are presented in many class claims because the calls at issue are all automated

9   and the Class members, by definition, did not provide the prior express consent required under the

10  statute to authorize calls to their cellular telephones.

11         47.     Sallie Mae has acted on grounds generally applicable to the Class, thereby

12  making final injunctive relief and corresponding declaratory relief with respect to the Class as a

13  whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA

14  violations complained of herein are substantially likely to continue in the future if an injunction is

15  not entered.

16  **CAUSES OF ACTION**

17  **FIRST COUNT**

18  **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
    **47 U.S.C. §  227 *ET SEQ.***
19

20         48.     Plaintiffs incorporate by reference the foregoing paragraphs of this

21  Complaint as if fully set forth herein.

22         49.     The foregoing acts and omissions of Sallie Mae constitute numerous and

23  multiple negligent violations of the TCPA, including but not limited to each of the above cited

24  provisions of 47 U.S.C. §  227 *et seq.*

25

26

1    50.    As a result of Sallie Mae's negligent violations of 47 U.S.C. § 227 *et seq.*,

2    Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each

3    and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

4    51.    Plaintiffs and Class members are also entitled to and do seek injunctive

5    relief prohibiting Sallie Mae's violation of the TCPA in the future.

6    52.    Plaintiffs and Class members are also entitled to an award of attorneys'

7    fees and costs.

8    ## SECOND COUNT

9    ### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

10

11    53.    Plaintiffs incorporate by reference the foregoing paragraphs of this

12    Complaint as if fully stated herein.

13    54.    The foregoing acts and omissions of Sallie Mae constitute numerous and

14    multiple knowing and/or willful violations of the TCPA, including but not limited to each of the

15    above-cited provisions of 47 U.S.C. § 227 *et seq.*

16    55.    As a result of Sallie Mae's knowing and/or willful violations of 47 U.S.C.

17    § 227 *et seq.*, Plaintiffs and each member of the Class is entitled to treble damages of up to

18    $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

19    56.    Plaintiffs and all Class members are also entitled to and do seek injunctive

20    relief prohibiting such conduct violating the TCPA by Sallie Mae in the future.

21    57.    Plaintiffs and Class members are also entitled to an award of attorneys'

22    fees and costs.

23    ## PRAYER FOR RELIEF

24    WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class

25    members the following relief against Defendant:

26

A.      As a result of Sallie Mae's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B.      As a result of Sallie Mae's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.      Injunctive relief prohibiting such violations of the TCPA by Sallie Mae in the future;

D.      An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

F.      Such other relief as the Court deems just and proper.

1

## **DEMAND FOR JURY TRIAL**

2
Plaintiffs demand a trial by jury on all counts so triable.

3

Dated: September 3, 2010                    By:_____*/s/ Beth E. Terrell*_____

4
                                                                      Beth E. Terrell

5
TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North

6
Seattle, Washington  98103
Telephone:  206-816-6603

7
Facsimile:  (206) 350-3528
Email:  bterrell@tmdlegal.com

8
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

9
Jonathan D. Selbin
(admitted *pro hac vice*)

10
Email: jselbin@lchb.com
Alison Stocking

11
(admitted *pro hac vice*)
Email: astocking@lchb.com

12
250 Hudson Street, 8th Floor
New York, NY  10013

13
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

14
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

15
Daniel M. Hutchinson
(admitted *pro hac vice*)

16
Embarcadero Center West
275 Battery Street

17
San Francisco, California  94111-3339
Telephone:  (415) 956-1000

18
Facsimile:  (415) 956-1008
Email:  dhutchinson@lchb.com

19
DAVID P. MEYER & ASSOCIATES CO., LPA

20
David P. Meyer (0065205)
(admitted *pro hac vice*)

21
Email:  dmeyer@dmlaws.com
Mathew R. Wilson (0072925)

22
(admitted *pro hac vice*)
Email:  mwilson@dmlaws.com

23
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215

24
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

25
*Attorneys for Plaintiffs Arthur and Martinez, and the*

26
*Proposed Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HYDE & SWIGART
Joshua Swigart
Email: josh@westcoastlitigation.com
Robert L. Hyde
Email: bob@westcoastlitigation.com
David C. Leimbach
Email: dleimbach@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022

LAW OFFICES OF DOUGLAS J. CAMPION
Douglas J Campion
Email: doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3507
Telephone:  (619) 299-2091
Facsimile:  (619) 858-0034

KAZEROUNIAN LAW GROUP
Abbas Kazerounian
Email: ak@kazlg.com
2700 North Main Street, Suite 1050
409 Camino Del Rio South, Suite 303
Santa Ana, CA 92866
Telephone:  (800) 400-6806
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff Najafi and the Proposed Class*

884989.1

-14-

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on September 3, 2010, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

> Kenneth E. Payson, WSBA #26369
> Email: kenpayson@dwt.com
> DAVIS WRIGHT TREMAINE LLP
> 1201 Third Avenue, Suite 2200
> Seattle, Washington  98101-3045
> Telephone:  206.622.3150
> Facsimile:  206.757.7700
>
> Lisa M. Simonetti, *Admitted Pro Hac Vice*
> lsimonetti@stroock.com
> Julia B. Strickland, *Admitted Pro Hac Vice*
> jstrickland@stroock.com
> STROOCK & STROOCK & LAVAN LLP
> 2029 Century Park East, Suite 1600
> Los Angeles, California  90067
> Telephone:  310.556.5819
> Facsimile:  310.556.5959

*Attorneys for Defendant*

DATED this 3rd day of September, 2010.

TERRELL MARSHALL & DAUDT PLLC

By: /s/ Beth E. Terrell, WSBA # 26759
   Beth E. Terrell, WSBA # 26759
   Email:  bterrell@tmdlegal.com
   3600 Fremont Avenue North
   Seattle, Washington  98103
   Telephone:  206.816.6603
   Facsimile:   206.350.3528

*Attorneys for Plaintiff*