THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>SALLIE MAE, INC.,<br>                Defendant. | CLASS ACTION<br><br>NO. 10-cv-00198-JLR<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**<br><br>NOTED FOR CONSIDERATION:<br>  Friday, September 3, 2010 |

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF THE FACTS......................................................................... 3

 A. Factual Background ................................................................ 3

 B. Plaintiffs Thoroughly Investigated the Claims of the Proposed Class........ 4

 C. The Proposed Settlement................................................................ 7

  1. The Class ........................................................................... 7

  2. Prospective Relief for All Class Members.................................... 7

  3. Monetary Relief for the Class Members ...................................... 8

  4. *Cy Pres* Distributions .......................................................... 9

  5. Class Release................................................................... 9

  6. Class Representative Stipend ................................................. 10

  7. Attorneys' Fees and Costs.................................................... 10

  8. Administration and Notice ................................................... 11

III.    ARGUMENT AND AUTHORITY ................................................................... 12

 A. Settlement and Class Action Approval Process ....................................... 12

 B. The Criteria For Settlement Approval Are Satisfied................................. 14

  1. The Proposed Settlement Offers A Beneficial Resolution To This Litigation, Thus Warranting Both This Court's Preliminary Approval And An Opportunity For The Class Members To Consider Its Terms ................................................................ 15

  2. This Settlement Is The Product Of Serious, Informed, And Arm's-Length Negotiations ...................................................... 16

  3. The Settlement Provides Substantial Relief For Class Members.................................................................... 17

  4. The Settlement Treats All Class Members Fairly ......................... 18

  5. The Settlement Is Fair and Reasonable in Light of the Alleged Claims and Defenses ................................................. 18

  6. The Settlement Class Representative Enhancement Awards Are Reasonable .................................................................. 20

  7. The Requested Attorneys' Fees And Costs Are Fair And Reasonable .................................................................. 20

 C. Provisional Certification Of The Settlement Class Is Appropriate........... 23

 D. The Proposed Notice Program Is Constitutionally Sound ....................... 25

 E. Scheduling A Final Approval Hearing Is Appropriate ............................ 26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- i -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1

**TABLE OF CONTENTS**
(continued)

2

**Page**

3

IV.    CONCLUSION ..................................................................................................... 26

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- ii -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bellows v. NCO Financial Systems, Inc.*,
  No. 07-CV-1413 W(AJB) 2009 WL 35468 (S.D. Cal. Jan 5, 2009) ................................. 23, 24

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ....................................................................................................... 21

*Bowles v. Dep't of Ret. Sys.*,
  121 Wn.2d 52 847 P.2d 440 (1993) ............................................................................... 20

*Chem. Bank v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec Litig.)*,
  19 F.3d 1291 (9th Cir. 1994) ......................................................................................... 21

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ............................................................................. 12, 13, 15, 16

*Connor v. Automated Accounts, Inc.*,
  202 F.R.D. 265 (E.D. Wash. 2001) ................................................................................ 25

*Dukes v. Wal-Mart Stores, Inc.*,
  603 F.3d 571 (9th Cir. 2010) .......................................................................................... 24

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
  2008 WL 1901988 (W.D. Wash. Apr. 24, 2008) ............................................................ 20

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................. 16, 17

*Hansen v. Ticket Track, Inc.*,
  213 F.R.D. 412 (W.D. Wash. 2003) ............................................................................... 24

*Hughes v. Microsoft Corp.*,
  2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ......................................................... 16

*In re Activision Sec. Litig.*,
  723 F. Supp. 1373 (N.D. Cal. 1989) ............................................................................... 22

*In re Critical Path, Inc.*,
  No. C 01-00551 WHA 2002 WL 32627559 (N.D. Cal. June 18, 2002) ........................... 14

In re Mego Fin. Corp. Secs. Litig.,
  213 F.3d 454 (9th Cir. 2000) .................................................................................... 14, 20

*In re Phenylpropanolamine (PPA) Prods. Liability Litig.*,
  227 F.R.D. 553 (W.D. Wash. 2004) ............................................................................... 16

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- iii -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3
*Kavu, Inc. v. Omnipak Corp.*,
  246 F.R.D. 642 (W.D. Wash. 2007) .................................................. 19, 24

4

*Kenro, Inc. v. Fax Daily, Inc.*,
5  962 F. Supp. 1162 (S.D. Ind. 1997) ..................................................... 19

*Linney v. Cellular Alaska P'ship*,
6  151 F.3d 1234 (9th Cir. 1998).......................................................... 14, 22

7
*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
8  244 F.3d 1152 (9th Cir. 2001)................................................................ 24

9  *Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950).............................................................................. 25

10
*Najafi v. SLM Corporation d/b/a Sallie Mae*,
11  Case No. 10 Civ. O530 MMA (CAB) (S.D. Cal. 2010) .......................... 6

12  *Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982)........................................................... 13, 15

13
*Paul, Johnson, Alston & Hunt v. Graulty*,
14  886 F.2d 268 (9th Cir. 1989)................................................................. 20

15  *Pelletz v. Weyerhaeuser Co.*,
  255 F.R.D. 537 (W.D. Wash. 2009) .................................................. 14, 16

16
*Rodriguez v. Carlson*,
17  166 F.R.D. 465 (E.D. Wash. 1996)........................................................ 24

18  *Six Mexican Workers v. Ariz. Citrus Growers*,
  904 F.2d 1301 (9th Cir. 1990)................................................................ 20

19
*Staton v. Boeing Co.*,
20  327 F.3d 938 (9th Cir.  2003)................................................................. 23

21  *Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993)............................................................. 12, 20

22
*Vizcaino v. Microsoft Corp.*,
23  290 F.3d 1043 (9th Cir. 2002)........................................................ 21, 22

24  *Wright v. Linkus Enter., Inc.*,
  259 F.R.D. 468 (E.D. Cal. 2009) ..................................................... 21, 22

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- iv -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

**STATUTES**

4

47 U.S.C.
   § 27 ............................................................................................................................... 3

5

   § 27 *et seq.* ................................................................................................................... 5
   § 227(b)(1)(A) ........................................................................................................... 1, 3

6

**OTHER AUTHORITIES**

7

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of*
   *1991*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL

8

   65485 (F.C.C.) ............................................................................................................... 18

9

**RULES**

10

Fed. R. Civ. P.
   23 .................................................................................................................................... 5

11

   23(a) .............................................................................................................................. 23
   23(a)(1) ......................................................................................................................... 23

12

   23(a)(2) ......................................................................................................................... 24
   23(a)(3) ......................................................................................................................... 24

13

   23(a)(4) ......................................................................................................................... 24
   23(b)(3) .................................................................................................................... 24, 25

14

   23(e) .............................................................................................................................. 26

**TREATISES**

15

16

4 Newberg on Class Actions (4th ed. 2002)
   § 11.25 .................................................................................................................... 13, 14

17

   § 11.41 ........................................................................................................................... 12

18

*Manual for Compl. Lit.*
   § 13.14 ........................................................................................................................... 14

19

   § 21.312 ......................................................................................................................... 25
   § 21.62 n. 971 ............................................................................................................... 20

20

   § 21.632 ................................................................................................................... 14, 23
   §21.633 .......................................................................................................................... 23

21

*Manual for Complex Litigation* (Fourth) (2004)

22

   § 21.63 ........................................................................................................................... 13

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- v -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

## I.   **INTRODUCTION**

Plaintiffs respectfully move the Court for preliminary approval of the nationwide class action settlement ("Settlement") reached between Plaintiffs and Defendant Sallie Mae, Inc. which would resolve all claims in the above-captioned matter.  For the reasons set forth in this memorandum and the supporting documents, the Settlement is within the "range of reasonableness."  Notice to the Class of the Settlement's terms and conditions and scheduling of a final approval hearing are therefore appropriate.

Plaintiffs brought these claims on behalf of themselves and all others similarly situated alleging that Sallie Mae, Inc. and/or subsidiaries or affiliates of Sallie Mae, Inc. along with SLM Corporation (collectively, "Sallie Mae"), called Plaintiffs and Class Members on their cellular telephones through the use of automatic telephone dialing systems and/or using an artificial or prerecorded voice without their prior express consent.  Plaintiffs allege that such calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A).  As described below, the Settlement's main focus is significant prospective practice changes requiring Sallie Mae not to make calls to the cellular telephones of Class Members who complete a simple, one-page form. The Settlement also requires Sallie Mae to:  (1) pay at least $19.5 million into a settlement fund ("Fund"), out of which eligible Class Members who file qualified claims will receive Monetary Awards, (2) $85,000 for a dedicated *cy pres* contribution to cover the claims of certain Class Members who do not have, and never have had, lending or servicing relationships with Sallie Mae, and (3) $45,000 for additional, targeted publication notice to reach those Class Members.

This action involves sharply opposing positions on an issue of first impression – i.e., whether the TCPA allows prior express consent for calls to a cellular telephone to be given at any time after origination of a credit relationship.  Plaintiffs assert, based on certain rulings from the Federal Communications Commission (the "FCC"), that consent must be given at origination. Sallie Mae believes that Plaintiffs' construction of the rulings is incorrect.  In Sallie Mae's view, the FCC could not have intended this construction in the context of credit relationships that last

1   for many years, such as student loans.  Sallie Mae believes, instead, that the FCC rulings state that

2   prior express consent can be given at any point in time during a credit relationship.

3       Arthur Counsel[1] and Sallie Mae have engaged in extensive informal discovery and

4   evaluation of Plaintiffs' claims.  While Plaintiff Arthur did not file this action until February

5   2010, Arthur Counsel's investigation began in August 2009 and extensive pre-filing exchange of

6   views and negotiation with Sallie Mae began in October 2009.  Over a seven-month period,

7   Arthur Counsel and Sallie Mae exchanged information that would have been available under

8   usual discovery procedures.  Meaningful settlement discussions began soon after Arthur Counsel

9   contacted Sallie Mae, punctuated by four lengthy, in-person, hotly contested, mediated settlement

10  discussions before the Honorable Edward A. Infante (Ret.) in April, May, and June 2010.  With

11  this motion, Plaintiffs seek preliminary approval of the Settlement, and provisional certification

12  of a nationwide class for purposes of providing the Class with notice of the Settlement and an

13  opportunity to opt-out, object, or otherwise be heard.  The proposed Settlement satisfies all

14  criteria for preliminary settlement approval under Ninth Circuit law.

15      For all of these reasons, and those detailed below, Plaintiffs respectfully request that the

16  Court take the following initial steps in the settlement approval process:  (1) grant preliminary

17  approval of the proposed Settlement; (2) provisionally certify the proposed nationwide settlement

18  class and appoint Mark Arthur, Cirilo Martinez, and Para Najafi class representatives; (3) approve

19  the notice plan and forms of settlement notice and order provision of such notice; (4) appoint as

20  class counsel the law firms of Terrell, Marshall & Daudt PLLC; Lieff Cabraser Heimann &

21  Bernstein, LLP; David P. Meyer & Associates Co., LPA; Hyde & Swigart; Law Offices of

22  Douglas J Campion; and Kazerounian Law Group (collectively "Plaintiffs Counsel"); (5) appoint

23  The Garden City Group, Inc. to serve as the independent claims administrator; and (6) schedule a

24  formal fairness hearing on final settlement approval in mid-December 2010 at the Court's

25  ─────────────────────

[1] "Arthur Counsel," as used herein, shall refer to the firms of Terrell Marshall & Daudt, PLLC;
26  Lieff Cabraser Heimann & Bernstein, LLP; and David P. Meyer & Associates Co., LPA.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11                                                        - 2 -                      TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    convenience.

2    **II.    STATEMENT OF THE FACTS**

3         **A.    Factual Background**

4         Sallie Mae, Inc.'s primary business is to originate and service student loans.  *See*

5    Corporate Overview, *available at* http://SallieMae.com/about/corp_leadership/.  Sallie Mae, Inc.

6    is a subsidiary of SLM Corporation ("SLM"), a holding company.  There are additional

7    subsidiaries and/or affiliates of SLM, which engage in various businesses, like debt collection.

8         Plaintiffs brought this case as a consumer protection class action under the TCPA,

9    47 U.S.C. § 227(b)(1)(A), alleging that Sallie Mae has engaged in a systematic practice of making

10   calls to consumers' cellular telephones through the use of automatic telephone dialing systems

11   and/or an artificial or prerecorded voice without their prior express consent.  *See generally*

12   Second Class Action Complaint for Damages and Injunctive Relief Pursuant to 47 U.S.C. § 27 *et*

13   *seq.* (Dkt. No. 31).  Plaintiff Najafi's son and Plaintiffs Mark A. Arthur and Cirilo Martinez each

14   took out a number of loans with Sallie Mae to cover the cost of their schooling.  *Id.* ¶¶14, 18, 22.

15   Plaintiffs allege that neither Plaintiffs Arthur and Martinez nor Plaintiff Najafi's son listed any

16   cellular telephone number on their Signature Student Loan Applications, Promissory Notes, or on

17   any other documents at any time during the transaction that resulted in the debt owed to Sallie

18   Mae, nor did they verbally provide Sallie Mae with a cellular phone number at any time during

19   the transaction that resulted in the debt owed to Sallie Mae.  *Id.* ¶¶15-16, 19-20, 23-24.  Plaintiff

20   Martinez alleges that he did not even own a cellular phone at that time.  *Id.* ¶19.  Nonetheless,

21   Sallie Mae allegedly contacted Plaintiffs on Plaintiffs' cellular telephones via automatic telephone

22   dialing systems that use an artificial or prerecorded voice.  *Id.* ¶¶26, 28.

23        Sallie Mae denies all of Plaintiffs' allegations and claims to possess evidence that certain

24   Plaintiffs and other individuals provided cellular telephone numbers and either expressly

25   requested that Sallie Mae use them or expected that Sallie Mae would do so.  In addition, Sallie

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11                                                    - 3 -                    TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

Mae maintains that it has internal policies regarding individuals' prior express consent to autodialing their cellular telephones.

### B.      Plaintiffs Thoroughly Investigated the Claims of the Proposed Class

A client first brought this matter to Arthur Counsel's attention in August 2009, at which point Arthur Counsel thoroughly researched Sallie Mae's practices and other applicable authorities.  Declaration of Jonathan D. Selbin in Support of Motion for Preliminary Approval of Settlement ("Selbin Decl.") ¶ 8.  Arthur Counsel initiated pre-filing discussions with Sallie Mae's corporate representatives by telephonic conference on October 27, 2009, during which the parties exchanged pertinent information and agreed to continue to work cooperatively towards resolution.  *Id.*, ¶¶ 9-10.  This obviated the need for filing a Complaint, and counsel therefore agreed to a tolling agreement to preserve the Class's rights during the pendency of the settlement discussions.  Selbin Decl., ¶ 14.

The parties engaged in extensive negotiations over the following several months, including an exchange of at least nineteen letters, numerous emails, and many telephone conversations.  *Id.*, ¶ 11.  In this correspondence, the parties thoroughly analyzed the relevant issues, exploring their respective positions on the merits of the action and viability of class certification.  *Id.*  The parties' correspondence included the exchange of relevant information and documents, including client loan records, form loan applications and promissory notes in use during the class period, and case law and relevant rulemaking by the FCC.  *Id.*  Counsel also set out a rough timeframe for moving forward with additional investigation and settlement proposals. *Id.*  At all times the negotiations were highly adversarial, non-collusive, and at arm's length.  *Id.*, ¶ 12.

Concurrent with settlement negotiations, Arthur Counsel continued to interview and collect relevant information and documents from affected class members.  Selbin Decl., ¶ 13.

After settlement negotiations stalled, Plaintiff Mark Arthur filed the instant action on

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 4 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   February 2, 2010.  *See generally* Class Action Complaint for Damages and Injunctive Relief

2   Pursuant to 47 U.S.C. § 27 *et seq.* (Dkt. No. 1).  Plaintiff Arthur brought the action as a class

3   action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  *Id.*  At the time Plaintiff

4   Arthur filed this action the parties' discussion regarding the relative merits of their respective

5   positions was already at a very mature stage.  Following the filing of Plaintiff Arthur's complaint,

6   over 100 Class Members contacted Arthur Counsel to provide additional information and

7   documents supporting Plaintiffs' TCPA claim.  Selbin Decl., ¶ 17.

8          The parties extended Sallie Mae, Inc.'s time to answer the complaint to allow for

9   mediation.  *Id.*, ¶ 19.  The parties also stipulated to postpone their Fed. R. Civ. P. 26(f) conference

10  scheduled for April 12 in light of contemplated mediation.  *Id.* ¶ 20.  After independently

11  confirming information learned from Sallie Mae's counsel, Plaintiffs amended the complaint to

12  name Sallie Mae, Inc. as a defendant rather than SLM Corporation.  *Id.* ¶ 22.  Plaintiff Cirilo

13  Martinez joined the amended complaint filed on April 5, 2010.  *See generally* Amended Class

14  Action Complaint for Damages and Injunctive Relief Pursuant to 47 U.S.C. § 27 *et seq.* (Dkt. No.

15  21).

16         Arthur Counsel requested and received informal discovery of confidential, proprietary

17  information from Sallie Mae on April 6, 2010.  Selbin Decl., ¶¶ 23-24.  Sallie Mae also provided

18  answers to informal questions posed by Arthur Counsel.  *Id.*, ¶ 25.

19         The parties engaged in lengthy and contentious mediated settlement negotiations before

20  The Honorable Edward I. Infante (Ret.) on April 12, April 20, May 12, and June 21.  *Id.*, ¶¶ 26-28

21  During this mediation, the parties discussed their relative views of the law and the facts and

22  potential relief for the proposed Class.  *Id.*  Counsel exchanged a series of counterproposals on

23  key aspects of the Settlement, including the parameters of the practice changes and monetary

24  relief for the Class, and the meaning and interpretation of the eligibility requirements.  *Id.*, ¶ 29.

25  The negotiations were again adversarial, non-collusive, and at arm's length.  *Id.*, ¶ 30.

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11                                              - 5 -                    TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    During this period, Arthur Counsel were in contact with scores of absent Class members

2 to gather information about their experiences and problems.  *Id.*, ¶ 31.  This information was

3 essential to Arthur Counsel's ability to understand the nature of the alleged problem, the language

4 of the loan agreements at issue, and potential remedies.  *Id.*

5    Through the mediated settlement negotiations and the investigation efforts, the parties

6 reached an agreement in principle pursuant to a mediator's proposal and executed a Memorandum

7 of Understanding ("MOU") on June 23, 2010.  *Id.*, ¶ 35.  The MOU outlined in detail the

8 proposed settlement.

9    The autodialer issues were also brought to the attention of the Law Offices of Douglas J.

10 Campion by their client, Pari Najafi.  Unaware of the investigation and negotiations by Mark

11 Arthur and Cirilo Martinez, Mr. Najafi filed a separate action in the Southern District of

12 California, entitled *Najafi v. SLM Corporation d/b/a Sallie Mae*, Case No. 10 Civ. O530 MMA

13 (CAB) (S.D. Cal. 2010) on March 11, 2010.  The *Najafi* Class, however, "excludes the original

14 borrowers on the promissory notes and is limited to the cosigners called on their cellular phones."

15 Najafi Complaint, ¶ 19.  The class definition in this action already includes the more limited class

16 alleged in *Najafi*.  Once the MOU was signed, Arthur Counsel sent it to *Najafi* Counsel.  *Najafi*

17 Counsel evaluated the MOU and confirmed that they supported the settlement.  Selbin Decl.,

18 ¶ 34.

19    Following execution of the MOU, the parties engaged in confirmatory discovery,

20 including discovery of facts necessary to reasonably confirm the terms of the MOU and

21 administrative plans and procedures for compliance with the terms of the Settlement.  Selbin

22 Decl., ¶ 36.  Plaintiffs propounded written interrogatories and document requests.  *Id.*  Sallie Mae

23 responded.  *Id.*  Arthur Counsel reviewed Sallie Mae's written discovery responses.  *Id.*  The

24 confirmatory discovery does not change Plaintiffs' views of the agreed-upon Settlement.

25    With the MOU in place, the parties turned to the settlement agreement, claim forms, and

26

---

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 6 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

notice documents and executed a Settlement Agreement ("Agreement") on September 2, 2010.

Selbin Decl., ¶ 38.  Arthur Counsel worked in close consultation with the Settlement

Administrator throughout this process.  *Id.*  The Settlement being presented herewith is the result.

**C.     The Proposed Settlement.**

The Settlement's details are contained in the Agreement signed by the parties, a copy of

which is attached as Exhibit 1 to this memorandum.  For purposes of preliminary approval, the

following summarizes the Agreement's terms.

**1.     The Class**

The "Class" includes:

> All persons to whom, on or after October 27, 2005, Sallie Mae, Inc.
> or any other affiliate or subsidiary of SLM Corporation placed a
> non-emergency telephone call to a cellular telephone through the
> use of an automatic telephone dialing system and/or an artificial or
> prerecorded voice.  Excluded from the Settlement Class are SLM
> Corporation, Sallie Mae, Inc. and any other affiliate or subsidiary of
> SLM Corporation, and any entities in which any of such companies
> has a controlling interest, the Judge to whom the Action is assigned
> and any member of the Judge's staff and immediate family, as well
> as all persons who validly request exclusion from the Settlement
> Class.

Agreement § II(AA).

**2.     Prospective Relief for All Class Members**

The primary focus of the Settlement is prospective practice changes.  Specifically, for

Class Members who execute a valid and timely request ("Revocation Request"), Sallie Mae shall

not make use of, nor knowingly authorize anyone acting on its behalf to make use of, an

automatic telephone dialing system and/or an artificial or prerecorded voice, to call their cellular

telephones.  Agreement § III(C)(1)(a).  The Revocation Request will revoke Sallie Mae's ability

to call them on a cellular telephone through use of an automatic telephone dialing system and/or

an artificial or prerecorded voice.  *Id.*  If any Class Member chooses not to submit a Revocation

Request, the parties agree that Sallie Mae may contact such persons at any phone numbers

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 7 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  reflected in the relevant records. *Id.* § III(C)(1)(a). Sallie Mae agrees to implement the

2  Revocation Requests by no later than 120 days after the Effective Date. *Id.*

3       The Settlement requires Sallie Mae to instruct each Class Member how to make the

4  Revocation Request, clearly and in plain English, in a single page document provided by E-mail

5  Notice, Mail Notice, and Internet Notice. Agreement § III(C)(1)(a). Each Notice will also

6  include a link to an Internet site, which will become active upon sending of Notice and remain

7  accessible for a period of 180 days thereafter. *Id.*

8                    **3.    Monetary Relief for the Class Members**

9       In addition to the core prospective relief for the Class, the Settlement also requires Sallie

10  Mae to create the Fund, out of which eligible Class Members who file a qualified claim will

11  receive a Monetary Award, and to pay agreed extra amounts for notice and the Dedicated *Cy Pres*

12  contribution. Agreement § III(C)(2). The amount of each Class Member's Monetary Award will

13  be based on a *pro rata* distribution, depending on the number of valid and timely claims. *Id.*

14  § III(C)(2)(g). It is not possible to predict the precise amount of the Monetary Award until all

15  claims have been submitted. After deductions for Court-approved attorneys' fees and costs, class

16  representative stipends, and costs of notice and claims administration, the parties estimate that the

17  amount of the Monetary Award will be within the range of $20.00 to $40.00 for each Class

18  Member. *Id.* § III(C)(2)(d). In no event shall the Monetary Award exceed a total of $500.00 per

19  Class Member. *Id.* § III(C)(2)(b).

20       Class Members will be eligible for three types of benefits depending upon the status of

21  their extensions of credit. First, eligible Class Members who have never been 180 days or more

22  delinquent on their payments on extensions of credit owned or serviced by Sallie Mae have the

23  choice to file a claim for either: (i) a cash payment (the "Cash Award"); or (ii) a one-time

24  reduction from the principal balance of their outstanding extension of credit (the "Reduction

25  Award"). Agreement § III(C)(2)(b). This group includes all loan co-signors.

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 8 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    Second, Class Members who have, at any time, been 180 days or more delinquent on their

2    payments on extensions of credit owned or serviced by Sallie Mae, shall not be entitled to make a

3    claim for a Cash Award, but rather are eligible for a Reduction Award.  Agreement § III(C)(2)(b)-

4    (c).

5    Class Members whose extensions of credit have been charged off for accounting purposes

6    shall not be entitled to a Cash Award or Reduction Award.  Agreement § III(C)(2)(e); *but see*

7    *infra* § III.D.  (Cy Pres Relief for the Class Members).

8    In order to exercise the right to obtain the relief outlined above, Class Members need only

9    complete a simple, one-page claim form and provide it to the Claims Administrator.  (See Exh. A

10   to the Agreement).  Class Members will have 165 days following the Court's grant of Preliminary

11   Approval to submit their Claim Forms.  Agreement § II(E).  Class Members must submit a simple

12   claim form, including their name, whether they elect a Cash Award or Reduction Award,

13   confirmation they received a cellular telephone call through the use of an automatic telephone

14   dialing system and/or an artificial or prerecorded voice, and an electronic or written signature.

15   Agreement *Id.* § III(C)(2)(h).

16          **4.**     ***Cy Pres* Distributions**

17   Sallie Mae will make a Dedicated *Cy Pres* contribution of $85,000 to a Court-approved,

18   non-profit charitable organization with the mission of promoting access to higher education.  This

19   is intended to address claims held by Class Members who do not have, and have not had,

20   extensions of credit owned or serviced by Sallie Mae.  In addition, if there are residual amounts in

21   the Fund, following the payments contemplated by the Settlement, they also will be donated to

22   such an organization.

23          **5.**     **Class Release**

24   In exchange for the benefits allowed under the Settlement, Class Members who do not opt

25   out will provide a release tailored to the practices at issue in this case.  Specifically, they will

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 9 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  release any and all rights, duties, obligations, claims, actions, causes of action or liabilities as of

2  the date of the Final Approval Order:  "(i) that arise out of or are related in any way to the use of

3  an "automatic telephone dialing system" and an "artificial or prerecorded voice" to a cellular

4  telephone . . . to contact or attempt to contact Settlement Class Members;" or "(ii) that arise out of

5  or relate in any way to the administration of the Settlement."  Agreement § III(N).

6  **6.   Class Representative Stipend**

7  The Agreement provides $2,500 stipends for each person who served as a class

8  representative in the two cases in recognition of their service to and efforts on behalf of the Class.

9  Agreement § III(D).  These stipends are in addition to the relief the class representatives will be

10  entitled to under the terms of the Settlement.  These awards will compensate the representatives

11  for their time and effort and for the risk they undertook in prosecuting the cases against Sallie

12  Mae.

13  They all were kept informed of the litigation as it developed and all were kept abreast of,

14  and signed off on, the proposed Settlement.  Further, they committed to participating in the

15  litigation in whatever capacity needed should settlement not be reached.

16  **7.   Attorneys' Fees and Costs**

17  The Settlement provides that Sallie Mae will not contest Class Counsel's application to

18  this Court for payment of attorneys' fees and expenses in the amount $4,875,000, which is less

19  than 25 percent of the Fund.  Agreement § III(E).  As addressed below (and as will be further

20  addressed at final approval), this amount comports precisely with the Ninth Circuit's benchmark

21  for compensating plaintiffs' counsel in common fund class action settlements for the work they

22  have performed in procuring a settlement for the Class, as well as the work remaining to be

23  performed in documenting the settlement, securing Court approval of the settlement, overseeing

24  settlement implementation and administration, assisting class members, and obtaining dismissal

25  of the action.  The enforceability of the Settlement is not contingent on the amount of attorneys'

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 10 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   fees and costs awarded, subject to a cap of $4,875,000.

2   **8.    Administration and Notice**

3       As set forth in the Agreement, all costs of notice and claims administration will be paid

4   from the Fund.  The parties have agreed that Garden City Group will administer the claims

5   resolution process, subject to review by Class counsel, which include the following duties:

6   (1) issuing Class notice and claim forms; (2) calculating and issuing settlement payments;

7   (3) responding to Class member inquiries regarding the claims administration process; and

8   (4) calculating and issuing Form W-2s and Form 1099s and any other required state and federal

9   tax forms.  Agreement §§ III(C)(3), III(L).  Sallie Mae has agreed to cooperate with Garden City

10  to ensure that it has all of the information it needs to perform these tasks.  *Id.* § III(L)(1).

11      Within 30 days of entry of the Preliminary Approval Order, Garden City shall issue the

12  Class Notice via mail or email (submitted herewith as Exhibit B to the Agreement, which is

13  attached as Exhibit 1 to this brief) to:  (1) all persons whose extensions of credit were owned or

14  serviced by Sallie Mae within the class period; (2) all persons who co-signed extensions of credit

15  that were owned or serviced by Sallie Mae within the class period; and (3) persons whose names

16  were provided as references on loan origination documents.  Agreement §§ III(F), (G).

17  Additionally, Garden City shall issue the Publication Notice (Exhibit D to the Agreement)

18  through the national newspapers USA Today and the Wall Street Journal, and a settlement

19  website.  *Id.* § III(G)(3)-(4).  In addition to the $19,500,000 Fund, Sallie Mae shall contribute at

20  least $45,000 for Publication Notice to reach Class Members who do not have, and have not had,

21  any lending or servicing relationship with Sallie Mae.

22      The settlement website shall provide generalized information, including this Agreement,

23  the Class Notice, the Publication Notice, the Preliminary Approval Order, the Claim Form, and

24  the identity of Class Counsel.  *Id.* § III(G)(4).  The website shall be maintained by Garden City

25  for 180 days after the dissemination of Class notice.  *Id.* § III(C)(1)(a).  The website shall also

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 11 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    provide for online submission of claims. *Id.* § III(G)(4). Garden City shall have the authority to

2    administer the claim resolution process subject to review by Class Counsel.

3            Once the claims administrator completes the initial mailing of notice to the Class,

4    members will have 165 days after Preliminary Approval to submit their claim forms along with

5    any revocation requests. *Id.* §§ II(E), III(C)(1)(a). Any Class Member who submits an

6    incomplete, inaccurate, and/or incorrect Revocation Request form shall be permitted to re-submit

7    a Revocation Request within 35 days of the sending of notice of the defect by the Claims

8    Administrator. *Id.* ¶ III(C)(2)(h). Class Members will also have 90 days from the entry of the

9    Preliminary Approval Order to submit a written request to be excluded from or opt out of the

10   Class. *Id.* § III(H)(1); *cf. Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993)

11   (approving notice sent 31 days before the deadline for objections). The claims administrator will

12   calculate the proportionate recoveries of qualified claimants and issue checks to those individuals

13   within 75 days after the Effective Date (and after the appeals period has run), assuming the Court

14   has granted final approval. *Id.* § III(C)(3).

15   **III.     ARGUMENT AND AUTHORITY**

16           **A.     Settlement and Class Action Approval Process**

17           As a matter of "express public policy," federal courts strongly favor and encourage

18   settlements, particularly in class actions and other complex matters, where the inherent costs,

19   delays, and risks of continued litigation might otherwise overwhelm any potential benefit the

20   class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

21   1992) (noting the "strong judicial policy that favors settlements, particularly where complex class

22   action litigation is concerned"); *see also* 4 Newberg on Class Actions § 11.41 (4th ed. 2002)

23   (citing cases). The traditional means for handling claims like those at issue here—individual

24   litigation—would unduly tax the court system, require a massive expenditure of public and

25   private resources and, given the relatively small value of the claims of the individual Class

26

---

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF          - 12 -          TERRELL MARSHALL & DAUDT PLLC
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR                                 3600 FREMONT AVENUE NORTH
84603.11                                                                   SEATTLE, WASHINGTON  98103
                                                                           TELEPHONE:  (206) 816-6603

1    members, would be impracticable.  Thus, the proposed Settlement is the best vehicle for Class

2    Members to receive the relief to which they are entitled in a prompt and efficient manner.

3         The *Manual for Complex Litigation* (Fourth) (2004) § 21.63 ("*Manual for Compl. Lit.*")

4    describes a three-step procedure for approval of class action settlements:

5              (1)  Preliminary approval of the proposed settlement at an informal
               hearing;
6              (2)  Dissemination of mailed and/or published notice of the
               settlement to all affected class members; and
7              (3)  A "formal fairness hearing" or final settlement approval
               hearing, at which class members may be heard regarding the
8              settlement, and at which evidence and argument concerning the
               fairness, adequacy, and reasonableness of the settlement may be
9              presented.

10   This procedure, used by courts in this Circuit and endorsed by class action commentator Professor

11   Newberg, safeguards class members' due process rights and enables the court to fulfill its role as

12   the guardian of class interests.  4 *Newberg* § 11.25.

13        With this motion, Plaintiffs request that the Court take the first step in the settlement

14   approval process by granting preliminary approval of the proposed Settlement.  The purpose of

15   preliminary evaluation of proposed class action settlements is to determine whether the settlement

16   is within the "range of reasonableness," and thus whether notice to the class of the settlement's

17   terms and the scheduling of a formal fairness hearing is worthwhile.  *Id.*  The decision to approve

18   or reject a proposed settlement is committed to the Court's sound discretion.  *See City of Seattle*,

19   955 F.2d at 1276 (in context of class action settlement, appellate court cannot "substitute [its]

20   notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse

21   only upon strong showing of abuse of discretion) (quoting *Officers for Justice v. Civil Serv.*

22   *Comm'n*, 688 F.2d 615, 626 (9th Cir. 1982)).

23        The Court's grant of preliminary approval will allow all Class members to receive notice

24   of the proposed Settlement's terms and the date and time of the "formal fairness hearing," or final

25   Settlement approval hearing, at which Class Members may be heard regarding the Settlement, and

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 13 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    at which further evidence and argument concerning the fairness, adequacy, and reasonableness of

2    the Settlement may be presented.  *See Manual for Compl. Lit.*, at §§ 13.14, § 21.632.  Although

3    the parties have requested a hearing with oral argument, neither formal notice nor a hearing is

4    required at the preliminary approval stage; the Court may grant such relief upon an informal

5    application by the settling parties, and may conduct any necessary hearing in court or in

6    chambers, at the Court's discretion.  *Id.* at § 13.14.

7            **B.      The Criteria For Settlement Approval Are Satisfied**

8            The purpose of preliminary evaluation of proposed class action settlements is to determine

9    whether the settlement is within the "range of reasonableness," and thus whether notice to the

10   class of the terms and conditions of the Settlement, and the scheduling of a final approval hearing,

11   are worthwhile.  4 *Newberg* § 11.25.  While consideration of the requirements for *final* approval

12   is unnecessary at this stage, all of the relevant factors weigh in favor of the Settlement proposed

13   here.  (Plaintiffs will address each of the factors required for final settlement approval in their

14   Motion for Final Approval of the Settlement, to be submitted at the close of the Notice period.)

15          Courts regularly approve prompt settlements especially those achieved after thorough pre-

16   filing negotiations.  *See, e.g.*, *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 539 (W.D. Wash.

17   2009); *see also In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding that

18   class counsel's significant investigation and research supported approval of settlement, even

19   absent extensive formal discovery); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th

20   Cir. 1998) ("[F]ormal discovery is not a necessary ticket to the bargaining table where the parties

21   have sufficient information to make an informed decision about settlement."); *In re Critical Path,*

22   *Inc.*, No. C 01-00551 WHA, 2002 WL 32627559, at *7 (N.D. Cal. June 18, 2002) ("Through

23   protracted litigation, the settlement class could conceivably extract more, but at a plausible risk of

24   getting nothing").

25          Furthermore, the Settlement furthers the Western District's policy of encouraging early

26

---

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 14 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   settlement.  As this Court has noted, "[w]hen civil cases are settled early — before they become

2   costly and time-consuming — all parties and the court benefit."  Order Regarding Initial

3   Disclosures, Joint Status Report, and Early Settlement (Doc. No. 14) at 3.  Western District

4   judges have adopted a resolution, recommending that "court-connected ADR services be

5   provided as early, effectively, and economically as possible in every suitable case."  *Id.* (internal

6   quotations omitted).  This policy was promulgated due to a finding that "[f]requently…case

7   resolution occurs far too late, after the parties have completed discovery and incurred substantial

8   expenditure of fees and costs."  *Id.* (quoting The Federal Bar Association Alternative Dispute

9   Resolution Task Force Report).

10
**1.      The Proposed Settlement Offers A Beneficial Resolution To This Litigation, Thus Warranting Both This Court's Preliminary Approval And An Opportunity For The Class Members To Consider Its Terms**

11

12      While the threshold for preliminary approval requires only that the Settlement fall within a

13   "range of reasonableness" (*see supra*), a preliminary analysis of the final approval criteria shows

14   that Plaintiffs exceed that showing.  At the final approval stage, a proposed Settlement may be

15   approved by the trial court if it is determined to be "fundamentally fair, adequate, and

16   reasonable."  *City of Seattle*, 955 F.2d at 1276 (*quoting Officers for Justice*, 688 F.2d at 625.  In

17   affirming the settlement approved by the trial court in *City of Seattle*, the Ninth Circuit Court of

18   Appeals noted that it "need not reach any ultimate conclusions on the contested issues of fact and

19   law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation

20   and avoidance of wasteful and expensive litigation that induce consensual settlements."  *Id.* at

21   1291 (internal quotation and citation omitted).  The district court's ultimate determination "will

22   involve a balancing of several factors" which may include:  "the strength of plaintiffs' case; the

23   risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class

24   action status throughout the trial; the amount offered in settlement; the extent of discovery

25   completed, and the stage of the proceedings; the experience and views of counsel . . . and the

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 15 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  reaction of the class members to the proposed settlement." *Id.*

2      Here, the proposed Settlement satisfies the criteria for preliminary approval because it is

3  "fundamentally fair, adequate, and reasonable" for the reasons set forth below.  *City of Seattle*,

4  955 F.2d at 1276.  This proves the settlement is "within the range of reasonableness" and should

5  be preliminarily approved.

6      **2.      This Settlement Is The Product Of Serious, Informed, And**
            **Arm's-Length Negotiations**

7

8      The Court's role is to ensure that "the agreement is not the product of fraud or

9  overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a

10  whole, is fair, reasonable and adequate to all concerned."  *Hanlon v. Chrysler Corp.*, 150 F.3d

11  1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted).  "A presumption of correctness

12  is said to attach to a class settlement reached in arms-length negotiations between experienced

13  capable counsel after meaningful discovery."  *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at

14  *7 (W.D. Wash. Mar. 26, 2001).  *See also Pelletz*, 255 F.R.D. 542-43 (approving settlement

15  "reached after good faith, arms-length negotiations"); *In re Phenylpropanolamine (PPA) Prods.*

16  *Liability Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in

17  good faith, following arms-length and non-collusive negotiations.").

18      As detailed above, the Settlement is the result of intensive, arm's-length negotiations

19  between experienced attorneys who are familiar with class action litigation and with the legal and

20  factual issues of this case.  Counsel for both parties are particularly experienced in the litigation,

21  certification, trial, and settlement of nationwide class action cases.  In negotiating this Settlement,

22  Plaintiffs' counsel had the benefit of years of experience and a familiarity with the facts of this

23  case.  Moreover, the parties engaged in extensive and contested mediation before an experienced

24  former federal judge.

25      As also detailed above, Plaintiffs' counsel conducted a thorough investigation and

26

---

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 16 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  analysis of Plaintiffs' TCPA claim, and exchanged information with Sallie Mae regarding their

2  loan documents and procedures, and other information ordinarily obtained through formal

3  discovery.  Arthur Counsel also had the benefit of information gathered from over 100 persons

4  who reported their experiences receiving automated calls and provided loan documents to Arthur

5  Counsel.  As a result, Plaintiffs' counsel were well-positioned to evaluate the strengths and

6  weaknesses of their case, as well as the appropriate basis upon which to settle it.  *Compare*

7  *Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement, in the absence of any evidence

8  suggesting" that the settlement was negotiated in haste or in the absence of information.")

9  **3.      The Settlement Provides Substantial Relief For Class Members**

10        The Settlement provides relief for all Class members who have received automated calls

11  as described in detail in § III.B.-C., *supra*, and in the Agreement.  All Class Members will be able

12  to revoke Sallie Mae's ability to call them on a cellular telephone through use of an automatic

13  telephone dialing system and/or an artificial or prerecorded voice, if they do not want to receive

14  such calls.  Agreement § III(C)(1).  The process to effectuate this relief is simple and

15  straightforward, involving the submission of a single-page form.

16        The Settlement also requires Sallie Mae to:  (1) pay at least at least $19.5 million into a

17  Fund, out of which eligible Class Members who file a qualified claim will receive a Monetary

18  Award (*Id.* §§ II(Q), III(C)(2)), and (2) pay an additional Dedicated Cy Pres Distribution of

19  $85,000.  While the precise amount of each Class Member's Monetary Award is unknown, the

20  parties' estimate of $20.00 to $40.00 per Class Member represents a substantial amount of money

21  to each class member.  As with the prospective relief portion of the Settlement, the claim form for

22  monetary relief is simple and straightforward.  Eligible Class Members need only provide:  (1)

23  their name and address, (2) whether they elect a Cash Award or Reduction Award, (3)

24  confirmation they received a cellular telephone call through the use of an automatic telephone

25  dialing system and/or an artificial or prerecorded voice, (4) their account number(s) if applicable,

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 17 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

(5) the last four digits of their social security number (if they have one), and (6) an electronic or written signature. *Id.* § III(C)(2)(h). The Fund is non-reversionary; any residual amounts remaining after all the payments contemplated by the Settlement will be donated.

### 4. The Settlement Treats All Class Members Fairly

The Settlement provides each Class Member with the same core prospective relief requiring Sallie Mae to halt the use of an automatic telephone dialing system and/or an artificial or prerecorded voice to call the cellular telephones of Settlement Class Members who make a Revocation Request. *Id.* § III(C)(1). The proposed Settlement also provides monetary compensation for all eligible Class members based on their loan status. *Id.* § III(C)(2).

### 5. The Settlement Is Fair and Reasonable in Light of the Alleged Claims and Defenses

Entering into mediation Plaintiffs and Plaintiffs' counsel were confident in the strength of their case, but also pragmatic in their awareness of the risks inherent to litigation and the various defenses available to Sallie Mae. The reality that Class Members could end up recovering only a fraction of the settlement benefits or even losing at trial was significant enough to convince Plaintiffs and Plaintiffs' counsel that the settlement reached with Sallie Mae outweighs the gamble of continued litigation.

Plaintiffs faced the risk of dismissal at a very early stage in this litigation. This case turns on competing interpretations of, among other things, the FCC's January 4, 2008 declaratory ruling, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (hereinafter "Declaratory Ruling"). The Declaratory Ruling is the FCC's official interpretation of the governing provisions of the TCPA. The FCC's Declaratory Ruling addresses the meaning of "prior express consent" and states: "prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 18 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

was provided during the transaction that resulted in the debt owed." *Id.* ¶ 10.  Plaintiffs maintain that Paragraph 10 requires that the cell phone number be "provided during the transaction that resulted in the debt owed," *i.e.* during loan "origination."

Sallie Mae, however, has interpreted the term "transaction" broadly to mean any time during the multi-year life of the loan.  Sallie Mae has therefore steadfastly maintained that some or all of the Class Members gave Sallie Mae prior express consent to contact them at their cellular phone numbers.  Selbin Decl. ¶ 30.  If the Court found that the FCC's Declaratory Ruling and/or the TCPA permits "prior express consent" to be given:  (1) after loan origination on documents such as correspondence, updated information forms, forbearance requests, and the like, and/or (2) verbally, Sallie Mae could effectively reduce the recoverable damages or eliminate them altogether.  In addition, even if Plaintiffs prevailed on their interpretation of the FCC's Declaratory Ruling, this is an issue of first impression that, given the amount at stake, would be appealed to the Ninth Circuit and perhaps the Supreme Court.  Sallie Mae has been very firm in its position.

Another risk Plaintiffs faced going forward is that this Court would decline to certify this case as a class action.  Sallie Mae has strenuously denied that class certification is appropriate in this case.  *Id.*, ¶ 30.  Courts are split and have either granted or denied class certification in TCPA cases depending upon the facts of the case.  *Compare Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D. Wash. 2007) (granting class certification) *with Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification).  If Sallie Mae were able to present convincing facts to support its position, the Court could have refused to certify the class, leaving only the named Plaintiffs to pursue their individual claims.

Finally, there is a substantial risk of losing inherent in any jury trial.  Even if Plaintiffs did prevail, any recovery could be delayed for years by an appeal.  The Settlement provides substantial relief to Class Members without further delay.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 19 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

6.     **The Settlement Class Representative Enhancement Awards Are Reasonable**

Enhancement award for class representatives like the ones requested here are appropriate. Unlike unnamed Class members, who will enjoy the benefits of the representatives' efforts without taking any personal action, the named class representatives exposed themselves to Sallie Mae's investigation, committed themselves to all the rigors of litigation in the event the case did not settle, and subjected themselves to all the obligations of named parties. Small incentive awards, which serve as premiums in addition to any claims-based recovery from the settlement, promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits. *See Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, 2008 WL 1901988, at *7 (W.D. Wash. Apr. 24, 2008); *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *see also Manual for Compl. Lit.* § 21.62 n. 971 (incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery"). Such awards are generally proportional to the representatives' losses or claims, and can range from several hundred dollars to many thousands of dollars.

7.     **The Requested Attorneys' Fees And Costs Are Fair And Reasonable**

Pursuant to the Settlement, Class Counsel seeks an award of $4,875,000 in attorneys' fees and costs, which includes fees and reasonable litigation costs associated with both actions.

This amount—which was negotiated only after the substantive terms of the Settlement were agreed upon—is supported by the percentage-of-the-fund method that Ninth Circuit courts use to determine fees and costs in common fund class action cases. The benchmark for an attorneys' fees and costs award in the Ninth Circuit and Washington State is twenty-five percent of the common fund. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72–73, 847 P.2d 440 (1993). When examining fees and costs, "district

courts in the Ninth Circuit 'should be guided by the fundamental principle that fee awards out of common funds be *reasonable under the circumstances.*'" *Wright v. Linkus Enter., Inc.*, 259 F.R.D. 468, 476 (E.D. Cal. 2009) (citing *Chem. Bank v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec Litig.)*, 19 F.3d 1291, 1296 (9th Cir. 1994) (internal quotations omitted and emphasis in original)).  "In looking at the circumstances of each case, relevant factors may include early settlement, achievement of an excellent result, risk, and a showing of standard fees for similar litigation." *Wright*, 259 F.R.D. at 476−77 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)).

All four factors demonstrate that Plaintiffs' counsel's request for $4,875,000 in attorneys' fees and costs (25 percent of the common fund) is reasonable under the circumstances.  First, Plaintiffs' counsel have worked hard to achieve an early resolution of this case.  *See generally* Selbin Decl. ¶¶ 8-38.  After the lawsuit was filed, Arthur Counsel obtained substantial informal discovery from Plaintiffs, Class Members, and Sallie Mae.  *Id.*, ¶¶ 10, 11, 13, 17, 23, 24, 25, 31, 36, 37.  Arthur Counsel then spent numerous hours analyzing the documents.  *Id.*  In addition, Arthur Counsel spent substantial time interviewing potential class members and evaluating their claims.  *Id.*, ¶¶ 8, 13, 17, 31.  By working hard to accomplish these tasks in a short time frame, Plaintiffs' counsel were able to negotiate an efficient, favorable, and timely result for the Settlement Class Members.

Of course, because of the early settlement, Plaintiffs' counsel have spent fewer hours prosecuting this action than they would have had the case proceeded to trial.  However, the common fund doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *See Wright*, 259 F.R.D. at 477 (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, (1980)).  Therefore, "awarding Plaintiffs' attorneys a percentage of the total settlement amount w[ill] adequately compensate Plaintiffs' counsel for the proposed settlement at an early stage in the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 21 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

litigation." *Id.*  Moreover, awarding Plaintiffs' counsel a reasonable percentage of the common fund promotes the public policy of encouraging timely settlements.  *Vizcaino*, 290 F.3d at 1051 (noting "it may be a relevant circumstance that counsel achieved a timely result for class members in need of immediate relief"); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (approving fees awards that amount to 30 percent of the common fund in part because such a benchmark "will encourage plaintiffs' counsel to move for early settlement").  Thus, the first factor weighs in favor of finding that the requested fees and costs award is reasonable.

Second, the Settlement Class will receive substantial benefits.  The settlement agreement creates a fund of $19,500,000.  Given the results achieved, the requested fees and costs are reasonable.  *See, e.g.*, *Linney*, 151 F.3d at 1242 ("[I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.  The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators. Thus, the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes.") (citations omitted).

Third, Plaintiffs' counsel have devoted substantial resources to the prosecution of this case with no guarantee that counsel would be compensated for their time or reimbursed for their expenses.  *See* Section III.B.5.b, *infra*.  To the contrary, payment of counsel's fees and expenses has always been contingent on a successful recovery of damages.  Thus, there was a substantial risk of nonpayment.  Moreover, the Court has not yet certified the case as a class action, and Sallie Mae steadfastly denied that class certification was appropriate.  Sallie Mae also has denied liability for the claims Plaintiffs' have asserted.  Even if Plaintiffs ultimately prevail at trial, a result that is not guaranteed, they likely face a long and costly appeals process.

Fourth, Plaintiffs' request is in line with fees and costs requested in similar actions.  Plaintiffs' counsel have requested 25 percent of the common fund, an amount which is the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 22 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

benchmark in the Ninth Circuit and Washington.  In addition, the requested fees and costs are consistent with fees awarded in recent Ninth Circuit cases involving similar TCPA claims.  *See, e.g.*, *Bellows v. NCO Financial Systems, Inc.*, No. 07-CV-1413 W(AJB), 2009 WL 35468, at *8 (S.D. Cal. Jan 5, 2009) (awarding fees and costs equal to 31.6% of the settlement fund).  In determining whether a settlement is "fundamentally fair, adequate, and reasonable," a court may consider whether the settlement agreement is contingent upon the court awarding the full amount of counsel's requested attorneys' fees and costs.  *See Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir.  2003).  The fact that the Settlement does not make the Class's prospective and monetary relief dependent upon attorneys' fees for Class Counsel further weighs in favor of the requested fees and costs.

In short, Counsel's fees and costs request is appropriate under the "percentage of the fund" method.

### C. Provisional Certification Of The Settlement Class Is Appropriate

This Court has not yet certified this case as a class action.  For settlement purposes, Plaintiffs respectfully request that the Court provisionally certify the Class defined in Section II.C.1, *supra*.  *See* Agreement § II(AA).  Provisional certification of a nationwide class for settlement purposes permits notice of the proposed Settlement to issue to the class to inform class members of the existence and terms of the proposed Settlement, of their right to be heard on its fairness, of their right to opt out, and of the date, time and place of the formal fairness hearing.  *See Manual for Compl. Lit.*, at §§ 21.632, 21.633.  Sallie Mae waives its challenges to class certification solely for purposes of this Settlement.  For the reasons set forth below, provisional certification is appropriate under Rule 23(a) and (b)(3).

The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of approximately 5 million people throughout the United States, and joinder of all such persons is impracticable.  Selbin Decl., ¶ 37; *see also* Fed. R. Civ. P. 23(a)(1); *see also*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 23 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    *Rodriguez v. Carlson*, 166 F.R.D. 465, 471 (E.D. Wash. 1996).  The commonality requirement is

2    satisfied because there are many questions of law and fact common to the Settlement Class,

3    questions that center on Sallie Mae's practice of using an automated dialing system with a

4    prerecorded voice.  *See* Fed. R. Civ. P. 23(a)(2); *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571,

5    599 (9th Cir. 2010) (en banc) ("one significant issue common to the class may be sufficient to

6    warrant certification.").  Courts in the Ninth Circuit likewise relied upon almost identical

7    common questions to find that commonality was satisfied in similar cases in which consumers

8    alleged violations of the TCPA.  *See, e.g.*, *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.

9    Wash. 2007); *Bellows v. NCO Fin. Sys., Inc.*, 2008 WL 4155361 (S.D. Cal. Sept. 5, 2008)

10    (granting class certification for settlement in case wherein the plaintiff "alleged that [defendant]

11    violated the TCPA by calling his cellular telephone, without 'prior express consent,' using an

12    'automatic telephone dialing system; and using an 'artificial or prerecorded voice'").  The

13    typicality requirement is satisfied because Plaintiffs' TCPA claims, which are based on Sallie

14    Mae's systematic use of automated calls to Plaintiffs and all members of the Class, are

15    "reasonably coextensive with those of the absent class members."  *See* Fed. R. Civ. P. 23(a)(3);

16    *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).  The adequacy of

17    representation requirement is satisfied because Plaintiffs' interests are coextensive with, and not

18    antagonistic to, the interests of the Settlement Class.  *See* Fed. R. Civ. P. 23(a)(4); *see also*

19    *Hansen*, 213 F.R.D. at 415-16.  Further, Plaintiffs are represented by qualified and competent

20    counsel who have extensive experience and expertise in prosecuting complex class actions,

21    including consumer and product defect actions.  *See* Selbin Decl., ¶¶ 2-7 and Exh. A.

22        The predominance requirement of Rule 23(b)(3) is satisfied because common questions

23    present a significant aspect of the case and can be resolved for all Settlement Class members in a

24    single adjudication.  *See* Fed. R. Civ. P. 23(b)(3); *see also Local Joint Exec. Bd. of*

25    *Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 24 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  Because the claims are being certified for purposes of settlement, there are no issues with

2  manageability, and resolution of thousands of claims in one action is far superior to individual

3  lawsuits and promotes consistency and efficiency of adjudication.  *See* Fed. R. Civ. P. 23(b)(3);

4  *see also Connor v. Automated Accounts, Inc.*, 202 F.R.D. 265, 271−72 (E.D. Wash. 2001).  For

5  these reasons, certification of the Settlement Class for purposes of settlement is appropriate.

6         **D.      The Proposed Notice Program Is Constitutionally Sound**

7         "Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class

8  members who would be bound by a proposed settlement, voluntary dismissal, or compromise'

9  regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)."  *Manual for*

10 *Compl. Lit., supra*, at § 21.312.  The best practicable notice is that which is "reasonably

11 calculated, under all the circumstances, to apprise interested parties of the pendency of the action

12 and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank &*

13 *Trust Co.*, 339 U.S. 306, 314 (1950).  According to the *Manual*, *supra*, at § 21.312, the settlement

14 notice should:

15         •      Define the class;

16         •      Describe clearly the options open to the class members and the deadlines for

17 taking action;

18         •      Describe the essential terms of the proposed settlement;

19         •      Disclose any special benefits provided to the class representatives;

20         •      Provide information regarding attorneys' fees;

21         •      Indicate the time and place of the hearing to consider approval of the settlement,

22 and the method for objecting to or opting out of the settlement;

23         •      Explain the procedures for allocating and distributing settlement funds, and, if the

24 settlement provides different kinds of relief for different categories of class members, clearly set

25 out those variations;

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 25 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1          •        Provide information that will enable class members to calculate or at least estimate

2      their individual recoveries; and

3          •        Prominently display the address and phone number of class counsel and the

4      procedure for making inquiries.

5          The proposed forms of Notice, attached as Exhibits B, C, & D to the Agreement, satisfy

6      all of the criteria above.  The Notice Plan provides for a large mailing and emailing to known

7      Class members, and publication in the USA Today and Wall Street Journal.  Agreement

8      § III(G)(3).  The Notice and other documents will also be available online at

9      www.ArthurTCPASettlement.com.  Agreement, Ex. C at 1.  The Settlement website will be

10     registered with search engines to ensure that it is easy to find on the internet.

11                    **E.     Scheduling A Final Approval Hearing Is Appropriate**

12         The last step in the Settlement approval process is a final fairness hearing at which the

13     Court may hear all evidence and argument necessary to make its Settlement evaluation.

14     Proponents of the Settlement may explain the terms and conditions of the Settlement, and offer

15     argument in support of final approval.  The Court will determine after the final approval hearing

16     whether the Settlement should be approved, and whether to enter a final order and judgment

17     under Rule 23(e).  Plaintiffs request that the Court set a date for a hearing on final approval in

18     mid-December 2010 at the Court's convenience.

19     **IV.      CONCLUSION**

20         For all of the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant

21     preliminary approval of the proposed Settlement; (2) provisionally certify the proposed

22     nationwide settlement class and appoint Mark Arthur, Cirilo Martinez, and Pari Najafi as class

23     representatives; (3) approve the settlement notice; (4) appoint the aforementioned Plaintiffs

24     Counsel as Class counsel; and (5) schedule a formal fairness hearing on final settlement approval

25     in mid-December 2010 as the Court's calendar permits.

26

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11                                                          - 26 -                    TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    Dated: September 3, 2010              By:_____/s/ Beth E. Terrell___WSBA # 26759_____
                                                   Beth E. Terrell  WSBA # 26759
2
                                          TERRELL MARSHALL & DAUDT PLLC
3                                         3600 Fremont Avenue North
                                          Seattle, Washington  98103
4                                         Telephone:  206-816-6603
                                          Facsimile:  (206) 350-3528
5                                         Email:  bterrell@tmdlegal.com

6                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                          Jonathan D. Selbin
7                                         (admitted *pro hac vice*)
                                          Email: jselbin@lchb.com
8                                         Alison Stocking
                                          (admitted *pro hac vice*)
9                                         Email: astocking@lchb.com
                                          250 Hudson Street, 8th Floor
10                                        New York, NY  10013
                                          Telephone:  (212) 355-9500
11                                        Facsimile:  (212) 355-9592

12
                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
13                                        Daniel M. Hutchinson
                                          (admitted *pro hac vice*)
14                                        Embarcadero Center West
                                          275 Battery Street
15                                        San Francisco, California  94111-3339
                                          Telephone:  (415) 956-1000
16                                        Facsimile:  (415) 956-1008
                                          Email:  dhutchinson@lchb.com
17
                                          DAVID P. MEYER & ASSOCIATES CO., LPA
18                                        David P. Meyer (0065205)
                                          (admitted *pro hac vice*)
19                                        Email:  dmeyer@dmlaws.com
                                          Mathew R. Wilson (0072925)
20                                        (admitted *pro hac vice*)
                                          Email:  mwilson@dmlaws.com
21                                        1320 Dublin Road, Ste. 100
                                          Columbus, Ohio 43215
22                                        Telephone:  (614) 224-6000
                                          Facsimile:  (614) 224-6066
23
                                          *Attorneys for Plaintiffs Arthur and Martinez, and the*
24                                        *Proposed Class*

25

26

HYDE & SWIGART
Joshua Swigart
Email: josh@westcoastlitigation.com
Robert L. Hyde
Email: bob@westcoastlitigation.com
David C. Leimbach
Email: dleimbach@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022

LAW OFFICES OF DOUGLAS J. CAMPION
Douglas J. Campion
Email: doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3507
Telephone:  (619) 299-2091
Facsimile:  (619) 858-0034

KAZEROUNIAN LAW GROUP
Abbas Kazerounian
Email: ak@kazlg.com
2700 North Main Street, Suite 1050
409 Camino Del Rio South, Suite 303
Santa Ana, CA 92866
Telephone:  (800) 400-6806
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff Najafi and the Proposed Class*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIM. APP. OF
SETTLEMENT AGREEMENT – NO. 10-cv-00198-JLR
84603.11

- 28 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement" or the "Settlement") is entered into by and between Mark A. Arthur and Cirilo Martinez (together, "Arthur Plaintiffs"), along with Pari Najafi ("Najafi"), for themselves and the settlement class, on the one hand, and Sallie Mae, Inc. ("Sallie Mae"), on the other hand, in the action entitled Mark A. Arthur and Cirilo Martinez v. Sallie Mae, Inc., United States District Court for the Western District of Washington (the "Court"), Case No. C10-0198 JLR (the "Action").

### I.    RECITALS

The following recitals are material terms of this Agreement, and all terms are used as defined in Section II, below, except as otherwise defined herein.  This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    On February 2, 2010, the original Complaint in the Action was filed by Mark A. Arthur in the Court.  On April 5, 2010, the Arthur Plaintiffs filed the First Amended Complaint.

B.    The First Amended Complaint contains allegations, on behalf of the Arthur Plaintiffs and an alleged class, that Sallie Mae and/or affiliates or subsidiaries of SLM Corporation violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), by placing calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the Arthur Plaintiffs and the putative class members.

C.    On March 10, 2010, Najafi filed the action entitled Pari Najafi v. SLM Corporation, et al., United States District Court for the Southern District of California, Case No. 10-cv-0530 MMA (the "Najafi Action").  SLM Corporation is a holding company and the parent of Sallie Mae.  The Najafi Action involves claims under the TCPA asserted for both named plaintiff and an alleged class.  As of September 3, 2010, Najafi and her counsel (the "Najafi Counsel") will have joined in the Action through the filing of a Second Amended Complaint.

D.    Sallie Mae vigorously denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability and denies all material allegations in the Second

887402.7

Amended Complaint.  Sallie Mae desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

E.      The Arthur Plaintiffs and their counsel (the "Arthur Counsel"), and Najafi and the Najafi Counsel, have investigated the facts and law underlying the claims asserted in the Action. The Arthur Counsel also have engaged in numerous discussions with Sallie Mae regarding those claims, including through an extensive exchange of substantive correspondence in the time frame of October 13, 2009 to January 29, 2010.

F.      This Agreement resulted from and is the product of days of mediation, meetings and negotiation.  Over the course of months, the Arthur Counsel and counsel for Sallie Mae have engaged in extensive, good faith arm's length negotiations concerning the possible settlement of the Action, including, without limitation, by participating in four formal mediation sessions before the Honorable Edward A. Infante (Ret.) of JAMS.  Sallie Mae and the Arthur Plaintiffs submitted detailed Mediation Submissions to Judge Infante, setting forth their respective views as to the strengths of their cases.  Additionally, Sallie Mae produced documents requested by the Arthur Counsel prior to the mediation sessions.  These proceedings resulted in the Settlement, as set forth in this Agreement and in a Memorandum of Understanding executed on June 23, 2010. Because Najafi initiated her action after Mark A. Arthur had initiated his, Najafi and the Najafi Counsel did not participate in the mediation.  However, Najafi and the Najafi Counsel are apprised of the terms of the Settlement, and are fully supportive of those terms.

G.      Based on the investigation and negotiation described above, and the additional confirmatory discovery described in Section III.J. below, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of the Action, and the substantial benefits to be received pursuant to this Agreement, that a settlement with the Released Parties on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class.

-2-

887402.7

H.      The parties understand, acknowledge and agree that the execution of this Agreement constitutes the Settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any party to this Agreement.  It is the parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

I.      The Settlement contemplated by this Agreement is subject to preliminary and final approval by the Court, as set forth herein.  This Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

J.      The parties agree that the Action was resolved in good faith, following arm's length bargaining presided over by a neutral and highly experienced mediator, and that the Settlement reflected herein confers substantial benefits upon the parties and the Settlement Class.

## II.      DEFINITIONS

A.      "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

B.      "Cash Award" means a cash payment to an eligible Settlement Class Member pursuant to Section III.C.2.

C.      "Charged Off" refers to an outstanding extension of credit owed to or serviced by Sallie Mae or any other affiliate or subsidiary of SLM Corporation, which, as of the Effective Date, has been recognized as a loss for financial accounting purposes.

D.      "Claim Form" means the claim form to be submitted by Settlement Class Members, subject to approval by the Court, substantially in the form attached hereto as Exhibit A.

E.      "Claim Period" means the period of time in which a Settlement Class Member may submit a Claim Form to be eligible to receive a Cash Award or Reduction Award as part of

-3-

the Settlement. The last day of the Claim Period will be 165 days following entry of the Preliminary Approval Order.

F.    "Claims Administrator" means the Garden City Group, subject to approval by the Court.

G.    "Class Counsel" means: (1) Arthur Counsel, as follows: Lieff Cabraser Heimann & Bernstein, LLP, David P. Meyer & Associates Co., LPA, and Terrell Marshall & Daudt PLLC; and (2) Najafi Counsel, as follows: Hyde & Swigart; Kazerouni Law Group; and Law Offices of Douglas J Campion.

H.    "Class Notice" means all types of notice that will be provided to the Settlement Class pursuant to this Agreement, including E-mail Notice, Mail Notice, Publication Notice and Internet Notice and any additional notice that might be ordered by the Court.

I.    "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section III.C.4.

J.    "Dedicated Cy Pres Distribution" means the amount of $85,000 that shall be distributed in connection with the Settlement, pursuant to Section III.C.4.a.

K.    "Effective Date" means the date that is 5 days after the last of the following dates: (1) the entry of the Final Approval Order; (2) the final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period; and (3) final resolution with prejudice of the Najafi Action.

L.    "E-mail Notice" means the full-length form of notice that will be provided pursuant to Section III.G.2., subject to approval by the Court, substantially in the form attached hereto as Exhibit B.

M.    "Escrow Account" means an interest-bearing account held at Sallie Mae Bank for purposes of the Settlement, which shall be subject to supervision by the Court.

N.    "FCC" means the Federal Communications Commission.

O.     "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve the Settlement set forth in this Agreement as fair, reasonable and adequate.

P.     "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit F.

Q.     "Fund" means the total sum of $19,500,000 to be paid by Sallie Mae in connection with the Settlement.

R.     "Internet Notice" means the full-length form of notice that will be made available pursuant to Section III.G.4., subject to approval by the Court, substantially in the form attached hereto as Exhibit C.

S.     "Mail Notice" means the full-length form of notice that will be made available pursuant to Section III.G.2., subject to approval by the Court, substantially in the form attached hereto as Exhibit B.

T.     "Plaintiffs" means, collectively, the Arthur Plaintiffs and Najafi.

U.     "Preliminary Approval Order" means the order to be submitted to the Court in connection with the preliminary approval hearing, substantially in the form attached hereto as Exhibit E.

V.     "Publication Notice" means the summary notice of the Settlement that will be published pursuant to Section III.G.3., subject to approval by the Court, substantially in the form attached hereto as Exhibit D.

W.     "Reduction Award" means a one-time reduction from the principal balance of an eligible Settlement Class Member's outstanding extension of credit, pursuant to Section III.C.2.

X.     "Released Claims" means the releases identified in Section III.N.

Y.     "Released Parties" means the parties released in Section III.N.

Z.     "Revocation Request" means a valid and timely request, pursuant to Section III.C.1.a-b., by a Settlement Class Member not to receive calls through use of an automatic

-5-

telephone dialing system and/or an artificial or prerecorded voice on a specific cellular telephone number provided to Sallie Mae.

      AA.    "Settlement Class" means all persons to whom, on or after October 27, 2005, Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.  Excluded from the Settlement Class are SLM Corporation, Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation, and any entities in which any of such companies has a controlling interest, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

      BB.    "Settlement Class Member" means a person in the Settlement Class who does not validly request exclusion pursuant to Section III.H.

      CC.    "Settlement Costs" means:  (1) any award of attorneys' fees and costs to Class Counsel approved by the Court; (2) any incentive awards to named plaintiffs approved by the Court; (3) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for E-mail Notice, Mail Notice, Publication Notice, Internet Notice, and any additional notice that might be ordered by the Court); (4) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments or Claim Forms, the cost of maintaining a designated post office box for receiving Claim Forms, and the costs of maintaining a webpage to process Revocation Requests; and/or (5) the fees, expenses and all other costs of the Claims Administrator.

III.    TERMS OF SETTLEMENT

      A.    <u>Conditional Certification Of Settlement Class</u>.  Sallie Mae disputes that a class would be manageable and further denies that a litigation class properly could be certified on the claims asserted in the Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Sallie Mae does not oppose the certification for <u>settlement purposes only</u> of the Settlement Class.  Preliminary certification of the Settlement Class shall not

-6-

be deemed a concession that certification of a litigation class is appropriate, nor would Sallie Mae be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved, including the Najafi Action.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action.  No agreements made by or entered into by Sallie Mae in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action, the Najafi Action or any other judicial proceeding.

B.       If the Settlement is not presented for approval or not approved for any reason, the parties shall be returned to the status quo ante as of the times that the Arthur Plaintiffs and Najafi initiated their respective actions, for all litigation purposes, as if no Settlement had been negotiated or entered into.

C.       Settlement Consideration.  Pursuant to this Agreement, as full and complete consideration for the Settlement, Sallie Mae will implement the prospective practice changes set forth in Paragraph One of this Section III.C. and contribute the monetary relief set forth in Paragraph Two of this Section III.C.

1.       Prospective Practice Changes.  The parties agree that the primary focus of the Settlement is the prospective practice changes set forth in this Paragraph, to which all Settlement Class Members shall be entitled:

(a)       Revocation Request.  Neither Sallie Mae nor any other affiliate or subsidiary of SLM Corporation shall make use of, nor knowingly authorize anyone acting on its/their behalf to make use of, an automatic telephone dialing system and/or an artificial or prerecorded voice, to call the cellular telephones of Settlement Class Members who make a valid and timely Revocation Request.  Sallie Mae agrees to implement the foregoing practices by no later than 120 days after the Effective Date.

-7-

Opportunity To Make A Revocation Request. In order to provide Settlement Class Members the opportunity to make a Revocation Request, Sallie Mae will include in the E-mail Notice, Mail Notice and Internet Notice instructions setting forth clearly and in plain English how to make a Revocation Request. The E-mail Notice, Mail Notice and Internet Notice shall also include a link to an Internet site, which the Claims Administrator will activate and which will become active upon sending of the E-mail Notice and remain accessible for a period of 180 days thereafter. Arthur Counsel will select the domain name of the Internet site subject to approval by Sallie Mae (which approval shall not be unreasonably withheld). The parties agree that the Internet domain name will not include the words "Sallie Mae." Two forms of Revocation Request will be available on the Internet site and by telephoning the Claims Administrator.

One Revocation Request form will pertain to Settlement Class Members who have had or do have some lending or servicing relationship with Sallie Mae or any other affiliate or subsidiary of SLM Corporation, and will contain the following language:

By checking this box and providing the cellular telephone number where I received any call and my account number(s) (for all of my outstanding accounts), Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation cannot contact me on that cellular telephone number by an automatic telephone dialing system and/or an artificial or prerecorded voice message.

Cellular telephone number:  (___) ____-_____.

Account number(s):  _____.

If I decline to allow Sallie Mae, Inc. to contact me on my current cellular telephone number, I understand that I must provide my current non-cellular telephone number, if one exists.

That number is: (___) ____-_____.

I understand that Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation may call me, or continue to call me, concerning my account(s) by automatic telephone dialing system and/or an artificial or prerecorded voice message at any telephone number in their records if I do not: (1) check the above box; (2) enter my current cellular telephone number; (3) enter my account number(s); and (4) enter my current non-cellular telephone number, if one exists.

-8-

By signing below, I declare under penalty of perjury, under the laws of the United States, that the foregoing (including as to the existence of a current non-cellular telephone number) is true and correct.

The other Revocation Request form will pertain to Settlement Class Members who do not have and have not had some lending or servicing relationship with Sallie Mae or any other affiliate or subsidiary of SLM Corporation, and will contain the following language:

By checking this box and providing the cellular telephone number where I received any call, Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation cannot contact me on that cellular telephone number by an automatic telephone dialing system and/or an artificial or prerecorded voice message.

Cellular telephone number:  (___) ____-_____.

By signing below, I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

As an alternative to signing and mailing a Revocation Request form, a Settlement Class Member will have the ability to check a box and sign and return the form electronically to the Claims Administrator.  If a Settlement Class Member fails to fully and accurately complete a Revocation Request form, or submits the wrong form, the request for a revocation will be invalid.  Nonetheless, any Settlement Class Member who submits an incomplete, inaccurate, and/or incorrect Revocation Request form shall be permitted to re-submit a Revocation Request within 35 days of the sending of notice of the defect by the Claims Administrator.

Any Settlement Class Member who does not submit a valid and timely Revocation Request will be deemed to have provided prior express consent to the making of calls by Sallie Mae or any other affiliate or subsidiary of SLM Corporation to any phone numbers reflected in such entities' records.  All Revocation Requests must be submitted to the Claims Administrator within the Claim Period.

(b)     Future Changes In Laws Or Regulations.  To the extent Congress, the FCC or any other relevant regulatory authority promulgates different requirements under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., or any other law or regulatory

promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.

      2.    <u>Monetary Consideration</u>. In addition to the prospective practice changes set forth in Paragraph One of this Section III.C., Sallie Mae will pay the Fund and the Dedicated Cy Pres Distribution in complete and final settlement of the claims held by Plaintiffs and the Settlement Class Members. The Fund shall include payments to claiming Settlement Class Members, any Cy Pres Distribution and all Settlement Costs. The Fund shall be reduced by the Settlement Costs prior to making any Cash Awards or Reduction Awards to Settlement Class Members, as set forth in Paragraph 2(j) of this Section III.C. Sallie Mae shall not, under any circumstances, be obligated to pay any amounts in addition to the Fund in connection with the Settlement, with the sole exception of the Dedicated Cy Pres Distribution. Also, except as otherwise provided herein, the Fund will be non-reversionary.

      (a)    <u>Settlement Awards</u>. Settlement awards shall be made to eligible Settlement Class Members on a claims-made basis. Settlement awards will be made from those amounts remaining after deducting the Settlement Costs from the Fund.

      (b)    <u>Award Options</u>. Settlement Class Members who have never been 180 days or more delinquent on their payments on extensions of credit owned or serviced by Sallie Mae or any other affiliate or subsidiary of SLM Corporation shall be entitled to make claims for a Cash Award <u>or</u> a Reduction Award. In no event shall the Cash Award or Reduction Award exceed $500.00 per Settlement Class Member. Where a Settlement Class Member has multiple outstanding extensions of credit, the reduction will be made to the extension of credit with the highest outstanding principal balance. For each Settlement Class Member who receives a Reduction Award, Sallie Mae shall receive a credit against the Fund or refund from the Escrow Account equal to the Reduction Award.

      (c)    <u>Limitation Based On Delinquency</u>. Settlement Class Members who have, at any time, been 180 days or more delinquent on their payments on extensions of credit owned or serviced by Sallie Mae or any other affiliate or subsidiary of SLM Corporation

-10-

(and who have extensions of credit that are so owned or serviced) shall not be entitled to make a claim for a Cash Award, but rather are eligible only for a Reduction Award.

(d)     Estimate Of Award Amount.  For purposes of Class Notice, Settlement Class Members shall be informed that the parties estimate that the amount of the Cash Award and Reduction Award (while dependent upon the number of claims) may be within the range of $20.00 to $40.00.

(e)     Charged-Off Extensions Of Credit.  Settlement Class Members who, as of the Effective Date, have one or more extensions of credit that have been Charged Off either by (i) Sallie Mae or any other affiliate or subsidiary of SLM Corporation, (ii) an entity other than Sallie Mae or any other affiliate or subsidiary of SLM Corporation (with regard to extensions of credit serviced but never owned either by Sallie Mae or any other affiliate or subsidiary of SLM Corporation), or (iii) an entity other than Sallie Mae or any other affiliate or subsidiary of SLM Corporation (with regard to extensions of credit purchased either by Sallie Mae or any other affiliate or subsidiary of SLM Corporation) shall not be entitled to either a Cash Award or Reduction Award but instead will be benefited by the practice changes described in Paragraph One of this Section III.C., and/or any Cy Pres Distribution.

(f)     No Lending Or Servicing Relationship.  Settlement Class Members who do not have and have not had some lending or servicing relationship with Sallie Mae, or any other affiliate or subsidiary of SLM Corporation, except persons who were named as references on applications for extensions of credit, shall not be entitled to either a Cash Award or Reduction Award but instead will be benefited by the practice changes described in Paragraph One of this Section III.C., and the Dedicated Cy Pres Distribution.

(g)     Potential Pro Rata Distribution.  If the Claims Administrator determines that the total Cash Awards and Reduction Awards for all valid and timely claims would result in the amount remaining in the Fund, after payment of Settlement Costs, being insufficient, all Settlement awards, whether Cash Awards or Reduction Awards, will be reduced pro rata, based on the number of valid and timely claims.

-11-

(h)     <u>Conditions For Claiming Settlement Awards</u>.  To make a claim for either a Cash Award or Reduction Award, Settlement Class Members must submit a valid and timely Claim Form, which shall contain substantially all the information set forth in Exhibit A hereto, including:  (i) the Settlement Class Member's full name; (ii) where eligible, the Settlement Class Member's election (Cash Award or Reduction Award); (iii) confirmation under penalty of perjury that the Settlement Class Member, on or after October 27, 2005, received one or more non-emergency telephone calls from Sallie Mae or any other affiliate or subsidiary of SLM Corporation, to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice; (iv) for mailed Claim Forms, the Settlement Class Member's signature; and (v) for Claim Forms submitted via a web form, the Settlement Class Member's electronic signature.  The Claim Forms may be submitted by mail or via the Internet site maintained by the Claims Administrator.  Only one valid Claim Form will be honored per Settlement Class Member, regardless of the number of calls the Settlement Class Member received and/or the number of extensions of credit held at any time.  Sallie Mae shall have the right to review the submitted Claim Forms and to deny claims if Sallie Mae has a good faith belief that such claims are improper or fraudulent. If a Settlement Class Member fails to fully complete a Claim Form, the Claim Form will be invalid.  Any Settlement Class Member who submits an incomplete or inaccurate, but not fraudulent, Claim Form  shall be permitted to re-submit a Claim Form within 35 days of the sending of notice to the defect by the Claims Administrator.

(i)     <u>Payments Into The Escrow Account</u>.  Subject to Court approval, the Escrow Account shall be an interest-bearing account mutually agreed to by the Parties at Sallie Mae Bank.  Monies from the Fund will be placed into the Escrow Account, subject to the Court's oversight, as follows:  (i) $7,500,000 of the Fund will be placed into the Escrow Account within 5 banking days following the Court's entry of the Preliminary Approval Order; (ii) $5,000,000 of the Fund will be placed into the Escrow Account within 5 banking days following the Court's entry of the Final Approval Order; and (iii) a maximum of $7,130,000 of

-12-

the Fund will be placed into the Escrow Account within 60 days after the Effective Date. Such payments shall be reduced by Sallie Mae or refunded to Sallie Mae as set forth in Paragraph 2(j) of this Section III.C., with respect to notice and administration costs and Paragraph 3(c) of Section III.C., with respect to Reduction Awards. All interest earned on any amounts in the Escrow Account shall become part of the Fund for all purposes.

     (j)     <u>Authority To Withdraw Funds For Settlement Costs</u>. With the consent of Sallie Mae, <u>Arthur</u> Counsel shall have the ability and the authority to withdraw from the Escrow Account all funds necessary for costs and expenses of administering the Settlement, including all funds necessary for Court-ordered notice and claims administration. To the extent that costs of notice or administration are paid directly by Sallie Mae, Sallie Mae shall, upon the submission of documentation to Class Counsel establishing the fact, amounts of, and basis for costs of administering the Settlement, which may take the form of a declaration, Sallie Mae shall have the ability and the authority to: (i) withdraw from the Escrow Account all funds necessary to reimburse such costs; or (ii) reduce any future payments into the Escrow Account, as set forth in Paragraph 2(i) of Section III.C., by an amount necessary to reimburse such costs.

     3.     <u>Distribution Of Settlement Awards</u>.

     (a)     <u>Cash Award Payments</u>. Cash Award payments shall be mailed by the Claims Administrator within 75 days after the Effective Date. The Claims Administrator shall mail, by first class mail, a check to each eligible Settlement Class Member electing a Cash Award. No skip tracing or re-mailing of returned mail will be required. Checks will be valid for 180 days from the date on the check. The amounts of any checks that remain uncashed more than 180 days after the date on the check will be included as part of the Cy Pres Distribution.

     (b)     <u>Processing Reduction Awards</u>. Reduction Awards shall be made within 75 days after the Effective Date. Sallie Mae will provide the Claims Administrator and Class Counsel with a declaration confirming that the outstanding principal of the Settlement Class Members' accounts was reduced in accordance with Paragraph Two of this Section III.C. For each Settlement Class Member receiving a Reduction Award, Sallie Mae shall receive a

-13-

credit against the Fund or a refund from the Escrow Account in an amount equal to the Reduction Awards within 5 banking days of providing such confirmation to the Claims Administrator.

(c)     Authority To Withdraw Funds For Reduction Awards.  Upon the submission of documentation to Class Counsel establishing the fact, amounts of, and basis for its processing of Reduction Awards, which may take the form of a declaration, Sallie Mae shall have the ability and the authority to: (i) withdraw from the Fund all funds necessary to reimburse such awards; or (ii) reduce any future payments into the Fund, as set forth in Paragraph 2(i) of Section III.C., by an amount necessary to reimburse such awards.

4.     Cy Pres.

(a)     Dedicated Cy Pres Distribution.  In addition to the practice changes described in Paragraph One of this Section III.C., as further consideration exclusively to Settlement Class Members who do not have and have not had some lending or servicing relationship with Sallie Mae or any other affiliate or subsidiary of SLM Corporation, the Dedicated Cy Pres Distribution shall be made.

(b)     Cy Pres Distribution.  If there is any money remaining in the Fund after payment of the Settlement Costs, Cash Awards to Settlement Class Members who make valid and timely claims, reimbursements to Sallie Mae for costs of notice or administration that are paid directly by Sallie Mae, reimbursements to Sallie Mae for Reduction Awards and the Dedicated Cy Pres Distribution, such monies will comprise the Cy Pres Distribution.

(c)     Timing and Selection Procedures.  The Dedicated Cy Pres Distribution and Cy Pres Distribution shall be made 240 days after the last day to complete the processing of the Reduction Awards as set forth in Paragraph 3(b) of this Section III.C. Plaintiffs and Sallie Mae shall agree to Posse Foundation, Inc. as the recipient of the Dedicated Cy Pres Distribution and the Cy Pres Distribution, subject to approval by the Court.  If for any reason, the parties determine the proposed recipient is no longer an appropriate recipient, or the parties no longer agree on the proposed recipient, or the Court determines that the proposed

-14-

recipient is not or is no longer an appropriate recipient, the parties shall agree on replacement recipient(s) of such monies, which must be non-profit charitable organizations with the mission of promoting access to higher education, subject to Court approval.

D.     Incentive Awards. Sallie Mae will not object to incentive awards to Plaintiffs (including Najafi, as detailed in Paragraph T of Section II.), so long as they do not exceed $2,500 for each of them, to be paid out of the Fund, subject to Court approval. Such incentive awards shall be paid at the time the attorneys' fees and costs payments are due. Court approval of the incentive awards, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

E.     Attorneys' Fees And Costs. Plaintiffs shall move the Court for an award of attorneys' fees and expenses to be paid from the Fund. Sallie Mae shall not object to such a motion so long as the amount requested is not more than $4,875,000, which is less than 25% of the value of the Fund. Class Counsel shall be entitled to payment of the fees awarded by the Court out of the Fund upon the Court's entry of the Final Approval Order and an order awarding fees, notwithstanding any appeal, upon execution of a Stipulated Undertaking and Order substantively in the form attached hereto as Exhibit G. The Stipulated Undertaking and Order shall provide that Class Counsel are jointly and severally liable to Sallie Mae for the repayment of fees should the Final Approval Order be reversed or the fee order reversed or reduced on appeal. Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

F.     Preliminary Approval. On or before September 3, 2010, Plaintiffs will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (1) preliminarily approve the Settlement reflected herein is fair, adequate and reasonable, and within the reasonable range of possible final approval; (2) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (3) approve the form of Class Notice and find that the notice program set forth herein constitutes the best notice practicable under the

-15-

circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (4) confirm that Sallie Mae has provided to the Claims Administrator the information necessary to provide notice to the Settlement Class and to handle the processing of claims, including, but not limited to, the names and addresses of persons in the Settlement Class; (5) direct that notice be provided to the Settlement Class, in accordance with the Settlement, within 30 days following entry of the Preliminary Approval Order; (6) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class, and set a date following entry of the Preliminary Approval Order, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene in the Action; (7) approve the Claim Form and the claims submission process described herein; (8) pending final determination of whether the Settlement should be approved, bar all Settlement Class Members, directly, on a representative basis or in any other capacity from commencing or prosecuting against any of the Released parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (9) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to the effectuation of the Settlement; and (10) schedule a Final Approval Hearing.

  G. <u>Class Notice</u>.

   1. <u>Timing of Class Notice</u>.  Class Notice shall be provided to the Settlement Class within 30 days following entry of the Preliminary Approval Order.

   2. <u>E-mail Notice Or Mail Notice</u>.  The Claims Administrator and/or Sallie Mae will provide individual notice to all persons in the Settlement Class whose extensions of credit were owned or serviced by Sallie Mae or any other affiliate or subsidiary of SLM Corporation, between October 27, 2005 and the date that the Preliminary Approval Order is entered by the Court, via either E-mail Notice or Mail Notice.  E-mail Notice will be sent via electronic mail, to the most recent email address as reflected in reasonably available

-16-

computerized account records of Sallie Mae or its affiliates, to all persons in the Settlement Class for whom such records exist and who have not opted out of receiving electronic mail from Sallie Mae, in accordance with Sallie Mae's currently existing email opt-out policies. Mail Notice will be sent via direct mail, to the most recent mailing address as reflected in reasonably available computerized account records of Sallie Mae or its affiliates, for those persons in the Settlement Class for whom Sallie Mae or its affiliates do not have an email address (as reflected in reasonably available computerized account records of Sallie Mae or its affiliates) and/or who have opted out of receiving emails from Sallie Mae, in accordance with Sallie Mae's currently existing email opt-out policies, and to those Settlement Class Members whose emails are undeliverable. Skip tracing shall be performed by the Claims Administrator for all returned mail; all costs of skip tracing will be considered Settlement Costs and deducted from the Fund. At Sallie Mae's discretion, subject to approval of Arthur Counsel (which approval shall not be unreasonably withheld), the E-mail Notice and Mail Notice may be provided by way of a bill-stuffer in a periodic or billing statement, a solo electronic mailing or direct mailing, or a combination thereof.

        3.      Publication Notice. The Claims Administrator will publish a notice of the Settlement in two separate national editions of USA Today and one national edition of the U.S. Wall Street Journal. Sallie Mae is contributing the amount of $45,000 toward these publications in addition to the Fund in order to provide class notice to Settlement Class Members who do not have, and have not had, an extension of credit owned or serviced by Sallie Mae, and who were not named as references on applications for extensions of credit.

        4.      Internet Notice. The Claims Administrator will establish and maintain an Internet site using the domain name referenced above, dedicated to the Settlement, on which will be posted the E-mail Notice, Mail Notice and Claim Form. Arthur Counsel shall select the domain name of the Internet site subject to approval by Sallie Mae (which approval shall not be unreasonably withheld). The E-mail Notice, Mail Notice and Publication Notice shall direct recipients to the location of the Internet Notice. The website shall also provide for online

-17-

submission of claims.  The Settlement web page will be become active within 5 days after the Court's entry of the Preliminary Approval Order and shall remain active at least until the date of the Final Approval Hearing and through the end of the Claim Period.

     5.     <u>CAFA Notice</u>.  Sallie Mae shall be responsible for timely compliance with all CAFA notice requirements.

    H.     <u>Opt-Out Right/Termination</u>.

     1.     <u>Deadline</u>.  Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address within 90 days after entry of the Preliminary Approval Order.  All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

     2.     <u>Exclusions</u>.  Exclusion requests must:  (a) be signed; (b) include the full name, address and account number(s) of the person(s) requesting exclusion (except that persons in the Settlement Class who do not have and have not had some lending or servicing relationship with Sallie Mae or any other affiliate or subsidiary of SLM Corporation shall not be required to include an account number); and (c) include the following statement:  "I/we request to be excluded from the class settlement in <u>Arthur, et al. v. Sallie Mae, Inc.</u>, W.D. Wash., Case No. C10-0198 JLR."  No request for exclusion will be valid unless all of the information described above is included.  For any person in the Settlement Class who has more than one account, the exclusion request must specify each separate account.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

     3.     <u>Delivery To Court</u>.  The Claims Administrator will retain a copy of all requests for exclusion.  Not later than 10 days before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

     4.     <u>Cap On Opt-Outs</u>.  If 1,000 or more persons in the Settlement Class opt out of the Settlement, then Sallie Mae, in its sole discretion, will have the right to terminate the Settlement and this Agreement.  In the event that the Settlement is terminated pursuant to this

-18-

Paragraph, the parties will be returned to the status quo ante as if no Settlement had been negotiated or entered into.

I.       Objections To The Settlement.

1.       Right To Object.  Any person in the Settlement Class who has not opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs.

2.       Deadline.  In order to be heard at the hearing, the person must make any objection in writing and file it with the Court not later than 90 days after entry of the Preliminary Approval Order.  The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection:  (a) Arthur Counsel – Daniel M. Hutchinson, Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111; and (b) counsel for Sallie Mae – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, CA 90067.

J.       Additional Confirmatory Discovery.  Sallie Mae has provided confirmatory discovery prior to execution of this Agreement.  If approval of the Settlement is denied, all confirmatory discovery will be subject to Rule 408 of the Federal Rules of Evidence and will not be admissible for any litigation purpose.

K.       Final Approval.  Following the provision of Class Notice and expiration of the time for opt outs and objections as set forth in Section III.H.1. and Section III.I.1., Plaintiffs shall promptly request that the Court enter the Final Approval Order, which shall specifically include provisions that:  (1) finally approve the Settlement as fair, reasonable and adequate and in the best interests of the Settlement Class; (2) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (3) approve the plan of distribution of the Settlement relief; (4) finally certify the Settlement Class; (5) confirm that Plaintiffs and the Settlement Class Members (except those who have obtained proper and

-19-

timely exclusion from the Settlement Class) have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Released Parties; and (6) dismiss the Action with prejudice, subject to the Court's retaining jurisdiction over the enforcement of the terms of this Agreement.

L.    Administration Of The Settlement.

1.    Independent Claims Administrator.  Subject to Court approval, the Settlement distribution process will be administered by the Claims Administrator.  Sallie Mae will reasonably cooperate in the Class Notice and administration process by providing the Claims Administrator, on a confidential basis, with access to the names and mailing addresses for persons in the Settlement Class (as reflected in reasonably available computerized account records of Sallie Mae or its affiliates) to the extent required to administer the Settlement.

2.    Claim Period.  In order to be deemed timely, Claim Forms must be submitted or postmarked by the date specified in the Claim Form.  Claim Forms shall be submitted electronically via the Settlement web page or by mail to a designated post office box. Sallie Mae will have no obligation to honor any Claim Forms submitted electronically after the end of the Claim Period or postmarked after the end of the Claim Period, even if such Claim Form otherwise would be valid.  Sallie Mae will have no obligation to honor any Claim Form not submitted through the designated Settlement website or sent to an address other than the designated post office box.

M.    Dismissal.  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Plaintiffs and all Settlement Class Members.

N.    Releases.  At the Effective Date, releases will be provided by the Settlement Class Members, as follows:

> Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns will be deemed to have fully released and forever discharged Sallie Mae, Inc., its parent company SLM Corporation, and each and all of their respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-

-20-

interest, and all of the aforementioneds' prior, current and future respective officers, directors, employees, attorneys, shareholders, agents, independent contractors, vendors and assigns (the "Released Parties"), from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order: (a) that arise out of or are related in any way to the use of an "automatic telephone dialing system" and an "artificial or prerecorded voice" to a cellular telephone (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) used by any of the Released Parties to contact or attempt to contact Settlement Class Members including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., Washington's Automatic Dialing and Announcing Device statute, Wash. Rev. Code § 80.36.400, et seq. and any other statutory or common law claim arising from the use of automatic telephone dialing systems and an artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; or (b) that arise out of or relate in any way to the administration of the Settlement.

1.     Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

2.     Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable

-21-

federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

O.    Stay/Bar Of Other Proceedings.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted final approval, the parties in the Action agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class, either directly, on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The proposed order submitted on a motion for preliminary approval will contain an injunction enjoining the commencement or prosecution of Released Claims by persons in the Settlement Class or persons purporting to act on their behalf pending final approval of the Settlement.  The Settlement will be conditioned upon the entry of such an injunction.

P.    The Najafi Action.  Plaintiffs and Class Counsel understand and agree that dismissal with prejudice of the Najafi Action is a prerequisite for the Effective Date to occur.

Q.    Confidentiality.  It is agreed that, within 30 days after conclusion of all proceedings in the Action and all appeals therefrom, the originals and all copies of all confidential or highly confidential documents and/or information subject to all confidentiality agreements and any protective orders in the Action shall be returned to the designating party.

R.    No Publicity Beyond Notice Procedures.  Neither Class Counsel nor Plaintiffs will issue press releases or make other public statements regarding the Settlement unless Sallie

-22-

887402.7

Mae agrees to such press releases or public statements in advance, which agreement shall not be unreasonably withheld. Neither Class Counsel nor Plaintiffs will make a statement of any kind to any third party regarding the Settlement prior to applying for preliminary approval, with the exception of communications with the Claims Administrator. The parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement. This provision shall not prohibit Class Counsel from communicating with any person either in or seeking admission to the Settlement Class regarding the Action or the Settlement; provided, however, that Class Counsel must comply with all confidentiality agreements and any Protective Order in the Action in communicating with such persons and will not disclose information that is not a part of the public record. Plaintiffs and Class Counsel shall refrain from disparaging any of the Released Parties or taking any action designed or reasonably foreseeable to cause harm to the public perception of any of the Released Parties regarding any issue related in any way to the Action or the Settlement.

S.       General Matters.

1.       No Admission Of Liability. It is expressly declared that the Released Parties deny any liability and are settling solely to avoid the cost and inconvenience of litigation.

2.       Evidentiary Preclusion. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be a waiver of Sallie Mae's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement. In addition, neither the fact of, nor any documents relating to, Sallie Mae's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may

-23-

file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

3.     Parties Authorized To Enter Into Settlement Agreement.  The individual(s) executing this Agreement on behalf of a party represent and warrant that he, she, or it is fully authorized to execute this Agreement on such party's behalf and to carry out the obligations provided for therein.  Each person executing the this Agreement on behalf of a party covenants, warrants and represents that he or she is and has been fully authorized to do so by such party. Each party represents and warrants that he, she, or it intends to be bound fully by the terms of this Agreement.

4.     Time Periods.  The time periods and dates described in this Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court or by written stipulation of counsel.

5.     No Construction Against Drafter.  This Agreement is deemed to have been drafted by all parties, and any rule that a document shall be interpreted against the drafter will not apply to this Agreement.

6.     Agreement Binding on Successors in Interest.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors, and assigns of the parties.

7.     Signatures.  The parties and their counsel may sign separate copies of this Agreement, which together will constitute one agreement.  In addition, signatures sent in pdf format by email or by facsimile constitute sufficient execution of this Agreement.

8.     Execution in Counterparts.  This Agreement is effective upon its execution by all parties.  The parties may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument.

-24-

887402.7

9.   Entire Agreement.  This Agreement contains the entire agreement between the parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all parties or their successors in interest or their duly authorized representatives.

T.   Miscellaneous Provisions.

1.   Each and every Exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

2.   The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

3.   Each party to this Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party.

4.   This Agreement has been carefully read by each of the parties, or their responsible officers thereof, and its contents are known and understood by each of the parties.  This Agreement is signed freely by each party executing it.

5.   No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6.   In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalid, illegal or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

-25-

7.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, dated as of September 1, 2010.

PLAINTIFF MARK A. ARTHUR


_____
Mark A. Arthur


PLAINTIFF CIRILO MARTINEZ


_____
Cirilo Martinez


PLAINTIFF PARI NAJAFI


_____
Pari Najafi


DEFENDANT SALLIE MAE, INC.


By:   _____

Its:   _____

-26-

APPROVED AS TO FORM AND CONTENT:

Dated: September 1, 2010

STROOCK & STROOCK & LAVAN LLP

By: _____
          Lisa M. Simonetti
     Attorneys for Defendant Sallie Mae, Inc.

Dated: September 1, 2010

TERRELL MARSHALL & DAUDT PLLC

By: _____
          Beth E. Terrell
     Attorneys For Plaintiffs

Dated: September 1, 2010

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
          Jonathan D. Selbin
     Attorneys For Plaintiffs

Dated: September 1, 2010

DAVID P. MEYER & ASSOCIATES CO., LPA

By: _____
          Matthew R. Wilson
     Attorneys For Plaintiffs

-27-

887402.7

Dated: September 1, 2010

HYDE & SWIGART

By: _____
          Joshua Swigart
          Attorneys For Plaintiffs


Dated: September 1, 2010

KAZEROUNI LAW GROUP

By: _____
          Abbas Kazerounian
          Attorneys For Plaintiffs


Dated: September 1, 2010

LAW OFFICES OF DOUGLAS J. CAMPION

By: _____
          Douglas J. Campion
          Attorneys For Plaintiffs

887402.7

EXHIBITS

The following Exhibits are attached hereto and incorporated by reference pursuant to Section III.T.1.:

| | |
|---|---|
| Claim Form | A |
| E-mail and Mail Notice | B |
| Internet Notice | C |
| Publication Notice | D |
| Preliminary Approval Order | E |
| Final Approval Order | F |
| Stipulated Undertaking and Order | G |

887402.7

7.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, dated as of September 1, 2010.

PLAINTIFF MARK A. ARTHUR

_____
Mark A. Arthur

PLAINTIFF CIRILO MARTINEZ

_____
Cirilo Martinez

PLAINTIFF PARI NAJAFI

_____
Pari Najafi

DEFENDANT SALLIE MAE, INC.

By: _____

Its: _____

-26-

887402.7

7.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, dated as of September 1, 2010.

PLAINTIFF MARK A. ARTHUR

_____
Mark A. Arthur

PLAINTIFF CIRILO MARTINEZ

_____
Cirilo Martinez

PLAINTIFF PARI NAJAFI

_____
Pari Najafi

DEFENDANT SALLIE MAE, INC.

By:  _____

Its:  _____

7.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, dated as of September 1, 2010.

PLAINTIFF MARK A. ARTHUR

_____

Mark A. Arthur

PLAINTIFF CIRILO MARTINEZ

_____

Cirilo Martinez

PLAINTIFF PARI NAJAFI

_____

Pari Najafi

DEFENDANT SALLIE MAE, INC.

By: _____

Its: _____

-26-

887402.7

7.      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, dated as of September 2, 2010.

PLAINTIFF MARK A. ARTHUR


_____

Mark A. Arthur


PLAINTIFF CIRILO MARTINEZ


_____

Cirilo Martinez


PLAINTIFF PARI NAJAFI


_____

Pari Najafi


DEFENDANT SALLIE MAE, INC.

By:     _____

Its:    Senior Vice President and Deputy General
        Counsel


-26-

887402.7

APPROVED AS TO FORM AND CONTENT:

Dated: September 2, 2010

STROOCK & STROOCK & LAVAN LLP

By: _____
                Lisa M. Simonetti
        Attorneys for Defendant Sallie Mae, Inc.


Dated: September 1, 2010

TERRELL MARSHALL & DAUDT PLLC


By: _____
                Beth E. Terrell
            Attorneys For Plaintiffs


Dated: September 1, 2010

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
                Jonathan D. Selbin
            Attorneys For Plaintiffs


Dated: September 1, 2010

DAVID P. MEYER & ASSOCIATES CO., LPA


By: _____
                Matthew R. Wilson
            Attorneys For Plaintiffs

-27-

APPROVED AS TO FORM AND CONTENT:

Dated: September 1, 2010

STROOCK & STROOCK & LAVAN LLP

By: _____
              Lisa M. Simonetti
      Attorneys for Defendant Sallie Mae, Inc.

Dated: September 1, 2010

TERRELL MARSHALL & DAUDT PLLC

By: _____
              Beth E. Terrell
         Attorneys For Plaintiffs

Dated: September 1, 2010

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
             Jonathan D. Selbin
         Attorneys For Plaintiffs

Dated: September 1, 2010

DAVID P. MEYER & ASSOCIATES CO., LPA

By: _____
             Matthew R. Wilson
         Attorneys For Plaintiffs

-27-

APPROVED AS TO FORM AND CONTENT:

Dated: September 1, 2010

STROOCK & STROOCK & LAVAN LLP


By: _____
                 Lisa M. Simonetti
         Attorneys for Defendant Sallie Mae, Inc.


Dated: September 1, 2010

TERRELL MARSHALL & DAUDT PLLC


By: _____
                  Beth E. Terrell
             Attorneys For Plaintiffs


Dated: September 1, 2010

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
               Jonathan D. Selbin
             Attorneys For Plaintiffs


Dated: September 1, 2010

DAVID P. MEYER & ASSOCIATES CO., LPA

By: _____
                Matthew R. Wilson
             Attorneys For Plaintiffs

-27-

Dated: September 1, 2010

HYDE & SWIGART

By: _____
             Joshua Swigart
          Attorneys For Plaintiffs


Dated: September 1, 2010

KAZEROUNI LAW GROUP


By: _____
          Abbas Kazerounian
          Attorneys For Plaintiffs


Dated: September 1, 2010

LAW OFFICES OF DOUGLAS J. CAMPION


By: _____
          Douglas J. Campion
          Attorneys For Plaintiffs

-28-

Dated: September 1, 2010

HYDE & SWIGART

By: _____
                Joshua Swigart
             Attorneys For Plaintiffs


Dated: September 1, 2010

KAZEROUNI LAW GROUP

By: _____
              Abbas Kazerounian
             Attorneys For Plaintiffs


Dated: September 1, 2010

LAW OFFICES OF DOUGLAS J. CAMPION

By: _____
              Douglas J. Campion
             Attorneys For Plaintiffs

-28-

887402.7

Dated: September 1, 2010

HYDE & SWIGART

By: _____
                Joshua Swigart
              Attorneys For Plaintiffs


Dated: September 1, 2010

KAZEROUNI LAW GROUP

By: _____
                Abbas Kazerounian
              Attorneys For Plaintiffs


Dated: September 1, 2010

LAW OFFICES OF DOUGLAS J. CAMPION

By: _____
                Douglas J. Campion
              Attorneys For Plaintiffs

-28-

# EXHIBIT A

# CLAIM FORM
### *Arthur, et. al v. Sallie Mae, Inc.*

**YOU MUST PROVIDE ALL OF THE INFORMATION BELOW, AND YOU MUST SIGN THIS FORM, AS DIRECTED, TO APPLY FOR A CASH AWARD OR REDUCTION AWARD.**

_____
Name (First, Middle, Last)

_____
Address

_____
City                              State                              Zip Code

_____
Account Number(s) (if Applicable) As to Which You Received a Call or Calls

_____
Last Four Digits of Social Security Number (If You Have One)

### Choose an Award.  Check **One** Box Only:

If you have never been 180 days or more delinquent on an extension of credit owned or serviced by Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation, you must select either a Cash Award or a Reduction Award.
- or -
If you have been 180 days or more delinquent on an extension of credit owned or serviced by Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation, you must select a Reduction Award.

☐  Cash Award                              ☐  Reduction Award

### Affirmation

I declare under penalty of perjury under the laws of the United States of America that, on or after October 27, 2005, I received one or more non-emergency telephone calls from Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation, to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

_____          _____
Date                                                    Signature

### Return the Claim Form.

Mail your completed claim form to:
ARTHUR TCPA SETTLEMENT ADMINISTRATOR
C/O THE GARDEN CITY GROUP, INC.
P.O. BOX 9621
DUBLIN OH 43017-4921
Your mailed claim form must be postmarked **on or before _____ 2010**.
- or -
Instead of mailing the Claim Form, complete a Claim Form via the Internet at **www.ArthurTCPASettlement.com**.
Internet Claim Forms must be submitted **on or before _____ 2010**.

**QUESTIONS?  VISIT WWW.ARTHURTCPASETTLEMENT.COM OR CALL 1. 888-730-7196**

# EXHIBIT B

| **Legal Notice** |
|:---:|

## If you received an auto-dialed or pre-recorded call from Sallie Mae, Inc., or Another Affiliate or Subsidiary of SLM Corporation, to your cell phone on or after October 27, 2005, you could receive benefits from this class action settlement.

*A federal court authorized this communication.  This is **not** a solicitation from a lawyer.*

Subject to Court approval, a proposed settlement has been reached in a class action lawsuit against Sallie Mae, Inc. ("Sallie Mae") for calls allegedly made to the Representative Plaintiffs and Class Members on cellular telephones through the use of automatic telephone dialing systems and/or an artificial or prerecorded voice ("automated telephone equipment") without their prior express consent (the "Settlement").

You may be a Class Member if, on or after October 27, 2005 to [insert date of PAO], you received a call to a cellular telephone through the use of automated telephone equipment from Sallie Mae or any other affiliate or subsidiary of SLM Corporation.

The Representative Plaintiffs claim that the calls at issue violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").  Sallie Mae strongly denies these claims and any wrongdoing, and has agreed to settle only to avoid the burden and cost of litigation.

The primary focus of the Settlement will be prospective changes to the challenged practices, which will allow you to require that the calls at issue no longer be placed to your cellular telephone number.  Sallie Mae also has agreed to pay $19.5 million into a settlement fund (the "Fund"), out of which eligible Class Members who file qualified claims will receive Monetary Awards in the form of cash or reductions in outstanding extensions of credit.  Monetary Awards may be reduced *pro rata*, based on the number of valid and timely claims received.  While it is not possible to predict the precise amount of the Monetary Award until all claims have been submitted, the parties estimate that the amount of the Monetary Award will be within the range of $20.00 to $40.00 for each Class Member.  In no event shall the Monetary Award exceed a total of $500.00 per Class Member.  The Fund will also be used to pay Class Counsel's Court-awarded attorneys' fees and costs, service awards to the Representative Plaintiffs and all costs of notice and claims administration.  In addition, to cover the claims of certain Class Members who do not have, and have not had, any lending or servicing relationship with Sallie Mae or any other affiliate or subsidiary of SLM Corporation, Sallie Mae will make a cy pres contribution, in the amount of at least $85,000, to organization(s) devoted to promoting higher education.

*Your Legal Rights Are Affected Even If You Do Not Act.  Read This Notice Carefully.*

| **Your Legal Rights and Options in this Settlement** | | |
|:---:|:---:|:---:|

| **You May:** | **Summary:** | **Due Date:** |
|---|---|---|
| **Submit a Claim Form** | This is the only way to receive a monetary award, if you are eligible. | xx/xx/xx |
| **Exclude Yourself** | You can opt out of the Settlement and you will not be eligible for any benefits.  You keep your right to sue on your own regarding any claims that are part of the Settlement. | xx/xx/xx |
| **Object** | You can write to the Court and explain why you do not like the Settlement. You may appear and speak at the Fairness Hearing on your own or through your own lawyer to object to or comment on the Settlement. | xx/xx/xx |

QUESTIONS?  VISIT WWW.ARTHURTCPASETTLEMENT.COM OR CALL 1. 888-730-7196

| Do Nothing | You do not receive any benefits under the Settlement. You will not revoke any right to call you on a cellular telephone through automated telephone equipment. You will receive no monetary award. You will give up your right to sue on your own regarding any claims that are part of the Settlement. | N/A |
|---|---|---|

**THESE RIGHTS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED BELOW.**

| **BASIC INFORMATION** |
|---|

1. **Why is Notice being provided?**

   The parties are providing this Notice to inform potential Class Members about the proposed Settlement of this class action lawsuit, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for those benefits and how to get them. If the Settlement is ultimately approved, the benefits will be provided to Class Members.

   Judge James L. Robart of the United States District Court for the Western District of Washington is overseeing this class action. The case is known as *Arthur, et. al. v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR.

2. **What is a class action and who is involved?**

   In a class action lawsuit, one or more people, called "Representative Plaintiffs," sue on behalf of people who have similar claims. The people together are called the "Class" or "Class Members." The Representative Plaintiffs, through Class Counsel, have reached the proposed Settlement with Sallie Mae. The Court has allowed, or "certified," this to proceed as a class action solely for purposes of the Settlement, and all decisions that the Court makes concerning the Settlement will affect all of the Class Members.

3. **What is this lawsuit about?**

   The lawsuit alleges calls were made to the Representative Plaintiffs and Class Members on their cellular telephones through automated telephone equipment without their prior express consent. The Representative Plaintiffs claim that these practices violate the TCPA.

   Sallie Mae strongly denies all of the claims and any wrongdoing, and has agreed to settle only to avoid the burden and cost of litigation.

4. **Why is there a Settlement?**

   The Court did not decide in favor of the Representative Plaintiffs or Sallie Mae. The Representative Plaintiffs and Class Counsel believe that the claims asserted in the action have merit, but that the Settlement is in the best interests of the Settlement Class. Class Counsel have evaluated information made available in the course of the action and settlement negotiations and have taken into account the risks and uncertainties of proceeding with the action. Those risks include the uncertainty of prevailing on the merits, proving substantial damages at trial, and prevailing on post-trial motions and likely appeals. Based upon their consideration of these factors, and on the substantial time and expense that will be incurred, Class Counsel believe it is in the best interest of the Settlement Class to settle the action on the terms described below.

   This Settlement does not imply that any court has found or would have found that Sallie Mae violated the law or that the Settlement Class would have recovered any amount of damages if the action was not settled.

| **WHO IS IN THE SETTLEMENT?** |
|---|

To find out if you are entitled to benefits from this Settlement, you first have to determine if you are a Class Member.

**5.  Am I a Class Member?**

The Settlement Class includes all persons to whom, on or after October 27, 2005 through [Enter date of PAO], Sallie Mae or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone call to a cellular telephone through the use of automated telephone equipment.

Excluded from the Settlement Class are SLM Corporation, Sallie Mae and other affiliates or subsidiaries of SLM Corporation, and any entities in which any of such companies has a controlling interest, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as, all persons who validly request exclusion from the Settlement Class.

All persons in the Settlement Class who do not validly opt out will be bound by all determinations and judgments in the action and are considered "Class Members."

---

| THE TERMS OF THE PROPOSED SETTLEMENT |
| --- |

This Notice provides a summary of some, but not all, of the terms of the Settlement.  **The entire contents of the Settlement Agreement are posted on the website, www.ArthurTCPASettlement.com.**  To take effect, the Settlement Agreement must be approved by the Court.

**6.  What benefits does the Settlement provide?**

Revocation Request.  If you submit a Revocation Request, neither Sallie Mae nor any other affiliate or subsidiary of SLM Corporation shall make use of, nor knowingly authorize anyone acting on its/their behalf to make use of, automated telephone equipment, to call the cellular telephone number that you list on the Revocation Request form.   If you do not submit this request, you will be deemed to have provided prior express consent to the making of calls by Sallie Mae or any other affiliate or subsidiary of SLM Corporation to any phone numbers reflected in such entities' records.

A Revocation Request form can be obtained on the Settlement website, www.ArthurTCPASettlement.com or from the Settlement Administrator at 1-888-730-7196.  There are two types of forms:  one for persons who have or have had some lending or servicing relationship with Sallie Mae, and one for persons who do not have and have not had such a relationship.  Make sure to submit the correct form.  **You must submit the Revocation Request Form by mail or online by no later than [165 days from PAO].**

Monetary Relief.  Each Monetary Award  may be reduced *pro rata*, based on the number of valid and timely claims received.  While it is not possible to predict the precise amount of the Monetary Award until all claims have been submitted, the parties estimate that the amount of the Monetary Award will be within the range of $20.00 to $40.00 each.  In no event shall the Monetary Award exceed a total of $500.00 per Settlement Class Member.  **Class Members who submit an approved Claim Form will be eligible for the following award options**:

- Cash Award Option:  Class Members who have never been 180 days or more delinquent on their payments on extensions of credit owned or serviced by Sallie Mae or any other affiliate or subsidiary of SLM Corporation shall be entitled to make claims for:  (a) a cash payment (the "Cash Award"); or (b) a one-time reduction from the principal balance of the Settlement Class Member's outstanding extension of credit (the "Reduction Award").

- Reduction Award:  Class Members who have, at any time, been 180 days or more delinquent on their payments on extensions of credit owned or serviced by Sallie Mae or any other affiliate or subsidiary of SLM Corporation, shall not be entitled to make a claim for a Cash Award, but rather are eligible for a one-time reduction from the principal balance of the Class Member's outstanding extension of credit.

- Cy Pres Award:  Class Members whose extensions of credit have been charged off for purposes of accounting shall not be entitled to a Cash Award or Reduction Award.  Instead, if there is any money remaining in the Fund after payment of various settlement costs, Cash Awards to Class Members who make valid and timely claims and reimbursements to Sallie Mae for Reduction Awards, such monies will be distributed to court-approved, non-profit charitable organization(s) with the mission of promoting access to higher education.  In addition, with respect to Class Members who do not have and have not had any lending or servicing relationship with Sallie Mae, or another affiliate or subsidiary of SLM Corporation, Sallie Mae will make a minimum cy pres payment of $85,000 to organization(s) devoted to promoting higher education.

**7.   <u>Are the Settlement benefits available now?</u>**

No.  These benefits will become available at an undetermined date in the future if the Court grants its final approval of the Settlement and all appeals are resolved.  There is no guarantee that money or benefits ever will be distributed; however, if you want to participate in the Settlement, you must submit a Claim Form.  Claim Forms are available at www.ArthurTCPASettlement.com.  The deadline to submit a Claim Form, along with any Revocation Request form, is **[165 days from PAO]**.

| YOUR RIGHTS AND OPTIONS |
| :---: |

You need to decide whether or not to participate in the Settlement.

**8.   <u>What happens if I do nothing at all?</u>**

If you do nothing before the deadline described in this Notice, you will not receive any benefits under the Settlement.  You will not revoke any right to call you on a cellular telephone through the use of automated dialing equipment.  You will not receive any monetary award in this Settlement.  You will lose the right to sue Sallie Mae regarding any issues relating to the action.  You will be considered part of the Settlement Class, and all of the Court's orders will apply to you and legally bind you.  **Therefore, in order to receive *<u>any benefit</u>* from the Settlement, you must submit a valid Claim Form postmarked by [date inserted], or submitted via the internet to www.ArthurTCPASettlement.com by [date inserted]**.  You also must submit any Revocation Request by the same date.  Claim Forms are available at www.ArthurTCPASettlement.com or by calling 1-888-730-7196.

**9.   <u>If I remain in the Settlement Class, what rights am I giving up?</u>**

If you remain in the Settlement Class, you give up your right to sue in court or arbitration or be part of any other lawsuit or arbitration against Sallie Mae or any other affiliate or subsidiary of SLM Corporation regarding any issues relating to the settled claims.  Additionally, all of the Court's orders will apply to you and legally bind you.

**10.   <u>Why would I ask to be excluded?</u>**

You may want to exclude yourself from the Settlement Class if you already have filed (or intend to file) a lawsuit or arbitration against Sallie Mae and want to continue that lawsuit or arbitration individually, on your own behalf.  If you do not exclude yourself, you will be legally bound by all orders of the Court in the above case regarding the Settlement Class and the Settlement.  If the Court approves the Settlement, all of the settled claims will be released.  All persons in the Settlement Class who do not ask to be excluded will be forever barred from asserting against the released parties any and all actions, claims, causes of action, proceedings, or rights of any nature and description whatsoever regarding the action, as more fully described in the Settlement Agreement.

**11.   How do I exclude myself from the Settlement Class?**

You may exclude yourself ("opt-out") from the Settlement Class by sending a written request to the Settlement Administrator postmarked no later than [90 days from Preliminary Settlement Approval]. Exclusion requests must:  (a) be signed; (b) include your full name, address and account number(s) (except that persons in the Settlement Class who do not have and have not had some lending or servicing relationship with Sallie Mae or another affiliate or subsidiary of SLM shall not be required to include an account number); and (c) include the following statement:  "I/we request to be excluded from the class settlement in Arthur, et al. v. Sallie Mae, Inc., W.D. Wash., Case No. C10-0198 JLR."  No request for exclusion will be valid unless all of the information described above is included. You can send the request to:

Arthur TCPA Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9621
Dublin, OH  43017-4921

You will **not** receive any money or other benefits from the Settlement if you exclude yourself.

**12.   Can I object to the Settlement?**

Yes, **but only if you do not exclude yourself** from the Settlement Class. Objecting is simply telling the Court that you do not like something about the Settlement. You will still be bound by all Court orders, even if your objection is rejected. All objections that are filed by [90 days from Preliminary Settlement Approval], will be considered prior to the Court's final approval at the Fairness Hearing on [mid-December 2010 date]. If you do not file an objection, you waive your right to appeal any Court order or judgment related to the Settlement. Your objection must include your name and address, your contact telephone number, you or your representative's signature, and the reasons for your objection. If you would like to appear at the Fairness Hearing, a statement indicating your intent to appear must be included with your objection.

**You must file your objection with the Court and send it to all of the addresses below postmarked by [90 days from Preliminary Settlement Approval].**

| Court | Defense Counsel | Class Counsel |
|---|---|---|
| Clerk of the Court U.S. District Court for the Western District of Washington 700 Stewart Street, Suite 2310 Seattle, WA 98101 | Julia B. Strickland, Esq. Stroock & Stroock & Lavan LLP 2029 Century Park East, 16th Floor Los Angeles, CA 90067-3086 Tel: 310.556.5800 Fax: 310.556.5959 | Daniel M. Hutchinson Lieff Cabraser Heimann & Bernstein, LLP 275 Battery Street, 29th Floor San Francisco, CA 94111-3343 Telephone:  800.254.3079 |

**13.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on [mid-December 2010 date and time], at the U.S. District Court for the Western District of Washington 700 Stewart Street, Seattle, WA 98101. At the Fairness Hearing, the Court will consider if the Settlement is fair, reasonable and adequate, and should be granted final approval. If there are objections, the Court will consider them. Class Counsel will also ask the Court for approval of their request for attorneys' fees, costs, expenses, and incentive awards to the Representative Plaintiffs. The Fairness Hearing may be rescheduled without further notice.

**14.   Do I have to attend the Fairness Hearing?**

No. Your attendance at the Fairness Hearing is not required. Class Counsel will answer any questions the Court may have. If you submitted a written objection or comment, you do not have to come to the Fairness Hearing to talk about it. As long as you filed your written objection on time, the Court will consider it. However, you or your attorney may attend the hearing if you would like at your own expense.

15. **May I speak at the Fairness Hearing?**

Yes. You may speak at the Fairness Hearing, but only if you filed a written objection or comment as described above. You may also enter an appearance through an attorney hired at your own expense. Your objection must include a statement that you intend to appear and be heard at the Fairness Hearing. Be sure to include your name, address, telephone number, and your signature. You must also include some information about what you intend to say at the hearing and if you will be represented by a lawyer. You may also enter an appearance through an attorney hired at your own expense. You must send copies of your "Notice of Intent to Appear" to all of the addresses listed in Question 12 above. It must be postmarked no later than [Insert date].

| **THE LAWYERS REPRESENTING YOU** |
| --- |

16. **Do Class Members have a lawyer in this case?**

Yes. The Court appointed several law firms, including Terrell Marshall & Daudt PLLC, Lieff Cabraser Heimann & Bernstein, LLP, David P. Meyer & Associates Co., LPA, Hyde & Swigart, Kazerouni Law Group, and Law Offices of Douglas J Campion to represent you and the other Class Members. They are called "Class Counsel."

17. **How will Class Counsel and Representative Plaintiffs be paid?**

The Fund will be used to pay Class Counsel's Court-awarded attorneys' fees and costs, and service awards to the Representative Plaintiffs. At the Fairness Hearing, Class Counsel will ask the Court for approval of attorneys' fees not to exceed 25% of the Fund and for reimbursement of expenses incurred as a result of the action, along with service awards up to $2,500 for each of the Representative Plaintiffs.

The motion(s) by Class Counsel for attorneys' fees, for reimbursement of expenses and for the service awards for the Representative Plaintiffs will be filed with the Court on or before [Insert date], and will be posted on the website at www.ArthurTCPASettlement.com. If you wish to review them, you may do so by visiting the website after [5 days from Preliminary Settlement Approval].

| **GETTING MORE INFORMATION** |
| --- |

18. **Where can I get more information?**

This Notice is only a summary of relevant court documents and the Settlement Agreement. Complete copies of case-related documents are available at www.ArthurTCPASettlement.com. This Notice may also be viewed at that web site. If you have further questions, you may call the toll free number 1-888-730-7196, visit the Settlement Website at www.ArthurTCPASettlement.com, or write to the Settlement Administrator:

Arthur TCPA Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9621
Dublin, OH  43017-4921

**If you wish to contact Class Counsel, you may contact them directly as follows:**

| **Class Counsel** |
|---|
| Daniel M. Hutchinson<br>Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3343<br>Telephone:  800.254.3079 |

**19.**   **May I contact Sallie Mae directly?**

No.  Please do not contact the Court or Sallie Mae's attorneys.  They are not in a position to give you any advice.

# REVOCATION FORM

## [FOR PERSONS WHO HAVE OR HAVE HAD SOME LENDING OR SERVICING RELATIONSHIP WITH SALLIE MAE]

☐ By checking this box and providing my current cellular telephone number and my account number(s) (for all of my outstanding accounts), Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation cannot contact me on that cellular telephone number by an automatic telephone dialing system and/or an artificial or prerecorded voice message.

My current cellular telephone number is:  (____) _____-_____

My account number(s) is/are:

_____

If I decline to allow Sallie Mae, Inc. to contact me on my current cellular telephone number, I understand that I must provide my current non-cellular telephone number, if one exists.

That number is: (____) ____-_____

I understand that Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation may call me, or continue to call me, concerning my account(s) by automatic telephone dialing system and/or an artificial or prerecorded voice message at any telephone number in their records if I do not:  (1) check the above box; (2) enter my current cellular telephone number; (3) enter my account number(s); and (4) enter my current non-cellular telephone number,  if one exists.

By signing below, I declare under penalty of perjury, under the laws of the United States, that the foregoing (including as to the existence of a current non-cellular telephone number) is true and correct.

_____        _____
SIGNATURE                                          DATE

## Please return to the Settlement Administrator at:

Arthur TCPA Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9621
Dublin, OH  43017-4921

Or

Return via Email to:
XXXXXX@XXXSettlement.com

# REVOCATION FORM

## [FOR PERSONS WHO DO NOT HAVE AND HAVE NOT HAD SOME LENDING OR SERVICING RELATIONSHIP WITH SALLIE MAE]

☐   By checking this box and providing my current cellular telephone number, Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation cannot contact me on that cellular telephone number by an automatic telephone dialing system and/or an artificial or prerecorded voice message.

My current cellular telephone number is:  (____) _____-_____

I understand that Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation may call me, or continue to call me, by automatic telephone dialing system and/or an artificial or prerecorded voice message at any telephone number in their records if I do not:  (1) check the above box; and (2) enter my current cellular telephone number.

By signing below, I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

_____          _____
SIGNATURE                                                        DATE

### Please return to the Settlement Administrator at:

Arthur TCPA Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9621
Dublin, OH  43017-4921

Or

Return via Email to:
XXXXXX@XXXSettlement.com

# EXHIBIT C

| Legal Notice |
| :---: |

## If you received an auto-dialed or pre-recorded call from Sallie Mae, Inc., or Another Affiliate or Subsidiary of SLM Corporation, to your cell phone on or after October 27, 2005, you could receive benefits from this class action settlement.

*A federal court authorized this communication.  This is **not** a solicitation from a lawyer.*

Subject to Court approval, a proposed settlement has been reached in a class action lawsuit against Sallie Mae, Inc. ("Sallie Mae") for calls allegedly made to the Representative Plaintiffs and Class Members on cellular telephones through the use of automatic telephone dialing systems and/or an artificial or prerecorded voice ("automated telephone equipment") without their prior express consent (the "Settlement").

You may be a Class Member if, on or after October 27, 2005 to [insert date of PAO], you received a call to a cellular telephone through the use of automated telephone equipment from Sallie Mae or any other affiliate or subsidiary of SLM Corporation.

The Representative Plaintiffs claim that the calls at issue violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").  Sallie Mae strongly denies these claims and any wrongdoing, and has agreed to settle only to avoid the burden and cost of litigation.

The primary focus of the Settlement will be prospective changes to the challenged practices, which will allow you to require that the calls at issue no longer be placed to your cellular telephone number.  Sallie Mae also has agreed to pay $19.5 million into a settlement fund (the "Fund"), out of which eligible Class Members who file qualified claims will receive Monetary Awards in the form of cash or reductions in outstanding extensions of credit.  Monetary Awards may be reduced *pro rata*, based on the number of valid and timely claims received.  While it is not possible to predict the precise amount of the Monetary Award until all claims have been submitted, the parties estimate that the amount of the Monetary Award will be within the range of $20.00 to $40.00 for each Class Member.  In no event shall the Monetary Award exceed a total of $500.00 per Class Member.  The Fund will also be used to pay Class Counsel's Court-awarded attorneys' fees and costs, service awards to the Representative Plaintiffs and all costs of notice and claims administration.  In addition, to cover the claims of certain Class Members who do not have, and have not had, any lending or servicing relationship with Sallie Mae or any other affiliate or subsidiary of SLM Corporation, Sallie Mae will make a cy pres contribution, in the amount of at least $85,000, to organization(s) devoted to promoting higher education.

*Your Legal Rights Are Affected Even If You Do Not Act.  Read This Notice Carefully.*

| Your Legal Rights and Options in this Settlement | | |
| :--- | :--- | :--- |
| **You May:** | **Summary:** | **Due Date:** |
| **Submit a Claim Form** | This is the only way to receive a monetary award, if you are eligible. | xx/xx/xx |
| **Exclude Yourself** | You can opt out of the Settlement and you will not be eligible for any benefits.  You keep your right to sue on your own regarding any claims that are part of the Settlement. | xx/xx/xx |
| **Object** | You can write to the Court and explain why you do not like the Settlement.  You may appear and speak at the Fairness Hearing on your own or through your own lawyer to object to or comment on the Settlement. | xx/xx/xx |

QUESTIONS?  VISIT WWW.ARTHURTCPASETTLEMENT.COM OR CALL 1. 888-730-7196

| Do Nothing | You do not receive any benefits under the Settlement.  You will not revoke any right to call you on a cellular telephone through automated telephone equipment.  You will receive no monetary award.  You will give up your right to sue on your own regarding any claims that are part of the Settlement. | N/A |
|---|---|---|

**THESE RIGHTS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED BELOW.**

| BASIC INFORMATION |
|---|

**1.  Why is Notice being provided?**

The parties are providing this Notice to inform potential Class Members about the proposed Settlement of this class action lawsuit, before the Court decides whether to give final approval to the Settlement.  This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for those benefits and how to get them.  If the Settlement is ultimately approved, the benefits will be provided to Class Members.

Judge James L. Robart of the United States District Court for the Western District of Washington is overseeing this class action.  The case is known as *Arthur, et. al. v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR.

**2.  What is a class action and who is involved?**

In a class action lawsuit, one or more people, called "Representative Plaintiffs," sue on behalf of people who have similar claims.  The people together are called the "Class" or "Class Members."  The Representative Plaintiffs, through Class Counsel, have reached the proposed Settlement with Sallie Mae.  The Court has allowed, or "certified," this to proceed as a class action solely for purposes of the Settlement, and all decisions that the Court makes concerning the Settlement will affect all of the Class Members.

**3.  What is this lawsuit about?**

The lawsuit alleges calls were made to the Representative Plaintiffs and Class Members on their cellular telephones through automated telephone equipment without their prior express consent.  The Representative Plaintiffs claim that these practices violate the TCPA.

Sallie Mae strongly denies all of the claims and any wrongdoing, and has agreed to settle only to avoid the burden and cost of litigation.

**4.  Why is there a Settlement?**

The Court did not decide in favor of the Representative Plaintiffs or Sallie Mae.  The Representative Plaintiffs and Class Counsel believe that the claims asserted in the action have merit, but that the Settlement is in the best interests of the Settlement Class.  Class Counsel have evaluated information made available in the course of the action and settlement negotiations and have taken into account the risks and uncertainties of proceeding with the action.  Those risks include the uncertainty of prevailing on the merits, proving substantial damages at trial, and prevailing on post-trial motions and likely appeals.  Based upon their consideration of these factors, and on the substantial time and expense that will be incurred, Class Counsel believe it is in the best interest of the Settlement Class to settle the action on the terms described below.

This Settlement does not imply that any court has found or would have found that Sallie Mae violated the law or that the Settlement Class would have recovered any amount of damages if the action was not settled.

| WHO IS IN THE SETTLEMENT? |
|---|

To find out if you are entitled to benefits from this Settlement, you first have to determine if you are a Class Member.

**5.   Am I a Class Member?**

The Settlement Class includes all persons to whom, on or after October 27, 2005 through [Enter date of PAO], Sallie Mae or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone call to a cellular telephone through the use of automated telephone equipment.

Excluded from the Settlement Class are SLM Corporation, Sallie Mae and other affiliates or subsidiaries of SLM Corporation, and any entities in which any of such companies has a controlling interest, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as, all persons who validly request exclusion from the Settlement Class.

All persons in the Settlement Class who do not validly opt out will be bound by all determinations and judgments in the action and are considered "Class Members."

| THE TERMS OF THE PROPOSED SETTLEMENT |
| --- |

This Notice provides a summary of some, but not all, of the terms of the Settlement.  **The entire contents of the Settlement Agreement are posted on the website, www.ArthurTCPASettlement.com.**  To take effect, the Settlement Agreement must be approved by the Court.

**6.   What benefits does the Settlement provide?**

Revocation Request.  If you submit a Revocation Request, neither Sallie Mae nor any other affiliate or subsidiary of SLM Corporation shall make use of, nor knowingly authorize anyone acting on its/their behalf to make use of, automated telephone equipment, to call the cellular telephone number that you list on the Revocation Request form.   If you do not submit this request, you will be deemed to have provided prior express consent to the making of calls by Sallie Mae or any other affiliate or subsidiary of SLM Corporation to any phone numbers reflected in such entities' records.

A Revocation Request form can be obtained on the Settlement website, www.ArthurTCPASettlement.com or from the Settlement Administrator at 1-888-730-7196.  There are two types of forms:  one for persons who have or have had some lending or servicing relationship with Sallie Mae, and one for persons who do not have and have not had such a relationship.  Make sure to submit the correct form.  **You must submit the Revocation Request Form by mail or online by no later than [165 days from PAO].**

Monetary Relief.  Each Monetary Award  may be reduced *pro rata*, based on the number of valid and timely claims received.  While it is not possible to predict the precise amount of the Monetary Award until all claims have been submitted, the parties estimate that the amount of the Monetary Award will be within the range of $20.00 to $40.00 each.  In no event shall the Monetary Award exceed a total of $500.00 per Settlement Class Member.  **Class Members who submit an approved Claim Form will be eligible for the following award options**:

- Cash Award Option:  Class Members who have never been 180 days or more delinquent on their payments on extensions of credit owned or serviced by Sallie Mae or any other affiliate or subsidiary of SLM Corporation shall be entitled to make claims for:  (a) a cash payment (the "Cash Award"); or (b) a one-time reduction from the principal balance of the Settlement Class Member's outstanding extension of credit (the "Reduction Award").

- Reduction Award:  Class Members who have, at any time, been 180 days or more delinquent on their payments on extensions of credit owned or serviced by Sallie Mae or any other affiliate or subsidiary of SLM Corporation, shall not be entitled to make a claim for a Cash Award, but rather are eligible for a one-time reduction from the principal balance of the Class Member's outstanding extension of credit.

- Cy Pres Award:  Class Members whose extensions of credit have been charged off for purposes of accounting shall not be entitled to a Cash Award or Reduction Award.  Instead, if there is any money remaining in the Fund after payment of various settlement costs, Cash Awards to Class Members who make valid and timely claims and reimbursements to Sallie Mae for Reduction Awards, such monies will be distributed to court-approved, non-profit charitable organization(s) with the mission of promoting access to higher education.  In addition, with respect to Class Members who do not have and have not had any lending or servicing relationship with Sallie Mae, or another affiliate or subsidiary of SLM Corporation, Sallie Mae will make a minimum cy pres payment of $85,000 to organization(s) devoted to promoting higher education.

**7.**   **Are the Settlement benefits available now?**

No.  These benefits will become available at an undetermined date in the future if the Court grants its final approval of the Settlement and all appeals are resolved.  There is no guarantee that money or benefits ever will be distributed; however, if you want to participate in the Settlement, you must submit a Claim Form.  Claim Forms are available at www.ArthurTCPASettlement.com.  The deadline to submit a Claim Form, along with any Revocation Request form, is **[165 days from PAO]**.

| |
|---|
| **YOUR RIGHTS AND OPTIONS** |

You need to decide whether or not to participate in the Settlement.

**8.**   **What happens if I do nothing at all?**

If you do nothing before the deadline described in this Notice, you will not receive any benefits under the Settlement.  You will not revoke any right to call you on a cellular telephone through the use of automated dialing equipment.  You will not receive any monetary award in this Settlement.  You will lose the right to sue Sallie Mae regarding any issues relating to the action.  You will be considered part of the Settlement Class, and all of the Court's orders will apply to you and legally bind you.  **Therefore, in order to receive _any benefit_ from the Settlement, you must submit a valid Claim Form postmarked by [date inserted], or submitted via the internet to www.ArthurTCPASettlement.com by [date inserted]**.  You also must submit any Revocation Request by the same date.  Claim Forms are available at www.ArthurTCPASettlement.com or by calling 1-888-730-7196.

**9.**   **If I remain in the Settlement Class, what rights am I giving up?**

If you remain in the Settlement Class, you give up your right to sue in court or arbitration or be part of any other lawsuit or arbitration against Sallie Mae or any other affiliate or subsidiary of SLM Corporation regarding any issues relating to the settled claims.  Additionally, all of the Court's orders will apply to you and legally bind you.

**10.**   **Why would I ask to be excluded?**

You may want to exclude yourself from the Settlement Class if you already have filed (or intend to file) a lawsuit or arbitration against Sallie Mae and want to continue that lawsuit or arbitration individually, on your own behalf.  If you do not exclude yourself, you will be legally bound by all orders of the Court in the above case regarding the Settlement Class and the Settlement.  If the Court approves the Settlement, all of the settled claims will be released.  All persons in the Settlement Class who do not ask to be excluded will be forever barred from asserting against the released parties any and all actions, claims, causes of action, proceedings, or rights of any nature and description whatsoever regarding the action, as more fully described in the Settlement Agreement.

**11.** **How do I exclude myself from the Settlement Class?**

You may exclude yourself ("opt-out") from the Settlement Class by sending a written request to the Settlement Administrator postmarked no later than [90 days from Preliminary Settlement Approval]. Exclusion requests must: (a) be signed; (b) include your full name, address and account number(s) (except that persons in the Settlement Class who do not have and have not had some lending or servicing relationship with Sallie Mae or another affiliate or subsidiary of SLM shall not be required to include an account number); and (c) include the following statement: "I/we request to be excluded from the class settlement in Arthur, et al. v. Sallie Mae, Inc., W.D. Wash., Case No. C10-0198 JLR." No request for exclusion will be valid unless all of the information described above is included. You can send the request to:

Arthur TCPA Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9621
Dublin, OH 43017-4921

You will **not** receive any money or other benefits from the Settlement if you exclude yourself.

**12.** **Can I object to the Settlement?**

Yes, **but only if you do not exclude yourself** from the Settlement Class. Objecting is simply telling the Court that you do not like something about the Settlement. You will still be bound by all Court orders, even if your objection is rejected. All objections that are filed by [90 days from Preliminary Settlement Approval], will be considered prior to the Court's final approval at the Fairness Hearing on [mid-December 2010 date]. If you do not file an objection, you waive your right to appeal any Court order or judgment related to the Settlement. Your objection must include your name and address, your contact telephone number, you or your representative's signature, and the reasons for your objection. If you would like to appear at the Fairness Hearing, a statement indicating your intent to appear must be included with your objection.

**You must file your objection with the Court and send it to all of the addresses below postmarked by [90 days from Preliminary Settlement Approval].**

| Court | Defense Counsel | Class Counsel |
|---|---|---|
| Clerk of the Court U.S. District Court for the Western District of Washington 700 Stewart Street, Suite 2310 Seattle, WA 98101 | Julia B. Strickland, Esq. Stroock & Stroock & Lavan LLP 2029 Century Park East, 16th Floor Los Angeles, CA 90067-3086 Tel: 310.556.5800 Fax: 310.556.5959 | Daniel M. Hutchinson Lieff Cabraser Heimann & Bernstein, LLP 275 Battery Street, 29th Floor San Francisco, CA 94111-3343 Telephone: 800.254.3079 |

**13.** **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on [mid-December 2010 date and time], at the U.S. District Court for the Western District of Washington 700 Stewart Street, Seattle, WA 98101. At the Fairness Hearing, the Court will consider if the Settlement is fair, reasonable and adequate, and should be granted final approval. If there are objections, the Court will consider them. Class Counsel will also ask the Court for approval of their request for attorneys' fees, costs, expenses, and incentive awards to the Representative Plaintiffs. The Fairness Hearing may be rescheduled without further notice.

**14.** **Do I have to attend the Fairness Hearing?**

No. Your attendance at the Fairness Hearing is not required. Class Counsel will answer any questions the Court may have. If you submitted a written objection or comment, you do not have to come to the Fairness Hearing to talk about it. As long as you filed your written objection on time, the Court will consider it. However, you or your attorney may attend the hearing if you would like at your own expense.

15. **May I speak at the Fairness Hearing?**

Yes. You may speak at the Fairness Hearing, but only if you filed a written objection or comment as described above. You may also enter an appearance through an attorney hired at your own expense. Your objection must include a statement that you intend to appear and be heard at the Fairness Hearing. Be sure to include your name, address, telephone number, and your signature. You must also include some information about what you intend to say at the hearing and if you will be represented by a lawyer. You may also enter an appearance through an attorney hired at your own expense. You must send copies of your "Notice of Intent to Appear" to all of the addresses listed in Question 12 above. It must be postmarked no later than [Insert date].

| THE LAWYERS REPRESENTING YOU |
| --- |

16. **Do Class Members have a lawyer in this case?**

Yes. The Court appointed several law firms, including Terrell Marshall & Daudt PLLC, Lieff Cabraser Heimann & Bernstein, LLP, David P. Meyer & Associates Co., LPA, Hyde & Swigart, Kazerouni Law Group, and Law Offices of Douglas J Campion to represent you and the other Class Members. They are called "Class Counsel."

17. **How will Class Counsel and Representative Plaintiffs be paid?**

The Fund will be used to pay Class Counsel's Court-awarded attorneys' fees and costs, and service awards to the Representative Plaintiffs. At the Fairness Hearing, Class Counsel will ask the Court for approval of attorneys' fees not to exceed 25% of the Fund and for reimbursement of expenses incurred as a result of the action, along with service awards up to $2,500 for each of the Representative Plaintiffs.

The motion(s) by Class Counsel for attorneys' fees, for reimbursement of expenses and for the service awards for the Representative Plaintiffs will be filed with the Court on or before [Insert date], and will be posted on the website at www.ArthurTCPASettlement.com. If you wish to review them, you may do so by visiting the website after [5 days from Preliminary Settlement Approval].

| GETTING MORE INFORMATION |
| --- |

18. **Where can I get more information?**

This Notice is only a summary of relevant court documents and the Settlement Agreement. Complete copies of case-related documents are available at www.ArthurTCPASettlement.com. If you have further questions, you may call the toll free number 1-888-730-7196, visit the Settlement Website at www.ArthurTCPASettlement.com, or write to the Settlement Administrator:

Arthur TCPA Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9621
Dublin, OH  43017-4921

**If you wish to contact Class Counsel, you may contact them directly as follows:**

| **Class Counsel** |
|---|
| Daniel M. Hutchinson<br>Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3343<br>Telephone:  800.254.3079 |

**19.    May I contact Sallie Mae directly?**

No.  Please do not contact the Court or Sallie Mae's attorneys.  They are not in a position to give you any advice.

# REVOCATION FORM

## [FOR PERSONS WHO HAVE OR HAVE HAD SOME LENDING OR SERVICING RELATIONSHIP WITH SALLIE MAE]

☐  By checking this box and providing my current cellular telephone number and my account number(s) (for all of my outstanding accounts), Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation cannot contact me on that cellular telephone number by an automatic telephone dialing system and/or an artificial or prerecorded voice message.

My current cellular telephone number is:  (____) _____-_____

My account number(s) is/are:

_____

If I decline to allow Sallie Mae, Inc. to contact me on my current cellular telephone number, I understand that I must provide my current non-cellular telephone number, if one exists.

That number is: (____) ____-_____

I understand that Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation may call me, or continue to call me, concerning my account(s) by automatic telephone dialing system and/or an artificial or prerecorded voice message at any telephone number in their records if I do not:  (1) check the above box; (2) enter my current cellular telephone number; (3) enter my account number(s); and (4) enter my current non-cellular telephone number,  if one exists.

By signing below, I declare under penalty of perjury, under the laws of the United States, that the foregoing (including as to the existence of a current non-cellular telephone number) is true and correct.

_____        _____
SIGNATURE                                                            DATE

## Please return to the Settlement Administrator at:

Arthur TCPA Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9621
Dublin, OH  43017-4921

Or

Return via Email to:
XXXXXX@XXXSettlement.com

# REVOCATION FORM

## [FOR PERSONS WHO DO NOT HAVE AND HAVE NOT HAD SOME LENDING OR SERVICING RELATIONSHIP WITH SALLIE MAE]

☐  By checking this box and providing my current cellular telephone number, Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation cannot contact me on that cellular telephone number by an automatic telephone dialing system and/or an artificial or prerecorded voice message.

My current cellular telephone number is:  (____) _____-_____

I understand that Sallie Mae, Inc. and any other affiliate or subsidiary of SLM Corporation may call me, or continue to call me, by automatic telephone dialing system and/or an artificial or prerecorded voice message at any telephone number in their records if I do not:  (1) check the above box; and (2) enter my current cellular telephone number.

By signing below, I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

_____          _____
SIGNATURE                                                   DATE

**Please return to the Settlement Administrator at:**

Arthur TCPA Settlement Administrator
c/o The Garden City Group, Inc.
P.O. Box 9621
Dublin, OH  43017-4921

Or

Return via Email to:
XXXXXX@XXXSettlement.com

# EXHIBIT D

**Legal Notice**

# If You Received an Auto-dialed or Pre-recorded Call from Sallie Mae, Inc., or Any Other Affiliate or Subsidiary of SLM Corporation, to Your Cell Phone On or After October 27, 2005, You Could Receive Benefits from this Class Action Settlement.

Subject to Court approval, a proposed settlement has been reached in a class action lawsuit against Sallie Mae, Inc. ("Sallie Mae") for calls allegedly made to Plaintiffs and Class Members on their cellular telephones through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice without their prior express consent. The case is known as Arthur v. Sallie Mae, Inc., United States District Court for the Western District of Washington (the "Court"), Case No. 10-cv-00198-JLR.

**Who is a Class Member?**

You may be a Class Member if on or after October 27, 2005 until [insert date of PAO] you received a non emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice ("automated telephone equipment") placed by or on behalf of Sallie Mae or any other affiliate or subsidiary of SLM Corporation. The Settlement Class includes all persons who received such calls.

**What are the benefits?**

The primary focus of the Settlement will be prospective changes to the practices at issue. Class Members can submit a demand (a "Revocation Request") that Sallie Mae and/or any other affiliate or subsidiary of SLM Corporation not make calls to their cellular phones using automated telephone equipment. If a Class Member does not submit this Revocation Request, he or she will be deemed to have provided prior express consent to the making of calls by Sallie Mae or any other affiliate or subsidiary of SLM Corporation to any phone numbers reflected in such entities' records.

In addition, Sallie Mae has agreed to pay $19.5 million into a settlement fund, out of which eligible Class Members who file a qualified claim will receive a monetary award. To obtain a Revocation Request form or information about the award benefits and deadlines to act, please go to www.ArthurTCPASettlement.com or call the Settlement Administrator at 1-888-730-7196.

The settlement fund will also be used to pay Class Counsel's Court-awarded attorneys' fees and costs, stipends for the Representative Plaintiffs, and all costs of notice and claims administration.

**What are your rights?**

**If you are eligible, you may seek a monetary award** by submitting a Claim Form NO LATER THAN [165 days from PAO]. You may also file a Revocation Request, as described above, by NO LATER THAN [165 days from PAO].

**You may exclude yourself from the lawsuit** and keep your right to sue Sallie Mae on your own, by sending a written request for exclusion to the Settlement Administrator by [90 days from PAO]. If you do not exclude yourself, you will be bound by the terms of the settlement and give up your rights to sue regarding the settled claims.

**If you do not exclude yourself,** you or your lawyer has the right to appear before the Court and object to the proposed settlement.  If you choose to appear through an attorney, you are responsible for paying that attorney.  Written objections must be postmarked by [90 days from PAO].  You will be bound by the terms of the Settlement even if your objection is rejected.

**If you do nothing,** you will not revoke any rights to call you on a cellular telephone through the use of automated equipment, you will not receive any monetary award in this settlement, and will lose the right to sue regarding any issues relating to this action.  You will be considered part of the Settlement Class, and you will be bound by the Court's decisions.

The Court will hold a Fairness Hearing to consider if the settlement is fair, reasonable, and adequate, and should be granted final approval on [Insert Mid-December date and time].  Class Counsel will also ask the Court for approval of their request for attorneys' fees, costs, expenses, and incentive awards to the Representative Plaintiffs from the Fund.  More information about the Fairness Hearing may be found on the settlement website: www.ArthurTCPASettlement.com.

<u>Who represents you?</u>

The Court has appointed the following law firms as Class Counsel:  Lieff Cabraser Heimann & Bernstein, LLP, David P. Meyer & Associates Co., LPA, Terrell Marshall & Daudt PLLC, Hyde & Swigart, Kazerouni Law Group, and Law Offices of Douglas J Campion to be appointed counsel for the Settlement Class.

**This Notice is only a summary.  Complete details describing eligibility, your rights, options and how to submit a Claim Form or a Revocation Request can be obtained by calling 1-888-730-7196, or visiting the web site www.ArthurTCPASettlement.com, or write: Arthur TCPA Settlement Administrator, c/o The Garden City Group, Inc., P.O. 9621, Dublin, OH 43017-4921.**

# EXHIBIT E

1

THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

9

10

MARK A. ARTHUR, CIRILO MARTINEZ,
and PARI NAJAFI on behalf of themselves
and all others similarly situated,

11

Plaintiffs,

12

v.

13

SALLIE MAE, INC.,

14

Defendant.

15

16

CLASS ACTION

NO. 10-cv-00198-JLR

[PROPOSED] ORDER CERTIFYING
PROVISIONAL SETTLEMENT
CLASS, PRELIMINARILY
APPROVING CLASS ACTION
SETTLEMENT AND PROVIDING
FOR NOTICE TO THE
SETTLEMENT CLASS

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    WHEREAS, a putative class action is pending in this Court entitled <u>Mark A.</u>
2  <u>Arthur, Cirilo Martinez and Pari Najfai v. Sallie Mae, Inc.</u>, Case No. C10-0198 JLR (the
3  "Action");
4    WHEREAS, the parties to the Action have agreed, subject to Court approval
5  following notice to the proposed Settlement Class (as described in Paragraph 6 below) and a
6  hearing, to settle this Action upon the terms and conditions set forth in the settlement agreement
7  lodged with this Court (the "Agreement");
8    WHEREAS, this Court has reviewed the Agreement, as well as the files, records
9  and proceedings to date in this matter;
10    WHEREAS, for purposes of this Order, capitalized terms used below shall have
11  the meaning ascribed to them in the Agreement, unless otherwise defined; and
12    WHEREAS, for purposes of the Action, this Court has subject matter and personal
13  jurisdiction over the parties, including all Settlement Class Members.
14    NOW, THEREFORE, based on this Court's review of the Agreement and all of
15  the files, records, and proceedings herein, the Court concludes, upon preliminary examination,
16  that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of
17  reasonableness for preliminary settlement approval, and that a hearing should and will be held
18  after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the
19  Agreement and Settlement are fair, reasonable and adequate and to determine whether the
20  Settlement should be approved and final judgment entered in the Action based upon the
21  Agreement.
22    IT IS HEREBY ORDERED THAT:
23    1.    <u>Preliminary Approval Of Proposed Settlement</u>.  The Agreement, including all
24  exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range
25  of reasonableness for preliminary settlement approval.  The Court finds that:  (a) the Agreement
26

- 1 -

resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2.   <u>Class Certification For Settlement Purposes Only</u>.  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons to whom, on or after October 27, 2005, Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.  Excluded from the Settlement Class are SLM Corporation, Sallie Mae, Inc. and other affiliates or subsidiaries of SLM Corporation, and any entities in which any of such companies has a controlling interest, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings:

(a)   The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)   There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

(c)   Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

(d)   Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

(e)   For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 2 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1        (f)     For purposes of settlement, certification of the Settlement Class appears to

2  be superior to other available methods for the fair and efficient settlement of the claims of the

3  Settlement Class Members.

4        3.     <u>Class Representatives</u>.  Plaintiffs are designated as class representatives for the

5  Settlement Class.

6        4.     <u>Class Counsel</u>.  The Court appoints Lieff Cabraser Heimann & Bernstein, LLP,

7  David P. Meyer & Associates Co., LPA, Terrell Marshall & Daudt PLLC, Hyde & Swigart,

8  Kazerouni Law Group, and Law Offices of Douglas J Campion as counsel for the Settlement

9  Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as

10  Class Counsel for the Settlement Class.

11        5.     <u>Settlement Hearing</u>.  A final approval hearing (the "Settlement Hearing") shall be

12  held before the Honorable James L. Robart, Courtroom ___, _____, on [DATE OF

13  FINAL APPROVAL HEARING], at [TIME], as set forth in the notice to the Settlement Class

14  (described in Paragraph 6 below), to determine whether the Agreement is fair, reasonable and

15  adequate and should be approved.  Papers in support of final approval of the Agreement, the

16  incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees,

17  costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule

18  set forth in Paragraph 11 below.  The Settlement Hearing may be postponed, adjourned, or

19  continued by order of the Court without further notice to the Settlement Class.  After the

20  Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with

21  the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the

22  Released Claims being settled.

23        6.     <u>Class Notice</u>.  Class Notice shall be sent within thirty (30) days following entry of

24  this Order.

25

26

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 3 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1          (a)     E-mail Notice or Mail Notice.  The Claims Administrator and/or Sallie

2  Mae will provide individual notice to all persons in the Settlement Class for whom Sallie Mae

3  possesses an email and/or physical address, via either E-mail Notice or Mail Notice.  E-mail

4  Notice will be sent via electronic mail, to the most recent email address as reflected in reasonably

5  available computerized account records of Sallie Mae or its affiliates, to all persons in the

6  Settlement Class for whom such records exist and who have not opted out of receiving electronic

7  mail from Sallie Mae, in accordance with Sallie Mae's currently existing email opt-out policies.

8  Mail Notice will be sent via direct mail, to the most recent mailing address as reflected in

9  reasonably available computerized account records of Sallie Mae or its affiliates, for those

10 persons in the Settlement Class for whom Sallie Mae or its affiliates do not have an email address

11 (as reflected in reasonably available computerized account records of Sallie Mae or its affiliates)

12 and/or who have opted out of receiving emails from Sallie Mae, in accordance with Sallie Mae's

13 currently existing email opt-out policies, and to those Settlement Class Members whose emails

14 are undeliverable.  Skip tracing shall be performed by the Claims Administrator for all returned

15 mail; all costs of skip tracing will be considered Settlement Costs and deducted from the Fund.

16 At Sallie Mae's discretion, subject to approval of Arthur Counsel (which approval shall not be

17 unreasonably withheld), the E-mail Notice and Mail Notice may be provided by way of a bill-

18 stuffer in a periodic or billing statement, a solo electronic mailing or direct mailing, or a

19 combination thereof.

20           (b)     Publication Notice.  The Claims Administrator will publish a notice of the

21 Settlement in two separate national editions of USA Today and one national edition of the U.S.

22 Wall Street Journal.

23           (c)     Internet Notice.  The Claims Administrator will establish and maintain an

24 Internet site using a domain name dedicated to the Settlement, on which will be posted the E-mail

25 Notice, Mail Notice and Claim Form.  The E-mail Notice, Mail Notice and Publication Notice

26

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 4 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    shall direct recipients to the location of the Internet Notice.  The website shall also provide for

2    online submission of Claim Forms.  The Settlement web page will be established within five (5)

3    days after the Court's entry of this Order and shall remain active at least until the date of the Final

4    Approval Hearing and through the end of the Claim Period.

5            7.      Findings Concerning Class Notice.  The Court finds that the foregoing program of

6    Class Notice and the manner of its dissemination is the best practicable notice under the

7    circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this

8    Action and their right to object to or exclude themselves from the Settlement Class.  The Court

9    further finds that the Class Notice program is reasonable, that it constitutes due, adequate and

10   sufficient notice to all persons entitled to receive notice and that it meets the requirements of due

11   process and Federal Rule of Civil Procedure 23.

12           8.      Administration.  The Claim Form and the claims submission process described in

13   the Agreement are hereby approved.  In addition, the Court confirms that it is appropriate for

14   Sallie Mae to provide the information necessary to provide the notice contemplated herein and to

15   administer the settlement, including names, addresses and account information.

16           9.      Exclusion From The Settlement Class.

17           (a)     Persons in the Settlement Class will possess the right to opt out by sending

18   a written request to a designated address within ninety (90) days after entry of this Order.  All

19   Settlement Class Members who do not opt out in accordance with the terms set forth herein will

20   be bound by all determinations and judgments in the Action.

21           (b)     Exclusion requests must:  (i) be signed; (ii) include the full name, address

22   and account number(s) of the person(s) requesting exclusion (except that persons in the

23   Settlement Class who do not have and have not had some lending or servicing relationship with

24   Sallie Mae or another affiliate or subsidiary of SLM shall not be required to include an account

25   number); and (c) include the following statement:  "I/we request to be excluded from the class

26

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 5 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   settlement in <u>Arthur, et al. v. Sallie Mae, Inc.</u>, W.D. Wash., Case No. C10-0198 JLR." No

2   request for exclusion will be valid unless all of the information described above is included. For

3   any person in the Settlement Class who has more than one account, the exclusion request must

4   specify each separate account. No Settlement Class Member, or any person acting on behalf of or

5   in concert or participation with that Settlement Class Member, may exclude any other Settlement

6   Class Member from the Settlement Class.

7         (c)    The Claims Administrator will retain a copy of all requests for exclusion.

8   Not later than ten (10) days before the Final Approval Hearing, the Claims Administrator shall

9   file with the Court a declaration that lists all of the opt-outs received.

10        (d)    If 1,000 or more persons in the Settlement Class opt out of the Settlement,

11   then Sallie Mae, in its sole discretion, will have the right to terminate the Settlement and the

12   Agreement. In the event that the Settlement is terminated pursuant to this Paragraph, the parties

13   will be returned to the status quo ante as if no Settlement had been negotiated or entered into.

14        10.    <u>Objections And Appearances</u>.

15        (a)    Any person in the Settlement Class who has not timely submitted a valid

16   request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may

17   appear at the Final Approval Hearing to argue that the proposed Settlement should not be

18   approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and

19   the incentive awards to the Plaintiffs.

20        (b)    In order to be heard at the hearing, the person must make any objection in

21   writing and file it with the Court not later than ninety (90) days after entry of this Order. The

22   objection must also be mailed to each of the following, postmarked not later than the last day to

23   file the objection: (i) <u>Arthur</u> Counsel – Daniel M. Hutchinson, Lieff, Cabraser, Heimann &

24   Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111; and (ii) counsel for

25   Sallie Mae – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th

26

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 6 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   Floor, Los Angeles, CA 90067.  Any objections that are not timely filed and mailed shall be

2   forever barred.

3        11.    <u>Further Papers In Support Of Settlement And Fee Application</u>.  Any responses to

4   objections to the Agreement and any papers in support of the Settlement and Fee Application

5   shall be filed with the Court on or before the Final Approval Hearing.

6        12.    <u>Effect of Failure to Approve the Agreement</u>.  In the event the <u>Agreement</u> is not

7   approved by the Court, or for any reason the parties fail to obtain a Final Judgment as

8   contemplated in the <u>Agreement</u>, or the <u>Agreement</u> is terminated pursuant to its terms for any

9   reason, then the following shall apply:

10       (a)    All orders and findings entered in connection with the <u>Agreement</u> shall

11  become null and void and have no further force and effect, shall not be used or referred to for any

12  purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

13       (b)    The conditional certification of the Settlement Class pursuant to this Order

14  shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be

15  asserted in any litigated certification proceedings in the Action; and the <u>Agreement</u> and its

16  existence shall be inadmissible to establish any fact relevant to class certification or any alleged

17  liability of Sallie Mae for the matters alleged in the Actions or for any other purpose;

18       (c)    Nothing contained in this Order is, or may be construed as, any admission

19  or concession by or against Sallie Mae or Plaintiffs on any point of fact or law; and

20       (d)    Neither the settlement terms nor any publicly disseminated information

21  regarding the settlement, including, without limitation, the class notices, court filings, orders and

22  public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the

23  fact of, nor any documents relating to, Sallie Mae's withdrawal from the settlement, any failure of

24  the Court to approve the settlement and/or any objections or interventions may be used as

25  evidence for any purpose whatsoever.

26

---

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 7 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

13.    <u>Stay/Bar Of Other Proceedings</u>.  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2010.


_____
HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE


Presented by:   /s/ Beth E. Terrell, WSBA #26759
                    Beth E. Terrell, WSBA #26759

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington  98103
Telephone:  206-816-6603

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 8 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

# EXHIBIT F

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>SALLIE MAE, INC.,<br><br>        Defendant. | CLASS ACTION<br><br>NO. 10-cv-00198-JLR<br><br>**[PROPOSED] SETTLEMENT ORDER AND FINAL JUDGMENT** |

[PROPOSED] SETTLEMENT ORDER AND FINAL
JUDGMENT – NO. 10-cv-00198-JLR
890894.2

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1      THIS MATTER came before the Court for final approval of the proposed class

2  settlement.  The Court has considered all papers filed and proceedings in this matter and held a

3  hearing on December __, 2010, at which time the parties and all other interested persons were

4  afforded the opportunity to be heard in support of and in opposition to the proposed settlement.

5  Based on the papers filed with the Court and presentations made to the Court at the hearing, it is

6  hereby ORDERED, ADJUDGED, AND DECREED as follows:

7      1.      The definitions and provisions of the Settlement Agreement are hereby

8  incorporated as though fully set forth herein.  For purposes of this Settlement Order and Final

9  Judgment, all capitalized terms used hereafter shall have the meaning ascribed to them in the

10  Agreement, unless otherwise noted.

11      2.      The Court has jurisdiction over the subject matter of the Agreement with respect to

12  and over all parties to the Agreement, including all Settlement Class Members.

13      3.      The Court hereby approves the Settlement, including the plans for implementation

14  and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair,

15  reasonable and adequate to the Settlement Class Members, within the authority of the parties and

16  the result of extensive arm's length negotiations

17      4.      Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for

18  settlement purposes only, the following Settlement Class:

19      All persons to whom, on or after October 27, 2005, Sallie Mae, Inc. or any other
        affiliate or subsidiary of SLM Corporation placed a non-emergency telephone call
20      to a cellular telephone through the use of an automatic telephone dialing system
        and/or an artificial or prerecorded voice.  Excluded from the Settlement Class are
21      SLM Corporation, Sallie Mae, Inc. and other affiliates or subsidiaries of SLM
        Corporation, and any entities in which any of such companies has a controlling
22      interest, the Judge to whom the Action is assigned and any member of the Judge's
        staff and immediate family, as well as all persons who validly request exclusion
23      from the Settlement Class.

24      5.      This Settlement Order and Final Judgment does not constitute an expression by the

25  Court of any opinion, position or determination as to the merit or lack of merit of any of the

26

---

[PROPOSED] SETTLEMENT ORDER AND FINAL
JUDGMENT – NO. 10-cv-00198-JLR
890894.2

- 1 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    claims or defenses of Plaintiffs, the Settlement Class Members or defendant Sallie Mae, Inc.

2    Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance

3    of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence

4    of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties;

5    (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

6    omission of the Released Parties in any civil, criminal or administrative proceeding in any court,

7    administrative agency or other tribunal; or (c) is or may be deemed to be a waiver of Sallie Mae's

8    right to seek to enforce any arbitration provision in other cases or against persons in the

9    Settlement Class who opt out of the Settlement.  In addition, neither the fact of, nor any

10   documents relating to, Sallie Mae's withdrawal from the Settlement, any failure of the Court to

11   approve the Settlement and/or any objections or interventions may be used as evidence for any

12   purpose whatsoever.  The Released Parties may file the Agreement and/or this Judgment in any

13   action or proceeding that may be brought against them in order to support a defense or

14   counterclaim based on principles of res judicata, collateral estoppel, release, good faith

15   settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion

16   or similar defense or counterclaim.

17          6.      This Court hereby dismisses this action with prejudice as to all Settlement Class

18   Members except those who have timely and properly excluded themselves from the Settlement

19   Class.  Exhibit A, attached hereto, sets forth the names of those individuals who have timely and

20   properly excluded themselves from the Settlement Class.

21          7.      Upon the date this Judgment becomes final, Plaintiffs and each Settlement Class

22   Member, their respective heirs, executors, administrators, representatives, agents, attorneys,

23   partners, successors, predecessors-in-interest and assigns will be deemed to have fully released

24   and forever discharged Sallie Mae, Inc., its parent company SLM Corporation, and each and all of

25   their respective present, former and future direct and indirect parent companies, affiliates,

26

[PROPOSED] SETTLEMENT ORDER AND FINAL
JUDGMENT – NO. 10-cv-00198-JLR
890894.2

- 2 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   subsidiaries, agents, successors, predecessors-in-interest, and all of the aforementioneds' prior,

2   current and future respective officers, directors, employees, attorneys, shareholders, agents,

3   independent contractors, vendors and assigns (the "Released Parties"), from any and all rights,

4   duties, obligations, claims, actions, causes of action or liabilities, whether arising under local,

5   state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory

6   promulgation (including, but not limited to, any opinion or declaratory ruling), common law or

7   equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or

8   unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the

9   date of that this Settlement Order and Final Judgment is signed:  (a) that arise out of or are related

10  in any way to the use of an "automatic telephone dialing system" and an "artificial or prerecorded

11  voice" to a cellular telephone (to the fullest extent that those terms are used, defined or interpreted

12  by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or

13  administrative promulgations and case law) used by any of the Released Parties to contact or

14  attempt to contact Settlement Class Members including, but not limited to, claims under or for

15  violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., Washington's

16  Automatic Dialing and Announcing Device statute, Wash. Rev. Code § 80.36.400, et seq. and any

17  other statutory or common law claim arising from the use of automatic telephone dialing systems

18  and an artificial or prerecorded voice, including any claim under or for violation of federal or

19  state unfair and deceptive practices statutes, violations of any federal or state debt collection

20  practices acts (including but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. §

21  1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific

22  performance and/or promissory estoppel; or (b) that arise out of or relate in any way to the

23  administration of the Settlement.

24          8.      Without limiting the foregoing, the Released Claims specifically extend to claims

25  that Settlement Class Members do not know or suspect to exist in their favor at the time that the

26

[PROPOSED] SETTLEMENT ORDER AND FINAL
JUDGMENT – NO. 10-cv-00198-JLR
890894.2

- 3 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   Settlement, and the releases contained therein, becomes effective.  The Court finds that Plaintiffs

2   have, and the Settlement Class Members are deemed to have, knowingly waived California Civil

3   Code section 1542 and any other applicable federal or state statute, case law, rule or regulation

4   relating to limitations on releases.

5       9.      In aid to this Court's jurisdiction to implement and enforce the Settlement,

6   Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of

7   Settlement Class Members are enjoined, directly, on a representative basis or in any other

8   capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims

9   against Sallie Mae or any of the other Released Parties in any action, arbitration or proceeding in

10  any court, arbitral forum or tribunal.

11      10.     The Court finds that the program of Class Notice set forth in the Agreement and

12  preliminarily approved by the Court was the best practicable notice under the circumstances.  The

13  Class Notice provided due and adequate notice of these proceedings and of the matters set forth

14  therein, including the Agreement, to all parties entitled to such notice and satisfied the

15  requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due

16  process.

17      11.     Without affecting the finality of this Settlement Order and Final Judgment in any

18  way, the Court retains continuing jurisdiction over:  (a) implementation of the Agreement and

19  distribution of the settlement relief contemplated by the Agreement, until all acts agreed to be

20  performed pursuant to the Agreement have been performed; and (b) all parties to this action and

21  Settlement Class Members for the purpose of enforcing and administering the Agreement.

22      12.     Neither this Settlement Order and Final Judgment nor the Agreement constitutes

23  an admission or concession by any of the Released Parties of any fault, omission, liability or

24  wrongdoing.  This Settlement Order and Final Judgment is not a finding of the validity or

25  invalidity of any claims in this action or a determination of any wrongdoing by the defendant.

26

[PROPOSED] SETTLEMENT ORDER AND FINAL
JUDGMENT – NO. 10-cv-00198-JLR
890894.2

- 4 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   The final approval of the Agreement does not constitute any opinion, position or determination of

2   this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, Sallie

3   Mae or the Settlement Class Members.

4          13.     In the event that the Agreement does not become effective in accordance with its

5   terms, then this Settlement Order and Final Judgment shall be vacated, the Settlement Class shall

6   be decertified and the Agreement and all orders entered in connection therewith shall become null

7   and void and of no further force and effect.

8

9          **IT IS SO ORDERED.**

10

11  Dated this _____ day of _____, 2010.

12

    _____

13  HON. JAMES L. ROBART
    UNITED STATES DISTRICT JUDGE

14

15

16  Presented by:   /s/ Beth E. Terrell, WSBA #26759
                    Beth E. Terrell, WSBA #26759

17
                    TERRELL MARSHALL & DAUDT PLLC
18                  3600 Fremont Avenue North
                    Seattle, Washington  98103
19                  Telephone:  206-816-6603

20

21

22

23

24

25

26

[PROPOSED] SETTLEMENT ORDER AND FINAL
JUDGMENT – NO. 10-cv-00198-JLR
890894.2

- 5 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

# EXHIBIT G

1          THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF WASHINGTON

9

10   MARK A. ARTHUR, CIRILO MARTINEZ, and      CLASS ACTION
     PARI NAJAFI on behalf of themselves and all
     others similarly situated,                NO. 10-cv-00198-JLR

11
                    Plaintiff,                 **STIPULATED UNDERTAKING AND**

12                                             **[PROPOSED] ORDER RE:**
          v.                                   **ATTORNEYS' FEES AND COSTS IN**

13                                             **CONNECTION WITH PROPOSED**
     SALLIE MAE, INC.,                         **CLASS ACTION SETTLEMENT**

14
                    Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

1    Plaintiffs Mark Arthur, Cirilo Martinez, and Pari Najafi, and Defendant Sallie Mae, Inc.

2    (collectively, "the Parties"), by and through their undersigned counsel stipulate and agree as

3    follows:

4    WHEREAS, Class Counsel (as defined in the underlying Settlement Agreement) and their

5    respective law firms desire to give an undertaking for repayment of their award of attorneys' fees

6    and costs ("Undertaking"), as is required by the Settlement Agreement,

7    NOW, THEREFORE, each of the undersigned Class Counsel, on behalf of themselves as

8    individuals and as agents for their respective law firms, hereby submit themselves and their

9    respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions of

10    this Undertaking.

11    Capitalized terms used herein without definition have the meanings given to them in the

12    Settlement Agreement.

13    In the event that the Final Approval Order is reversed or modified on appeal, in whole or

14    in part, Class Counsel shall, within ten (10) business days after the order vacating or modifying

15    the Final Approval Order becomes final, repay to Defendant Sallie Mae, Inc. or any of its

16    successors or assigns the attorneys' fees and costs paid from the Fund to Class Counsel in the

17    amount vacated or modified, including any accrued interest.

18    In the event the Final Approval Order is not reversed on appeal, in whole or in part, but

19    the attorneys' fees and costs awarded by the Court are vacated or modified on appeal, Class

20    Counsel shall, within ten (10) business days after the order vacating or modifying the award of

21    attorneys' fees and costs becomes final, repay to the Fund the attorneys' fees and costs paid from

22    the Fund to Class Counsel in the amount vacated or modified, including any accrued interest.

23    Any action that may be required thereafter may be addressed to this Court on shortened

24    notice, but not less than five (5) court days.

25    This Undertaking and all obligations set forth herein shall expire upon finality of all

26

---

STIP. UNDERTAKING AND [PROPOSED] ORDER RE:             - 1 -             TERRELL MARSHALL & DAUDT PLLC
ATTORNEYS' FEES AND COSTS – NO. 10-cv-00198-JLR                                    3600 FREMONT AVENUE NORTH
887798.3                                                                           SEATTLE, WASHINGTON 98103
                                                                                  TELEPHONE: (206) 816-6603

1   appeals of the Final Approval Order.

2        In the event Class Counsel fails to repay to the Fund or Defendant Sallie Mae, Inc. or any

3   of its successors or assigns any of the attorneys' fees and costs that are owed pursuant to this

4   Undertaking, the Court shall, upon application of such entity and notice to Class Counsel,

5   summarily issue orders, including but not limited to judgments and attachment orders against

6   Class Counsel, and each of them, and may make appropriate findings for sanctions for contempt

7   of court.

8        The undersigned stipulate, warrant, and represent that they are equity partners in their

9   respective law firms and have both actual and apparent authority to enter into this stipulation,

10   agreement and undertaking on behalf of their respective law firms.

11        This Undertaking may be executed in one or more counterparts, each of which shall be

12   deemed an original but all of which together shall constitute one and the same instrument.

13   Signatures by facsimile shall be as effective as original signatures.

14        The undersigned declare under penalty of perjury under the laws of the State of

15   Washington and the United States that they have read and understand the foregoing and that it is

16   true and correct.

17   IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

18   AGREED TO BY CLASS COUNSEL

19   Dated: September 2, 2010      JONATHAN SELBIN

20                       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

21

22                       By:   /s/ Jonathan D. Selbin, *Admitted Pro Hac Vice*
                        Jonathan D. Selbin, *Admitted Pro Hac Vice*

23                       For himself and on behalf of LIEFF, CABRASER,
                       HEIMANN & BERNSTEIN, LLP

24

25

26

STIP. UNDERTAKING AND [PROPOSED] ORDER RE:
ATTORNEYS' FEES AND COSTS – NO. 10-cv-00198-JLR
887798.3
   - 2 -
   TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

| | |
|---|---|
| 1 | Dated: September 2, 2010 |
| 2 | |

BETH E. TERRELL
TERRELL MARSHALL & DAUDT PLLC

By: /s/ Beth E. Terrell, WSBA # 26759
       Beth E. Terrell, WSBA #26759
For herself and on behalf of Terrell Marshall & Daudt PLLC

Dated: September 2, 2010

DAVID P. MEYER
DAVID P. MEYER & ASSOCIATES CO., LPA

By: /s/ David P. Meyer, *Admitted Pro Hac Vice*
David P. Meyer, *Admitted Pro Hac Vice*
For himself and on behalf of David P. Meyer & Associates Co., LPA

Dated:_____

JOSHUA SWIGART
HYDE & SWIGART

_____

By: Joshua Swigart
For himself and on behalf of Hyde & Swigart

Dated:_____

DOUGLAS J. CAMPION
LAW OFFICES OF DOUGLAS J. CAMPION

_____

By: Douglas J. Campion
For himself and on behalf of Law Offices of Douglas J. Campion

Dated:_____

ABBAS KAZEROUNIAN
KAZEROUNIAN LAW GROUP

_____

By: Abbas Kazerounian
For himself and on behalf of Kazerounian Law Group

---

STIP. UNDERTAKING AND [PROPOSED] ORDER RE:
ATTORNEYS' FEES AND COSTS – NO. 10-cv-00198-JLR
887798.3

- 3 -

1  ACKNOWLEDGED BY
   COUNSEL FOR DEFENDANT
2

3  Dated: 9/2/2010                    STROOCK & STROOCK & LAVAN LLP

4                                     _____
                                      Lisa M. Simonetti, Esq.
5                                     2029 Century Park East
                                      Los Angeles, CA  90067
6

7                            **[PROPOSED] ORDER**

8       The Court has considered the above Stipulation and finds that it is in the interests of the

9  Parties and in service of judicial economy and efficiency.  Therefore,

10

11

12      **IT IS SO ORDERED.**

13

14 Dated this _____ day of _____, 2010.

15

16 _____
   HON. JAMES L. ROBART
17 UNITED STATES DISTRICT JUDGE

18

19 Presented by: _____
                        Beth E. Terrell
20

21 TERRELL MARSHALL & DAUDT PLLC
   3600 Fremont Avenue North
22 Seattle, Washington  98103
   Telephone:  206-816-6603
23

24

25

26

STIP. UNDERTAKING AND [PROPOSED] ORDER RE:                    TERRELL MARSHALL & DAUDT PLLC
ATTORNEYS' FEES AND COSTS – NO. 10-cv-00198-JLR      - 4 -        3600 FREMONT AVENUE NORTH
887798.3                                                        SEATTLE, WASHINGTON  98103
                                                                 TELEPHONE:  (206) 816-6603

1   ACKNOWLEDGED BY
    COUNSEL FOR DEFENDANT

2

3   Dated:_____      STROOCK & STROOCK & LAVAN LLP

4
                               Lisa M. Simonetti, Esq.
5                               2029 Century Park East
                               Los Angeles, CA  90067
6

7                      **[PROPOSED] ORDER**

8       The Court has considered the above Stipulation and finds that it is in the interests of the

9   Parties and in service of judicial economy and efficiency.  Therefore,

10

11       **IT IS SO ORDERED.**

12

13   Dated this _____ day of _____, 2010.

14

15   _____
     HON. JAMES L. ROBART
     UNITED STATES DISTRICT JUDGE

16

17

18   Presented by:   /s/ Beth E. Terrell, WSBA #26759
                Beth E. Terrell, WSBA #26759

19

20       TERRELL MARSHALL & DAUDT PLLC
        3600 Fremont Avenue North
21       Seattle, Washington  98103
        Telephone:  206-816-6603

22

23

24

25

26

STIP. UNDERTAKING AND [PROPOSED] ORDER RE:     - 4 -     TERRELL MARSHALL & DAUDT PLLC
ATTORNEYS' FEES AND COSTS – NO. 10-cv-00198-JLR                3600 FREMONT AVENUE NORTH
887798.3                                          SEATTLE, WASHINGTON 98103
                                                        TELEPHONE:  (206) 816-6603

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on September 3, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth E. Payson, WSBA #26369
Email:  kenpayson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:  206.622.3150
Facsimile:  206.757.7700

Lisa M. Simonetti, *Admitted Pro Hac Vice*
lsimonetti@stroock.com
Julia B. Strickland, *Admitted Pro Hac Vice*
jstrickland@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1600
Los Angeles, California  90067
Telephone:  310.556.5819
Facsimile:  310.556.5959

*Attorneys for Defendant*

DATED this 3rd day of September, 2010.

TERRELL MARSHALL & DAUDT PLLC

By: /s/ Beth E. Terrell, WSBA # 26759
Beth E. Terrell, WSBA # 26759
Email:  bterrell@tmdlegal.com
3600 Fremont Avenue North
Seattle, Washington  98103
Telephone:  206.816.6603
Facsimile:   206.350.3528

*Attorneys for Plaintiff*