FILED ——— ENTERED
LODGED ——— RECEIVED

SEP 14 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

THE HONORABLE JAMES L. ROBART

10-CV-00198-ORD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC.,<br><br>Defendant. | CLASS ACTION<br><br>NO. 10-cv-00198-JLR<br><br>ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS |

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1    WHEREAS, a putative class action is pending in this Court entitled <u>Mark A. Arthur, Cirilo Martinez and Pari Najfai v. Sallie Mae, Inc.</u>, Case No. C10-0198 JLR (the "Action");

WHEREAS, the parties to the Action have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 6 below) and a hearing, to settle this Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

1.   <u>Preliminary Approval Of Proposed Settlement</u>.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that:  (a) the Agreement

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 1 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

    2.    <u>Class Certification For Settlement Purposes Only</u>. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons to whom, on or after October 27, 2005, Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. Excluded from the Settlement Class are SLM Corporation, Sallie Mae, Inc. and other affiliates or subsidiaries of SLM Corporation, and any entities in which any of such companies has a controlling interest, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings:

    (a)    The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    (b)    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

    (c)    Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

    (d)    Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

    (e)    For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 2 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

(f) For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

3. <u>Class Representatives</u>. Plaintiffs are designated as class representatives for the Settlement Class.

4. <u>Class Counsel</u>. The Court appoints Lieff Cabraser Heimann & Bernstein, LLP, David P. Meyer & Associates Co., LPA, Terrell Marshall & Daudt PLLC, Hyde & Swigart, Kazerouni Law Group, and Law Offices of Douglas J Campion as counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

5. <u>Settlement Hearing</u>. A final approval hearing (the "Settlement Hearing") shall be held before the Honorable James L. Robart, on January 17, 2011 at 9:30 a.m, as set forth in the notice to the Settlement Class (described in Paragraph 6 below), to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 11 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

6. <u>Class Notice</u>. Class Notice shall be sent within thirty (30) days following entry of this Order.

(a) <u>E-mail Notice or Mail Notice</u>. The Claims Administrator and/or Sallie Mae will provide individual notice to all persons in the Settlement Class for whom Sallie Mae

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF
SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 3 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

possesses an email and/or physical address, via either E-mail Notice or Mail Notice. E-mail Notice will be sent via electronic mail, to the most recent email address as reflected in reasonably available computerized account records of Sallie Mae or its affiliates, to all persons in the Settlement Class for whom such records exist and who have not opted out of receiving electronic mail from Sallie Mae, in accordance with Sallie Mae's currently existing email opt-out policies. Mail Notice will be sent via direct mail, to the most recent mailing address as reflected in reasonably available computerized account records of Sallie Mae or its affiliates, for those persons in the Settlement Class for whom Sallie Mae or its affiliates do not have an email address (as reflected in reasonably available computerized account records of Sallie Mae or its affiliates) and/or who have opted out of receiving emails from Sallie Mae, in accordance with Sallie Mae's currently existing email opt-out policies, and to those Settlement Class Members whose emails are undeliverable. Skip tracing shall be performed by the Claims Administrator for all returned mail; all costs of skip tracing will be considered Settlement Costs and deducted from the Fund. At Sallie Mae's discretion, subject to approval of <u>Arthur</u> Counsel (which approval shall not be unreasonably withheld), the E-mail Notice and Mail Notice may be provided by way of a bill-stuffer in a periodic or billing statement, a solo electronic mailing or direct mailing, or a combination thereof.

    (b)    <u>Publication Notice</u>. The Claims Administrator will publish a notice of the Settlement in two separate national editions of USA Today and one national edition of the U.S. Wall Street Journal.

    (c)    <u>Internet Notice</u>. The Claims Administrator will establish and maintain an Internet site using a domain name dedicated to the Settlement, on which will be posted the E-mail Notice, Mail Notice and Claim Form. The E-mail Notice, Mail Notice and Publication Notice shall direct recipients to the location of the Internet Notice. The website shall also provide for online submission of Claim Forms. The Settlement web page will be established within five (5)

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 4 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1  days after the Court's entry of this Order and shall remain active at least until the date of the Final
2  Approval Hearing and through the end of the Claim Period.

3      7.    <u>Findings Concerning Class Notice</u>. The Court finds that the foregoing program of
4  Class Notice and the manner of its dissemination is the best practicable notice under the
5  circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this
6  Action and their right to object to or exclude themselves from the Settlement Class. The Court
7  further finds that the Class Notice program is reasonable, that it constitutes due, adequate and
8  sufficient notice to all persons entitled to receive notice and that it meets the requirements of due
9  process and Federal Rule of Civil Procedure 23.

10      8.    <u>Administration</u>. The Claim Form and the claims submission process described in
11  the Agreement are hereby approved. In addition, the Court confirms that it is appropriate for
12  Sallie Mae to provide the information necessary to provide the notice contemplated herein and to
13  administer the settlement, including names, addresses and account information.

14      9.    <u>Exclusion From The Settlement Class</u>.

15      (a)    Persons in the Settlement Class will possess the right to opt out by sending
16  a written request to a designated address within ninety (90) days after entry of this Order. All
17  Settlement Class Members who do not opt out in accordance with the terms set forth herein will
18  be bound by all determinations and judgments in the Action.

19      (b)    Exclusion requests must: (i) be signed; (ii) include the full name, address
20  and account number(s) of the person(s) requesting exclusion (except that persons in the
21  Settlement Class who do not have and have not had some lending or servicing relationship with
22  Sallie Mae or another affiliate or subsidiary of SLM shall not be required to include an account
23  number); and (c) include the following statement: "I/we request to be excluded from the class
24  settlement in <u>Arthur, et al. v. Sallie Mae, Inc.</u>, W.D. Wash., Case No. C10-0198 JLR." No
25  request for exclusion will be valid unless all of the information described above is included. For
26

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF SETTLEMENT – NO. 10-cv-00198-JLR  
890893.2

- 5 -

TERRELL MARSHALL & DAUDT PLLC  
3600 FREMONT AVENUE NORTH  
SEATTLE, WASHINGTON 98103  
TELEPHONE: (206) 816-6603

any person in the Settlement Class who has more than one account, the exclusion request must specify each separate account. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

(c)  The Claims Administrator will retain a copy of all requests for exclusion. Not later than ten (10) days before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

(d)  If 1,000 or more persons in the Settlement Class opt out of the Settlement, then Sallie Mae, in its sole discretion, will have the right to terminate the Settlement and the Agreement. In the event that the Settlement is terminated pursuant to this Paragraph, the parties will be returned to the status quo ante as if no Settlement had been negotiated or entered into.

10.  <u>Objections And Appearances</u>.

(a)  Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs.

(b)  In order to be heard at the hearing, the person must make any objection in writing and file it with the Court not later than ninety (90) days after entry of this Order. The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) <u>Arthur</u> Counsel – Daniel M. Hutchinson, Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111; and (ii) counsel for Sallie Mae – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, CA 90067. Any objections that are not timely filed and mailed shall be forever barred.

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 6 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

11.     <u>Further Papers In Support Of Settlement And Fee Application</u>. Any responses to objections to the Agreement and any papers in support of the Settlement and Fee Application shall be filed with the Court on or before the Final Approval Hearing.

12.     <u>Effect of Failure to Approve the Agreement</u>. In the event the <u>Agreement</u> is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the <u>Agreement,</u> or the <u>Agreement</u> is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the <u>Agreement</u> shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the <u>Agreement</u> and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Sallie Mae for the matters alleged in the Actions or for any other purpose;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Sallie Mae or Plaintiffs on any point of fact or law; and

(d)     Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever. In addition, neither the fact of, nor any documents relating to, Sallie Mae's withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

13.     <u>Stay/Bar Of Other Proceedings</u>. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 7 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

Pending final determination of whether the settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2010.

_____
HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE


Presented by:   /s/ Beth E. Terrell, WSBA #26759
                Beth E. Terrell, WSBA #26759

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
Telephone: 206-816-6603

[PROPOSED] ORDER RE PRELIMARY APPROVAL OF SETTLEMENT – NO. 10-cv-00198-JLR
890893.2

- 8 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603