1                      THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8        FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 9   MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI on behalf of themselves and all 10   others similarly situated, <br><br> 11            Plaintiffs, <br><br> 12      v. <br><br> 13   SALLIE MAE, INC., <br><br> 14           Defendant. | CLASS ACTION <br><br> NO. 10-cv-00198-JLR <br><br> **PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT** <br><br> **Noted for Consideration:** <br>   **December 17, 2010, 9:30 a.m.** |

15

16

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

# TABLE OF CONTENTS

Page

I.     INTRODUCTION AND RELIEF REQUESTED ................................................... 1

II.    AUTHORITY AND ARGUMENT ....................................................................... 1

       A.     The Settlement Is Fair, Adequate, and Reasonable..................................... 3

              1.     The Settlement Offers Substantial Benefits, While
                     Continued Litigation Poses Considerable Risks ............................ 5

              2.     The Substantial Amount of Discovery Completed Supports
                     Final Approval of the Settlement ................................................... 7

              3.     The Positive Recommendation and Extensive Experience of
                     Counsel Support Final Approval of the Settlement ....................... 9

              4.     Future Expense and Likely Duration of Litigation Support
                     Final Approval of the Settlement ................................................... 9

              5.     Small Number of Objectors and Nature of the Objections
                     Support Final Approval................................................................. 10

              6.     Presence of Good Faith, the Absence of Collusion, and the
                     Approval of a Third-Party Mediator Support Final Approval
                     of the Settlement ......................................................................... 11

       B.     The Class Members Have Received the Best Notice Practicable. ............. 12

       C.     Few Class Members Have Chosen to Opt-Out of the Settlement............. 13

       D.     At Least 55,974 Settlement Class Members Have Accepted
              Settlement Relief ..................................................................................... 14

III.   CONCLUSION ................................................................................................. 14

1

**TABLE OF AUTHORITIES**

2

**PAGE**

3

**CASES**

4
*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992)............................................................................ 2, 10, 14

5
*Fulford v. Logitech, Inc.*,
  2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010) ............................................ 7

6
*Garner v. State Farm Mut. Ins. Co.*,
  2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ............................................................. 2

7
*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)..................................................................................... 3

8

9
*Hughes v. Microsoft Corp.*,
  2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) .............................................. 9, 11

10
*In re Critical Path, Inc.*,
  2002 WL 32627559 (N.D. Cal. June 18, 2002) .......................................................... 7

11
*In re Mego Fin. Corp. Secs. Litig.*,
  213 F.3d 454 (9th Cir. 2000)........................................................................................ 7

12
*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
  227 F.R.D. 553, 567 (W.D. Wash. 2004) ......................................................... 3, 9, 11

13

14
*Kavu, Inc. v. Omnipak Corp.*,
  246 F.R.D. 642 (W.D. Wash. 2007) ........................................................................... 6

15
*Kenro, Inc. v. Fax Daily, Inc.*,
  962 F. Supp. 1162 (S.D. Ind. 1997) ............................................................................ 6

16
*Knight v. Red Door Salons, Inc.*,
  2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ............................................................ 2, 7

17

18
*Lelsz v. Kavanagh*,
  783 F. Supp. 286 (N.D. Tex. 1991)............................................................................ 10

19
*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998)...................................................................................... 7

20
*Marshall v. Holiday Magic, Inc.*,
  550 F.2d 1173 (9th Cir. 1977)................................................................................... 10

21
*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ................................ 2, 9

22
*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999).............................................................................................. 3, 11

23
*Parker v. Anderson*,
  667 F.2d 1204 (5th Cir. 1982)................................................................................... 10

24
*Pelletz v. Weyerhaeuser Co.*,
  255 F.R.D. 537 (W.D. Wash. 2009) ............................................................... 3, 7, 8, 9

25

26
*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009)....................................................................................... 7

MOTION
NO. 10-cv-00198-JLR
900365.3

- ii -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE:  (206) 816-6603

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994)................................................................................ 13

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) ........................................................................... 5

*Young v. Katz*,
    447 F.2d 431 (5th Cir. 1971).................................................................................. 9

## STATUTES

47 U.S.C.
    § 227(b)(1)(A) ........................................................................................... 1, 5

## OTHER AUTHORITIES

*In the Matter of Rules and Regulations Implementing the Telephone Consumer
    Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43
    Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) ................................... 5

## RULES

Federal Rules of Civil Procedure
    Rule 23(e)(1)(A)................................................................................................ 2

## TREATISE

2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*
    § 11.43 "General Criteria for Settlement Approval" (3d ed. 1992) ......................... 2

4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*
    § 11.41 (4th ed. 2002) ................................................................................... 2, 14

*Manual for Complex Litigation (Third)* § 30.42 (1995) ................................................. 9

MOTION
NO. 10-cv-00198-JLR
900365.3

- iii -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.   <u>INTRODUCTION AND RELIEF REQUESTED</u>

3       Plaintiffs respectfully submit this memorandum in support of final approval of the

4   proposed Settlement Agreement, submitted previously with Plaintiffs' motion for preliminary

5   approval.  The Settlement resolves all claims in this matter against Defendant Sallie Mae, Inc.

6   ("Sallie Mae").

7       Plaintiffs brought these claims on behalf of themselves and all others similarly situated

8   alleging that Sallie Mae, Inc. and/or subsidiaries or affiliates of Sallie Mae, Inc. (collectively,

9   "Sallie Mae"), called Plaintiffs and Class Members on their cellular telephones through the use of

10  automatic telephone dialing systems and/or using an artificial or prerecorded voice without their

11  prior express consent.  Specifically, Plaintiffs allege that such calls violated the Telephone

12  Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A).

13      As described in Plaintiffs' Unopposed Motion of Preliminary Settlement Approval, the

14  Settlement's main focus is significant prospective practice changes requiring Sallie Mae not to

15  make calls to the cellular telephones of Class Members who complete a simple, one-page form.

16  The Settlement also requires Sallie Mae to pay at least $19.63 million.  Arthur Counsel[1] and

17  Sallie Mae have engaged in extensive informal discovery and evaluation of Plaintiffs' claims, and

18  exchanged pertinent information that would have been available under the usual discovery

19  procedures.

20      With this motion, Plaintiffs seek final approval of the Settlement Agreement.  As

21  discussed in detail below, the proposed Settlement satisfies all criteria for final settlement

22  approval under Ninth Circuit law.

23

## II.   <u>AUTHORITY AND ARGUMENT</u>

24      Before granting final approval of a class action settlement, a reviewing court must first

25

26  [1] "Arthur Counsel," as used herein, shall refer to the firms of Terrell Marshall & Daudt, PLLC;
Lieff Cabraser Heimann & Bernstein, LLP; and David P. Meyer & Associates Co., LPA.

MOTION
NO. 10-cv-00198-JLR
900365.3

- 1 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  find the settlement "is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(1)(A); *see also Class*

2  *Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting that "strong judicial

3  policy . . . favors settlements, particularly where complex class action litigation is concerned");

4  *see also* 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11.41 (4th ed. 2002)

5  (gathering cases).  In evaluating whether a class settlement is "fair, adequate, and reasonable,"

6  courts generally refer to eight criteria, with differing degrees of emphasis: the likelihood of

7  success by plaintiffs; the amount of discovery or evidence; the settlement terms and conditions;

8  recommendation and experience of counsel; future expense and likely duration of litigation;

9  recommendation of neutral parties, if any; number of objectors and nature of objections; and the

10  presence of good faith and the absence of collusion.  2 Herbert B. Newberg & Alba Conte,

11  *Newberg on Class Actions* ("*Newberg*") § 11.43 "General Criteria for Settlement Approval" (3d

12  ed. 1992).  This list is "not exhaustive, nor will each factor be relevant in every case….The

13  relative degree of importance to be attached to any particular factor will depend upon and be

14  dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts

15  and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*,

16  688 F.2d 615, 625 (9th Cir. 1982)).

17      "A settlement following sufficient discovery and genuine arms-length negotiation is

18  presumed fair." *Knight v. Red Door Salons, Inc.*, No. C-08-1520-SC, 2009 WL 248367, at *4

19  (N.D. Cal. Feb. 2, 2009); *see also Garner v. State Farm Mut. Ins. Co.*, No. C-08-1365-CW

20  (EMC), 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010) ("Where a settlement is the product

21  of arms-length negotiations conducted by capable and experienced counsel, the court begins its

22  analysis with a presumption that the settlement is fair and reasonable.").  This is because "[t]he

23  extent of the discovery conducted to date and the stage of the litigation are both indicators of

24  counsel's familiarity with the case and of Plaintiffs having enough information to make informed

25  decisions." *Knight*, 2009 248367, at *4.

26      In the end, "[s]ettlement is the offspring of compromise; the question we address is not

MOTION
NO. 10-cv-00198-JLR
900365.3

- 2 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate

2  and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), *quoted*

3  *in Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 544 (W.D. Wash. 2009).  Here, the record before

4  the Court demonstrates that the settlement agreement satisfies this standard and that final

5  approval is appropriate.

6  **A.    The Settlement Is Fair, Adequate, and Reasonable**

7  The Court should begin its analysis with a presumption that the settlement between

8  Plaintiffs and Sallie Mae is fair, adequate, and reasonable.  Arm's-length negotiations conducted

9  by competent counsel after extensive discovery are *prima-facie* evidence of a settlement that is

10  fair and reasonable.  *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999); *In re*

11  *Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004).  These

12  factors are well satisfied here.

13  To reach this settlement, the parties to this action engaged in extensive negotiations over

14  an eleven-month period, including four lengthy and contentious in-person mediated settlement

15  negotiations before The Honorable Edward I. Infante (Ret.).  Declaration of Jonathan D. Selbin

16  ("Selbin Decl.") at ¶ 26-28.  The discussions culminated in the September 2, 2010 Settlement

17  Agreement ("Agreement"), which is on file with the Court.  *Id.*, Exh. B; Dkt. No. 32 at 35-63

18  (Exhibit 1).  The Settlement's main focus is significant prospective practice changes requiring

19  Sallie Mae not to make calls to the cellular telephones of Class Members who complete a simple,

20  one-page form.  The Settlement also requires Sallie Mae to:  (1) pay at least $19.5 million into a

21  settlement fund ("Fund"), out of which eligible Class Members who file qualified claims will

22  receive Monetary Awards, (2) pay $85,000 for a dedicated *cy pres* contribution to cover the

23  claims of certain Class Members who do not have, and never have had, lending or servicing

24  relationships with Sallie Mae, and (3) pay $45,000 for additional, targeted publication notice to

25  reach those Class Members.  This $19.63 million Fund includes any approved enhancement

26  payments to the Class representatives, attorneys' fees and costs, and the expenses associated with

MOTION
NO. 10-cv-00198-JLR
900365.3

- 3 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   providing notice to the Class and administering Class claims, both of which are being handled by

2   The Garden City Group, Inc. ("Claims Administrator").

3        The Settlement is the result of a thorough and extensive investigation, informal discovery,

4   and an evaluation of Plaintiffs' claims.  Selbin Decl. at ¶¶ 8-39.  Unlike many cases involving

5   consumer claims and products, this case turns largely on a purely legal issue:  whether the TCPA

6   and/or the FCC's Declaratory Ruling permit "prior express consent" to be given after loan

7   origination and/or verbally.  *Id.* at ¶ 12.  Accordingly, Arthur Counsel's primary focus through

8   months of settlement discussions was on resolving that legal question.  *Id.*  How a court would

9   determine that purely legal issue would, to a large extent, determine whether or not Plaintiffs'

10  TCPA claims would be successful.  *Id.*  Plaintiffs' success would be all or nothing as Sallie Mae

11  could effectively reduce the recoverable damages or eliminate them altogether if its interpretation

12  prevailed.  *See id.* at ¶¶ 12, 30.

13       Thus, while this case did not involve substantial factual discovery, there was sufficient

14  discovery in light of the nature of the case.  Selbin Decl. at ¶ 13.  While Plaintiff Arthur did not

15  file this action until February 2010, Arthur Counsel's investigation began in August 2009 and

16  extensive pre-filing exchange of views and negotiation with Sallie Mae began in October 2009.

17  *Id.* at ¶¶ 9-10.  These meaningful settlement discussions were punctuated by four lengthy, in-

18  person, hotly contested, mediated settlement discussions before the Honorable Edward A. Infante

19  (Ret.) in April, May, and June 2010.  *Id.* at ¶ 9-12, 26-30.  Over the course of settlement

20  negotiations, Arthur Counsel and Sallie Mae exchanged information and documents that would

21  have been available under usual discovery procedures, including client loan records, form loan

22  applications and promissory notes in use during the class period, and case law and relevant

23  rulemaking by the FCC.  *Id.* at ¶¶ 11-13, 23-25, 37-38.  This exchange of information and

24  documents permitted Arthur Counsel to further analyze the legal and factual bases for their

25  claims.  *See id.*  Arthur Counsel also interviewed and collected relevant information and

26  documents from over 100 affected class members.  *Id.* at ¶¶ 13, 17, 31.  Both sides were well-

MOTION
NO. 10-cv-00198-JLR
900365.3

- 4 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  informed regarding the strengths and weaknesses of their respective positions.  *See id.* at ¶¶ 8-39.

2  As the Court recognized in its preliminary approval order, "the Agreement resulted from

3  extensive arm's length negotiations."  (Dkt. No. 39 ¶ 1.)  Moreover, as addressed individually

4  below, the Settlement satisfies each of the criteria identified in *Newberg*.

5  **1.  The Settlement Offers Substantial Benefits, While Continued Litigation Poses Considerable Risks**

6

7  The benefits of settlement and plaintiffs' chances of success are typically evaluated

8  together.  *See, e.g.*, *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010)

9  ("An important consideration in judging the reasonableness of a settlement is the strength of the

10  plaintiffs' case on the merits balanced against the amount offered in the settlement.") (internal

11  quotation marks omitted).  Plaintiffs alleged that Sallie Mae called Plaintiffs and Class Members

12  on their cellular telephones through the use of automatic telephone dialing systems and/or using

13  an artificial or prerecorded voice without their prior express consent in violation of the Telephone

14  Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A).  Through discovery, Plaintiffs

15  developed substantial evidence tending to show that Sallie Mae called Plaintiffs and Class

16  Members on their cellular telephones through the use of automatic telephone dialing systems

17  and/or using an artificial or prerecorded voice.

18  However, Plaintiffs faced the risk of dismissal at a very early stage in this litigation.  This

19  case turns on competing interpretations of, among other things, the FCC's January 4, 2008

20  declaratory ruling, *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

21  *Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877,

22  2008 WL 65485 (F.C.C.) (hereinafter "Declaratory Ruling").  The Declaratory Ruling is the

23  FCC's official interpretation of the governing provisions of the TCPA.  The FCC's Declaratory

24  Ruling addresses the meaning of "prior express consent" and states:  "prior express consent is

25  deemed to be granted only if the wireless number was provided by the consumer to the creditor,

26  and that such number was provided during the transaction that resulted in the debt owed."  *Id.* at

MOTION
NO. 10-cv-00198-JLR
900365.3

- 5 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

¶ 10.  Plaintiffs maintain that Paragraph 10 requires that the cell phone number be "provided during the transaction that resulted in the debt owed," *i.e.* during loan "origination."

Sallie Mae, however, has interpreted the term "transaction" broadly to mean any time during the multi-year life of the loan.  Sallie Mae has therefore steadfastly maintained that some or all of the Class Members gave Sallie Mae prior express consent to contact them at their cellular phone numbers.  Selbin Decl. at ¶ 30.  If the Court found that the FCC's Declaratory Ruling and/or the TCPA permits "prior express consent" to be given:  (1) after loan origination on documents such as correspondence, updated information forms, forbearance requests, and the like, and/or (2) verbally, Sallie Mae could effectively reduce the recoverable damages or eliminate them altogether.  In addition, even if Plaintiffs prevailed on their interpretation of the FCC's Declaratory Ruling, this is an issue of first impression that, given the amount at stake, would be appealed to the Ninth Circuit and perhaps the Supreme Court.

Another risk Plaintiffs faced going forward is that this Court would decline to certify this case as a class action.  Sallie Mae has strenuously denied that class certification is appropriate in this case.  Selbin Decl. at ¶ 30.  Courts are split and have either granted or denied class certification in TCPA cases depending upon the facts of the case.  *Compare Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D. Wash. 2007) (granting class certification) *with Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification).  Sallie Mae took the position, consistent with courts that have denied class certification, that consent is an inherently individual issue that precludes class treatment.  While Plaintiffs disagreed with that interpretation, the Court could have refused to certify the class if Sallie Mae were able to present convincing caselaw and facts to support its position, leaving only the named Plaintiffs to pursue their individual claims.

Finally, there is a substantial risk of losing inherent in any jury trial.  Even if Plaintiffs prevailed at trial, Defendants would almost certainly appeal, threatening a reversal of any favorable outcome.  *See Fulford v. Logitech, Inc.*, No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS

MOTION
NO. 10-cv-00198-JLR
900365.3

- 6 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

29042, at *8 (N.D. Cal. Mar. 5, 2010) ("[L]iability and damages issues—and the outcome of any appeals that would likely follow if the Class were successful at trial—present substantial risks and delays for Class member recovery.").

Under the Settlement, by contrast, Settlement Class members avoid the above risks and obstacles to recovery and receive substantial benefits.  Settlement Class members will receive the unambiguous right to end the telephone calls at the heart of this litigation.  Moreover, the claim process for monetary relief is simple and straightforward, requiring only the completion of a simple one-page form.

"In this case, the negotiated amount is fair and reasonable no matter how you slice it. There is no evidence of fraud, overreaching, or collusion."  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).  "[T]his Settlement . . . guarantees a recovery that is not only substantial, but also certain and immediate, eliminating the risk that class members would be left without any recovery . . . at all."  *Fulford*, 2010 U.S. Dist. LEXIS 29042, at *8.

## 2. The Substantial Amount of Discovery Completed Supports Final Approval of the Settlement

Courts also consider the amount and nature of discovery and evidence developed at the time of settlement in determining whether the Settlement is fair, adequate, and reasonable. *Knight*, 2009 248367, at *4.  Courts regularly approve prompt settlements, especially those achieved after thorough pre-filing negotiations.  *See, e.g.*, *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 539 (W.D. Wash. 2009); *see also In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding that class counsel's significant investigation and research supported approval of settlement, even absent extensive formal discovery); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) ("[F]ormal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement."); *In re Critical Path, Inc.*, No. C 01-00551 WHA, 2002 WL 32627559, at *7 (N.D. Cal. June 18, 2002) ("Through protracted litigation, the settlement class could conceivably extract

MOTION
NO. 10-cv-00198-JLR
900365.3

- 7 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   more, but at a plausible risk of getting nothing").

2        In *Pelletz*, like here, the parties engaged in pre-filing investigation, informal discovery,

3   and settlement discussions.  *Pelletz*, 255 F.R.D. 537, 539; *see also* Selbin Decl. at ¶ 46.  The

4   parties' investigation included the informal exchange of "confidential, proprietary information,"

5   plaintiffs' counsel's interviews with absent class members about their experiences and problems

6   with the product, and analysis of the allegedly defective product at issue.  *Pelletz v. Weyerhaeuser*

7   *Co.*, 255 F.R.D. at 543.  The parties in *Pelletz* undertook these efforts over the course of just over

8   a year.  Selbin Decl. at ¶ 46.   The pre-filing investigation, informal discovery, and settlement

9   discussions provided "sufficient information to determine the relative strengths and weaknesses

10  of their respective positions" such that "[b]oth sides were well-prepared to reach an adequate

11  settlement and decide on appropriate remedies based on the strengths and weaknesses of their

12  bargaining positions ascertained during the investigation."  *Pelletz v. Weyerhaeuser Co.*,

13  255 F.R.D. at 543.

14       Here, like *Pelletz*, the Settlement is the result of a thorough legal and factual investigation

15  by the parties.  Before filing the *Arthur* action in February 2010, Arthur Counsel spent months

16  investigating and researching the relevant legal issues as well as the factual allegations made by

17  consumers.  Selbin Decl. ¶¶ 8-15.  Similarly, counsel to the *Najafi* Plaintiffs thoroughly

18  investigated the potential claims of the co-signor plaintiffs before filing their Complaint.

19  Declaration of Douglas J. Campion at ¶ 6; Declaration of Joshua B. Swigart at ¶ 5; Declaration of

20  Abbas Kazerounian at ¶ 5.  After filing the complaint, Arthur Counsel continued to exchange

21  legal arguments with Sallie Mae, conduct extensive informal and confirmatory discovery from

22  Sallie Mae, and request and receive hundreds of pages of documents.  Selbin Decl. ¶¶ 23-25, 37-

23  38.  This legal research and related informal discovery permitted Plaintiffs' counsel to further

24  analyze the bases for their claims and confirm class-wide damages.  *See id.*  Prior to settlement,

25  Plaintiffs' counsel also had contact with more than 100 Sallie Mae customers nationwide.  *Id.* at

26  ¶¶ 13, 17, 31.  Both sides were well-informed regarding the strengths and weaknesses of their

MOTION
NO. 10-cv-00198-JLR
900365.3
- 8 -
TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    respective positions.

2         **3.    The Positive Recommendation and Extensive Experience of Counsel
              Support Final Approval of the Settlement**

3

4         As stated above, a settlement is presumed fair if it was negotiated at arm's length by

5    experienced, competent counsel equipped with enough information to act intelligently.  *See also*

6    *Hughes v. Microsoft Corp.*, No. C98-1646C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26,

7    2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length

8    negotiations between experienced capable counsel after meaningful discovery.") (citing *Manual*

9    *for Complex Litigation (Third)* § 30.42 (1995)); *In re Phenylpropanolamine (PPA) Prods. Liab.*

10   *Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith,

11   following arms-length and non-collusive negotiations"); *Pelletz*, 255 F.R.D. 542-43 (approving

12   settlement "reached after good faith, arms-length negotiations").

13        Class Counsel in this case, who are among the most experienced consumer class action

14   attorneys in the country, support the Settlement as fair, reasonable, and adequate, and in the best

15   interests of the Class as a whole.  Selbin Decl. at ¶ 56.  Indeed, based on Class Counsel's

16   extensive knowledge and experience in litigating similar consumer actions, and Class Counsel's

17   thorough evaluation of the strengths and weaknesses of this case, Class Counsel believe this

18   settlement to be an excellent result.  *Id.*

19        **4.    Future Expense and Likely Duration of Litigation Support Final
              Approval of the Settlement**

20

21        Another factor for the Court to consider in assessing the fairness of a settlement is the

22   expense and likely duration of the litigation had a settlement not been reached. *Officers for*

23   *Justice*, 688 F.2d at 625.  In applying this factor, the Court must weigh the benefits of the

24   Settlement against the expense and delay involved in achieving an equivalent or more favorable

25   result at trial.  *See Young v. Katz*, 447 F.2d 431, 434 (5th Cir. 1971).

26        As discussed above, the Settlement guarantees a substantial recovery for the Settlement

MOTION
NO. 10-cv-00198-JLR
900365.3

- 9 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   Class while obviating the need for lengthy, uncertain and expensive pretrial practice, trial, and

2   appeals.  Even if the Class prevailed against Sallie Mae at trial, Sallie Mae would likely appeal

3   any adverse rulings against it, thus delaying any relief to the Settlement Class for an indefinite

4   amount of time and running up expenses in the form of attorneys' fees and litigation costs.

5           **5.      Small Number of Objectors and Nature of the Objections Support
                       Final Approval**

6

7           The mere fact that there are objections to a settlement does not mean that the Settlement

8   should be rejected.  A court may appropriately infer that a class action settlement is fair, adequate,

9   and reasonable when few class members object to it.  *See, e.g.*, *Marshall v. Holiday Magic, Inc.*,

10  550 F.2d 1173, 1178 (9th Cir. 1977).  Indeed, a court can approve a class action settlement as fair,

11  adequate, and reasonable even over the objections of a large number of class members.  *See Class*

12  *Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291–96 (9th Cir. 1992).  Here, out of a class of

13  4,884,892 Class Members, only two people have objected to date.  Selbin Decl. at ¶¶ 60-61, Exhs.

14  H, I.  This *de minimus* level of objection is far smaller than that approved by courts in similar

15  instances.  *See Lelsz v. Kavanagh*, 783 F. Supp. 286, 289 (N.D. Tex. 1991) (approving settlement

16  for class of 5,693 where 370 objected); *Parker v. Anderson*, 667 F.2d 1204, 1207 (5th Cir. 1982)

17  (affirming approval of settlement where one class member out of 11 objected).

18          While the deadline for objection is December 13, 2010, the two objections received to

19  date do not demonstrate that the settlement is anything but fair, adequate, and reasonable.  Ms.

20  Veronica Best objects to the forms that require her to list certain identifying information,

21  including her current cell phone number, last four digits of the social security number, Sallie Mae

22  account number, and signature.  *See* Selbin Decl., Exh. H.  The collection of this information on

23  each form, however, is necessary for the independent settlement administrator to cross-check this

24  information with the information in Sallie Mae's databases, thereby ensuring:  (1) that all

25  automated calls to each participating class member's cellular phone will stop, and (2) that each

26  participating class member will receive a cash award or a one-time reduction from the principal

MOTION
NO. 10-cv-00198-JLR
900365.3                                    - 10 -                    TERRELL MARSHALL & DAUDT PLLC
                                                                      3600 FREMONT AVENUE NORTH
                                                                      SEATTLE, WASHINGTON  98103
                                                                      TELEPHONE:  (206) 816-6603

1  balance of the class member's Sallie Mae loan.  Mr. Carlos Sherrod believes Sallie Mae has

2  wrongly garnished his wages.  *See* Selbin Decl., Exh. I.  His complaint, however, has nothing to

3  do with the Settlement, as the Settlement neither addresses nor releases claims pertaining to

4  subjects other than calls made to cellular phones through automated telephone equipment.

5  On November 15, 2010, Class counsel received four *pro se* objections through the Court's

6  ECF system.  Class counsel are reviewing them and will respond substantively to these

7  objections, and any additional objections submitted by the December 13, 2010 objection deadline,

8  in Plaintiffs' reply papers due December 17, 2010.

9  **6.    Presence of Good Faith, the Absence of Collusion, and the Approval of**
   **a Third-Party Mediator Support Final Approval of the Settlement**

10

11  Courts recognize that arm's-length negotiations conducted by competent counsel with the

12  assistance of a third-party mediator are *prima facie* evidence of fair settlements.  As the United

13  States Supreme Court has held, "One may take a settlement amount as good evidence of the

14  maximum available if one can assume that parties of equal knowledge and negotiating skill

15  agreed upon the figure through arms-length bargaining . . . ."  *Ortiz v. Fibreboard Corp.*,

16  527 U.S. 815, 852 (1999); *see also Hughes v. Microsoft Corp.*, No. C98-1646C, 2001 WL

17  34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a

18  class settlement reached in arms-length negotiations between experienced capable counsel after

19  meaningful discovery."); *see, e.g.*, *In re Phenylpropanolamine (PPA) Products Liability Litig.*,

20  227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement entered into in good faith,

21  following arms-length and non-collusive negotiations).

22  Here, the proposed settlement is the result of intensive, arm's-length negotiations between

23  experienced attorneys who are highly familiar with class action litigation in general, and with the

24  legal and factual issues of this case in particular.  To reach this settlement, the parties to this

25  action engaged in extensive negotiations, including four full-day, in person mediation sessions

26  with the Honorable Edward A. Infante (Ret.).  The discussions culminated in the Settlement.  The

MOTION
NO. 10-cv-00198-JLR
900365.3

- 11 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    recommendation by this neutral party weighs in favor of granting final approval to the Settlement.

2    **B.     The Class Members Have Received the Best Notice Practicable.**

3         This Court has already determined that the notice program in this case meets the

4    requirements of due process and applicable law, provides the best notice practicable under the

5    circumstances, and constitutes due and sufficient notice to all individuals entitled thereto.[2]  This

6    notice program has been fully implemented by independent claims administrator, The Garden

7    City Group, Inc. ("GCG").  *See* Declaration of Jennifer M. Keough Regarding Notice

8    Dissemination and Settlement Administration ("Keough Decl.") at ¶¶ 3-16.

9         The parties retained GCG to administer the Settlement and handle the claims process.

10   Counsel for Sallie Mae provided GCG with a list of 4,858,053 Settlement Class members'

11   mailing and email addresses contained in Sallie Mae's loan database(s) in computer readable

12   format ("Class List").  Keough Decl. at ¶¶ 4-5.  After receiving this information, the Settlement

13   Administrator updated the Class members' mailing addresses using the National Change of

14   Address database, an Advance Address Search, and/or a reverse phone look up search.  *Id.* at ¶

15   11.  GCG obtained updated mailing addresses for 758,478 Settlement Class members by using

16   these three search methods.  *See id.*

17        From September 29, 2010 to October 7, 2010, GCG sent 1,617,900 Notice Packets via

18   email to Class members who had not opted out of receiving electronic mail from Sallie Mae.

19   Keough Decl. at ¶¶ 6, 9.

20        From  October 6, 2010 to October 14, 2010, GCG sent 3,406,803 Notice Packets via U.S.

21   mail to:  (1) Class members whose email notice was undeliverable, and (2) Class members who

22   opted out of receiving electronic mail from Sallie Mae.  Keough Decl. at ¶ 12.  Skip tracing has

23   been performed by the Claims Administrator for all returned mail.  *Id.*  GCG has forwarded

24   additional mailed notice to 20,361  persons whose Notice Packets have been returned as

25

26   ---
     [2] *See* Amended Order Certifying Provisional Settlement Class, Preliminarily Approving Class
     Action Settlement, and Providing for Notice to the Settlement Class, Dkt. No. 39 ¶¶ 6-7.

MOTION
NO. 10-cv-00198-JLR
900365.3

- 12 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   undeliverable.  *Id.*  GCG has completed emailing and mailing the Notice Packets to all potential

2   Settlement Class members, directing them to the dedicated settlement website

3   (http://www.arthurtcpasettlement.com/), toll-free phone number (888-730-7196), and email

4   address (ClaimsAdministrator@ArthurTCPASettlement.com) for further information.  *Id.*, Ex. B-

5   C.  As of November 12, 2010, notice was successfully sent to all Class members contained in

6   Sallie Mae's databases, a success rate of 100 percent.  *Id.* at ¶¶ 3-12.  This satisfies the

7   requirements of due process.  *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

8           In additional to email and mailed notice, GCG published the Summary Notice in a

9   weekday edition of *USA Today* on both October 7 and 13, and in the Wall Street Journal on

10  October 7, 2010.  Keough Decl. at ¶ 13, Exh. D.  As of November 10, 2010, approximately

11  47,586 persons have dialed the toll-free number (*id.* at ¶ 14), approximately 40,591 persons have

12  visited the website (*id.* at ¶ 15), and approximately 1,842 have sent emails to the Settlement

13  administrator.  *Id.* at ¶ 16.

14          In addition, Arthur Counsel received and responded to approximately 2,500 telephone

15  calls and 30 letters from Class members as of November 15, 2010.  Selbin Decl. ¶ 41.  Arthur

16  Counsel answered all questions regarding the Settlement and assisted many Class Members in

17  completing the revocation and claim forms.  *Id.*  Arthur Counsel has observed that Class members

18  have generally expressed positive views about the terms of the Settlement and have been pleased

19  that they have the ability to make the automated calls to their cellular phones stop.  *See id.*

20          **C.      Few Class Members Have Chosen to Opt-Out of the Settlement**

21          Pursuant to the Court's preliminary approval order, any Settlement Class member wishing

22  to be excluded from the Settlement was required to submit a Request for Exclusion to GCG

23  postmarked no later than December 13, 2010.  (Dkt. No. 131 ¶ 5B.)  As of November 10, 2010,

24  the Claims Administrator had received only 46 Requests for Exclusion from Settlement Class

25  members.  Keough Decl. at ¶ 17.

26

MOTION
NO. 10-cv-00198-JLR
900365.3

- 13 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1

      **D.**    **At Least 55,974 Settlement Class Members Have Accepted Settlement Relief**

2

As of November 10, 2010, the Claims Administrator has received a total of 39,040 timely-

3

submitted revocation request forms to halt automated calls to their cellular phones.  Keough Decl.

4

¶ 17.  As of November 10, 2010, the Claims Administrator has received a total of 55,974 timely-

5

submitted claims for a Monetary Award.  Keough Decl. at ¶ 17.   While the Claims Administrator

6

has not yet determined the overlap, the substantial number of people claiming settlement relief

7

weighs in favor of final approval.

8

**III.**    **CONCLUSION**

9

Federal courts strongly favor and encourage settlements, particularly in class actions and

10

other complex matters, where the inherent costs, delays, and risks of continued litigation might

11

otherwise overwhelm any potential benefit the class could hope to obtain.  *See Class Plaintiffs*,

12

955 F.2d at 1276 ("strong judicial policy . . . favors settlements, particularly where complex class

13

action litigation is concerned"); *see also* 4 Herbert B. Newberg & Alba Conte, *Newberg on Class*

14

*Actions* § 11.41 (4th ed. 2002) (gathering cases).

15

The Settlement that Plaintiffs reached with Sallie is reasonable and fair.  Indeed, the

16

ability to completely halt automated calls to Class members' cellular phones in addition to

17

payment to the Class is outstanding in light of the recoveries potentially available under the law

18

and the risks of continued litigation.  At the final approval hearing scheduled for 9:30 a.m., on

19

Friday, December 17, 2010, Class counsel will address any remaining questions the Court may

20

have.

21

22

23

24

25

26

MOTION
NO. 10-cv-00198-JLR
900365.3

- 14 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    Dated: November 15, 2010                By:_____/s/ Beth E. Terrell, WSBA #26759_____
                                                     Beth E. Terrell, WSBA #26759
2
                                             TERRELL MARSHALL & DAUDT PLLC
3                                            3600 Fremont Avenue North
                                             Seattle, Washington  98103
4                                            Telephone:  206-816-6603
                                             Facsimile:  (206) 350-3528
5                                            Email:  bterrell@tmdlegal.com

6                                            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                             Jonathan D. Selbin
7                                            (admitted *pro hac vice*)
                                             Email: jselbin@lchb.com
8                                            Alison Stocking
                                             (admitted *pro hac vice*)
9                                            Email: astocking@lchb.com
                                             250 Hudson Street, 8th Floor
10                                           New York, NY  10013
                                             Telephone:  (212) 355-9500
11                                           Facsimile:  (212) 355-9592

12
                                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
13                                           Daniel M. Hutchinson
                                             (admitted *pro hac vice*)
14                                           Embarcadero Center West
                                             275 Battery Street
15                                           San Francisco, California  94111-3339
                                             Telephone:  (415) 956-1000
16                                           Facsimile:  (415) 956-1008
                                             Email:  dhutchinson@lchb.com
17
                                             DAVID P. MEYER & ASSOCIATES CO., LPA
18                                           David P. Meyer (0065205)
                                             (admitted *pro hac vice*)
19                                           Email:  dmeyer@dmlaws.com
                                             Matthew R. Wilson (0072925)
20                                           (admitted *pro hac vice*)
                                             Email:  mwilson@dmlaws.com
21                                           1320 Dublin Road, Ste. 100
                                             Columbus, Ohio 43215
22                                           Telephone:  (614) 224-6000
                                             Facsimile:  (614) 224-6066
23
                                             *Attorneys for Plaintiffs Arthur and Martinez, and the
24                                           Proposed Class*

25

26

MOTION
NO. 10-cv-00198-JLR                          - 15 -
900365.3

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HYDE & SWIGART
Joshua Swigart
(admitted *pro hac vice*)
Email: josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022

LAW OFFICES OF DOUGLAS J. CAMPION
Douglas J. Campion
(admitted *pro hac vice*)
Email: doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3507
Telephone:  (619) 299-2091
Facsimile:  (619) 858-0034

KAZEROUNIAN LAW GROUP
Abbas Kazerounian
(admitted *pro hac vice*)
Email: ak@kazlg.com
2700 North Main Street, Suite 1050
Santa Ana, CA 92866
Telephone:  (800) 400-6806
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff Najafi and the Proposed Class*

MOTION
NO. 10-cv-00198-JLR
900365.3

- 16 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on November 16, 2010, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

Kenneth E. Payson, WSBA #26369
Email:  kenpayson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:  206.622.3150
Facsimile:  206.757.7700

Lisa M. Simonetti, *Admitted Pro Hac Vice*
lsimonetti@stroock.com
Julia B. Strickland, *Admitted Pro Hac Vice*
jstrickland@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1600
Los Angeles, California  90067
Telephone:  310.556.5819
Facsimile:  310.556.5959

*Attorneys for Defendant*

DATED this 16th day of November, 2010.

TERRELL MARSHALL & DAUDT PLLC


By: /s/ Beth E. Terrell, WSBA # 26759
Beth E. Terrell, WSBA # 26759
Email:  bterrell@tmdlegal.com
3600 Fremont Avenue North
Seattle, Washington  98103
Telephone:  206.816.6603
Facsimile:   206.350.3528

*Attorneys for Plaintiffs*

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF THE CLASS ACTION
SETTLEMENT
CASE NO. C10-0198 JLR

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue N.
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.350.3528