1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

MARK A. ARTHUR , CIRILO MARTINEZ, and
PARI NAJAFI  on behalf of themselves and all
others similarly situated,

             Plaintiffs,

v.

SALLIE MAE, INC.,

             Defendant.

  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )

Case No. 10-CV-00198-JLR

**OBJECTION OF PATRICK SWEENEY
AND SASHA MCBEAN TO PROPOSED
SETTLEMENT AND NOTICE OF INTENT
TO APPEAR**

Date:  December 17, 2010
Time:  9:30 a.m.
Judge:  Hon. James L. Robart

## **TABLE OF CONTENTS**

I.      THE REVOCATION REQUEST FORM IMPOSES A LEGAL OBLIGATION
        INCONSISTENT WITH THE LANGUAGE OF THE TELEPHONE
        CONSUMER PROTECTION ACT ………………………………………………… 3

II.     THE SETTLEMENT DENIES RELIEF TO BORROWERS WHO HAVE PAID THEIR
        LOANS ………………………………………………………………………….    4

III.    THERE IS NO REASONED BASIS FOR EXCLUDING "NON-BORROWERS"
        FROM THE CLASS ENTITLED TO CASH PAYOUTS ………………………… 5

IV.     THE INJUNCTION APPEARS TO APPLY ONLY TO EXISTING BORROWERS
        AND DOES NOT ADDRESS FUTURE VIOLATIONS OF THE TCPA
        BY SALLIE MAE ……………………………………………………………… 5

V.      INSUFFICIENT INFORMATION HAS BEEN PROVIDED TO EVALUTE
        THE REASONABLENESS OF THE ATTORNEYS' FEES REQUESTED …………… 6

VI.     THE REQUESTED MULTIPLIER IS EXCESSIVE, AS IS THE HOURLY
        BILLING RATES OF MANY PROFESSIONALS …………………………………8
        A.      High Hourly Rates Call for Scrutiny …………………………………… 8
        B.      The 6.31 Multiplier Is Vastly Excessive ……………………………… 8

VII.    THE COURT SHOULD REVIEW FEE SPLITTING AMONG ATTORNEYS ……… 9

VIII.   CLASS COUNSEL SEEKS TO RECOVER UNREIMBURSEABLE COSTS …………10
        A.      Copies ……………………………………………………………… 10
        B.      Legal Research ………………………………………………………11
        C.      Other Costs Requested ………………………………………………12

IX.     CONCLUSION……………………………………………………………… 13

i

# TABLE OF AUTHORITIES

## CASES

Goodrich Mgmt. Corp. v. Afgo Mech. Services, Inc.

2009 WL 2602200 at *5 (D.N.J. 2009) …………………………………………………………  3

In re Mercury Interactive Corp. Securities Litigation

618 F.3d 988 (9th Cir. 2010) ……………………………………………………………… 2, 6

In re HPL Technologies, Inc. Sec. Litig.

366 F.Supp.2d 912, 921 (N.D.Cal. 2005) ……………………………………………………  8

In re Cendant Corporation PRIDES Litigation

243 F.3d 722 (3d Cir. 2001) …………………………………………………………………  8

Goldberger v. Integrated Resources, Inc.

209 F.3d 43, 57 (2d Cir. 2000) ………………………………………………………………  8

In re NASDAQ Market-Makers Anti-Trust Litig.

187 F.R.D. 465, 489 (S.D.N.Y. 1999) ………………………………………………………  9

In re Sumitomo Copper Litig.

74 F.Supp.2d 393, 399 (S.D.N.Y. 1998) ……………………………………………………  9

Rodriguez v. West Publishing Corp.

563 F.3d 948, 959-60 (9th Cir. 2009) ………………………………………………………  9

Carpenters Health & Welfare Fund vs The Coca-Cola Company

587 F. Supp 1206 (N.D. Ga. 2008) …………………………………………………………  10

James vs. Wash Deport Holdings Inc.

2007 U.S. Dist LEXIS 38809 S.D. Fl 2007) …………………………………………………  10

U.S. v. Merritt Meridian Constr. Corp.

95 F. 3d 153 (2d Cir. 1996) …………………………………………………………………  11

Standley v. Chilhowee R-IV School Dist.

5 F. 3d 319, 325 & n. 7 (8th Cir. 1993)  ……………………………………………………  11

Leftwich v. Harris-Stowe State College

702 F. 2d 686, 695 (8th Cir. 1983) …………………………………………………………  11

10-CV-00198-JLR
OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

Friskney v. American Park and Play, Inc.

2007 US Dist. LEXIS 14619, SD Fl. 2000) ……………………………………………11

Weinberger v. Great Northern Nekoosa Corp.

801 F. Supp. 804, 827-29 (D. Me. 1992) ……………………………………………11

Milliron v. T-Mobile USA, Inc.

2009 U.S. Dist. Lexis 101201 at *70, D. N.J. Sept 10, 2009 …………………………………… 11

In re Bicoastal Corp

121 B.R. 653, 656 (Bk. M.D.Fla. 1990) ……………………………………………… 12

Absher Const. Co. v. Kent School Dist. No. 415

79 Wash.App. 841, 845 (1995) ……………………………………………………… 12

**CONSTITUTIONS, STATUTES AND RULES**

Telephone Consumer Protection Act
    47 U.S.C. §227(b)(1)(A)(iii)  …………………………………………………..…  3
     47 U.S.C. §227(b)(3) …………………………………………………………..…  3

Federal Rules of Civil Procedure
    23(e)(3) ……………………………………………………………………..…  9

**OTHER AUTHORITY**

23 F.C.C.R. at 564-65 …………………………………………………………..…  3

10-CV-00198-JLR
OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

COME NOW, PATRICK SWEENEY and SASHA McBEAN ("Objectors") Class Members to this action, by and through their undersigned counsel, and hereby file these Objections to the Proposed Class Action Settlement, gives notice of their counsel's intent to appear at the December 17, 2010, final approval hearing, and request award of an incentive fee for serving as named class members.

Objector, PATRICK SWEENEY, represents to the court that he is a Class Member, qualified to make a claim as set forth in the NOTICE OF CLASS ACTION SETTLMENT; his address is 440 Science Drive, Suite 101, Madison, WI 53711, phone number 608-238-8262, but all mail should be sent to his attorney's address.

Objector, SASHA McBEAN, represents to the court that she is a Class Member, qualified to make a claim as set forth in the NOTICE OF CLASS ACTION SETTLMENT; her address is 14560 E. Reed Avenue, Truckee, CA 96161, phone number 760-815-5717, but all mail should be sent to her attorney's address.

Objectors object on the following grounds:

1.      The revocation request imposes a legal requirement not present in the Telephone Consumer Protection Act.  It requires an affirmative action to enjoin an activity already expressly prohibited.  Further, there is a limited time frame upon which to request the halt of harassing phone calls; based upon the language of the act, there should be no limitation upon when a consumer can request that the illegal calls stop.

2.      The class is under-inclusive.  The settlement denies cash relief to those borrowers who have ever been more than 180 days delinquent, and offers only a write-down of the balance.  This denies adequate relief to those borrowers who were more than 180 days delinquent, but have since paid off their balance.

3.       The class denies cash relief to those the act was designed to protect.  The settlement proposes a dedicated $85,000 cy pres payment to the Posse Fund to compensate those who were called, but had no "lending relationship" with Sallie Mae.  These calls are the most pernicious, and the ones designed to be stopped by the TCPA, for which the $500 monetary penalty was created.  There is no reasoned basis for excluding those who received calls, but should not have, from the cash settlement fund.

4.       The proposed injunction does not remedy the practice at issue.  The injunction appears to apply only to existing borrowers, who must complete a form to opt-out of receiving automated cell-phone calls.  How does this affect future borrowers?  Is Sallie Mae free to continue its practice until the next suit by the next round of borrowers?

5.       Insufficient information has been provided regarding the attorneys' fee lodestar.  While Lieff Cabraser submitted its time sheets (consistent with the holding in *Mercury Interactive*), none of the other firms have done so.  While there are scant questions regarding Lieff's records, the Class at this point lacks information regarding the total effort committed, together with potential duplication.

6.       The 6.31 multiplier requested is far above what is considered reasonable, as are several of the hourly rates submitted.

7.       Class Counsel seeks to recover costs which are not allowable.

8.       The fee-splitting arrangements between Class Counsel have not been disclosed, but must be disclosed and reviewed by the Court prior to approval.

/ / /

/ / /

/ / /

OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

# I.
## THE REVOCATION REQUEST FORM IMPOSES A LEGAL OBLIGATION INCONSISTENT WITH THE LANGUAGE OF THE TELEPHONE CONSUMER PROTECTION ACT

The Telephone Consumer Protection Act ("TCPA") provides in relevant part as follows:  "It shall be unlawful for any person within the United States to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular phone."  47 U.S.C. §227(b)(1)(A)(iii).  This is clear.  The act specifically provides for a private right of action, with remedies for injunction, and money damages of $500, *for each occurrence.*  47 U.S.C. §227(b)(3).  There is nothing in the act which requires any act by the consumer to take advantage of this prohibition, yet the Settlement Agreement requires precisely this:

> Sallie Mae shall not make use of "an automatic telephone dialing system and/or an artificial or prerecorded voice, to call the cellular telephones of Settlement Class Members who make a valid and timely Revocation Request."

Settlement at 7, section III(C)(1)(a).  This means that Sallie Mae will not stop violating the plain language of the TCPA, <u>unless</u> the borrower asks them to.  This itself constitutes a violation.

While the FCC has determined that a consumer gives "prior express consent" to call one's cell phone if that number was provided by the consumer during the transaction that resulted in the debt (FCC Declaratory Ruling, 23 F.C.C.R. at 564-65), there is no indication regarding which of these Sallie Mae borrowers have done this.  The burden is on Sallie Mae to prove which borrowers provided that information.  FCC Declaratory Ruling, 23 F.C.C.R at 565.  The burden is NOT on the affected class members to prove that they did not.

As Sallie Mae bears the burden, and has no legal authority to impose legal requirements on the class members to take advantage of a law designed to prevent the precise harm which occurred herein,

---

3

Sallie Mae is not entitled to require the class members to opt out when they never opted in.  If Sallie

Mae does not wish to go to the burden of sifting which borrowers provided cell phone numbers in the

origination papers, then their burden is to stop the calls altogether, consistent with the language and

purpose of the TCPA.

Accordingly, these Objectors contend that the requirement of submitting a request for exclusion

from phone calls already prohibited constitutes an unlawful thwarting of the law designed to prevent this

conduct.  If Sallie Mae can prove that some of its borrowers consented, it should be allowed to continue

with those phone calls only.

## II.

### THE SETTLEMENT DENIES RELIEF TO BORROWERS WHO HAVE PAID THEIR LOANS.

The Settlement provides that borrowers who were ever more than 180 days delinquent are not

entitled to a cash settlement.  The TCPA makes no such distinction.  As such, this distinction violates

the purposes of the TCPA and must be struck.  *Everyone* who did not give their cell phone number is

allowed to be free from these unwanted calls, not just those who are less late than others.

Apart from that fundamental unfairness and inserting subclasses into a law with no subclasses

(those less deserving than others to get harassing phone calls), there are certainly borrowers who have

been more than 180 days delinquent and have since paid off their debt.  These class members are left

with no remedy.  This is unfair and unreasonable.  These borrowers who have paid their debt should be

allowed to fill out a claim form opting for the cash payment, consistent with the language and purposes

of the TCPA.

/ / /

## III.

### <u>THERE IS NO REASONED BASIS FOR EXCLUDING "NON-BORROWERS"<br>FROM THE CLASS ENTITLED TO CASH PAYOUTS</u>

The Settlement provides that if one received an automated phone call, but had no "lending relationship" with Sallie Mae, he gets no money.  Instead, Sallie Mae is making an omnibus contribution to the Posse Foundation to atone for this behavior (these Objectors support the selection of the cy pres recipient as consistent with the purposes of this lawsuit).  However, the law was designed to stop harassing cell phone calls from robots.  Nothing could be more harassing than receiving a call from Sallie Mae when one never borrowed money therefrom.  This sub-class is precisely the class of consumers the TCPA was designed to protect:  flatly harassing phone calls with no basis in reality.  Why, then, is this sub-class of consumers excluded from sharing in the cash payout?  Requiring Sallie Mae to provide cash settlements to those consumers who should never have been called supports the deterrent purposes stated in the Act.  *See, Goodrich Mgmt. Corp. v. Afgo Mech. Services, Inc.,* 2009 WL 2602200 at *5 (D.N.J. 2009).

As with the other unfair subclasses created among the borrowers which thwart the purposes of deterrence and vigilance, this one smacks of unfairness most of all.

## IV.

### <u>THE INJUNCTION APPEARS TO APPLY ONLY TO EXISTING BORROWERS<br>AND DOES NOT ADDRESS FUTURE VIOLATIONS OF THE TCPA<br>BY SALLIE MAE</u>

The Settlement appears to apply only to existing Class members who already received improper phone calls.  The "prospective" relief only applies to those who take affirmative (unrequired) action to opt-out of these already illegal calls.  This Settlement, then, does not speak to how Sallie Mae can treat borrowers taking out loans today, or next week, or next year.  Is Sallie Mae free to continue its practice

10-CV-00198-JLR
OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

of calling cell phones without authorization for these new borrowers?  In effect, there is nothing

prospective in the language of the settlement.  They are simply remedying what has already occurred,

and will not do it again, *to these borrowers.*  As such, this "prospective" relief is wholly illusory, and in

fact raises the specter of whether Class Counsel is simply biding its time for the next complaint in a year

or two based upon the same fact pattern, with another $5 million in fees.

### V.

### INSUFFICIENT INFORMATION HAS BEEN PROVIDED TO EVALUATE THE REASONABLENESS OF THE ATTORNEYS' FEES REQUESTED

The Ninth Circuit, in *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir.

2010), ruled that class members must be allowed the opportunity to object to the fee motion itself.  618

F.3d at 993-94.  This includes inquiry "into the bases for various charges" to ensure "that they are

adequately documented and supported," which is "essential for the protection of the rights of class

members." 618 F.3d at 994.  "It also ensures that the district court, acting as a fiduciary for the class, is

presented with adequate, and adequately-tested, information to evaluate the reasonableness of a

proposed fee." *Id.*

The Court must scrutinize the fees requested in this matter because the amount Class Counsel

received directly impacts the cash settlement each class member receives; if Counsel takes less, the class

takes more.  The *Mercury* court described the conflict, applicable in this common-fund case:

> During the fee-setting stage of common-fund class action suits such as this
> one, plaintiff's counsel, otherwise a fiduciary for the class, becomes a
> claimant against the fund created for the benefit of the class.  This shift
> puts plaintiff's counsel's understandable interest in getting paid the most
> for its work representing the class at odds with the class' interest in
> securing the largest possible recovery for its members.  Because the
> relationship between plaintiffs and their attorneys turns adversarial at the
> fee-setting stage, courts have stressed that when awarding attorneys' fees
> from a common fund, the district court must assume the role of fiduciary
> for the class plaintiffs.  As a fiduciary for the class, the district court must

---

6

OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

act with a jealous regard to the rights of those who are interested in the
fund in determining what a proper fee award is.

618 F.3d at 994.  As Class Counsel admits, every dollar it receives reduces the pot available to the

claimant; every claim filed reduces a pro rata share just as every dollar paid to the attorneys reduces the

pro rata share.  This situation mandates that the Court engage in appropriate analysis to determine that

the fees are fair and reasonable.

In connection with this, only one firm has submitted the relevant, and required, information

necessary to assess the reasonableness of the fee.  Attorney Jonathan Selbin of Lieff Cabraser submitted

a detailed declaration, together with itemized billing and cost records for the Court's scrutiny.  The other

firms merely provided a summary of an attorney or paralegal's time, together with a total.  This

submission is insufficient, and does not meet the requirements of *Mercury*.

In these Objectors' analysis of the Lieff billing records, the only questionable series of entries

discovered are Barry Himmelstein's entries beginning on August 19, 2009, regarding "Jessica Kranz

complaint."  It is not revealed in any of the motions, applications, or petitions who Jessica Kranz is, or

why she is included in these bills on the Arthur case.  These entries call for further explanation, or

auditing.

No billing sheets are available to scrutinize duplicated efforts, nor is any information provided

regarding the reasonableness of the time in relation to the work product.  The lack of information

prevents the Court from engaging in a meaningful analysis regarding whether the fees are in fact

reasonable.  Given the status of incomplete information, and the number of firms touching this case and

seeking fees, determination of whether the fee is reasonable is premature at this point.

/ / /

---

7

# VI.

## THE REQUESTED MULTIPLIER IS EXCESSIVE, AS IS THE HOURLY BILLING RATES OF MANY PROFESSIONALS

### A. High Hourly Rates Call For Scrutiny.

These Objectors have concerns regarding the hourly rate of the paralegals.  Of assistance is the widely-accepted Laffey Matrix, which forms a benchmark of reasonable hourly rates in this Circuit. *See, In re HPL Technologies, Inc. Sec. Litig.* 366 F.Supp.2d 912, 921 (N.D.Cal. 2005).  (The current Matrix is attached as Exhibit A.)  The Laffey Matrix caps out at $161 per hour for paralegals.  Yet, Lieff Cabraser is requesting an average of $245 per hour, and up to $260 per hour.  More troubling is the paralegal rates sought by Terrell, Marshall & Daudt.  Paralegal Eden Nordby is being billed out at $275 per hour, after receiving a BA in 2005, while an attorney at this firm is billed out at $295, who received his JD in 2007.  These differences and variances from the Laffey Matrix of presumptively reasonable fees require further scrutiny by the Court, and perhaps justify an independent audit of the claimed fees.

### B. The 6.31 Multiplier is Vastly Excessive.

Class Counsel bases its attorneys' fee request on a 24.98% request from the common fund, and asserts that the Ninth Circuit has expressed a preference for this method.  Even in this situation, however, a lodestar cross-check is always the starting point for analysis of whether the requested fee is reasonable. *See, In re Cendant Corporation PRIDES Litigation,* 243 F.3d 722 (3d Cir. 2001).  In fact, even Circuits preferring a percentage of the fund award require a lodestar cross-check to ensure that the fee is reasonable. *Id.* at 742. *Accord, Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 57 (2d Cir. 2000).  Windfalls to class counsel are to be avoided. *Id.* at 49.

Application of the 6.31 multiplier exposes what a windfall this is to attorneys and paralegals involved herein.  Applying it to Mr. Selbin's $650 hourly rate results in a rate of $4,101.50 per hour.

The absurdity of the 6.31 multiplier is further illustrated once applied to the paralegal rate of $245 for Dan Schulman: $1,545.95 per hour, for "returned calls to class members with questions about the settlement." (Decl. of Selbin, page 12.) $1,500 per hour for returning calls is unjustifiable, and is plainly detrimental to the class. This is a classic example of the windfalls to class counsel that courts advise against.

Experts, and courts, considering multipliers have noticed that a common range for multipliers is from 3 to 4.5. *See, e.g., In re NASDAQ Market-Makers Anti-Trust Litig.,* 187 F.R.D. 465, 489 (S.D.N.Y. 1999); *In re Sumitomo Copper Litig.,* 74 F.Supp.2d 393, 399 (S.D.N.Y. 1998). A multiplier as high as 6.31 is astonishing, considering that Class Counsel has not had to toil for years to see compensation, but rather resolved this suit in approximately one year. A multiplier this high, on a case resolved this quickly, is simply unconscionable.

## VII.

## THE COURT SHOULD REVIEW FEE SPLITTING AMONG ATTORNEYS

Federal Rules of Civil Procedure, Rule 23(e)(3) requires that the fee-sharing agreements among class counsel be produced, to the extent there are any (a fair assumption given the number of firms involved): "the parties seeking approval of a class action settlement must file a statement identifying any agreement made in connection with the proposal." *Cf., Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 959-60 (9th Cir. 2009)("Failing to disclose the incentive arrangements in connection with class certification compounded the problems by depriving the court, and the class, of the safeguard of informed judicial consideration of the adequacy of class representation."). Rule 23's language is mandatory, requiring production of all fee agreements regarding sharing fees with clients, incentive promises to clients, splitting fees with co-counsel, and any other financial arrangement touching the class action.

Determination of the reasonableness of the fee request, and any apparent or potential conflicts, must be scrutinized prior to approval.

## VIII.

## CLASS COUNSEL SEEKS TO RECOVER UNREIMBURSEABLE COSTS

Every Class Counsel declaration seeks to recover costs which are not recoverable.

### A.  Copies.

Every declaration seeking costs seeks reimbursement for photocopies.  No information is provided regarding how much they are charging per page.  Absent this information, the request cannot be approved.  In several recent decisions, copying charges were limited to $.10 per copy.  Ten cents ($0.10) per copy is reasonable and should be reimbursed; higher amounts should be denied. The Court in *Carpenters Health & Welfare Fund vs The Coca-Cola Company*, 587 F. Supp 1206 (N.D. Ga. 2008) denied a request that in-house copying be reimbursed at $0.25 per page.   The Honorable Willis B. Hunt, Jr. stated that [p]aper, copier toner, wear and tear on a copier, and administrative assistant time are overhead costs that this Court will not reimburse.  Moreover [lead counsel's] out-of -pocket costs for copies could not have come close to reaching $0.25 per page. *Id.* at 1273.

See also *James vs. Wash Deport Holdings Inc. (*2007 U.S. Dist LEXIS 38809 S.D. Fl 2007), wherein the Court awarded Class Counsel reimbursement at the rate of $0.10 per copy.  After an extensive review of reported and unreported cases, the court concluded that the photocopying rate should approximate that of local print shops, unless the requesting party is able to provide factual support for the reasonableness of the higher in-house rate. Since no such evidence is yet on the record, the Court should award only $0.10 per page but must first inquire as to how many pages were copied.

/ / /

---

10-CV-00198-JLR
OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

1

### B.  Legal Research

2

All Class Counsel submit costs for online legal research.  These costs are not allowable.  In  *U.S.*

3

*v. Merritt Meridian Constr. Corp.,* 95 F. 3d 153 (2d Cir. 1996) the  court held that the  district court did

4

not abuse its discretion in denying in full request for Westlaw costs, since "computer research is merely

5

a substitute for an attorney's time… and is not a separately taxable cost. " *Id.* at 173.  Online research

6

should not be reimbursed because that would, in effect, be compensating class counsel for maintaining

7

their law library. This was also the conclusion of the Eighth Circuit when reviewing this exact question.

8

In *Standley v. Chilhowee R-IV School Dist.,* 5 F. 3d 319, 325 & n. 7 (8th Cir. 1993) (citing *Leftwich v.*

9

*Harris-Stowe State College*, 702 F. 2d 686, 695 (8th Cir. 1983)), the Eighth Circuit held that computer

10

costs are part of the attorneys' fees and not to be taxed separately.  In *Leftwich*, the Court stated that

11

"computer-aided research, like any other form of legal research, is a component of attorneys' fees and

12

cannot be independently taxed as an item of cost in addition to the attorneys' fee award" *Id.* at 695.  In

13

*Standley,* the Court  stated "the law of this Circuit is that computer-based legal research must be factored

14

into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award."

15

5 F.3d at 325.  The Court expanded upon this in footnote 7 where it stated that time spent doing the

16

computer-based legal research is compensable as part of counsels' billable hours, and that the actual cost

17

for the on-line computer time "is a component of attorney fees and cannot be recovered in addition to

18

the fee award." *Id.* at fn 7.  In *Friskney v. American Park and Play, Inc (2007 US Dist. LEXIS 14619, SD*

19

*Fl. 2000),* the Court found that "expenses for computerized legal research are part of the general

20

overhead of a law firm and are **not** compensable."  (emphasis added).  *See also Weinberger v. Great*

21

*Northern Nekoosa Corp.* 801 F. Supp. 804, 827-29 (D. Me. 1992)(Disallowing all computerized

22

research expenses, which is "properly an item attributed to firm overhead"); *Milliron v. T-Mobile USA,*

23

*Inc.*(2009 U.S. Dist. Lexis 101201 at *70, D. N.J. Sept 10, 2009) (same).

24

25

26

27

28

As stated in *In re Bicoastal Corp,* 121 B.R. 653, 656 (Bk. M.D.Fla. 1990):

> To accept the proposition that Lexis charges or any other computer research charges are compensable, one should also then conclude that the cost of acquisition of the lawyer's library and the cost of maintaining the library, even possibly, the depreciation of the law books would also be compensable. No one has ever urged such a proposition yet, but of course, if one should, it would be clearly rejected as being without any justification.

Accordingly, all requests for cost reimbursement for online research should be denied.

### C. Other costs requested.

As with other overhead disallowed, Class Counsel seek to recover other administrative costs, which should be denied as well. It bears noticing that every professional bills for <u>time</u> spent on the telephone, but then Lieff has submitted all of its telephone bills, as well. It is unfortunate that a firm seeking to recover $1500 per hour for returning phone calls, also has to bill out the telephone service. Under these circumstances, the telephone service should be considered overhead, since the professional time is billed out, just as with the analysis with online legal research. Nor should the telephone calls be allowed as provided. If this is what they bill regular, paying clients, it may not be representative of the actual cost. It would not be surprising that Leiff actually has a flat monthly telephone rate and that the true cost of these telephone calls is negligible and should be considered overhead.

Just as other administrative and overhead costs should be disallowed, the Court should examine whether the cost of a "research librarian" should be allowed. (Selbin Decl. at 14.) Similarly questionable is Beth Terrell's request to recover costs for "document clerks." These fee requests must be denied unless Class Counsel can make a showing that the work was "legal," rather than "clerical." *See, Absher Const. Co. v. Kent School Dist. No. 415*, 79 Wash.App. 841, 845 (1995):

> The following criteria will be relevant in determining whether such services should be compensated:  (1)  the services performed by the non-lawyer personnel must be legal in nature; (2) the performance of these services must be supervised by an attorney; (3) the qualifications of the person performing the services must be specified in the request for fees in sufficient detail to demonstrate that the person is qualified by virtue of education, training, or work experience to perform substantive legal work; (4) the nature of the services performed must be specified in the request for fees in order to allow the reviewing court to determine that the services performed were legal rather than clerical; (5) as with attorney time, the amount of time expended must be set forth and must be reasonable; and (6) the amount charged must reflect reasonable community standards for charges by that category of personnel.

As recorded, it does not appear that the tasks listed were legally "substantive," as required.  Further analysis, or an independent audit, may be appropriate.

Apart from the apparently high hourly rates inflating the lodestar in this case, a 6.31 multiplier is uncommonly high, especially on a case that took less than a year to settle.  The language of the statute is very clear, as is the interpretation by the FCC.  Further, Class Counsel admits that this issue, or similar issues have been litigated before.  (Plaintiff's Motion for Attorneys' Fees, page 10, n.6, listing five similar cases.)

The court should bifurcate the hearing on the final approval of the settlement and the hearing on the award of attorney fees until such time as all time records are received, reviewed and tabulated. Approving and distributing the attorney fees should be consistent with an attorney's duty to put a client's interest first.

## IX.

## **CONCLUSION**

WHEREFORE, these Objectors respectfully request that this Court:

A.  Upon proper hearing, sustain these Objections;

---

10-CV-00198-JLR
OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

B.  Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

C.  Continue the Fairness Hearing until such time that these Objectors have had an opportunity to review Class Counsel's Complete Fee Application and for an opportunity to submit limited Discovery regarding said Fee Application; or in the alternative, continue the Hearing on the Class Counsel's Fee Application until after all Claims are received, reviewed and tabulated by the Administrator.

D.  Award an incentive fee to these Objectors for their service as named representatives of Class Members in this litigation.

Dated:   December 13, 2010                    By: /s/ Steve Dashiak_____
                                                              STEVE DASHIAK

                                                    Steve Dashiak (WA 39836)
                                                    PHILLIPS & WEBSTER
                                                    900 SW 16th Street, Ste. 210
                                                    Renton, WA 98057
                                                    Phone: (425) 970-6716
                                                    Email: stevedashiak@gmail.com

                                                    Darrell Palmer
                                                    LAWE OFFICES OF DARRELL PALMER
                                                    603 N. Highway 101, Suite A
                                                    Solana Beach, CA 92075
                                                    Phone: (858) 792-5600
                                                    Email: darrell.palmer@palmerlegalteam.com

                                                    Chris Bandas
                                                    BANDAS LAW FIRM
                                                    500 N. Shoreline Blvd., Ste. Suite 1020
                                                    Corpus Christi, TX 78471
                                                    Phone: (361) 698-5200
                                                    Email: cbandas@bandaslawfirm.com

                                                    Attorneys for Objectors,
                                                    Patrick Sweeney and Sasha McBean

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2010, I electronically filed the foregoing, OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR, with the Clerk of the Court of the United States District Court for the Western District of Washington by using the USDC CM/ECF system.  Service will be accomplished by the USDC CM/ECF system to the following CM/ECF filers:

**Class Counsel**
Daniel M. Hutchinson (dhutchinson@lchb.com)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3343

**Defense Counsel**
Julia B. Strickland (jstrickland@stroock.com)
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

The foregoing documents will also be mailed by First-Class Mail, postage prepaid on today's date to the following:

Daniel M. Hutchinson
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3343

Julia B. Strickland
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

                                           ____/s/ Steve Dashiak____
                                           Steve Dashiak
                                           Attorney for Objectors

10-CV-00198-JLR
OBJECTION OF PATRICK SWEENEY AND SASHA MCBEAN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR