UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

FILED ___ LODGED ___ RECEIVED

**MAIL**

| | | |
|---|---|---|
| **MARK A. ARTHUR on behalf of himself and all others similarly situated,** | § § § § § | DEC 14 2010 AT SEATTLE CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON BY DEPUTY |
| Plaintiffs, | § § | NO. CV-00198-JLR |
| VS. | § § | CLASS ACTION COMPLAINT FOR DAMAGES |
| SLM CORPORATION d/b/a "SALLIE MAE" | § § § | AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. S27 ET SEQ. (TELEPHONE |
| Defendant. | § § | CONSUMER PROTECTION ACT) |

COMES NOW unnamed class member and Objector, GABRIELA HEATH (herinafter referred to as "Heath" or "Objector"), by and through her counsel of record, and hereby objects to the proposed settlement in Cause Number CV-00198-JLR, in the United States District Court for the Western District of Washington. The following objections are put forth pursuant to FRCP 23 and in compliance with the right to object as listed in the Notice of Proposed Settlement Of Class Action And Hearing Regarding Settlement. The Objector was made aware of this class settlement through review of an email sent to her. The proposed certified class is defined as follows:

> All persons who on or after October 27, 2005 to September 14, 2010 received a call to cellular telephone through the use of automated telephone equipment from Sallie Mae or any other affiliate or subsidiary of SLM Corporation. The Settlement Class includes all person who received such calls.

Heath is a class member based upon the class definition.

Objector reserves the right to revise, explain, supplement, and/or withdraw any and all objections asserted herein at the settlement hearing and call witnesses and/or



**10-CV-00198-OBJ**

present any other additional evidence if necessary. Based upon the descriptions in the Notice, the Proposed Settlement Agreement, Class Counsel's Notice of Motion and Motion for Award of Attorney's Fees and Reimbursement of Expenses, and Plaintiffs' Notice of Motion and Motion for Incentive Awards to Class Plaintiffs, Objector is able to formulate and make the following objections to the class settlement. The objector files these objections, as an unnamed class member, and serves the following objections on behalf of himself and all other unnamed class members:

## OBJECTIONS TO SETTLEMENT AGREEMENT

The proposed class settlement is intended to benefit all settlement class members consistent with Federal Rules of Civil Procedure Rule 23 and all other applicable law. Rule 23(e) clearly states, "A class action shall not be dismissed or compromised without the approval of the court." Further, it is well settled that the burden of proving the fairness of a class action settlement is on the settling parties. See In re General Motors Corp. Engine Interchange Litig., 594 F. 2d 1106, 1126 n.30; In re Matzo Food Products Litig., 156 F.R.D. 600, 605 (D.N.J. 1994).

The court's duty is to protect absent class members by assuring the settlement represents adequate compensation. In re Warfarin Sodium Antitrust Litig., 212 F.R.D. 231, 254, see also, In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 805 (3d Cir. 1995), and generally, Strong v. BellSouth Telcoms., 137 F.3d 844. This protection of silent class members has been further endorsed by the Supreme Court who held that to allow a few to decide the fate of many can only meet the constitutional requirement of due process if some protections were afforded to the absent plaintiffs and the system was so devised to insure "full and fair consideration of the

common issue." Hansberry v. Lee, 311 U.S. 34, 42-43. This responsibility is further enhanced by Federal Rules of Civil Procedure Rule 23(a)(4), which makes class actions maintainable only if the representative parties will fairly and adequately protect the interests of the class. Rule 23(d)(2) also allows the court to make appropriate orders for the protection of the member of the class. These two sections of Rule 23 clearly intimate the rules' intent to protect all members of the class. This fiduciary responsibility of the court in a class settlement is widely recognized by courts and legal commentators. In re Corrugated Container Antitrust Litig., 643 F.2d 195, 225 (5th Cir. 1981), cert. denied, 456 U.S. 998 (1982); Piambino v. Bailey, 610 F.2d 1306, 1327 (5th Cir.), cert. denied, 449 U.S. 1011, 66 L. Ed. 2d 468, 101 S. Ct. 566 (1980); 2 NEWBERG & CONTE, § 11.41, at 11-93 to 11-94.

Rule 23(e)(1)(C) states, "The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate. It is "imperative" for trial courts to conduct a "careful inquiry" into the fairness of a proposed class settlement, because of the risk of a collusive settlement. Mars Steel v. Continental VII. Nat. Bank & Trust, 834 F. 2d 677, 682 (7th Cir. 1987), See also Amchem, 117 S. Ct. at 2248 (the rights of absent class members must be "the dominant concern" of the court, especially in the settlement context).

Heath makes the following specific objections to this class settlement:

1. **The Proposed Settlement does not provide a fair compensation for member of the class.**

The Notice of settlement fails to provide class members with sufficient compensation. The TCPA provides for damages of $500 to $1,500 per illegal telephone call. Because the settlement necessitates the submission of claim forms and a verification process, it is clear that each class member receiving settlement relief will have received at least one phone call that allegedly violated the TCPA. In many cases and because of the nature of the auto-dialing system, it seems that many class members received numerous phone calls of the type prohibited by the TCPA. Therefore, the class members would be entitled to damage awards equivalent to at least $500 multiplied by the number of phone calls made. As the settlement proposal states, each class member cannot receive more than $500 although the statute provides that each member would be able to receive at least that amount.

Further, the purpose behind the TCPA was to protect consumers from these type of cellular phone calls because these types of calls cost consumers money. If the class action were filed as separate suits, then it is likely that each class member could receive individual damages for mental anguish. Moreover, many state laws would provide for attorney's fees, which would offset any contingency agreement entered into by class members. The settlement proposal estimates that each class member will like receive credits in the $20-$40 range. Because the nature of the TCPA violations would tie-in to numerous state law debt collection violations, each class member would stand to gain much larger damage awards on an individual basis. Thus, the court should find the proposed settlement fund to be woefully inadequate.

**2. The proposed settlement is unfair to class members because the Revocation Request form is unfair.**

Class members who do not opt out and/or are not even aware of the lawsuit are subject to the terms of the proposed settlement agreement. The agreement provides that class members who were called on their cellular telephones without consent must sign a revocation request form such that Sallie Mae will continue its alleged illegal conduct. However, the class members that are unaware of the settlement or the lawsuit will not file the Revocation Request forms. In the event that this occurs, the settlement agreement provides that the lack of a response creates consent. Even in the event that the class member submits a form but he submits the wrong form, this can still be construed as consent to the continued calls. Therefore, Sallie Mae is permitted to continue its illegal conduct because the class member is unaware of the settlement. The settlement could be changed such that Sallie Mae would be required to investigate whether numbers in its database were cellular telephone numbers and then, discontinue auto-dialed calls until consent is obtained.

### 3. The requested attorney's fee is unreasonable.

As compensation, Class Counsel has requested almost $5 million in attorney's fees. Additionally, the settlement contains a "clear sailing provision", such that the fees of Class Counsel will not be disputed so long as the settlement is approved. The proposed agreement also provides that the approval of the settlement will not rest upon an approval of the attorney's fees award. A review of the documents submitted to the court show that less than 15 documents were submitted during the period this case was litigated. Further, the actual litigation of the case lasted only 9 months. Class Counsel has not filed any affirmative motions for relief and has not provided the class with a breakdown of the fees and time exhausted by class counsel. The fact that the class

members stand to gain under $40 for violations of the law that provide for damages of at least $500 coupled with the fact that Class Counsel stands to gain almost $5 million for less than nine months of litigation shows the unfair nature of the settlement.

### 4. The Claims Form Process is unfair.

The proposed settlement agreement provides that class members must file a claim in order to receive any cash benefits or reductions. The process is unfair because it only provides 75 days for claims to be submitted after the fairness hearing is conducted. This time period is not sufficient for class members to declare under the penalty of perjury that they are members of the class. Further, class members should not be made to submit claims form, because that will result in the vast reduction of the number of claimants. The claims form process coupled with the artificial and unfair reduction in the amount claimants could receive works to reduce the fairness of the settlement. Finally, Sallie Mae has possession of all call notes and all the contracts entered into by class members. They are also in possession of all phone numbers and all transactions that occurred. Therefore, Sallie Mae could search its records and identify every class member. This individual inquiry would allow the class and the court to fairly evaluate the fairness of the settlement and would more fairly supplant the revocation process.

### CONCLUSION

Due to the above-referenced deficiencies, the proposed class action settlement, as currently drafted and preliminarily approved, should not be given final approval by the court because it is not fair, adequate, or reasonable.

### NOTICE OF INTENT TO APPEAR

PLEASE TAKE NOTICE that the undersigned attorney for Gabriela Heath shall

appear before the United States District Court for the Western District of Washington, for the Fairness Hearing in the above styled cause, or as soon thereafter as counsel may be heard, to present objections to the Proposed Settlement.

In the presentation of her objections, Heath reserves the right to use any of her filed documents; any of Plaintiff Class Counsel's pleadings, filings, documents or exhibits; any of Defense Counsel's pleadings, filings, documents, or exhibits and any other Objector's pleadings, filings, documents, or exhibits.

## PRAYER

The following relief is requested:

1. That the Court withdraw its conditional approval of the proposed settlement.

2. That the Court enter an appropriate order that will place the class action litigation in the proper posture for vigorous and good faith prosecution of the merits of the claims of the class; and

3. That the Court enter other further orders so as to effect substantial justice to all parties and to the absent class members.

Respectfully submitted,

_____

Steve Dashiak, WSBA # 39836

Counsel for Gabriela Heath, Objector

# CERTIFICATE OF SERVICE

Objector by and through her attorney of record submitted notice to the following

by United State First Class Mail, postmarked and sent on December 13, 2010.

Daniel M. Hutchinson
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 29th Floor,
San Francisco, CA 94111

Julia B. Strickland
Stroock & Stroock & Lavan LLP
2029 Century Part East, 16th Floor
Los Angeles, CA 90067

Steve Dashiak, WSBA # 39836

S. D.
906 SW 16th ST
Ste. 210
Renton, WA 98057

SEATTLE WA 980
14 DEC 2010 PM

9810194442

Seattle Clerk's Office, US District Court
700 Stewart Street
Suite 2310
Seattle WA 98101

$000.61⁰
Happy Holidays
PITNEY BOWES
UNITED STATES POSTAGE