THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC.,<br><br>Defendant. | CLASS ACTION<br><br>NO. 10-cv-00198-JLR<br><br>**CLASS COUNSEL'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO THE NAMED PLAINTIFFS** |

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR

905077.3

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................ 1

DISCUSSION ................................................................................................................................. 2

    I.     Class Members' Positive Reaction Supports The Requested Fees. ......................... 2

    II.    THE OBJECTIONS LACK MERIT .......................................................................... 3

        A.    Professional Objections Implicating the Requested Fees Should Be Overruled. ...................................................................................................... 3

        B.    Application of the Percentage-of-the-Fund Method Is Warranted ............. 3

        C.    The Lodestar-Multiplier Cross-Check Confirms the Requested Fee. ......... 6

        D.    Objections Based Upon The Documentation of Counsel's Time Should Be Overruled. ................................................................................. 7

        E.    Objections Based Upon Paralegal's Hourly Billing Rates Should Be Overruled. .................................................................................................... 8

        F.    Objections Based on Counsel's Fee-Splitting Arrangement Should Be Overruled. ............................................................................................... 9

        G.    Objections Based on Counsel's Costs Should Be Overruled. ..................... 9

        H.    Individual Objections Implicating the Requested Fees' and Incentive Awards Should Be Overruled. .................................................. 11

CONCLUSION ............................................................................................................................ 12

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR

- i -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

905077.3

# INTRODUCTION

Pursuant to this Court's September 14, 2010 Order Granting Preliminary Approval to the Proposed Class Action Settlement (as modified September 17, 2010), Class counsel respectfully submit this memorandum to respond to objections to Class counsel's Fee Application.[1]

Class counsel's fee request is appropriate in light of the extraordinary result Class counsel achieved for the Class in such quick fashion, which includes both the ability to stop entirely the automated calls to cellular phones that are the entire basis for this litigation, as well as a total payment by Sallie Mae of $19,630,000. Class members overwhelmingly agree: out of a Class estimated at over 4,858,053 individuals, of whom 4,548,238 (93.6%) received individual direct notice, only seven (7) objected to the Fee Application. Supp. Keough Decl., ¶¶3-7. By contrast, more than 73,778 have already filed claims for monetary relief and 51,646 have already submitted revocation forms, and the deadline is not until February 26, 2011. *Id.*, ¶8.

Class counsel's request is squarely supported by the percentage-of-the-fund method of calculating attorneys' fees applicable to common fund cases like this one under Ninth Circuit law. Class counsel's fee and cost request, while not insubstantial, is less than the Ninth Circuit benchmark, which provides for recovery out of a common fund of 25 percent of the fund *plus* costs. Here, Class counsel's request represents 24.8 percent of the total Fund, costs included, without even taking into account the tremendous value of the equitable relief that is the core relief provided by the Settlement. Class counsel's requests for reimbursement of their out-of-pocket costs (subsumed within the requested amount, not in addition to it), and for a service awards to the named Plaintiffs for their service to the Class, are similarly supported by Ninth Circuit law and the facts of this case. Class counsel addressed each of these factors in their Motion for Attorneys' Fees and Costs and Service Awards to the Named Plaintiffs (Dkt. No. 51).

Because the deadline for objections had not yet passed, Class counsel now respond to

---
[1] Class counsel will address by separate brief objections to the Settlement.

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 1 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

those arguments raised by objectors, and address the objections in detail. The seven Objectors agree that Class counsel are entitled to a reasonable fee for obtaining a $19,630,000 Settlement for the Class, but generally argue that the Fee Application should have requested a lower amount.

As discussed below, the substantive objections do not counsel against approval of the Fee Application. The objections lodged by "professional objectors" should be regarded with particular skepticism. Class counsel fully appreciate the important role that objectors can play in the class settlement approval process, and are prepared to respond to the legitimate concerns of any objector. However, given the nature of this Settlement, the tremendous relief it provides, the scope of the notice, and the overwhelmingly positive response of the Class, the Settlement should go forward.

Accordingly, Class counsel respectfully request that this Court overrule each of the seven objections and, to award Class counsel and Plaintiffs for bringing this case to a successful conclusion, enter an order approving the application for attorneys' fees and costs and service awards to the named plaintiffs.

## DISCUSSION

### I. Class Members' Positive Reaction Supports The Requested Fees.

As discussed more fully in the separate brief addressing objections to the Settlement, Class member response to the Settlement has been decisively positive. With a Class estimated at over 4,858,053 individuals (and direct, individual notice to almost all of them), the seven who have objected to Class counsel's Fee Application represent only 0.000001% of the Class.

Such an overwhelmingly positive response reflects the efforts of Class counsel in obtaining a Settlement that addresses Class member concerns. Class counsel's interviews with the Plaintiffs and over 100 Class members during their workup and the pendency of this litigation revealed that putting a stop to the automated calls to their cellular phones was the single most important goal of this litigation. Class counsel's post-settlement contact with some 3,000 Class members and the positive reaction to the Settlement confirms this finding. Selbin Decl., ¶7. In

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3
- 2 -
TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1  addition to obtaining this relief, Class counsel also obtained a total payment by Sallie Mae of
2  $19,630,000.00, out of which eligible Class members who file qualified claims will receive
3  Monetary Awards, including at least $85,000 for a dedicated *cy pres* contribution to cover the
4  claims of certain Class members who do not have, and never have had, lending or servicing
5  relationships with Sallie Mae. These significant amounts will fulfill the TCPA's purpose of
6  deterring wrongful conduct, and (while compensation is not the primary purpose of TCPA
7  statutory damages) adequately compensate Class members for the cell phone minutes and time
8  they expended in listening to each automated phone call. *Cf. Goodrich Mgmt. Corp. v. Afgo
9  Mech. Servs., Inc.*, 2009 WL 2602200, at *5 (D.N.J. 2009) (noting in TCPA "junk fax" case that
10 "actual out-of-pocket monetary loss to the recipient of an unwanted fax advertisement is slight,
11 only the cost of a few sheets of paper and ink"). Class counsel secured this timely relief in less
12 than ten months from the date of filing to final approval. Given the results achieved, the
13 requested fee is reasonable.

14 **II.    THE OBJECTIONS LACK MERIT.**

15 While Class counsel appreciate and respect the concerns outlined in seven Class
16 members' objections to the Fee Application, none of them counsels against the requested fee
17 award. The Objectors did not provide a basis for deviation from the Ninth Circuit's percentage-
18 of-the-fund method of calculating attorneys' fees applicable to common fund cases like this one;
19 rather, the theme of these objections is that the requested fees and costs could have been smaller.

20 **A.    Professional Objections Implicating the Requested Fees Should Be Overruled.**
21 As outlined the Plaintiffs' separate Reply in Support of Final Settlement Approval, the
22 Court should weigh objections from professional objectors with skepticism. On the merits, none
23 of the objections warrants denial of the fees award requested here.

24 **B.    Application of the Percentage-of-the-Fund Method Is Warranted**
25 Objectors Sibley and Brown acknowledge that "25% of the common fund is the accepted
26 starting point for in this Circuit," but nonetheless urge the Court to apply the lodestar multiplier

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 3 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1  method instead. Dkt. No. 74. They offer no reason for a departure from the standard percentage-

2  of-the-fund method other than stating that rewarding the requested amount would "amount to

3  unjust enrichment." Objector DeJulius likewise urges the court to award a multiplier of Class

4  counsel's lodestar. Selbin Decl., Exh. C (faxed to counsel on December 15, 2010).

5  The lodestar method is inappropriate for this case and is instead reserved for cases where

6  "there is no way to gauge the net value of the settlement or any percentage thereof." *Hanlon,* 150

7  F.3d at 1029. The percentage-of-the-fund method is the appropriate method where, as here,

8  counsel's efforts result in the creation of a common fund that benefits plaintiffs and unnamed

9  Class members.[2] Counsel have an equitable right to be compensated from that fund for their

10  successful efforts in creating it. The Objectors fail to state any reason why the Court should not

11  apply the percentage-of-the-fund method overwhelmingly preferred by courts.[3]

12  The common fund doctrine rests on the understanding that attorneys should normally be

13  paid by their clients. *See Boeing*, 444 U.S. at 478. Here, Class members such as Objector

14  Dejulius have availed themselves of the benefits of the Settlement by submitting revocation and

15  claim forms to stop the automated calls to their cellular phones and receive a monetary award.

16  Selbin Decl., ¶13. The requested fee is less than the fee that would have been negotiated by the

17  Class members in advance, had such negotiations been feasible, given the prospective

18  uncertainties and anticipated risks and burdens of the litigation, as the standard rate for most

---

[2] *See, e.g.*, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (the United States Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund . . . is entitled to a reasonable attorney's fee from the fund as a whole"); *Central R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885); *Staton*, 327 F.3d at 967; *In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("those who benefit in the creation of a fund should share the wealth with the lawyers whose skill and effort helped create it"); *Vincent v. Hughes Air West. Inc*., 557 F.2d 759, 769 (9th Cir. 1977) ("[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees.")

[3] *See* Theodore Eisenberg & Geoffrey P. Millery, *Attorneys' Fees and Expenses in Class Action Settlements: 1993-2008*, 7 Journal of Empirical Legal Studies 248 (2010); Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and their Fee Awards*, 7 Journal of Empirical Legal Studies (2010) at 25.

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3
- 4 -
TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

contingency fee cases is 33% to 40%.[4] In contrast, *Perdue v. Kenny A*, 130 S.Ct. 1662 (2010), cited by Objector DeJulius, deals with the unrelated situation of prevailing attorneys seeking payment directly from the defendant after obtaining a consent decree in civil rights action under 42 U.S.C. § 1983. Because Class members have not paid Class counsel for their efforts, equity requires them to pay a fair and reasonable fee, based on what the market would traditionally require in a contingency fee case, no less than if they had hired private counsel to litigate their cases individually. *Boeing*, 444 U.S. at 479-81.

Another advantage of the percentage of recovery method is that it enables the interests of Class counsel and those of the Class to remain fully aligned and focused upon the common goal of obtaining the greatest possible relief in an efficient manner. The lodestar method, on the other hand, rewards Class counsel's efforts according to the number of hours worked and thereby encourages a strategy of increasing attorney hours through inefficient or pointless litigation. Indeed, "it is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.5 (9th Cir. 2002); *see also In re Quantum Health Resources, Inc.*, 962 F. Supp. 1254, 1257 (C.D. Cal. 1997) ("[T]he lodestar method needlessly increases judicial workload, creates disincentive for early settlement, and causes unpredictable results."); *In re Oracle Securities Litigation*, 852 F. Supp. 1437, 1454 (N.D. Cal. 1994) (stating that percentage of the fund fee compensation is "vastly superior" to the lodestar method because it better "align[s] the interest of lawyer and client" ) (internal quotation marks omitted) (internal quotation marks omitted).

---

[4] *See, e.g., Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989) ("[I]t is well settled that the lawyer who creates a common fund is allowed an extra reward, beyond that which he has arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit."); *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007) ("In deciding fee levels in common fund cases, we have consistently directed district courts to 'do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.'"); *cf. Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989) (market factors should be considered in evaluating reasonableness).

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 5 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1    Furthermore, as Judge Coughenour has explained, an optimal balance between efficiency
2    and a significant award benefits not just the Class but also the judicial system. *See Pelletz v.*
3    *Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1328 (W.D. Wash. 2009) (citing counsel's through
4    investigation, facilitation of a smooth discovery process without court intervention, and
5    achievement of a favorable and timely settlement as helping the parties and the judicial system
6    "avoid[] considerable burden and expense"); *see also* Order Regarding Initial Disclosures, Joint
7    Status Report, and Early Settlement (Doc. No. 14) at 3 (encouraging early settlement before case
8    "become costly and time-consuming — all parties and the court benefit.").

### C. The Lodestar-Multiplier Cross-Check Confirms the Requested Fee.

10   While Class counsel respectfully submit that the percentage-of-the-fund method best suits
11   this case, the lodestar-multiplier method confirms the propriety of the requested fee here. No
12   District requires a lodestar cross-check, and the Third Circuit case cited by Objectors Sweeney
13   and McBean merely notes that it is suggested practice there. *In re Cendant Corp. PRIDES Litig.*,
14   243 F.3d 722, 735 (3d Cir. 2001). Objectors Sibley, Brown, and DeJulius each support a lodestar
15   enhancement, but argue that Class counsel's fee request (which reflects a multiplier of 5.84 on
16   their current total lodestar) is too high. Dkt. No. 74; Selbin Decl., ¶27 & Exh. C.

17   Such a multiplier is reasonable, in the context of a cross-check, given the outstanding
18   result Class counsel have achieved for the Settlement Class, the risks involved in taking the legal
19   claims to trial, and the novelty and complexity of the case. *See MCL 4th* § 14.122, at 261. Class
20   counsel obtained the right to halt completely the cellular phone calls at issue as well as a
21   substantial monetary payment. Class counsel achieved this result on contingency with no
22   guarantee of ever being paid and faced substantial risk should they proceed to trial. The claims in
23   this case involved numerous issues of law that were complex and truly novel. While Class
24   counsel were confident in their ability to succeed at class certification and at trial, success was by
25   no means guaranteed, especially considering Sallie Mae's substantial opposition and the
26   complexity of the issues involved. *See* Response of Defendant Sallie Mae, Inc. to Objections to

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3
- 6 -
TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1  Settlement at 3-11 (summarizing Sallie Mae's defenses to this TCPA class action).

2  None of the Objectors contests these facts. Objectors merely argue, based on the fact that Class counsel's brief cites TCPA cases, that "similar issues have been litigated before." Dkt. No. 67. But, Objectors do not acknowledge that the TCPA cases they obliquely reference dealt with "junk" faxes, and did not consider the merits and class certification issues at the heart of this lawsuit. Indeed, though the court in *Leckler v. CashCall, Inc.*, 554 F. Supp. 2d 1025 (N.D. Cal. 2008), addressed a core legal issue in this case – what constitutes "consent" under the TCPA – that decision was vacated on jurisdictional grounds, *see Leckler v. CashCall, Inc.*, 2008 WL 5000528 (N.D. Cal. Nov. 21, 2008), and the question has not been squarely revisited by any other court. The arguments Plaintiffs present are truly ones of first impression and, accordingly, presented significant and inherent risk for Class counsel.

**D.   Objections Based Upon The Documentation of Counsel's Time Should Be Overruled.**

Objectors Sweeney and McBean objects that "insufficient information has been provided regarding the attorneys' fee lodestar." Dkt. No. 67 at 6. First, this objection ignores that Class counsel bases their Fee Application on a percentage-of-the-recovery method, not on a lodestar method. Second, LCHB has provided detailed timesheets setting forth all of their time in this matter. References to Jessica Kranz are not "questionable," but instead refer to an early client who ultimately decided not to proceed as a named class representative. Selbin Decl., ¶31.

Other Class counsel have provided summaries of every individual's time and contributions to this case. Dkt. Nos. 52 (¶¶42-43, 51); 53 (¶5); 54 (¶5); 55 (¶7); 56 (¶6); 57 (¶6). In order to protect attorney-client privileges and work product protections, Class counsel has not publicly filed detailed time records for every law firm in this matter. Selbin Decl., ¶29. In fact, LCHB only did so mistakenly, as their usual practice is to provide them only to the Court either under seal or for *in camera* review if the Court wishes to have them. *Id.*, ¶30. Counsel will bring to the Final Approval hearing such detailed time records for all firms should the Court with to

REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 7 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1  review them *in camera*. *Id.*

2       **E.**     <u>**Objections Based Upon Paralegal's Hourly Billing Rates Should Be Overruled.**</u>

3

4       Objectors Sweeney and McBean objects to the hourly rates of LCHB and TMD paralegals

5  based on a comparison to the Laffey Matrix. Dkt. No. 67 at 12. The Laffey Matrix has not been

6  approved by the Ninth Circuit. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th

7  Cir. 2010) (holding that refusal to consider the Laffey Matrix in a fee application was not an

8  abuse of discretion); *see also Freitag v. California Dept. of Corrections*, No. C00-2278 THE,

9  2009 WL 2485552, at *2 (N.D. Cal. Aug. 12, 2009) (in a lodestar fee case, holding that "In this

10  Circuit, the starting point for determining reasonable fees is not the Laffey Matrix, but the

11  "lodestar," a calculation obtained by multiplying the number of hours reasonably expended on

12  litigation by a reasonable hourly rate."). The Laffey Matrix is tailored for the District of

13  Columbia. *Prison Legal News*, 608 F.3d 446, 454. "It is questionable" whether the matrix is a

14  reliable measure of rates in the Washington. D.C. area, let alone in the San Francisco and Seattle

15  areas which have higher costs of living. *Id.* (citing *Robinson v. Equifax Info. Servs., LLC*, 560

16  F.3d 235, 245 (4th Cir. 2009); *Grissom v. Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008)).

17       Class counsel's paralegal hours reflect a reasonable hourly rate. Class counsel set their

18  paralegals' rates based on a variety of factors, including among others: the experience, skill and

19  sophistication required for the types of legal services typically performed; the rates customarily

20  charged in the markets where legal services are typically performed; and the experience,

21  reputation and ability of the paralegals. Dkt Nos. 52 (¶¶44-47); 53 (¶¶7-8); 54 (¶6). These

22  paralegals have excellent educational backgrounds and work in competitive job markets. *See id.*

23  Judge Coughenour specifically found that all LCHB rates (including paralegal rates) were

24  "reasonable for the work performed in each of the respective relevant communities." *See Pelletz*

25  *v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326 (W.D. Wash. 2009); *see also Grays Harbor*

26  *Adventist Christian Sc. v. Carrier Corp.*, No. C05-5437, 2008 WL 1901988, at *3 (W.D. Wash.

REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 8 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1 Apr. 24, 2008) (approving LCHB hourly rates following a reasonableness review); *see also* Dkt
2 Nos. 52 (¶¶45-47) (listing federal courts that have specifically approved Class counsel's rates as
3 reasonable); 53 (¶8) (same); 54 (¶6) (same); 55 (¶¶10-11); 56 (¶¶9-10); 57 (¶10). These are also
4 the same rates negotiated with and paid by LCHB's sophisticated commercial clients. Dkt. No.
5 52. (¶43).

6 **F.     Objections Based on Counsel's Fee-Splitting Arrangement Should Be Overruled.**
7

8 Objectors Sweeney and McBean objects that Class counsel has not submitted any fee-
9 splitting agreements between Class counsel regarding fees. Dkt. No. 67 at 13. A fee award is
10 designed to compensate counsel for the work they performed in providing a beneficial Settlement
11 for the Class. How counsel choose to allocate that award among co-counsel is not germane to the
12 Court's analysis.

13 Objectors cite no caselaw that supports their request for Class counsel's fee-splitting
14 agreements. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009), cited by
15 Objectors, considered the effect of incentive agreements binding class counsel to apply for an
16 incentive award for named plaintiffs in a class action. The Ninth Circuit found that the
17 arrangement should have been disclosed as it was relevant to whether the conflicted plaintiffs
18 could adequately represent the class. *Id.* at 959. Any fee-splitting arrangement among Class
19 counsel, however, is not relevant to any portion of the Court's analysis. Class counsel confirms
20 that there is no incentive agreement here, but can disclose Plaintiffs' attorney representation
21 agreements for *in camera* review if the Court so desires. Selbin Decl., ¶33.

22 **G.     Objections Based on Counsel's Costs Should Be Overruled.**

23 Objectors Sweeney and McBean object to several aspects of Class counsel's costs,
24 including costs for copying, legal research, and telephone calls. Dkt. No. 67 at 14-17. This
25 objection fails to acknowledge that Class counsel are not requesting costs on top of their fees.
26 Rather, Class counsel's requests for reimbursement of their out-of-pocket costs is subsumed

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3
- 9 -
TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1  within the requested amount, not in addition to it. In other words, Class counsel are seeking a
2  total award of $4,875,000 regardless of whether it is called fees or costs or both.

3  Moreover, objectors do not dispute that such costs were necessary to secure the resolution
4  of this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D.
5  Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage,
6  telephone and fax costs, computerized legal research fees, and mediation expenses are relevant
7  and necessary expenses in a class action litigation). All of Class counsel's costs are recoverable.
8  *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) ("Reasonable
9  costs and expenses incurred by an attorney who creates or preserves a common fund are
10 reimbursed proportionately by those class members who benefit from the settlement.") (citing
11 *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970)).

12 **Copying**: Class counsel have incurred costs to duplicate documents related to this
13 litigation. These costs are not absorbed as part of Class counsel's regular overhead. "Requests
14 for reimbursement for photocopying charges are regularly reimbursed." *In re Media Vision Tech.*
15 *Sec. Litig.*, 913 F. Supp. at 1368. LCHB and TMD's rates of $0.20 and $.015 per page,
16 respectively, are reasonable. *See Symantec Corp. v. CD Micro, Inc.*, 2005 WL 1972563, *5 (D.
17 Or. August 12, 2005) ("I do not have a problem with the [$0.20] cost per page for the black and
18 white copies."); *In re Brooktree Securities Litigation*, 915 F. Supp. 193, 201 (S.D. Cal. 1996)
19 (approving a copy rate of $0.20 ten years ago). Objectors' citations discussing the cost of copies
20 in southeastern states have no bearing on the costs for copying services in this Circuit.

21 **Legal Research**: Class counsel pay to access on-line databases, including Westlaw and
22 Lexis for legal and other research. These costs were incurred to support the factual investigation
23 and legal analysis necessary to this litigation. They in no way duplicate attorney lodestar, which
24 is the attorney time actually spent doing the research: they are literally the cost of the access
25 alone. Such costs are beneficial to the class and played an essential role in the litigation. *In re*
26 *Media Vision Tech. Sec. Litig.*, 913 F. Supp. at 1371 ("Given the complexity of the issues, this

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3
- 10 -
TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1  Court does not doubt that computerized research played an essential role in the litigation at hand.
2  The request for computerized legal expenses should be granted in full."). Again, Objectors' out-
3  of-Circuit authorities have no bearing on what courts do in the Ninth Circuit.

**Telephone Calls**: Class counsel have incurred costs as a result of telephone calls related to this litigation. This includes LCHB's telephone calls billed by case code and through the telephone system and conference calls billed by vendors. Selbin Decl., ¶26. "Reasonable out-of-pocket expenses, such as telephone costs, incurred by the attorney, which are normally charged to the fee-paying client, in the course of providing legal services, are recoverable." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. at 1368-69.

### H.   **Individual Objections Implicating the Requested Fees' and Incentive Awards Should Be Overruled.**

Several objectors generally object to the Fee Application by asserting that the named Plaintiffs and Class counsel will be the primary beneficiaries of the Settlement. *See* Dkt. No. 52-8 (Veronica Best) ("I have concluded that the only people who will benefit from this lawsuit are the original complainants and their attorneys."); Dkt. No. 48 (Melissa Felt) ("Instead, we're going to ask them to settle for $19 million (which I will see a mere $20 if I'm lucky) to fatten some law firms['] wallet? No thank you.").

Those objectors offer no legal support for these objections. Class counsel's request is well supported by the Ninth Circuit's percentage-of-the-fund analysis. *See* Dkt. No. 51. Class counsel have: (1) worked hard to achieve an early resolution of this case; (2) achieved an excellent result which includes both the ability to stop entirely the automated calls to cellular phones that are the entire basis for this litigation, as well as a total payment by Sallie Mae of $19,630,000; (3) devoted substantial resources to the prosecution of this case with no guarantee that counsel would be compensated for their time or reimbursed for their expenses; and (4) requested *less than* the 25 percent benchmark commonly awarded in the Ninth Circuit in similar actions. *See id.*

The incentive awards are likewise well supported by relevant caselaw. *See* Dkt. No. 51 at

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 11 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

21. Plaintiffs came forward to serve as proposed class representatives, kept abreast of the litigation, and approved the proposed settlement terms after reviewing them and consulting with Class counsel. *Id.* In light of Plaintiffs' effort and risk undertaken to obtain a meaningful result for the Class, a $2,500 incentive award to each Plaintiff is modest under the circumstances, and well in line with awards approved by federal courts in Washington and elsewhere. *See, e.g.*, *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D. Wash. 2009) (approving $7,500 incentive awards where named plaintiffs assisted Class counsel, responded to discovery, and reviewed settlement terms, and collecting decisions approving awards ranging from $5,000 to $40,000); *Grays Harbor Adventist Christian School v. Carrier Corp.*, No. 05-0537 RBL, 2008 WL 1901988, at *6 (W.D. Wash. April 24, 2008) (approving $3,500 awards).

## **CONCLUSION**

While Class counsel respect the concerns of the seven Class members who objected to the proposed Fee Application, their objections do not counsel against an appropriate award of fees and costs. Class counsel achieved an outstanding result in quick order and with a minimum amount of the Court's involvement in contested litigation. They seek a fee for their efforts in obtaining that result in complete conformance with Ninth Circuit law. For all of these reasons, and as explained in more detail in Class counsel's Fee Application, Class counsel request that the Court approve their Fee Application in full.

Respectfully submitted,

Dated: December 16, 2010    By: */s/ Beth E. Terrell,* WSBA #26759_____
                                Beth E. Terrell, WSBA # 26759
                                TERRELL MARSHALL & DAUDT PLLC
                                3600 Fremont Avenue North
                                Seattle, Washington  98103
                                Telephone:  206-816-6603
                                Facsimile:   (206) 350-3528
                                Email:  bterrell@tmdlegal.com

REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 12 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    Jonathan D. Selbin
2   (admitted *pro hac vice*)
    Email: jselbin@lchb.com
3   Alison Stocking
    (admitted *pro hac vice*)
4   Email: astocking@lchb.com
    250 Hudson Street, 8th Floor
5   New York, NY  10013
    Telephone:  (212) 355-9500
6   Facsimile:  (212) 355-9592

7
    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
8   Daniel M. Hutchinson
    (admitted *pro hac vice*)
9   275 Battery Street, 29th floor
    San Francisco, California  94111-3339
10  Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
11  Email:  dhutchinson@lchb.com

12  DAVID P. MEYER & ASSOCIATES CO., LPA
    David P. Meyer (0065205)
13  (admitted *pro hac vice*)
    Email:  dmeyer@dmlaws.com
14  Matthew R. Wilson (0072925)
    (admitted *pro hac vice*)
15  Email:  mwilson@dmlaws.com
    1320 Dublin Road, Ste. 100
16  Columbus, Ohio 43215
    Telephone:  (614) 224-6000
17  Facsimile:  (614) 224-6066

18  *Attorneys for Plaintiffs Arthur and Martinez, and the Proposed Class*

19
    HYDE & SWIGART
20  Joshua Swigart
    (admitted *pro hac vice*)
21  Email: josh@westcoastlitigation.com
    411 Camino Del Rio South, Suite 301
22  San Diego, CA 92108-3551
    Telephone:  (619) 233-7770
23  Facsimile:  (619) 297-1022

24

25

26

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS      - 13 -
NO. 10-cv-00198-JLR
905077.3

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

| | |
|---|---|
| 1 | LAW OFFICES OF DOUGLAS J. CAMPION |
| | Douglas J. Campion |
| 2 | (admitted *pro hac vice*) |
| | Email: doug@djcampion.com |
| 3 | 409 Camino Del Rio South, Suite 303 |
| | San Diego, CA 92108-3507 |
| 4 | Telephone: (619) 299-2091 |
| | Facsimile: (619) 858-0034 |
| 5 | |
| | KAZEROUNIAN LAW GROUP |
| 6 | Abbas Kazerounian |
| | (admitted *pro hac vice*) |
| 7 | Email: ak@kazlg.com |
| | 2700 North Main Street, Suite 1050 |
| 8 | 409 Camino Del Rio South, Suite 303 |
| | Santa Ana, CA 92866 |
| 9 | Telephone: (800) 400-6806 |
| | Facsimile: (800) 520-5523 |
| 10 | |
| | *Attorneys for Plaintiff Najafi and the Proposed Class* |

REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 14 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on December 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Kenneth E. Payson, WSBA #26369
> Email:  kenpayson@dwt.com
> DAVIS WRIGHT TREMAINE LLP
> 1201 Third Avenue, Suite 2200
> Seattle, Washington  98101-3045
> Telephone:  206.622.3150
> Facsimile:  206.757.7700
>
> Lisa M. Simonetti, *Admitted Pro Hac Vice*
> lsimonetti@stroock.com
> Julia B. Strickland, *Admitted Pro Hac Vice*
> jstrickland@stroock.com
> STROOCK & STROOCK & LAVAN LLP
> 2029 Century Park East, Suite 1600
> Los Angeles, California  90067
> Telephone:  310.556.5819
> Facsimile:  310.556.5959

*Attorneys for Defendant*

DATED this 16th day of December, 2010.

            TERRELL MARSHALL & DAUDT PLLC

            By: /s/ Beth E. Terrell, WSBA # 26759
              Beth E. Terrell, WSBA # 26759
              Email:  bterrell@tmdlegal.com
              3600 Fremont Avenue North
              Seattle, Washington  98103
              Telephone:  206.816.6603
              Facsimile:   206.350.3528

*Attorneys for Plaintiffs*

REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS
NO. 10-cv-00198-JLR
905077.3

- 15 -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603