UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK A. ARTHUR, et al., | CASE NO. C10-0198JLR |
| Plaintiffs, | ORDER GRANTING INTERVENTION |
| v. | |
| SALLIE MAE, INC., | |
| Defendant. | |

Before the court is third-party Judith Harper's motion to intervene as a party plaintiff or, in the alternative, stay the settlement with respect to unnamed defendant Arrow Financial, Inc. ("Arrow Financial") so that Ms. Harper may pursue her class action currently pending in the Northern District of Illinois (Dkt. # 134). Having reviewed the briefs filed in support and opposition to the motion and deeming oral argument unnecessary, the court GRANTS the motion (Dkt. # 134).

ORDER GRANTING INTERVENTION - 1

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), the court has discretion to allow intervention by a party with a "claim or defense that shares with the main action a common question of law or fact." *See also Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court."). Intervention is allowed liberally in class actions because, as one court has held, "only parties may appeal, [and] it is vital that district courts freely allow the intervention of unnamed class members who object to proposed settlements and want an option to appeal an adverse decision." *Crawford v. Equifax Payment Serv., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000). The court must, however, "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," including consideration of the timeliness of the motion. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir.1998).

Ms. Harper filed a similar putative class action as the instant one in the Northern District of Illinois against her loan provider Arrow Financial for violation of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227. Ms. Harper now asks this court to either stay the class action filed before it as to the Arrow Financial class members, or permit her to intervene as a party plaintiff in this action. In the class action before this court, class counsel attempts to settle all claims against Arrow Financial for violation of the TCPA, which would include Ms. Harper's claims, despite not having a class representative whose loans were serviced by Arrow Financial. Moreover, the record before the court indicates that Arrow Financial class members, who appear also to be primarily "charge-off" class members, are limited in their recovery to

prospective relief, while the remaining class members are not so limited. Whether the "charge-off" class members were adequately represented during the settlement negotiations is a question that this court must address before approving the settlement in this case. Accordingly, the court deems it appropriate to have a class representative from this particular group before the final approval hearing and therefore approves Ms. Harper's request for intervention.

Next the court must consider whether Ms. Harper's motion to intervene will unduly delay or prejudice the adjudication of the rights of the original parties. Although the parties entered into a conditional settlement agreement in November 2010, since that time Defendant Sallie Mae, Inc. has discovered an additional three million potential class members and has informed the court that class counsel intends to file a third amended complaint adding an additional class representative. (Opp'n (Dkt. # 140) at 1 n.1.) Regardless of the parties' conditional settlement agreement or prior memorandum of understanding, there is no doubt that with new class members comes new issues to resolve. For example, the parties must agree on a supplemental class notice as well as a method for ensuring sufficient settlement funds to cover the additional class members. Therefore, given the current state of flux, the court is satisfied that allowing Ms. Harper to intervene will be no more disruptive and prejudicial to the parties than their own actions have been to date.

For the reasons stated above, the court GRANTS Ms. Harper's motion to intervene as a party plaintiff in the above-captioned matter (Dkt. # 134). The parties shall file a joint status report with the court by no later than July 15, 2011.

1 | Dated this 6th day of June, 2011.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER GRANTING INTERVENTION - 4