1

THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
WASHINGTON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MARK A. ARTHUR, CIRILO MARTINEZ,
HEATHER MCCUE, PARI NAJAFI, and on
behalf of themselves and all others similarly
situated,

                    Plaintiffs,

     v.

SALLIE MAE, INC.,

                  Defendant.

_____

JUDITH HARPER,

              Plaintiff/Intervenor,

     v.

ARROW FINANCIAL SERVICES, LLC,

                  Defendant.

NO.  C10-0198 JLR

**CLASS PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF
AMENDED SETTLEMENT
AGREEMENT**

**Noted for Consideration:  10/28/11**

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

**TABLE OF CONTENTS**

2

Page No.

3

I.    INTRODUCTION ...............................................................................................1

4

II.   STATEMENT OF THE FACTS ........................................................................4

5

      A.    Relevant Factual Background......................................................................4

6

      B.    Plaintiffs Thoroughly Investigated the Claims of the Proposed Class .................6

7

      C.    New Information Prompted the Parties to Negotiate an Improved
8            Settlement ..................................................................................................9

9

      D.    The Proposed Amended Settlement Agreement.................................................11

10

            1.    The Class ........................................................................................12

11

            2.    Prospective Relief for the Settlement Class Members ...........................12

12

            3.    Monetary Relief for the Settlement Class Members ..............................13

13

            4.    *Cy Pres* Distributions ......................................................................15

14

            5.    Class Release ...................................................................................15

15

            6.    Class Representative Stipends.............................................................15

16

            7.    Attorneys' Fees and Costs .................................................................16

17

            8.    Administration and Notice .................................................................16

18

19

III.  ARGUMENT AND AUTHORITY ....................................................................19

20

      A.    Settlement and Class Action Approval Process ..................................................19

21

      B.    The Criteria for Settlement Approval Are Satisfied...........................................20

22

            1.    This Amended Settlement Is the Product of Serious,
23                 Informed, and Arm's-Length Negotiations ...........................................21

24

            2.    The Amended Settlement Provides Substantial Relief for
25                 Settlement Class Members ..................................................................22

26

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

3.   The Amended Settlement Treats All Settlement Class Members Fairly ........................................................23

4.   The Amended Settlement Is Fair and Reasonable in Light of the Alleged Claims and Defenses ...............................24

5.   The Amended Settlement Class Representative Enhancement Awards Are Reasonable ...........................................26

6.   The Requested Attorneys' Fees and Costs Are Fair and Reasonable ........................................................26

C.   Provisional Certification of the Class Is Appropriate.............................27

D.   The Proposed Notice Program Is Constitutionally Sound...................29

E.   Scheduling a Final Approval Hearing Is Appropriate .........................30

IV.   CONCLUSION ........................................................................................30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

# TABLE OF AUTHORITIES

2

Page No.

3

## FEDERAL CASES

4

*AT&T Mobility LLC v. Concepcion*,
5
    -- U.S. --, 131 S. Ct. 1740 (2011) ................................................................3, 25

6

*Bellows v. NCO Fin. Sys., Inc.*,
    No. 07-CV-1413 W(AJB), 2009 WL 35468 (S.D. Cal. Jan 5, 2009)........................27, 28
7

8

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) ................................................................19

9

*Connor v. Automated Accounts, Inc.*,
10
    202 F.R.D. 265 72 (E.D. Wash. 2001) ................................................................29

11

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
    No. 05-05437 RBL, 2008 WL 1901988 (W.D. Wash. Apr. 24, 2008) ........................26
12

13

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................21

14

*Hansen v. Ticket Track, Inc.*,
15
    213 F.R.D. 412 (W.D. Wash. 2003) ................................................................28

16

*Hughes v. Microsoft Corp.*,
17
    No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001)..........21

18

*In re Bluetooth Headset Prods. Liab.*,
    --- F.3d ---, 2011 WL 3632604 (August 19, 2011) ........................................26
19

20

*In re Mego Fin. Corp. Secs. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ................................................................23, 26

21

*In re Phenylpropanolamine (PPA) Prods. Liability Litig.*,
22
    227 F.R.D. 553 (W.D. Wash. 2004) ................................................................21, 23

23

*Kavu, Inc. v. Omnipak Corp.*,
    246 F.R.D. 642 (W.D. Wash. 2007) ................................................................25, 28
24

25

*Kenro, Inc. v. Fax Daily, Inc.*,
    962 F. Supp. 1162 (S.D. Ind. 1997) ................................................................25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdlaw.com

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) ........................................................................28

*Moore v. Firstsource Advantage, LLC*,
    No. 07-CV-770, 2011 WL 4345703 (W.D.N.Y. Sept. 15, 2011) ...........................3, 6, 25

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) .....................................................................................29

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) .................................................................21

*Rodriguez v. Carlson*,
    166 F.R.D. 465 (E.D. Wash. 1996) ..................................................................28

*Satterfield v. Simon & Schuster, Inc.*,
    569 F.3d 946 (9th Cir. 2009) .............................................................................4

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ............................................................................18

*Wright v. Linkus Enter., Inc.*,
    259 F.R.D. 468 (E.D. Cal. 2009) ....................................................................27

**FEDERAL STATUTES**

47 U.S.C. § 227 *et seq.* .................................................................................1, 4, 5, 7

**FEDERAL RULES**

Fed. R. Civ. P. 23(a) .........................................................................................28

Fed. R. Civ. P. 23(b)(3) .................................................................................28, 29

**OTHER AUTHORITIES**

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.25 (4th ed. 2002) .........19

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.41 (4th ed. 2002) .........19

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

In the Matter of Rules and Regulations Implementing the Telephone Consumer
   Protection Act of 1991, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications
   Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) ....................................................................24

Manual for Complex Litigation § 13.14 ..............................................................................20

Manual for Complex Litigation § 21.312 ............................................................................29

Manual for Complex Litigation § 21.62 ..............................................................................26

Manual for Complex Litigation § 21.632 .......................................................................20, 27

Manual for Complex Litigation § 21.633 ............................................................................27

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - v
CASE NO. C10-0198 JLR

# I.  INTRODUCTION

In this class action lawsuit, Plaintiffs allege that Sallie Mae, Inc. and/or other affiliates or subsidiaries of SLM Corporation (collectively, "Sallie Mae") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., by contacting Plaintiffs and Class Members on their cellular telephones through the use of automatic telephone dialing systems and/or using an artificial or prerecorded voice without their prior express consent ("automated calls").  Last year, Plaintiffs Arthur, Martinez, and Najafi reached a settlement with Sallie Mae that resolved these claims ("Original Settlement" or "Original Agreement").[1]  The Court preliminarily approved the Original Settlement, finding it to be within the "range of reasonableness" for preliminary settlement approval.  (Dkt. No. 39.)  The Original Settlement provided substantial benefits to Settlement Class Members.  First, the Original Settlement provided substantial prospective relief, prohibiting Sallie Mae from making automated calls to the cellular phone of any settlement class member who submitted a revocation form.  Second, the Original Settlement required Sallie Mae to pay $19.5 million into a settlement fund ("Fund"), out of which eligible settlement class members who filed qualified claims would receive a cash award or a reduction award; $85,000 for a dedicated *Cy Pres* fund to cover the claims of certain settlement class members who do not have, and never have had, lending or servicing relationships with Sallie Mae; and $45,000 for additional, targeted publication notice to reach those settlement class members.

The final approval hearing was set for December 17, 2010, but the Court continued the hearing out of a concern that: (1) class members had not been provided adequate time or information to object to Plaintiffs' attorneys' fees request; and (2) the notice sent to class members did not identify by name all the subsidiaries of SLM Corporation that Plaintiffs allege made automated calls and that would be released by the Settlement.  Accordingly, the Court

---

[1]  For purposes of this motion, capitalized terms used herein shall have the meaning ascribed to them in the Amended Agreement, unless otherwise defined.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 1
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  extended the deadline for objections to Plaintiffs' attorneys' fees application to March 18,

2  2011; ordered supplemental publication notice; and re-set the final approval hearing for April

3  13, 2011.

4      Subsequent to the original December 2010 final approval hearing, Sallie Mae twice

5  informed Plaintiffs and the Court that it had identified additional Settlement Class Members

6  who had not received notice of the Original Settlement, a number that ultimately turned out to

7  be approximately 3 million unnoticed Settlement Class Members.  Settlement negotiations were

8  re-opened in order to address these additional Settlement Class Members.  During those

9  negotiations, the parties also addressed issues that arose during the course of the original

10 settlement approval process.  Two mediations were held regarding appropriate settlement relief

11 for additional Settlement Class Members, one on March 16, 2011, and another on August 3,

12 2011.  On October 7, 2011, Arthur, Martinez, Najafi, McCue, and Sallie Mae (collectively the

13 "Parties") executed an Amended Settlement Agreement (the "Amended Settlement" or

14 "Amended Agreement").

15     The Amended Settlement provides substantial relief for the Settlement Class.  Under the

16 terms of the Amended Settlement, Sallie Mae has agreed to pay an additional $4.65 million into

17 the Fund to cover Cash Awards, Reduction Awards, Class Notice, and claims administration

18 for the expanded Settlement Class, for a new total of $24.15 million. Sallie Mae also has agreed

19 to pay an additional $130,000 for a Dedicated *Cy Pres* Distribution and additional notice.  In

20 addition, persons who were at one time 180 days or more delinquent but later paid off their

21 loans are now eligible for a Cash Award (since they do not have an account against which to

22 offset a Reduction Award) and will also now receive notice of their right to make such a claim.

23     The Amended Settlement also benefits *all* Settlement Class Members by establishing

24 new, extended deadlines for the submission of claims, revocation requests, exclusion requests,

25 and objections.  Accordingly, new mail and/or email Class Notice will be disseminated to all

26 Settlement Class Members for whom Sallie Mae has contact information—including

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 2
CASE NO. C10-0198 JLR

1   Settlement Class Members who received notice under the terms of the Original Settlement—

2   with a third round of Publication Notice to all other Settlement Class Members.  This new

3   notice lists the subsidiaries or affiliates of SLM Corporation that may have made automated

4   calls, and specific notices have been designed for various categories of Settlement Class

5   Members (i.e., those who filed claims, those who filed revocation requests, those who filed a

6   request for exclusion, and those who have not filed any claim or request) in order to minimize

7   confusion.  These monetary and procedural benefits are above and beyond the core prospective

8   relief provided to the Settlement Class:  the ability to stop the automated calls that gave rise to

9   this lawsuit.

10          As with the Original Settlement, the most important benefit of the Amended Settlement

11  is that it provides substantial prospective and monetary relief without exposing Plaintiffs and

12  Settlement Class Members to the risks of litigation.  As Plaintiffs explained in detail in their

13  preliminary approval motion last fall (Dkt. No. 32), this action involves sharply opposing

14  positions on an issue of first impression – i.e., whether the TCPA allows prior express consent

15  for automated calls to a cellular telephone to be given at any time after origination of a credit

16  relationship.  Plaintiffs assert, based on certain rulings from the Federal Communications

17  Commission (the "FCC"), that consent must be given at origination.  Sallie Mae asserts that

18  Plaintiffs' construction of the rulings is incorrect, and will rely on a recent decision from the

19  U.S. District Court for the Western District of New York to support its position.  *See Moore v.*

20  *Firstsource Advantage, LLC*, No. 07-CV-770, 2011 WL 4345703, *10 (W.D.N.Y. Sept. 15,

21  2011) (holding that "prior express consent" may be provided after an account is opened).  This

22  key issue remains hotly disputed and there is no guarantee that Plaintiffs and Class Members

23  would recover *any* prospective or monetary relief if the case were fully litigated.

24          The risks of continued litigation have also increased since last year due to the Supreme

25  Court's decision in *AT&T Mobility LLC v. Concepcion*, -- U.S. --, 131 S. Ct. 1740 (2011), as a

26

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 3
CASE NO. C10-0198 JLR

result of which  Sallie Mae would have a basis to argue that the claims of many Settlement

Class Members must be sent to individual arbitration.

For these reasons, and those detailed below, Plaintiffs respectfully request that the Court

take the following initial steps in the settlement approval process: (1) grant preliminary

approval of the proposed Amended Settlement; (2) provisionally certify the proposed

nationwide Settlement Class and appoint Mark Arthur, Cirilo Martinez, Para Najafi, and

Heather McCue as Class Representatives; (3) approve the notice plan and forms of Class

Notice and order provision of Class Notice; (4) appoint as Class Counsel the law firms of

Terrell, Marshall Daudt & Willie PLLC, Lieff Cabraser Heimann & Bernstein, LLP, Meyer

Wilson Co., LPA; Hyde & Swigart, Law Offices of Douglas J. Campion, and Kazerounian Law

Group (collectively "Class Counsel"); (5) appoint The Garden City Group, Inc. to serve as the

independent Claims Administrator; and (6) schedule a formal fairness hearing on final

settlement approval at the Court's convenience.

## II.  STATEMENT OF THE FACTS

### A.      Relevant Factual Background

Sallie Mae, Inc.'s primary business is to originate and service student loans.  *See*

Corporate Overview, available at http://SallieMae.com/about/corp_leadership/ (last visited

August 31, 2011).  Sallie Mae, Inc. is a subsidiary of SLM Corporation ("SLM"), a holding

company.  There are additional subsidiaries and/or affiliates of SLM, which engage in various

businesses, including the purchase and collection of debt.

Plaintiffs brought this case as a consumer protection class action under the TCPA, 47

U.S.C. § 227(b)(1)(A), alleging that Sallie Mae has engaged in a systematic practice of making

the automated calls at issue – i.e., calls to consumers' cellular telephones through the use of

automatic telephone dialing systems and/or an artificial or prerecorded voice without their prior

express consent.[2]  *See generally* Third Class Action Complaint for Damages and Injunctive

---

[2] The term "calls" is used in the Amended Settlement and herein as defined by caselaw and relevant FCC rulings
to cover text messages.  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (citing FCC

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 4
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Relief Pursuant to 47 U.S.C. § 27 *et seq*. (Dkt. No. 164).  Plaintiff Najafi's son and Plaintiffs Mark A. Arthur, Cirilo Martinez, and Heather McCue each took out a number of loans with Sallie Mae to cover the cost of their schooling.  *Id*. ¶¶ 15, 19, 23, 27.

Plaintiffs allege that they did not list any cellular telephone number on their Signature Student Loan Applications, Promissory Notes, or on any other documents at any time during the transaction that resulted in the debt owed to Sallie Mae, nor did they verbally provide Sallie Mae with a cellular phone number at any time during the transaction that resulted in the debt owed to Sallie Mae.  *Id*. ¶¶ 16-17, 20-21, 24-25, 29.  Plaintiff Martinez alleges that he did not even own a cellular phone at that time.  *Id*. ¶ 20.  Nonetheless, Sallie Mae allegedly contacted Plaintiffs on Plaintiffs' cellular telephones via automated calls.  *Id*. ¶¶ 32, 33.

The Court granted third-party Plaintiff Judith Harper's motion to intervene.  Dkt. No. 154.  Ms. Harper has not been appointed as a Class Representative, and her counsel have not been appointed as Class Counsel.  Dkt. No. 173.  Ms. Harper and her counsel were informed of the upcoming mediation, which was rescheduled at their insistence (and at substantial cost to Class Counsel and Sallie Mae due to the late cancellation) from its originally-scheduled date on June 13, 2011 to August 3, 2011. *See* Supplemental Declaration of Honorable Edward A Infante (Ret.) ("Supp. Infante Decl.") ¶ 12.  But Darrell Palmer, primary counsel for Ms. Harper, arrived more than three hours late to the mediation and did not participate in negotiations regarding relief for additional Settlement Class Members. *Id.* ¶¶ 14, 18.[3]  Sallie Mae and Ms. Harper did attempt to resolve Ms. Harper's individual claims, but the negotiations were not successful and Harper's counsel walked out of the mediation before it was concluded.

---

rulings that specifically that the prohibition on using automatic telephone dialing systems to make calls to wireless phone numbers applies to text messages as well as voice calls).

[3] Two other attorneys for Ms. Harper arrived on time for the August 3 mediation, but did not participate in discussions related to the Amended Settlement.  Unlike the Arthur Plaintiffs and Najafi, Ms. Harper had not been appointed a Class Representative, nor had her counsel been appointed Class Counsel, a fact the Court confirmed in its August 18, 2011 Order.  Dkt. No. 173.  Harper's complaint that she and her counsel were improperly "excluded" from the negotiation and documentation of the Amended Settlement between the Class and Sallie Mae (Dkt. No. 181 at ¶¶ 2-4) is therefore without merit.  Moreover, as Sallie Mae has noted, the evidence is now clear that Harper is not a Class member in any event.  Dkt. Nos. 167-69.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 5
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    *Id.* ¶ 18.  Judge Infante, who was in contact with all participants during the mediation,

2    including Ms. Harper's counsel, has confirmed his willingness to be available to discuss Ms.

3    Harper's assertions either informally or, should the Court prefer, as a witness. *Id.* ¶ 22.  Class

4    Counsel have no objection to Judge Infante reporting on the conduct of Ms. Harper's counsel at

5    the mediation, including the nature of the demands made.

6         Sallie Mae denies all of Plaintiffs' allegations and claims to possess evidence that

7    certain Plaintiffs and other individuals provided cellular telephone numbers and either

8    expressly requested that Sallie Mae use them or expected that Sallie Mae would do so.  In

9    addition, Sallie Mae maintains that it has internal policies regarding individuals' prior express

10   consent to receiving automated calls to their cellular telephones.  Sallie Mae further would rely

11   upon the reasoning of *Moore*, cited above, to defend against Plaintiffs' claims.

12   **B.    Plaintiffs Thoroughly Investigated the Claims of the Proposed Class**

13        A client first brought this matter to the attention of counsel for Mark Arthur ("*Arthur*

14   Counsel") in August 2009, at which point *Arthur* Counsel thoroughly researched Sallie Mae's

15   practices and applicable authorities.  Declaration of Jonathan D. Selbin in Support of Motion

16   for Preliminary Approval of Settlement ("Selbin Decl.") (Dkt. No. 33) ¶ 8.  *Arthur* Counsel

17   initiated pre-filing discussions with Sallie Mae's corporate representatives by telephonic

18   conference on October 27, 2009, during which the Parties exchanged pertinent information and

19   agreed to continue to work cooperatively towards resolution.  *Id.* ¶¶ 9-10.  This obviated the

20   need for filing a complaint, and counsel therefore agreed to a tolling agreement to preserve the

21   class's rights during the pendency of the settlement discussions.  *Id.* ¶ 14.

22        The Parties engaged in extensive negotiations over the following several months,

23   including an exchange of at least nineteen letters, numerous emails, and many telephone

24   conversations.  *Id.* ¶ 11.  In this correspondence, the Parties thoroughly analyzed the relevant

25   issues, exploring their respective positions on the merits of the action and viability of class

26   certification.  *Id.*  The Parties' correspondence included the exchange of relevant information

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 6
CASE NO. C10-0198 JLR

1    and documents, including client loan records, form loan applications and promissory notes in

2    use during the class period, and case law and relevant rulemaking by the FCC.  *Id.*  Counsel

3    also set out a rough timeframe for moving forward with additional investigation and settlement

4    proposals.  *Id.*  At all times the negotiations were highly adversarial, non-collusive, and at

5    arm's length.  *Id.* ¶ 12.

6         Concurrent with settlement negotiations, *Arthur* Counsel continued to interview and

7    collect relevant information and documents from affected class members.  Selbin Decl. ¶ 13.

8    After settlement negotiations stalled, Plaintiff Mark Arthur filed the instant action on February

9    2, 2010.  *See generally* Class Action Complaint for Damages and Injunctive Relief Pursuant to

10   47 U.S.C. § 27 *et seq.* (Dkt. No. 1).  Plaintiff Arthur brought the action as a class action

11   pursuant to Rule 23 of the Federal Rules of Civil Procedure.  *Id.*  At the time Plaintiff Arthur

12   filed this action, the Parties' discussion and analysis regarding the relative merits of their

13   respective positions was already at a very mature stage.  Following the filing of Plaintiff

14   Arthur's complaint, over 100 potential class members contacted *Arthur* Counsel to provide

15   additional information and documents supporting Plaintiffs' TCPA claim.  Selbin Decl. ¶ 17.

16        The Parties extended Sallie Mae, Inc.'s time to answer the complaint to allow for

17   mediation.  *Id.* ¶ 19.  The Parties also stipulated to postpone their Fed. R. Civ. P. 26(f)

18   conference scheduled for April 12, 2010 in light of contemplated mediation.  *Id.* ¶ 20.  After

19   independently confirming information learned from Sallie Mae's counsel, Plaintiffs amended

20   the complaint to name Sallie Mae, Inc. as a defendant rather than SLM.  *Id.* ¶ 22. Plaintiff

21   Cirilo Martinez joined the amended complaint filed on April 5, 2010.  *See generally* Amended

22   Class Action Complaint for Damages and Injunctive Relief Pursuant to 47 U.S.C. § 27 *et seq.*

23   (Dkt. No. 21).

24        *Arthur* Counsel requested and received informal discovery of confidential, proprietary

25   information from Sallie Mae on April 6, 2010.  Selbin Decl., ¶¶ 23-24.  Sallie Mae also

26   provided answers to informal questions posed by *Arthur* Counsel.  *Id.* ¶ 25.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 7
CASE NO. C10-0198 JLR

The Parties engaged in lengthy and contentious mediated settlement negotiations before The Honorable Edward I. Infante (Ret.) on April 12, April 20, May 12, and June 21, 2010.  *Id.* ¶¶ 26–28; *see also* Supp. Infante Decl. ¶ 3.  During these mediation sessions, the Parties presented their relative views of the law and the facts and potential relief for the proposed class. *Id.*  Counsel exchanged a series of counterproposals on key aspects of the settlement, including the parameters of the practice changes and monetary relief for the class, and the meaning and interpretation of the eligibility requirements.  Selbin Decl. ¶ 29.

The negotiations were at all times adversarial, non-collusive, and at arm's length.  *Id.* ¶ 30; Supp. Infante Decl. ¶ 4.  During this period, *Arthur* Counsel were in contact with scores of absent class members to gather information about their experiences and problems.  Selbin Decl. ¶ 31.  This information was essential to *Arthur* Counsel's ability to understand the nature of the alleged problem, the language of the loan agreements at issue, and potential remedies. *Id.*  Through the mediated settlement negotiations and the investigation efforts, the Parties reached an agreement in principle pursuant to a mediator's proposal and executed a Memorandum of Understanding on June 23, 2010 ("6/23/10 MOU").  *Id.* ¶ 35.  The 6/23/10 MOU outlined in detail the proposed settlement.

The automated call issues were also brought to the attention of the Law Offices of Douglas J. Campion by their client, Pari Najafi.  Unaware of the investigation and negotiations by Mark Arthur and Cirilo Martinez, Mr. Najafi filed a separate action in the Southern District of California, entitled *Najafi v. SLM Corporation d/b/a Sallie Mae*, Case No. 10 Civ. O530 MMA (CAB) (S.D. Cal. 2010), on March 11, 2010.  The Najafi Class, however, "excludes the original borrowers on the promissory notes and is limited to the cosigners called on their cellular phones."  *Najafi* Complaint ¶ 19.  The class definition in this action already includes the more limited class alleged in *Najafi*.  Once the 6/23/10 MOU was signed, *Arthur* Counsel sent it to *Najafi* Counsel.  *Najafi* Counsel evaluated the 6/23/10 MOU and confirmed that they supported the settlement.  Selbin Decl. ¶ 34.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 8
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Following execution of the 6/23/10 MOU, the Parties engaged in confirmatory discovery, including discovery of facts necessary to reasonably confirm the terms of the 6/23/10 MOU and administrative plans and procedures for compliance with the terms of the settlement.  Selbin Decl. ¶ 36.  In particular, Plaintiffs sought information regarding the number of settlement class members so that they could assess whether the terms of the MOU provided adequate relief for the class.  *See* Declaration of Jonathan D. Selbin in Support of Plaintiffs' Motion for Preliminary Approval of Amended Settlement Agreement ("Supp. Selbin Decl.") ¶ 2; *see also* Supp. Infante Decl. ¶ 7 (noting "[the Class size was of critical importance to Class counsel").  Plaintiffs propounded written interrogatories and document requests.  Selbin Decl. ¶ 36.  Sallie Mae responded.  *Id*.  *Arthur* Counsel reviewed Sallie Mae's written discovery responses.  *Id*.  The confirmatory discovery, which indicated a total class of 4.885 million class members, did not change Plaintiffs' views of the agreed-upon settlement.  Selbin Decl. ¶¶ 36-37.  With the 6/23/10 MOU in place, the Parties turned to the settlement agreement, claim forms, and notice documents and executed the Original Agreement on September 2, 2010. Selbin Decl. ¶ 38.  *Arthur* Counsel worked in close consultation with the Claims Administrator throughout this process.  *Id*.

**C.     New Information Prompted the Parties to Negotiate an Improved Settlement**

On September 17, 2010, this Court granted preliminary approval of the Original Agreement, directed that notice be sent to Original Settlement Class Members, and set a schedule for the approval process.  Dkt. No. 39.  After notice was mailed, Plaintiffs filed their motions for final approval and for attorneys' fees and costs and responded to objections.  Dkt. Nos. 50–61, 78–81, 86–87.  The final approval hearing was set for December 17, 2010, but the Court continued the hearing out of a concern that: (1) Class Members had not been provided adequate time or information to object to Plaintiffs' attorneys' fees request; and (2) the notice sent to class members did not identify by name all the subsidiaries of SLM Corporation that

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 9
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  Plaintiffs allege made automated calls and that would be released by the Settlement.  Dkt. Nos.

2  89, 103.

3         On January 20, 2011, Sallie Mae's counsel first informed Class Counsel that additional

4  potential Settlement Class Members had been identified.  Supp. Selbin Decl. ¶ 3.  On February

5  7, 2011, Sallie Mae informed Class Counsel and the Court that the additional Settlement Class

6  Members numbered 1.762 million.  *Id.* ¶ 4.  This new information prompted Plaintiffs to file a

7  motion to stay implementation of the Original Settlement so that they could assess the impact

8  of this new information on the fairness of the Original Settlement.  Dkt. No. 125.  Plaintiffs'

9  motion was granted on February 10, 2011.  Dkt. No. 129.  During the stay, Class Counsel

10 conducted a Fed. R. Civ. P. 30(b)(6) deposition on issues related to the newly-identified

11 Settlement Class Members and propounded written discovery regarding Sallie Mae's affiliates

12 and subsidiaries that may have made automated calls to potential Settlement Class Members

13 and that thus should be included in the amended notice to the Settlement Class.  Supp. Selbin

14 Decl. ¶ 5.  The Parties also agreed to re-open settlement negotiations under the supervision of

15 the Honorable Edward A. Infante (Ret.) of JAMS.  Supp. Selbin Decl. ¶ 6.

16        On March 16, 2011 the Parties participated in an in-person mediation with Judge

17 Infante.  Supp. Selbin Decl. ¶ 7; *see also* Supp. Infante Decl. ¶¶ 9–10.  At the mediation, the

18 Parties addressed not only appropriate relief for the newly-identified Settlement Class

19 Members, but also took the opportunity to address issues that arose during the original approval

20 process.  Supp. Selbin Decl. ¶ 7.  The negotiations culminated in a Memorandum of

21 Understanding ("3/16/2011 MOU").  *Id.*

22        On May 20, 2011, Sallie Mae informed Plaintiffs and the Court that it had identified an

23 additional 1.3 million Settlement Class Members.  Dkt. No. 153.  In a June 6, 2011 Order, the

24 Court noted that Sallie Mae's identification of new Settlement Class Members raised new

25 issues that required resolution.  Dkt. No. 154 at 3:7–19.  In addition, the Court deemed it

26 appropriate to have a plaintiff to represent the interests of those Settlement Class Members

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 10
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdlaw.com

1   whose loans had been "charged off" and thus were entitled to only prospective relief under the

2   settlement. *Id.* at 3:1–7.

3       The Parties devoted the next two months to addressing these issues. On June 9, 2011,

4   Plaintiffs filed a motion to amend the complaint to add Heather McCue as a named Plaintiff.

5   Dkt. No. 155. As a Settlement Class Member with a charged off loan, Ms. McCue is entitled to

6   only prospective relief under the settlement. The Court granted this motion on July 25, 2011.

7   Dkt. No. 163. Ms. McCue, who will not receive any compensation for participating in this

8   action, including a class representative stipend, reviewed the Third Amended Complaint and

9   approved it. Supp. Selbin Decl. ¶ 17. Further, on July 29, 2011 pursuant to Fed. R. Civ. P.

10  30(b)(6), Class Counsel deposed (for a second time) the person most knowledgeable at Sallie

11  Mae regarding the identification of the additional 1.3 million Settlement Class Members. Supp.

12  Selbin Decl. ¶ 9. The testimony provided at this deposition convinced Class Counsel that Sallie

13  Mae had identified all Settlement Class Members and that the Parties were armed with accurate

14  information such that they could return to mediation. *Id.*

15      On August 3, 2011, the Parties participated in a final mediation session with Judge

16  Infante, which resulted in an updated Memorandum of Understanding ("MOU") and eventually

17  the proposed Amended Settlement, the key terms of which are summarized in the next section.

18  Supp. Selbin Decl. ¶ 10; Supp. Infante Decl. ¶ 14. Class Counsel will not seek any additional

19  attorneys' fees, costs, or incentive payments from the additional money paid into the Fund.

20  Supp. Selbin Decl. ¶ 11(f); Supp. Infante Decl. ¶ 15. All additional money will directly benefit

21  Settlement Class Members. Supp. Selbin Decl. ¶ 9.

22  **D.      The Proposed Amended Settlement Agreement**

23      The Amended Settlement's details are contained in the Amended Agreement signed by

24  the Parties, a copy of which is attached as Exhibit 1 to this memorandum. The Amended

25  Agreement: (1) extends the benefits of the Original Settlement to Supplemental Settlement

26  Class Members; (2) provides a Cash Award to persons who were at one time 180 days or more

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 11
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   delinquent, but later paid off their loans; (3) extends deadlines for claims, objections and opt

2   outs for *all* Class Members; and (4) provides for new notice to *all* Class Members.  For

3   purposes of preliminary approval, the following summarizes the Amended Agreement's terms.

4         1.     The Class

5   The " Class" includes:

6           All persons to whom, on or after October 27, 2005 and through
    September 14, 2010, Sallie Mae, Inc. or any other affiliate or

7           subsidiary of SLM Corporation placed a non-emergency
    telephone Call to a cellular telephone through the use of an

8           automatic telephone dialing system and/or an artificial or
    prerecorded voice.  Excluded from the Settlement Class are SLM

9           Corporation, Sallie Mae, Inc. and any other affiliate or subsidiary
    of SLM Corporation, and any entities in which any such

10          companies has a controlling interest, the Judge to whom the
    Action is assigned and any member of the Judge's staff and

11          immediate family, as well as all persons who validly request
    exclusion from the Settlement Class.

12  Amended Agreement § II(DD).

13        2.     Prospective Relief for All Settlement Class Members

14       Like the Original Settlement, the primary focus of the Amended Settlement is

15  prospective practice changes.  Specifically, for Settlement Class Members who execute a valid

16  and timely request ("Revocation Request"), Sallie Mae shall not make use of, nor knowingly

17  authorize anyone acting on its behalf to make use of, automated calls to their cellular

18  telephones.  Amended Agreement § III(C)(1)(a).  The Revocation Request will revoke Sallie

19  Mae's ability to make automated calls to their cellular phones.  *Id.*  Approximately 75,268

20  Class Members have already taken advantage of this relief by submitting a Revocation Request

21  form to the Settlement Administrator.  Supp. Selbin Decl., ¶ 10.[4]  If any Class Member chooses

22  not to submit a Revocation Request, the Parties agree that Sallie Mae may contact such persons

23  at any phone numbers reflected in the relevant records.  *Id.* § III(C)(1)(a).  Sallie Mae agrees to

24  implement the Revocation Requests by no later than 120 days after the Effective Date.  *Id.*  The

25  Amended Settlement requires Sallie Mae to instruct each Class Member how to make the

26  _____

[4] Such Class members will not need to resubmit a Revocation Request form under the Amended Settlement.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 12
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  Revocation Request, clearly and in plain English, in a single page document made available by

2  E-mail Notice, Mail Notice, and Internet Notice.  Amended Agreement § III(C)(1)(a).  Each

3  Notice includes a link to an Internet site, which the Claims Administrator activated in

4  September 2010 and will remain accessible for a period of 180 days after the Effective Date.

5  *Id*.

6          3.       Monetary Relief for the Settlement Class Members

7          In addition to the core prospective relief for the Settlement Class, the Amended

8  Settlement also requires Sallie Mae to create the Fund, out of which eligible Class Members

9  who file a qualified claim will receive a Monetary Award, and to pay agreed extra amounts for

10  Class Notice and the Dedicated *Cy Pres* Distribution.  Amended Agreement § III(C)(2).  The

11  amount of each Settlement Class Member's Cash Award or Reduction Award will be based on

12  a *pro rata* distribution, depending on the number of valid and timely claims.  *Id*. § III(C)(2)(g).

13  Approximately 104,576 Settlement Class Members already submitted claim forms under the

14  Original Settlement.  Supp. Selbin Decl, ¶ 11.[5]  It is not possible to predict a precise amount of

15  the Cash Award or Reduction Award until all claims have been submitted and are processed.

16  However, based on the Original Settlement's claims rate and in light of the additional money

17  that Sallie Mae has agreed to pay, the Parties estimate that even with the additional Settlement

18  Class Members, the amount of the Cash Award or Reduction Award will be within the same

19  range reported to the Court at the December 17, 2010 hearing, i.e., at a minimum, $20-$40.

20  Supp. Selbin Decl. ¶ 12; *see also* Amended Agreement § III(C)(2)(d).  In other words,

21  Supplemental Settlement Class Members are eligible for the same monetary benefits as those

22  who submitted claim forms under the Original Settlement.  In no event shall the Cash Award or

23  Reduction Award exceed a total of $500 per Settlement Class Member.  Amended Agreement

24  § III(C)(2)(b).

25

26

---

[5] Such Settlement Class Members will not need to resubmit a claim form under the Amended Settlement.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 13
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2          Settlement Class Members will be eligible for three types of benefits, depending upon

3     the status of their extensions of credit.  First, eligible Settlement Class Members who have

4     never been 180 days or more delinquent on their payments on extensions of credit owned or

5     serviced by Sallie Mae have the choice to file a claim for either: (i) a cash payment (the "Cash

6     Award"); or (ii) a one-time reduction from the principal balance of their outstanding extension

7     of credit (the "Reduction Award").  Amended Agreement § III(C)(2)(b).  This group includes

8     all loan co-signors.

9          Second, Settlement Class Members who have, at any time, been 180 days or more

10    delinquent on their payments on extensions of credit owned or serviced by Sallie Mae but who

11    ultimately paid the full amount owed under the terms of the relevant agreement shall be eligible

12    for a Cash Award rather than a Reduction Award.  Amended Agreement § III(C)(2)(b)-(c).  All

13    other Settlement Class Members who have, at any time, been 180 days or more delinquent on

14    their payments on extensions of credit owned or serviced by Sallie Mae are still eligible for a

15    monetary award, but in the form of a Reduction Award, not a Cash Award.  *Id.*

16         Third, Settlement Class Members whose extensions of credit have been charged off for

17    accounting purposes shall not be entitled to a Cash Award or Reduction Award.  Amended

18    Agreement § III(C)(2)(e); *but see infra* § III(C)(4).  (*Cy Pres* Relief for the Class Members).

19    The reasons for this distinction are discussed below in Section III.B.3.

20         In order to exercise the right to obtain the relief outlined above, Settlement Class

21    Members need only complete a simple, one-page claim form and provide it to the Claims

22    Administrator.  (*See* Exh. A to the Amended Agreement).  Settlement Class Members will have

23    165 days following the Court's entry of an Amended Preliminary Approval Order to submit

24    their Claim Forms.  Amended Agreement § III(L)(2).  Settlement Class Members must submit

25    a simple Claim Form, including their name, whether they elect a Cash Award or Reduction

26    Award, confirmation they received a cellular telephone call through the use of an automated

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 14
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  telephone dialing system and/or an artificial or prerecorded voice, and an electronic or written

2  signature.  *Id*. § III(C)(2)(h).

3          4.      *Cy Pres* Distributions

4          Sallie Mae will make a Dedication *Cy Pres* Distribution of $85,000 to a Court-

5  approved, non-profit charitable organization with the mission of promoting access to higher

6  education.  This is intended to address claims held by Settlement Class Members who do not

7  have, and have not had, extensions of credit owned or serviced by Sallie Mae or whose

8  extensions of credit have been "charged off."  In addition, if there are residual amounts in the

9  Fund, following the payments contemplated by the Amended Settlement, they also will be

10  donated to such an organization.

11          5.      Class Release

12          In exchange for the benefits allowed under the Amended Settlement, Settlement Class

13  Members who do not opt out will provide a release tailored to the practices at issue in this case.

14  Specifically, they will release any and all rights, duties, obligations, claims, actions, causes of

15  action or liabilities as of the date of the Final Approval Order: "(i) that arise out of or are

16  related in any way to the use of an "automatic telephone dialing system" and an "artificial or

17  prerecorded voice" to a cellular telephone . . . to contact or attempt to contact Settlement Class

18  Members;" or "(ii) that arise out of or relate in any way to the administration of the

19  Settlement."  Amended Agreement § III(N).

20          6.      Class Representative Stipends

21          The Amended Agreement provides $2,500 stipends for Mark Arthur, Cirilo Martinez,

22  and Pari Najafi, who served as a class representative in the two cases in recognition of their

23  service to and efforts on behalf of the Class.  Agreement § III(D).  These stipends are in

24  addition to the relief Mr. Arthur, Mr. Martinez, and Mr. Najafi will be entitled to under the

25  terms of the Amended Settlement.  These awards will compensate the representatives for their

26  time and effort and for the risk they undertook in prosecuting the cases against Sallie Mae.

They all were kept informed of the litigation as it developed and all were kept abreast of, and

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 15
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  signed off on, the Original Settlement and proposed Amended Settlement.  Further, they

2  committed to participating in the litigation in whatever capacity needed should settlement not

3  be reached.  Plaintiffs seek no stipend for Heather McCue, a Charged Off Settlement Class

4  Member.

5      7.    Attorneys' Fees and Costs

6      The Amended Agreement provides that Sallie Mae will not contest Plaintiffs'

7  application to this Court for payment of attorneys' fees and expenses in the amount of

8  $4,830,000, which is equal to 20 percent of the Fund, without assigning any value to the core

9  prospective relief obtained for the Class.  Amended Agreement § III(E).  As addressed below

10  (and as will be further addressed at final approval), this amount is below the Ninth Circuit's

11  benchmark for compensating plaintiffs' counsel in common fund class action settlements for

12  the work they have performed in procuring a settlement for the class, as well as the work

13  remaining to be performed in documenting the settlement, securing Court approval of the

14  settlement, overseeing settlement implementation and administration, assisting class members,

15  and obtaining dismissal of the action.  The enforceability of the Amended Agreement is not

16  contingent on the amount of attorneys' fees and costs awarded, subject to a cap of $4,830,000.

17  Plaintiffs will not seek additional fees or costs.

18      8.    Administration and Notice

19      As set forth in the Amended Agreement, all costs of notice and claims administration

20  will be paid from the Fund.  This Court previously appointed Garden City Group, Inc. ("Garden

21  City") as Claims Administrator.  *See* Dkt. No. 39.  The Parties have agreed that Garden City

22  also will administer the Amended Settlement's claims resolution process, subject to review by

23  Class Counsel, which include the following duties: (1) issuing Class Notice and Claim Forms;

24  (2) calculating and issuing settlement payments; (3) responding to Settlement Class Member

25  inquiries regarding the claims administration process; and (4) calculating and issuing Form

26  W-2s and Form 1099s and any other required state and federal tax forms.  Amended Agreement

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 16
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

§§ III(C)(3), III(L).  Sallie Mae has agreed to cooperate with Garden City to ensure that it has all of the information it needs to perform these tasks.  *Id*. § III(L)(1).

Within 30 days of entry of the Amended Preliminary Approval Order, Garden City shall issue a new Class Notice to all potential Settlement Class Members.  Agreement §§ III(F), (G). The content of the Class Notice will be tailored to reflect the status of individual Settlement Class Members.  Settlement Class Members who received notice of the Original Settlement and have filed a Claim Form will be sent one version of the Class Notice.  Settlement Class Members who received notice of the Original Settlement and filed a Revocation Request only will be sent another version.  A Class Member who received notice of the Original Settlement and filed an exclusion request will be sent another version.  All other Settlement Class Members, including newly identified Settlement Class Members, will be sent a fourth version. Supplemental Declaration of Jennifer M. Keough Regarding Supplemental Class Notice of the Amended Settlement Agreement ("Supp. Keough Decl.") ¶ 8.  All four versions will inform Settlement Class Members of: (1) the benefits that the Amended Settlement provides, including the new benefits; (2) new extended deadlines for all Settlement Class Members to file a Claim Form and/or Revocation Request, opt out of the Amended Settlement, withdraw a past exclusion request, and object to the Amended Settlement or to Plaintiffs' attorneys' fees and costs request; and (3) the date for the hearing on final approval.  *Id.* ¶ 4.

Garden City also will tailor the manner by which Class Notice is sent to the individual circumstances of the Settlement Class Member.  Supp. Keough Decl. ¶¶ 6–7.  Settlement Class Members for whom an email address can be identified and who have not opted out of receiving email from Sallie Mae will receive notice by email, in accordance with Sallie Mae's currently existing email opt-out policies.  Amended Agreement § III(G)(2).  For those Settlement Class Members who do not have email addresses or who opted out, Garden City will mail notice via U.S. mail.  *Id.* § III(G)(3).

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 17
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Garden City has twice published notice of the Original Settlement and will publish notice of the Amended Settlement in two separate national newspapers: *USA Today* and the *Wall Street Journal*.  Amended Agreement § III(G)(4).  Sallie Mae has contributed $45,000 for Publication Notice to reach Settlement Class Members who do not have, and have not had, any lending or servicing relationship with Sallie Mae.  Class Counsel also agreed to reduce (and has reduced) its fee request from the Fund in the amount of $45,000 in order to pay for additional notice to Settlement Class Members of their request for attorneys' fees and costs.  *Id.* § III(G)(4).

Garden City has established and will maintain a Settlement Website.  The Settlement Website shall provide generalized information, including the Amended Settlement Agreement, the Class Notice (including Publication Notice), the Amended Preliminary Approval Order, the Claim Form, and the identity of Class Counsel.  *Id.* § III(G)(5).  The Settlement Website shall be maintained by Garden City for 180 days after the Effective Date.  *Id.*  The Settlement Website shall also provide for online submission of claims.  *Id.*  Garden City shall have the authority to administer the claim resolution process subject to review by Class Counsel.  Once the Claims Administrator completes the initial mailing of notice to the Settlement Class, members will have 165 days after Preliminary Approval to submit their Claim Forms along with any Revocation Requests.  *Id.* §§ II(L)(2), III(C)(1)(a).  Any Settlement Class Member who submits an incomplete, inaccurate, and/or incorrect Revocation Request form shall be permitted to re-submit a Revocation Request within 35 days of the sending of notice of the defect by the Claims Administrator.  *Id.* ¶ III(C)(1)(a).  Settlement Class Members will also have 90 days from the entry of the Amended Preliminary Approval Order to submit a written request to opt out of the Settlement Class.  *Id.* § III(H)(1); *cf. Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) (approving notice sent 31 days before the deadline for objections).  Garden City will calculate the proportionate recoveries of qualified claimants and

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 18
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    issue checks to those individuals within 75 days after the Effective Date (and after the appeals

2    period has run), assuming the Court has granted final approval.  *Id*. § III(C)(3).

3                          **III.  ARGUMENT AND AUTHORITY**

4    **A.       Settlement and Class Action Approval Process**

5            As a matter of "express public policy," federal courts strongly favor and encourage

6    settlements, particularly in class actions and other complex matters, where the inherent costs,

7    delays, and risks of continued litigation might otherwise overwhelm any potential benefit the

8    class could hope to obtain.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

9    1992) (noting the "strong judicial policy that favors settlements, particularly where complex

10   class action litigation is concerned"); *see also* 4 Herbert B. Newberg & Alba Conte, *Newberg*

11   *on Class Actions* ("Newberg") § 11.41 (4th ed. 2002) (citing cases).  The traditional means for

12   handling claims like those at issue here — individual litigation — would unduly tax the court

13   system, require a massive expenditure of public and private resources and, given the relatively

14   small value of the claims of the individual Settlement Class Members, would be impracticable.

15   Thus, the proposed Amended Settlement is the best vehicle for Settlement Class Members to

16   receive the relief to which they are entitled in a prompt and efficient manner. The Manual for

17   Complex Litigation (Fourth) (2004) § 21.63 ("Manual for Compl. Lit.") describes a three-step

18   procedure for approval of class action settlements:

19               (1) Preliminary approval of the proposed settlement at an
                 informal hearing;
20
                 (2) Dissemination of mailed and/or published notice of the
21               settlement to all affected class members; and

22               (3) A "formal fairness hearing" or final settlement approval
                 hearing, at which class members may be heard regarding the
                 settlement, and at which evidence and argument concerning the
23               fairness, adequacy, and reasonableness of the settlement may be
                 presented.
24

25   This procedure, used by courts in this Circuit and endorsed by class action commentator

26   Professor Newberg, safeguards class members' due process rights and enables the court to

     fulfill its role as the guardian of class interests.  *Newberg* § 11.25.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 19
CASE NO. C10-0198 JLR

1    With this motion, Plaintiffs request that the Court take the first step in the settlement

2  approval process by granting preliminary approval of the proposed Amended Settlement.  The

3  purpose of preliminary evaluation of proposed class action settlements is to determine whether

4  the settlement is within the "range of reasonableness," and thus whether notice to the class of

5  the settlement's terms and the scheduling of a formal fairness hearing is worthwhile.  *Id.*  The

6  decision to approve or reject a proposed settlement is committed to the Court's sound

7  discretion.  *See City of Seattle*, 955 F.2d at 1276 (in context of class action settlement, appellate

8  court cannot "substitute [its] notions of fairness for those of the [trial] judge and the Parties to

9  the agreement," and will reverse only upon strong showing of abuse of discretion) (quoting

10  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 626 (9th Cir. 1982)).

11    The Court's grant of preliminary approval will allow all Settlement Class Members to

12  receive notice of the proposed Amended Settlement's terms and the date and time of the

13  "formal fairness hearing," or Final Approval Hearing, at which Settlement Class Members may

14  be heard regarding the Amended Settlement, and at which further evidence and argument

15  concerning the fairness, adequacy, and reasonableness of the Amended Settlement may be

16  presented.  *See* Manual for Compl. Lit., at §§ 13.14, 21.632.  Neither formal notice nor a

17  hearing is required at the preliminary approval stage; the Court may grant such relief upon an

18  informal application by the settling Parties, and may conduct any necessary hearing in court or

19  in chambers, at the Court's discretion.  *Id*. at § 13.14.

20  **B.      The Criteria for Settlement Approval Are Satisfied**

21    While the threshold for preliminary approval requires only that the Amended Settlement

22  fall within a "range of reasonableness" (*see supra*), a preliminary analysis of the final approval

23  criteria shows that Plaintiffs exceed that showing.  At the final approval stage, a proposed

24  settlement may be approved by the trial court if it is determined to be "fundamentally fair,

25  adequate, and reasonable."  *City of Seattle*, 955 F.2d at 1276 (quoting *Officers for Justice*, 688

26

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 20
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   F.2d at 625.  For the reasons set forth below, the proposed Settlement is "fair, adequate, and

2   reasonable" and thus should be preliminarily approved.

3          1.     This Amended Settlement Is the Product of Serious, Informed, and Arm's-
                  Length Negotiations
4
5          The Court's role is to ensure that "the agreement is not the product of fraud or

6   overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as

7   a whole, is fair, reasonable and adequate to all concerned."  *Hanlon v. Chrysler Corp.*, 150 F.3d

8   1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted).  "A presumption of

9   correctness is said to attach to a class settlement reached in arms-length negotiations between

10  experienced capable counsel after meaningful discovery."  *Hughes v. Microsoft Corp.,* No.

11  C98-1646C, C93-0178C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001).  *See also*

12  *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542–43 (W.D. Wash. 2009) (approving

13  settlement "reached after good faith, arms-length negotiations");  *In re Phenylpropanolamine*

14  *(PPA) Prods. Liability Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement

15  "entered into in good faith, following arms-length and non-collusive negotiations").

16         As detailed above, the Amended Settlement is the result of intensive, arm's-length

17  negotiations between experienced attorneys who are familiar with class action litigation and

18  with the legal and factual issues of this case.  Counsel for the Parties are particularly

19  experienced in the litigation, certification, trial, and settlement of nationwide class action cases.

20  In negotiating this Amended Settlement, Class Counsel had the benefit of years of experience

21  and a familiarity with the facts of this case.  Moreover, the Parties engaged in several extensive

22  and contested mediations before an experienced former federal magistrate judge.

23         At all times during settlement negotiations, Class Counsel has insisted upon

24  confirmatory discovery from Sallie Mae regarding the scope of the class.  *See Sections II.B–C,*

25  *supra.*  After Sallie Mae identified additional Settlement Class Members after the Court

26  preliminarily approved the Original Settlement, Class Counsel filed a motion to stay

    implementation of the Original Settlement so that they could assess whether the Original

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 21
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Settlement provided adequate relief for the larger class.  Section II.C, *supra*.  Upon determining that more consideration was necessary to provide adequate relief, Class Counsel insisted that the Parties re-open settlement negotiations.  *Id.*  By the time the Parties had finally agreed to the Amended Settlement terms, Class Counsel were well-positioned to evaluate the strengths and weaknesses of their case, as well as the appropriate basis upon which to settle it.  *Compare Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement, in the absence of any evidence suggesting that the settlement was negotiated in haste or in the absence of information.)

     2.    The Amended Settlement Provides Substantial Relief for Settlement Class Members

The Amended Settlement provides relief for all Settlement Class Members who have received automated calls as described in detail in Section II.D, *supra*, and in the Amended Agreement.  All Settlement Class Members will be able to revoke Sallie Mae's ability to make automated calls to them on a cellular telephone if they do not want to receive such calls. Amended Agreement § III(C)(1).  The process to effectuate this relief is simple and straightforward, involving the submission of a single-page form.

The Amended Settlement also requires Sallie Mae to: (1) pay at least at least $24.15 million into a Fund, out of which eligible Settlement Class Members who file a qualified claim will receive a Cash Award or Reduction Award; (2) pay an additional Dedicated *Cy Pres* Distribution of $85,000; and (3) contribute $45,000 toward additional notice.  While the precise amount of each Settlement Class Member's Cash Award or Reduction Award cannot be known at this time, the Parties' estimate of the same range reported to the Court at the prior final approval hearing represents a substantial amount of money to each Settlement Class Member. As with the prospective relief portion of the Amended Settlement, the claim form for monetary relief is simple and straightforward.  Eligible Class Members need only provide: (1) their name and address; (2) whether they elect a Cash Award or Reduction Award; (3) confirmation they received a cellular telephone call through the use of an automated telephone dialing system and/or an artificial or prerecorded voice; (4) their account number(s) if applicable; (5) the last

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF AMENDED SETTLEMENT AGREEMENT - 22
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

four digits of their social security number (if they have one); and (6) an electronic or written signature.  Amended Agreement § III(C)(2)(h).  The Fund is non-reversionary; any residual amounts remaining after all the payments contemplated by the Amended Settlement will be donated as additional *Cy Pres* monies.

3.     The Amended Settlement Treats All Settlement Class Members Fairly

The Amended Settlement provides each Settlement Class Member with the same core prospective relief, requiring Sallie Mae to halt the use of an automated telephone dialing system and/or an artificial or prerecorded voice to call the cellular telephones of Settlement Class Members who make a Revocation Request.  Amended Agreement § III(C)(1).  The proposed Amended Settlement also provides monetary compensation for all eligible Settlement Class Members based on their loan status.  *Id.* § III(C)(2).

The only segment of the Settlement Class not eligible for a cash payment consists of those Settlement Class Members who have become so delinquent on their accounts that they have been written off as a matter of accounting ("Charged-Off Class Members").  These individuals will not receive a cash payment because, although they share legal claims with other Settlement Class Members, any damages they might recover would be offset by the debt they owe Sallie Mae and from which they have walked away.  Supp. Selbin Decl. ¶ 13.

Because their damages claims are substantially weaker than the other Settlement Class Members, it is appropriate to allocate no monetary relief to Charged-Off Class Members (they are still entitled to the same prospective relief, to wit, stopping the calls).  Such a principled allocation does not create a conflict or raise any adequacy issues.  *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 461–63 (9th Cir. 2000) (no conflict where "a large portion of the class" was left "without recovery" under settlement distribution because they "could never get" damages); *In re PPA Prod. Liab. Litig.*, 227 F.R.D. at 562 ("Placing a lower value on claims that would have been barred by a defense . . . is hardly evidence of a conflict").

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   Moreover, named Plaintiff Heather McCue is a Charged-Off Class Member and fully supports

2   the Amended Settlement.  Supp. Selbin Decl. ¶ 14.

3          4.      The Amended Settlement Is Fair and Reasonable in Light of the Alleged Claims
                   and Defenses
4
              Entering into mediation, Plaintiffs and Class Counsel were confident in the strength of
5
    their case, but also pragmatic in their awareness of the risks inherent to litigation and the
6
    various defenses available to Sallie Mae.  The reality that Settlement Class Members could end
7
    up recovering only a fraction of the Amended Settlement benefits or losing the case at or before
8
    trial was significant enough to convince Plaintiffs and Class Counsel that the Amended
9
    Settlement reached with Sallie Mae outweighs the gamble of continued litigation.

10            Plaintiffs faced the risk of dismissal at a very early stage in this litigation.  This case

11  turns on competing interpretations of, among other things, the FCC's January 4, 2008

12  declaratory ruling, In the Matter of Rules and Regulations Implementing the Telephone

13  Consumer Protection Act of 1991, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications

14  Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (hereinafter "Declaratory Ruling").  The Declaratory

15  Ruling is the FCC's official interpretation of the governing provisions of the TCPA.  The

16  FCC's Declaratory Ruling addresses the meaning of "prior express consent" and states: "prior

17  express consent is deemed to be granted only if the wireless number was provided by the

18  consumer to the creditor, and that such number was provided during the transaction that

19  resulted in the debt owed."  Id. ¶ 10.  Plaintiffs maintain that Paragraph 10 requires that the cell

20  phone number be "provided during the transaction that resulted in the debt owed," i.e., during

21  loan "origination."

22            Sallie Mae, however, has interpreted the term "transaction" broadly to mean any time

23  during the multi-year life of the loan.  Sallie Mae has therefore steadfastly maintained that

24  some or all of the Class Members gave Sallie Mae prior express consent to contact them at their

    cellular phone numbers.  Selbin Decl. ¶ 30.  If the Court found that the FCC's Declaratory
25
    Ruling and/or the TCPA permits "prior express consent" to be given: (1) after loan origination
26
    on documents such as correspondence, updated information forms, forbearance requests, and

1    the like; and/or (2) verbally, Sallie Mae could effectively reduce the recoverable damages or

2    eliminate them altogether.  In addition, even if Plaintiffs prevailed on their interpretation of the

3    FCC's Declaratory Ruling, this is an issue of first impression that, given the amount at stake,

4    would likely be appealed to the Ninth Circuit and perhaps the Supreme Court.  Sallie Mae has

5    been very firm in its position, which has been recently buttressed by the Western District of

6    New York's decision in *Moore v. Firstsource Advantage, LLC*, *supra*.  *See* Supp. Infante Decl.

7    ¶ 3.

8           Another risk Plaintiffs faced going forward is that this Court would decline to certify

9    this case as a class action.  Sallie Mae has strenuously denied that class certification is

10   appropriate in this case.  Selbin Decl. ¶ 30.  Courts are split and have either granted or denied

11   class certification in TCPA cases depending upon the facts of the case.  Compare *Kavu, Inc. v.*

12   *Omnipak Corp*., 246 F.R.D. 642 (W.D. Wash. 2007) (granting class certification) with *Kenro,*

13   *Inc. v. Fax Daily, Inc*., 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification).

14   If Sallie Mae were able to present convincing facts to support its position, the Court could have

     refused to certify the class, leaving only the named Plaintiffs to pursue their individual claims.

15          The risks of continued litigation have only increased since this Court granted

16   preliminary approval of the Original Settlement.  This year, the Supreme Court decided *AT&T*

17   *Mobility LLC v. Concepcion*, -- U.S. --, 131 S. Ct. 1740 (2011), holding that class action

18   waivers in consumer arbitration agreements are enforceable.  Without the Amended Settlement,

19   Sallie Mae would argue that many Class Members' claims should be sent to individual

20   arbitrations.

21          Finally, there is a substantial risk of losing inherent in any jury trial.  Even if Plaintiffs

22   did prevail, any recovery could be delayed for years by an appeal.  The Amended Settlement

23   provides substantial relief to Class Members without further delay.

24          5.      The Amended Settlement Class Representative Enhancement Awards Are
                    Reasonable
25
            Enhancement awards for class representatives like the ones requested here are
26
     appropriate.  Unlike unnamed Settlement Class Members, who will enjoy the benefits of the

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 25
CASE NO. C10-0198 JLR

1    representatives' efforts without taking any personal action, Mark Arthur, Cirilo Martinez, and

2    Pari Najafi exposed themselves to Sallie Mae's investigation, committed themselves to all the

3    rigors of litigation in the event the case did not settle, and subjected themselves to all the

4    obligations of named parties. Small incentive awards, which serve as premiums in addition to

5    any claims-based recovery from the settlement, promote the public policy of encouraging

6    individuals to undertake the responsibility of representative lawsuits. *See Grays Harbor*

7    *Adventist Christian Sch. v. Carrier Corp.,* No. 05-05437 RBL, 2008 WL 1901988, at *7 (W.D.

8    Wash. Apr. 24, 2008); *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d at 463; *see also* Manual for

9    Compl. Lit. § 21.62 n. 971 (incentive awards may be "merited for time spent meeting with class

10   members, monitoring cases, or responding to discovery"). Such awards are generally

11   proportional to the representatives' losses or claims, and can range from several hundred

12   dollars to many thousands of dollars.

         6.      <u>The Requested Attorneys' Fees and Costs Are Fair and Reasonable</u>

13          Pursuant to the Amended Settlement, Class Counsel seek an award of $4,830,000,

14   which includes fees and reasonable litigation costs associated with both actions. This fee,

15   which was negotiated only after the substantive terms of the Amended Settlement were agreed

16   upon, includes costs, and amounts to 20 percent of the total $24,150,000 Amended Settlement

17   fund (not including the $130,000 in additional funds Sallie Mae is obligated to pay, and

18   assigning no value for purposes of fee to the core prospective relief). It is thus well below the

19   Ninth Circuit 25 percent benchmark for attorneys' fees awards. *In re Bluetooth Headset Prods.*

20   *Liab.*, --- F.3d ---, 2011 WL 3632604, *4 (August 19, 2011) (citing *Mercury Interactive Corp.*,

21   618 F.3d 988, 992 (9th Cir. 2010)).

22          The Amended Settlement also is reasonable under the circumstances of this case. *See*

23   *id.* The Amended Settlement creates a non-reversionary Fund of $24,150,000, the largest

24   TCPA settlement of which Class Counsel are aware. The overwhelming majority of the Fund

25   will be distributed as Monetary Awards to Class Members. The fee is also in line with those

26   approved in other TCPA cases. *See, e.g., Bellows v. NCO Fin. Sys., Inc.*, No. 07-CV-1413

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 26
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

W(AJB), 2009 WL 35468, at *8 (S.D. Cal. Jan 5, 2009) (awarding fees and costs equal to 31.6 of the settlement fund).  Class Counsel brought this action with no guarantee that they ever would be paid for their work and in the face of substantial litigation risks.  Thus, under the specific circumstances of this case, the Amended Settlement is reasonable.  *See Wright v. Linkus Enter., Inc.*, 259 F.R.D. 468, 476–77 (E.D. Cal. 2009) (citing *Chem. Bank v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec Litig.)*, 19 F.3d 1291, 1296 (9th Cir. 1994) (factors in determining whether a settlement is reasonable under the particular circumstances of a case include early settlement, achievement of an excellent result, risk, and a showing of standard fees for similar litigation).

Prior to final approval, Class Counsel will file a separate motion for award of attorneys' fees and costs, addressing in greater detail the facts and law supporting their fee request in light of all of the relevant facts.

**C.      Provisional Certification of the Class Is Appropriate**

For settlement purposes, Plaintiffs respectfully request that the Court provisionally certify the Settlement Class defined in Section II.D.1, *supra*.[6]  *See* Amended Settlement Agreement § II(DD).  Provisional certification of a nationwide class for settlement purposes permits notice of the proposed settlement to issue to the class to inform class members of the existence and terms of the proposed settlement, of their right to be heard on its fairness, of their right to opt out, and of the date, time and place of the formal fairness hearing.  *See* Manual for Compl. Lit., at §§ 21.632, 21.633.  Sallie Mae waives its challenges to class certification solely for purposes of this Amended Settlement.  For the reasons set forth below, provisional certification is appropriate under Rule 23(a) and (b)(3).

The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of approximately 8 million people throughout the United States, and joinder of all such persons is impracticable.  Supp. Selbin Decl., ¶ 8; *see also* Fed. R. Civ. P. 23(a)(1); *see also Rodriguez v. Carlson*, 166 F.R.D. 465, 471 (E.D. Wash. 1996).  The commonality requirement

---

[6] Although this Court provisionally certified the Original Settlement Class (*see* Dkt. No. 34), no class has been certified with respect to the Amended Settlement.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 27
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   is satisfied because there are many questions of law and fact common to the Settlement Class

2   that center on Sallie Mae's practice of using an automated dialing system with a prerecorded

3   voice, without regard to the behavior of or individual facts related to members of the Settlement

4   Class.  *See* Fed. R. Civ. P. 23(a)(2).  Courts in the Ninth Circuit likewise relied upon almost

5   identical common questions to find that commonality was satisfied in similar cases in which

6   consumers alleged violations of the TCPA.  *See, e.g., Kavu, Inc.*, 246 F.R.D. at 647–48;

7   *Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-cv-01413-W-AJB, 2008 WL 4155361, *6 (S.D. Cal.

8   Sept. 5, 2008) (granting class certification for settlement in case wherein the plaintiff "alleged

9   that [defendant] violated the TCPA by calling his cellular telephone, without 'prior express

10  consent,' using an 'automatic telephone dialing system; and using an 'artificial or prerecorded

11  voice'").  The typicality requirement is satisfied because Plaintiffs' TCPA claims, which are

12  based on Sallie Mae's systematic use of automated calls to Plaintiffs and all members of the

13  Settlement Class, are "reasonably coextensive with those of the absent class members."  *See*

14  Fed. R. Civ. P. 23(a)(3); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).

15  The adequacy of representation requirement is satisfied because Plaintiffs' interests are

16  coextensive with, and not antagonistic to, the interests of the Settlement Class.  *See* Fed. R. Civ.

17  P. 23(a)(4); *see also Hansen*, 213 F.R.D. at 415-16.  Further, Plaintiffs are represented by

18  qualified and competent counsel who have extensive experience and expertise in prosecuting

    complex class actions.  *See generally*  Dkt. Nos. 52–57.

19          The predominance requirement of Rule 23(b)(3) is satisfied because common questions

20  present a significant aspect of the case and can be resolved for all Settlement Class Members in

21  a single adjudication.  *See* Fed. R. Civ. P. 23(b)(3); *see also Local Joint Exec. Bd. of

22  Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).

23          Because the claims are being certified for purposes of settlement, there are no issues

24  with manageability, and resolution of thousands of claims in one action is far superior to

25  individual lawsuits and promotes consistency and efficiency of adjudication.  *See* Fed. R. Civ.

26  P. 23(b)(3); *see also Connor v. Automated Accounts, Inc.*, 202 F.R.D. 265, 271 72 (E.D. Wash.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 28
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   2001).  For these reasons, certification of the Settlement Class for purposes of settlement is

2   appropriate.

3   **D.      The Proposed Notice Program Is Constitutionally Sound**

4           "Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class

5   members who would be bound by a proposed settlement, voluntary dismissal, or compromise'

6   regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)."  Manual for

7   Compl. Lit., *supra*, at § 21.312.  The best practicable notice is that which is "reasonably

8   calculated, under all the circumstances, to apprise interested parties of the pendency of the

9   action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover*

10  *Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  According to the Manual, *supra*, at § 21.312, the

11  settlement notice should:

12      •   Define the class;

13      •   Describe clearly the options open to the class members and the deadlines for taking
            action;

14

15      •   Describe the essential terms of the proposed settlement;

16      •   Disclose any special benefits provided to the class representatives;

17      •   Provide information regarding attorneys' fees;

18      •   Indicate the time and place of the hearing to consider approval of the settlement,
            and the method for objecting to or opting out of the settlement;

19

20      •   Explain the procedures for allocating and distributing settlement funds, and, if the
            settlement provides different kinds of relief for different categories of class
21          members, clearly set out those variations;

22      •   Provide information that will enable class members to calculate or at least estimate
            their individual recoveries; and
23

24      •   Prominently display the address and phone number of class counsel and the
            procedure for making inquiries.

25      The proposed Class Notice, attached as Exhibits A–J to the Amended Settlement

26  Agreement, satisfy all of the criteria above.  The notice plan provides for a large mailing and

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 29
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

emailing to known Settlement Class Members, and publication in the *USA Today* and *Wall Street Journal*. Agreement § III(G)(3). Settlement Class Members will receive notices tailored to their particular situation. The Class Notice and other documents will also be available online at www.ArthurTCPASettlement.com. The Settlement Website will be registered with search engines to ensure that it is easy to find on the Internet.

**E.      Scheduling a Final Approval Hearing Is Appropriate**

The last step in the settlement approval process is a Final Approval Hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the Amended Settlement may explain the terms and conditions of the Amended Settlement, and offer argument in support of final approval. The Court will determine after the Final Approval Hearing whether the Amended Settlement should be approved, and whether to enter a final order and judgment under Rule 23(e). Plaintiffs request that the Court set a date for a hearing on final approval at the Court's convenience, but no earlier than April 11, 2012 and schedule further settlement proceedings pursuant to schedule attached hereto as <u>Exhibit 2</u>.

<h3 style="text-align:center">IV.  CONCLUSION</h3>

For all of the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the proposed Amended Settlement; (2) provisionally certify the proposed Settlement Class and appoint Mark Arthur, Cirilo Martinez, Para Najafi, and Heather McCue Class Representatives; (3) approve the notice plan and forms of settlement notice and order provision of such notice; (4) appoint as Class Counsel the law firms of Terrell, Marshall Daudt & Willie PLLC, Lieff Cabraser Heimann & Bernstein, LLP, Meyer Wilson Co., LPA, Hyde & Swigart, Law Offices of Douglas J Campion, and Kazerounian Law Group (collectively "Class Counsel"); (5) appoint Garden City to serve as the Claims Administrator; and (6) schedule a formal fairness hearing on final settlement approval at the Court's convenience but no earlier than April 11, 2012.

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 30
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

RESPECTFULLY SUBMITTED and DATED this 11th day of October, 2011.

2

TERRELL MARSHALL DAUDT & WILLIE PLLC

3

4

By: /s/ Beth E. Terrell, WSBA # 26759

5

     Beth E. Terrell, WSBA #26759
Email:  bterrell@tmdwlaw.com

6

Michael D. Daudt, WSBA #25690
Email:  mdaudt@tmdwlaw.com

7

Marc C. Cote, WSBA #39824
Email:  mcote@tmdwlaw.com

8

936 North 34th Street, Suite 400
Seattle, Washington  98103-8869

9

Telephone:  206.816.6603
Facsimile:  206.350.3528

10

11

Jonathan D. Selbin, *Admitted Pro Hac Vice*
Email:  jselbin@lchb.com

12

Alison Stocking, *Admitted Pro Hac Vice*
Email:  astocking@lchb.com

13

LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP

14

250 Hudson Street, 8th Floor

15

New York, New York  10013
Telephone:  212.355.9500

16

Facsimile: 212.355.9592

17

Daniel M. Hutchinson, *Admitted Pro Hac Vice*

18

Email:  dhutchinson@lchb.com
LIEFF, CABRASER, HEIMANN

19

  & BERNSTEIN, LLP
Embarcadero Center West

20

275 Battery Street

21

San Francisco, California  94111-3339
Telephone:  415.956.1000

22

Facsimile:  415.956.1008

23

24

25

26

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 31
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

David P. Meyer, *Admitted Pro Hac Vice*
Email:  dmeyer@meyerwilson.com
Matthew R. Wilson, *Admitted Pro Hac Vice*
Email:  mwilson@meyerwilson.com
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, Ohio  43215
Telephone:  614.224.6000
Facsimile:  614.224.6066

Joshua Swigart, *Admitted Pro Hac Vice*
Email: josh@westcoastlitigation.com
Robert L. Hyde
Email: bob@westcoastlitigation.com
David C. Leimbach
Email: dleimbach@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Douglas J Campion, *Admitted Pro Hac Vice*
Email: doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3507
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Abbas Kazerounian, *Admitted Pro Hac Vice*
Email: ak@kazlg.com
KAZEROUNIAN LAW GROUP
2700 North Main Street, Suite 1050
Santa Ana, CA 92866
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 32
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on October 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth E. Payson, WSBA #26369
Email:  kenpayson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:  206.622.3150
Facsimile:  206.757.7700

Lisa M. Simonetti, *Admitted Pro Hac Vice*
Email:  lsimonetti@stroock.com
Julia B. Strickland, *Admitted Pro Hac Vice*
Email:  jstrickland@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1600
Los Angeles, California  90067
Telephone:  310.556.5819
Facsimile:  310.556.5959

*Attorneys for Defendant*

Steve Dashiak, WSBA #39836
Email:  stevedashiak@gmail.com
PHILLIPS & WEBSTER
900 SW 16th Street, 16th Floor
Renton, Washington  98057
Telephone:  425.970.6700

Darrell Palmer, *Admitted Pro Hac Vice*
Email:  Darrell.palmer@palmerlegalteam.com
LAW OFFICES OF DARRELL PALMER
603 N. Highway 101, Suite A
Solana Beach, California  92075
Telephone:  858.792.5600

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 33
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

David Schafer, *Admitted Pro Hac Vice*
Email:  david@helpingtexas.com

2

LAW OFFICES OF DAVID SCHAFER, PLLC
7800 IH-10 West, Suite 830

3

San Antonio, Texas  78230
Telephone:  210.348.0500

4

5

Brian Trenz*, Admitted Pro Hac Vice*
Email:  brian@helpingtexas.com

6

LAW OFFICES OF DAVID SCHAFER, PLLC
7800 IH-10 West, Suite 830

7

San Antonio, Texas  78230
Telephone:  210.348.0500

8

9

*Attorneys for Objectors Patrick Sweeney and Sasha McBean*

10

DATED this 7th day of October, 2011.

11

TERRELL MARSHALL DAUDT & WILLIE PLLC

12

By: /s/ Beth E. Terrell, WSBA # 26759
     Beth E. Terrell, WSBA # 26759

13

Email:  bterrell@tmdwlaw.com

14

936 North 34th Street, Suite 400
Seattle, Washington  98103-8869

15

Telephone:  206.816.6603
Facsimile:  206.350.3528

16

17

*Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF AMENDED SETTLEMENT AGREEMENT - 34
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com