The Honorable James L. Robart

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC.,<br><br>    Defendant.<br>_____<br>JUDITH HARPER,<br><br>    Plaintiff/Intervenor<br><br>v.<br><br>ARROW FINANCIAL SERVICES, LLC<br><br>    Defendant.<br>_____ | Case No. 10-CV-00198-JLR<br><br>**PLAINTIFF/INTERVENOR JUDITH HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT**<br><br><br><br><br><br>**Noted for Consideration: 10/28/11**<br><br>**ORAL ARGUMENT REQUESTED** |

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

I. STATEMENT OF FACTS ......................................................................... 1

II. LEGAL ARGUMENT ................................................................................ 3

    A. Standard for Approval Of Preliminary Settlement ............................... 3

    B. The Requirements Of Rule 23(a) Are Not Satisfied ............................. 4

        *i.* Numerosity ............................................................................... 4

        *ii.* Commonality ............................................................................ 5

        *iii.* Typicality ................................................................................ 5

        *iv.* Adequacy ................................................................................ 6

    C. The Requirements Of Rule 23(b)3) Are Not Satisfied .......................... 9

    D. Additional Failings Within The Proposed Settlement Terms ................ 10

        i. Prospective Relief Is Illusory .................................................... 11

        ii. Arbitrary Distinction Between Class Members ........................... 11

        iii. Settlement Amount Did Not Increase Substantially Despite The Discovery Of Over 3 Million Additional Class Members ................................................................................ 12

III. CONCLUSION .......................................................................................... 12

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -i
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

# TABLE OF AUTHORITIES

**Cases**

*Dukes v Wal-Mart Stores, Inc.*
603 F3d at 613 .................................................................................................. 5, 6

*Gautreaux v Pierce*
690 F2d 616, 621 n3 (7th Cir 1982) ................................................................. 4

*Hanlon v Chrysler Corp*
150 F3d 1011, 1019 (9th Cir 1988) ................................................................. 5, 6

*In re Tableware Antitrust Litig*
484 F Supp 2d 1078, 1079 (ND Cal 2007) ..................................................... 4, 10

*Molski v. Gleich*
318 F.3d 937, 955 (9th Cir.2003) .................................................................... 6

*Staton v Boeing Co*
327 F3d 938, 952 (9th Cir 2003) ..................................................................... 4, 5

*Wal-Mart Stores, Inc v Dukes*
--- S Ct ----, 79 USLW 3128 (Dec 06, 2010) (NO 10-277) ............................. 5

**Codes, Rules and Other Materials**

15 U.S.C. §1692  ................................................................................ 2, 7, 8, 10

15 U.S.C. § 1692i(a)  ......................................................................... 7

Federal Rules of Civil Procedure

    23 ................................................................................... 5

    23(a) .............................................................................. 4, 6, 9

    23(a)(1) ........................................................................ 4

    23(a)(2) ........................................................................ 5

    23(a)(3) ........................................................................ 5, 6

    23(a)(4) ........................................................................ 6, 9

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -ii
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

23(b) .......................................................................................... 10

23(b)(3) ..................................................................................... 9

23(e) .......................................................................................... 3, 11

23(e)(2) ..................................................................................... 3

4 Newberg on Class Actions §§11.25 (4th ed 2002) ............................................. 4, 10

Manual for Complex Litigation, Second § 30.44 (1985) ...................................... 4, 10

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -iii
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

**INTRODUCTION**

COMES HERE NOW, Plaintiff/Intervenor JUDITH HARPER (hereinafter, "Harper" or "Plaintiff") to oppose Plaintiffs Arthur, Martinez, Najafi, and McCue's (hereinafter, "Original Lead Plaintiffs") Motion for Preliminary Settlement

### I. STATEMENT OF FACTS

In September 2010, Plaintiffs Arthur, Martinez, and Najafi, (hereinafter, "Original Lead Plaintiffs") and Defendant Sallie Mae reached a settlement and the District Court preliminarily approved same. However, there were two major problems with the settlement as it was proposed and agreed to by the parties.

First, it came to light that Defendants had failed to send notice to over 3 million class members. This number represents approximately 50 percent of the class. This discovery was made after the parties moved for preliminary settlement in September 2010. Accordingly, the District Court ordered that Lieff Cabraser Heimann & Bernstein (hereinafter, "Leiff Cabraser") (representing Original lead plaintiffs) and defense counsel revisit this issue promptly, ascertain which class members were missing from the original notice, and ensure that all class members receive the notice. The District Court also extended all deadlines for the settlement.

Secondly, the settlement agreement was fatally flawed such that it could not be approved for final settlement because it failed to provide adequate or even equivalent relief for the all class members. Contrarily, the settlement agreement was neither negotiated for nor pursued for an entire cross-section of class members – *those individuals with charged off accounts*. This last issue arose naturally out of the original purpose of this litigation.

Original lead plaintiffs brought this class action lawsuit against Sallie Mae, subsidiary of parent company SLM Corp. Despite this action being narrowly tailored as a lawsuit against Sallie Mae only,

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -1
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

the settlement would have the practical effect of discharging all individuals' claims of TCPA violations against each and every subsidiary of SLM, including Ms. Harper's claims against Arrow.

Lieff Cabraser did not negotiate any relief on behalf of charged off debtors such as Ms. Harper, aside from injunctive relief – *which actually permits Defendant the right to permanently violate the law unless the charged off class member individually notifies Defendant that they do not want to be contacted upon their cellular telephone.* Effectively, even those charged-off class members that never before gave their prior express consent to be contacted on their cell phones may, now are losing the protection of the federal statute unless they individually demand it. This "opt-in protection of federal law" is convulsively unfair. SLM now stands to gain a tremendous advantage (against consumers and competitors) – permission to violate the law against class members that don't affirmatively opt into the protection of federal law.

Accordingly, upon learning that her rights were going to be compromised, Ms. Harper moved for intervention. Her intervention was based on the premise that the Original lead plaintiffs, who were all class members affected <u>only</u> by the wrongful conduct of subsidiary Sallie Mae, did not adequately represent absent class members with charged-off debt. Ms. Harper's complaint alleged violations of the TCPA and the Fair Debt Collection Practices Act, 15 U.S.C. §1692.  ("FDCPA.")

Ms. Harper's motion for intervention was granted on June 6, 2011. Thereafter, although Plaintiff Harper sought to be involved in this litigation, her efforts were rejected. Although she made herself available for a deposition on July 22, 2011, she has been effectively excluded from participation in all other aspects of this case. On July 20, 2011, Plaintiff Harper propounded written discovery requests upon Defendant. Defendant's responses contained no substantive responses; only lengthy, sometimes irrelevant, objections. On July 29, 2011, Harper's counsel sent a letter regarding her proposal for settlement. She received no response to this letter and at the mediation on August 3, 2011, Plaintiff

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -2
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

Harper's attorneys were informed that a settlement had already been reached and that Defendants did not intend to negotiate with Harper. Her attorneys were so informed by the mediator upon their arrival at the mediation in the morning. It was clear the mediator was there to bless the settlement because there were no negotiations on August 3rd.

Thereafter, Harper sent a request for all updated discovery conducted in the case – she received no response. In September, Plaintiff Harper noticed a 30(b)(6) deposition upon Defendant's subsidiary, Arrow Financial Services, but was informed that, because the discovery stay was in place, Defendant would not attend. Since intervention, Lieff Cabraser and Defendant have forged ahead as if Harper was never granted intervention. In a final effort to engage with the other parties, counsel for Harper sought to obtain the settlement agreement from the original lead plaintiffs' and defendant's counselors. The response by Lieff Cabraser was absolute refusal to produce the settlement agreement until it was finalized, on or about October 10, 2011.

This opposition is brought to oppose the proposed settlement agreement at Docket 184-1 because the relief to the charged off class members is, once again, nil and still contains the provision that permits SLM to violate the TCPA if class members do not affirmatively notify Defendant that they do not wish to be contacted on their cellular telephones.

## II.   LEGAL ARGUMENT

**A.   Standard for Approval of Preliminary Settlement.**

Fed. R. Civ. Proc. 23(e) (hereinafter, "FRCP") states "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Prior to approving a settlement, the court must hold a hearing and make findings that the proposed settlement is "fair, reasonable, and adequate." FRCP 23(e)(2). However, preliminary approval primarily focuses on whether "the proposed settlement appears to be the product of serious, informed,

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -3
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

Case 2:10-cv-00198-JLR   Document 189   Filed 10/24/11   Page 8 of 17

noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval." *In re Tableware Antitrust Litig*, 484 F Supp 2d 1078, 1079 (ND Cal 2007) (citing Manual for Complex Litigation, Second § 30.44 (1985)); see also 4 Newberg on Class Actions §§11.25 (4th ed 2002); *Gautreaux v Pierce*, 690 F2d 616, 621 n3 (7th Cir 1982).  As discussed below, this proposed settlement agreement is patently deficient and grants preferential treatment to certain class members while leaving other groups with no substantial relief, while extinguishing their right to pursue more lucrative claims individually.

Upon request for preliminary approval of a class action settlement, the court must "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v Boeing Co*, 327 F3d 938, 952 (9th Cir 2003).  Accordingly, before a court evaluates the appropriateness of granting preliminary settlement approval, it must first inquire whether a class exists.

Under FRCP 23(a), a class may be certified only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

**B.     The Requirements of Rule 23(a) Are Not Satisfied.**

   i.     *Numerosity*

Under FRCP 23(a)(1), the class must be "so numerous that joinder of all members is impracticable." Here, potential class members number more than seven million.  Numerosity is established.

/ / /

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -4
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

*ii.     Commonality*

FRCP 23(a)(2) requires that "there are questions of law or fact common to the class." To satisfy FRCP 23(a)(2), "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v Chrysler Corp*, 150 F3d 1011, 1019 (9th Cir 1988).

Here, although some class members share common issues of law and fact, other class members have divergent interests.  The class generally consists of two different types of class members – those that have "regular" accounts (or accounts not delinquent more than 180 days), Delinquent settlement class members (accounts that have been delinquent more than 180 days at any point in time) (See Proposed Settlement Agreement at Section II(L), Docket Entry 184-1) (hereinafter, "Stlmt Agmt Section" II(L)) and those that have "charged off" accounts (those accounts considered a total loss for accounting purposes.) (Stlmt Agmt Section II(D).)  Although class members do share common issues of law, the common nucleus of fact is called into question; particularly given the disparate relief provided to these different class members with regular accounts, delinquent accounts and charged off accounts. Accordingly, commonality is not clearly established.

*iii.     Typicality*

FRCP 23 also requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FRCP 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Dukes v Wal-Mart Stores, Inc,* 603 F3d at 613, cert granted, in part, by *Wal-Mart Stores, Inc v Dukes*, --- S Ct ----, 79 USLW 3128 (Dec 06, 2010) (NO 10-277), quoting *Hanlon*, 150 F3d at 120 and *Staton*, 327 F3d at 957.

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY
SETTLEMENT -5
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

Here, a review of the Complaint(s) and discovery conducted in this litigation clearly indicates Original Lead Plaintiffs brought this lawsuit with the intention of advancing the rights pertaining to Sallie Mae Student loan debtors only.  All of the Original Lead Plaintiffs are Sallie Mae student loan debtors whose accounts were not charged-off.  Only recently did Lieff Cabraser add a charged-off debtor in their Third Amended Complaint.  Still, all of the research and negotiating was done by and between Lieff Cabraser, representatives of Sallie Mae debtors, and Defendant Sallie Mae.  No negotiating was conducted on behalf of any other subsidiary.  In particular, no negotiating was conducted on behalf of charged-off account holders. Therefore, the proposed settlement class does not satisfy FRCP 23(a)(3).

  *iv.*  *Adequacy*

FRCP 23(a) permits certification of a class only if "the representative parties will fairly and adequately protect the interests of the class." FRCP 23(a)(4). This requirement consists of two inquiries: "(1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 603 F3d at 614, citing *Hanlon*, 150 F3d at 1020 and *Molski v Gleich*, 318 F3d 937, 955 (9th Cir 2003).

In this matter, adequacy of representatives and counsel cannot be established.  Original lead plaintiffs have only advanced the interests of a very narrow subset of the Class – Sallie Mae student loan debtors, whose debts have not yet been charged-off.  And, although Original lead plaintiffs recently amended their complaint to include a charged-off class member, Heather McCue, this proposed settlement is still patently deficient with respect to class members with accounts like Ms. McCue.

Before the deficiencies in the proposed settlement agreement can be explained, it is important to illustrate Plaintiffs' chief arguments as to why the charged off class members deserve no prospective relief.  As more cogently described below, charged off class members will receive almost no benefit

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -6
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

from the settlement for a release of claims that are actually worth thousands of dollars – even for individuals with charged off accounts.

Original lead plaintiffs advance the argument that, because these class members actually owe a debt to the Defendant, any recovery they would or could receive would be "offset" by the amount of debt they still owe.  This argument is premised on the fact that each member of the charged-off class is a debtor that breached its contract with an SLM subsidiary or affiliate that could potentially counter-sue against the complaining charged off class member for breach of their original agreement.  The problem with this argument is that it completely ignores several legitimate legal limitations imposed upon it.

As an initial matter, a diligent search of case law nationwide has revealed no cases, statutes, or other legal authority that would permit this "offset" in a class action settlement when there is no underlying judgment to enforce it.  Furthermore, Original lead plaintiffs fail to take into account those charged-off accounts with debts beyond the statute of limitations to collect.  For example, Arrow sued Plaintiff/Intervenor, but it was unable to successfully litigate the case because it failed to present any evidence that Ms. Harper actually owed a debt to it that was still within the statute of limitations. Also troubling, class members with charged off accounts that have since paid this debt should be entitled to payment under this settlement, but are expressly excluded, because their accounts were once "charged off". Accordingly, this unlucky group will not even receive the insignificant benefit of the discontinued collection calls, because their payment of the debt already resulted in the conclusion of the entities' illegal violations of the TCPA.

Importantly, the FDCPA requires that a third-party debt collector file suit against the consumer in the judicial district where the consumer signed the contract or in which such consumer resides at the commencement of the action.  15 U.S.C. § 1692i(a).  Therefore, although millions of class members seek relief from Arrow as well as other subsidiaries through the present action, these same debt

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -7
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

collection entities would be barred from filing cross actions against these class members within this forum because the FDCPA forbids it.

Therefore, it is apparent that the "offset" theory is just that - theoretical. Even if Plaintiffs could show a legal right to an offset (which it cannot, because there is no judgment which may be enforced), their theory is still greatly limited. Any consumers who either: (a) paid their accounts after charge-off, (b) have accounts older than the statute of limitations, (c) have already successfully defended a suit against them by the Defendant, or (d) live outside of Seattle, Washington would not be subject to the claimed "offset."

Assuming arguendo that an offset could occur for a particular charged off class member, then there should be an actual offset applied to the account. In other words, if Defendant had the right to offset against a charged off class member, the result of this settlement should be a monetary reduction in the amount of the debt owed by each charged off class member in the same amount of monetary compensation given to non-charged off account holders. The logical result is something this Settlement Agreement ignores: an "offset" in this instance would mean that the amount of debt owed by the consumer would be *reduced* by the measure of a class member's proportional share under the Settlement agreement. Contrarily, the Settlement agreement is based upon the presumption that an "offset" should result in a complete denial of any relief for the consumer, rather than this more logical effect.

Pursuant to the terms of the Proposed Settlement agreement, Judith Harper and all other similarly situated stand to be unfairly divested of their rights under the Telephone Consumer Protection Act as well as the Fair Debt Collection Practices Act. The only potential benefit for charged off class members would be the opportunity to send in a revocation request to terminate the phone calls. Therefore, many class member such as Judith Harper, would not only fail to receive a benefit under settlement, she would

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -8
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

also have to incur expenses (through her expenses and time to send the request form) in order to get Arrow to stop violating the law.

The design implemented by the Proposed Settlement Agreement seems to add value and priority to debtors that were less delinquent on their accounts. There is no evaluation in the Settlement agreement that suggests why claims on defaulted debt would be worth any less. Neither statute under which the Class seeks relief suggests or states that claims on older debt would be worth less than claims on new debt. As Judith Harper has continually stated, it is unfair to treat Charged Off Class Members any differently from the rest of the Class. Accordingly, the adequacy of representation by both Original lead plaintiffs and their counselors is seriously called into question and the class cannot be certified because it fails under Rule 23(a)(4).

C.     **The Requirements of Rule 23(b)(3) Are Not Satisfied.**

FRCP 23(b)(3) further provides that a class action may be maintained if, in addition to finding that the FRCP 23(a) factors have been satisfied, "the court finds that questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The predominance and superiority inquiries are satisfied.

Although some common issues to the class, such as whether a class member received a phone call in violation of the TCPA, exist, there are greater, divergent issues that defeat predominance. A review of the Proposed Settlement agreement is indicative that this is so. Namely, the fact that an entire subsection of the class will not be entitled to any prospective relief based upon an arbitrary and capricious exclusion from such relief, as explained in Section II(B)(iv), should make it clear that common issues to the class do not predominate.

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY
SETTLEMENT -9
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

Furthermore, it is clear that perhaps a class action is not the superior vehicle for the adjudication of the claims of the charged off class members. Judith Harper and other charged off class members could bring this suit in any court in the United States. Because Arrow is a third-party debt collector, along with many other SLM subsidiaries and affiliates, as defined under the FDCPA, any of these class members could bring an individual suit wherein she would entitled to damages and attorney's fees. Therefore, Plaintiff Harper or any other class member would be entitled $1,000 in statutory damages under the FDCPA, $500 to $1,500 under the TCPA for each violation, and attorney's fees (under the FDCPA). Although some class members may not be able to effectively bring these claims individually due to the modest damage model, class members are still giving up at least $1,500 each by agreeing to this proposed settlement agreement.

Accordingly, this proposed settlement also fails under Rule 23(b).

### D.     The Proposed Settlement is Neither Fair, Reasonable, or Adequate.

In addition to the reasons discussed extensively above, this settlement is neither fair, reasonable or adequate for the additional reasons provided here. As stated infra, preliminary approval primarily inquires whether the proposed settlement appears to be the product of "serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval." *In re Tableware Antitrust Litig*, 484 F Supp 2d 1078, 1079 (ND Cal 2007) (citing Manual for Complex Litigation, Second § 30.44 (1985)); see also 4 Newberg on Class Actions §§11.25 (4th ed 2002). This settlement has major deficiencies and grants preferential treatment to certain class members while abandoning other subsets. Following, are additional deficiencies identified in this proposed settlement.

/ / /

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -10
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

*i.     Prospective Relief is Illusory*

Section III(C)(1)(a) of the proposed settlement agreement, in order for a settlement class member to be entitled to this prospective relief, a class member must submit a valid "revocation request" containing the following information: 1) current cellular telephone number, 2) account number, and 3) a current non-cellular telephone number.  Aside from the obvious fault inherent in this request that a class member provide a non-cellular number (many individuals do not have personal landlines given the pervasive use of cellular telephones), but this section grants a tremendous windfall to Defendant.  The proposed settlement agreement also states, "[a]ny Settlement Class Member who has not submitted or does not submit a valid and timely Revocation Request will be deemed to have provided prior express consent to the making of Calls by Sallie Mae or any other affiliate or subsidiary of SLM Corporation to any phone numbers reflected in such entities' records." (Section III(C)(1)(a), p. 11, Doc. 184-1.)  Thus, if a class member forgets to submit a claim form, is not aware that she must submit a claim form, or otherwise fails to do so, she is automatically deemed to have granted "prior express consent" as defined within the TCPA.  This is a tremendous benefit to Defendant given that claims-made settlements frequently hover in the vicinity of 1-10%.  Accordingly, this settlement agreement as proposed is not fair, reasonable or adequate as required under FRCP 23(e).

*ii.    Arbitrary distinction between class members.*

In addition to totally excluding class members with charged off accounts, this settlement agreement also prohibits monetary awards to those individuals with delinquent accounts, or accounts that have been 180 days late at any point in time.  Delinquent settlement class members are not entitled to monetary awards, even if their claims are identical to regular account settlement class members.  Instead they are only entitled to reduction awards to their balance owed.  (Stlmt Agmt, Section III(C)(2)(c).)

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -11
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

     *iii.*    *Settlement amount did not increase substantially despite the discovery of over 3 million additional class members.*

The original settlement agreement provided a fund of $19.5 million for approximately 3.5 million class members. The revised settlement agreement only provides an additional $4.65 million for the subsequent 3,048,000 class members discovered through the efforts of counsel for Judith Harper. This hardly seems to be a fair increase for the settlement class members given that their class size has nearly doubled. (Stlmt Agmt, Section II(S).)

### III.    CONCLUSION

Based on the above arguments, Plaintiff/Intervenor Judith Harper respectfully requests that the pending motion for preliminary settlement be denied and that the parties be instructed to revisit settlement discussions with all parties, including those members with charged-off accounts

Dated:   October 24, 2011                       By: /s/ Darrell Palmer
                                                                         DARRELL PALMER

                                                                         Darrell Palmer (Admitted *Pro Hac Vice*)
                                                                         LAW OFFICES OF DARRELL PALMER
                                                                         603 N. Highway 101, Suite A
                                                                         Solana Beach, CA 92075
                                                                         Phone: (858) 792-5600
                                                                         Email: darrell.palmer@palmerlegalteam.com

                                                                         Steve Dashiak (WA 39836)
                                                                         900 SW 16th Street, Ste. 210
                                                                         Renton, WA 98057
                                                                         Phone: (425) 970-6716
                                                                         Email: stevedashiak@gmail.com

                                                                         Attorneys for Plaintiff/Intervenor Judith Harper

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -12
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2011, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Western District of Washington by using the USDC CM/ECF system.  Service will be accomplished by the USDC CM/ECF system to all CM/ECF filers:

```
     /s/ Darrell Palmer____
    Darrell Palmer
    Attorney for Plaintiff/Intervenor Judith Harper
```

HARPER'S OPPOSITION TO SALLIE MAE'S MOTION FOR PRELIMINARY SETTLEMENT -13
5:10-cv-0198-JLR

Law Offices of Darrell Palmer
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655