THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, PARI NAJAFI, and HEATHER MCCUE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC.,<br><br>Defendant.<br><br>JUDITH HARPER,<br><br>Plaintiff/Intervenor,<br><br>v.<br><br>ARROW FINANCIAL SERVICES, LLC,<br><br>Defendant. | CLASS ACTION<br><br>NO. 10-cv-00198-JLR<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED SETTLEMENT AGREEMENT** |

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## I. INTRODUCTION

Mark A. Arthur, Cirilo Martinez, Pari Najafi, and Heather McCue ("Plaintiffs") respectfully submit this supplemental memorandum in support of their renewed motion for preliminary approval of the Amended Settlement. This supplemental memorandum — and the revised Class Notice and Revocation Request Forms submitted herewith — addresses only those issues the Court identified in its January 10, 2012 Order ("January 10 Order") (Dkt. No. 206). Plaintiffs otherwise rely on the previously submitted memorandum and related materials (Dkt. Nos. 184-88) in renewing their motion for preliminary approval.

In its January 10 Order, the Court determined that certification of a provisional settlement Class is appropriate and that the Amended Settlement is generally fair, but that changes to the proposed forms of Class Notice were necessary before preliminary approval of the Amended Settlement could be granted. Dkt. No. 206 at 12. The Court invited the Parties to submit a revised motion for preliminary approval addressing those changes to the Notices, and other issues identified by the Court. The Parties now do so.

First, with regard to Class Notice, the Court ruled that all Notices must list all 39 entities that did make, or are believed to have made, the calls at issue, rather than directing Class Members to the Settlement Website for a complete list of those entities. *Id.* at 19-20. That change has been made.

Second, the Court noted a discrepancy between the Class defined in the Amended Settlement Agreement and in the Notices. Specifically, the Class (properly) defined in the Amended Settlement Agreement does not include the words "without prior express consent" while the Class definition in the Notices included the language "without your prior express consent." *Id.* at 20. The Parties have corrected all Notices to conform to the Class definition in the Amended Settlement Agreement.

Third, in response to a new argument raised by Intervenor Harper for the first time at oral argument, the Court requested briefing on the question of whether it is appropriate for the

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL
OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

1

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Revocation Request Forms to require Class Members to provide an alternative, non-cellular telephone number notwithstanding protections set forth in the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 20. As detailed in Sallie Mae's memorandum in support of the renewed motion for preliminary approval filed concurrently, nothing in this Settlement alters any Class Member's right to request a "cease and desist" under the FDCPA. That is, those Class Members who were entitled to, and did previously, instruct Released Parties not to call them under the FDCPA, are not now undoing that instruction; similarly, those Class Members who may be entitled to give such an instruction now or in the future are not waiving their right to do so. Simply put, it is a non-issue.

Finally, the Court advised the Parties to submit with their renewed motion for preliminary approval information that will allow the Court to compare the Settlement Fund amount of $24.15 million to estimates of the maximum amount of damages recoverable in a successful action. January 10 Order at 23. As detailed below, while the maximum amount of damages that might be recoverable on behalf of a national litigation class probably runs to the billions of dollars, any such recovery is illusory, both factually and legally. Factually, obtaining — and then recovering on — a class judgment in the billions of dollars for purely statutory damages is, at best, unlikely. Legally, such a judgment would be vulnerable to nullification on Due Process grounds as out of proportion to the misconduct at issue, particularly in the context of a class action for statutory damages where the core claim is injunctive in nature. Plaintiffs considered these factual and legal issues, in addition to all the usual risks and difficulties attendant to certifying and maintaining certification of a nationwide class and prevailing on the merits of the TCPA claims, when negotiating the Settlement and the Amended Settlement.

For these reasons, and as detailed below and in Plaintiffs' memorandum submitted on October 11, 2011 (Dkt. No. 184) and at the January 5, 2012 hearing, Plaintiffs respectfully request that the Court grant their renewed motion for preliminary approval of the Amended Settlement.

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL
OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

2

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## II. ARGUMENT

### A. Deficiencies in the Notices Identified By the Court Have Been Corrected.

The Parties have corrected the Notices as directed by the Court, and Plaintiffs file the revised Class Notices with this memorandum. Specifically, all Notices now contain a list of all 39 entities who did make, or are believed to have made, the calls at issue. *See* Exhibits C, D, E, F, G, submitted concurrently with this memorandum. The Notices also no longer define the Class as those who received automated calls "without [their] prior express consent." *Id.*

### B. The Revocation Request Forms Do Not Conflict with the FDCPA.

Sallie Mae discusses the Revocation Request Form issue in detail in its supplemental memorandum. Two points are worth reiterating here:

First, Class Members' rights under the FDCPA to request a cease and desist — past, present, and future — are (and always have been) wholly unaffected by this Settlement. To the extent any Class Members previously had the right to, and did, instruct any of the Released Parties not to call them pursuant to the FDCPA, they are not abrogating that instruction by providing the number on the Revocation Request Form here.

Second, to the extent any Class Members presently (or in the future) have the right to instruct any of the Released Parties not to contact them pursuant to the FDCPA, nothing in this Settlement precludes them from doing do.

To avoid any confusion on this point, the Parties have agreed to add language to the Revocation Request Form. The Revocation Request Form now includes the following language: "This Revocation Form relates only to the limitations of the TCPA and does not change your rights under other federal or state statutes." *See* Exhibit 1, submitted concurrently with this memorandum.

### C. The Amended Settlement Fund is Reasonable Even in Light of the Maximum Recoverable Damages.

In its January 10 Order, the Court concluded that the Settlement Fund amount is within

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL
OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

3

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

the range of reasonableness for purposes of preliminary approval. Dkt. No. 206 at 23. The Court observed, however, that at any final fairness hearing, it will be required to compare the Settlement Fund amount to "estimates of the maximum amount of damages recoverable in a successful litigation," and instructed the Parties to address this issue in any renewed motion for preliminary approval. Dkt. No. 206 at 23; *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming district court's determination after fairness hearing that final approval of settlement was appropriate based in part on comparison of settlement amount with potential recovery).

Estimating the total potential recovery Plaintiffs might obtain on behalf of a nationwide litigation Class here is at once a matter of simple math and, to a large extent, an academic exercise. If Plaintiffs can successfully prove the TCPA violations alleged in the Third Amended Complaint on behalf of a certified class of 8 million members, the Class would be entitled to statutory damages running into billions of dollars. If Plaintiffs further prove that the offending calls were made willfully or knowingly, they could recover "up to" triple that amount, at the Court's discretion. *See* 47 U.S.C. § 227(b)(3) (providing for treble damages "[i]f the court finds that the defendant willfully or knowingly violated" the TCPA). Accordingly, the maximum amount of damages Plaintiffs conceivably could recover for the Class pursuant to the TCPA easily surpasses $12 billion.

The problem with ascribing significance to that analysis here is both factual and legal.

Factually, obtaining — and recovering on — a multibillion dollar judgment would likely be an impossibility. Setting aside the usual risks and difficulties attendant to obtaining and maintaining certification of a nationwide litigation class and then prevailing on the merits of the TCPA claim,[1] Sallie Mae would have every incentive to litigate appeals of any such judgment as

---

[1] Other substantial risks associated with ongoing litigation of Plaintiffs' claims include but are not limited to (1) the possibility that the Court could conclude that under the TCPA, the "prior express consent" allowing an entity to make autodialed calls need not be received at the time the loan originates but may instead be received any time during the multi-year life of the loan, *see*

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL
OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

4

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

far as possible over many years.

As a legal matter, Sallie Mae would have a strong argument that an award in the billions of dollars in a statutory damages class action is out of proportion to its misconduct, and thus implicates Due Process. *See*, *e.g.*, *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor."); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 234 (9th Cir. 1974) (reversing class certification ruling where potential statutory damages were "staggering" in the aggregate such that they would "shock the conscience" and where plaintiffs could realistically pursue claims individually); *Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003) (where aggregate statutory damages claims lead to enormous awards, "it may be that in a sufficiently serious case the due process clause might be invoked . . . to nullify that effect and reduce the aggregate damage award"); *Spikings v. Cost Plus, Inc.*, No. 06-cv-8125, 2007 U.S. Dist. LEXIS 44214, at *12-*13 (C.D. Cal. May 25, 2007) (refusing to certify class where class members did not suffer "actual harm" and where award of even the minimum aggregate statutory damages would produce "disastrous consequences to Defendant's business and the thousands of Defendant's employees that would be left without a job if a class is certified in this case").

Plaintiffs were very cognizant of these and other significant litigation risks when they

---

*Moore v. Firstsource Advantage*, LLC, No. 07-CV-770, 2011 WL 4345703, *10 (W.D.N.Y. Sept. 15, 2011) (holding that "prior express consent" may be provided after an account is opened); (2) the difficulty of certifying a litigation class in a TCPA case, *see Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification of TCPA claims); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-57 (2011) (reversing class certification where plaintiffs failed to establish commonality); (3) the likelihood that Sallie Mae would seek to compel individual arbitration of many Class Members' claims in light of *AT&T Mobility LLC v. Concepcion*, -- U.S. --, 131 S. Ct. 1740 (2011); (4) the risks inherent in any jury trial; and (5) the risk that any favorable rulings, particularly on issues of first impression such as the definition of "prior express consent" under the TCPA, could be reversed on appeal. *See also* Plaintiffs' Motion for Preliminary Approval of Amended Settlement Agreement at 24-25 (Dkt. No. 184). Sallie Mae's success on any one of these multiple fronts would substantially reduce or entirely eliminate a class damages award.

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

5

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

negotiated the Settlement and the Amended Settlement and agreed to the $24.15 million.

Plaintiffs submit that a more meaningful comparison in these circumstances is to other TCPA settlements, and to the amount each Class member will likely receive based on the claims rate. The Amended Settlement Agreement requires Sallie Mae to pay $24.15 million, which is by far the largest TCPA settlement of which Class counsel is aware. Based upon the claims data from the original Settlement, and many other factors (detailed in Plaintiffs' October 11, 2011 brief in support of preliminary approval and the accompanying Selbin Declaration (Dkt. Nos. 184 at 13, 185 ¶ 12), each claimant is likely to receive $20-$40 each or more. Any Class Member who received many calls and believes that amount is inadequate can opt out and retain an attorney to file an individual lawsuit.

Importantly, Class Members are also entitled to the Amended Settlement's primary form of relief: the right to end the automated calls made to them on their cellular telephones. This is substantial and meaningful relief for *all* Class Members — negotiated during multiple arm's-length mediation sessions by experienced counsel — that would not be possible in the absence of the Amended Settlement.

In sum, while the maximum amount of damages Plaintiffs conceivably could win in a successful trial of a nationwide litigation class runs to the many billions of dollars, that amount likely is not "recoverable" at all, because it raises Due Process concerns. Coupled with the core prospective relief of the Amended Settlement, and in light of the significant risks associated with ongoing litigation, the Settlement Fund of $24.15 million is reasonable and fair. Plaintiffs will be prepared to address this issue further on final approval should the Court deem it necessary.

## III.   CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiffs' memorandum filed on October 10, 2011 (Dkt. No. 184) and at the January 5, 2012 oral argument, Plaintiffs respectfully request that the Court grant preliminary approval of the Amended Settlement.

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL
OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

6

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| | | |
|---|---|---|
| 1 | Dated:  February 9, 2012 | Respectfully submitted, |
| 2 | | |
| 3 | | By:___/s/ Beth E. Terrell WSBA #26759___<br>Beth E. Terrell, WSBA #26759 |
| 4 | | TERRELL MARSHALL DAUDT & WILLIE PLLC |
| 5 | | 936 North 34th Street, Suite 400<br>Seattle, WA  98103-8869 |
| 6 | | Telephone:  (206) 816-6603<br>Facsimile:   (206) 350-3528<br>Email:  bterrell@tmdwlaw.com |
| 7 | | |
| 8 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>Jonathan D. Selbin |
| 9 | | (admitted *pro hac vice*)<br>Email: jselbin@lchb.com |
| 10 | | 250 Hudson Street, 8th Floor<br>New York, NY  10013 |
| 11 | | Telephone:  (212) 355-9500<br>Facsimile:   (212) 355-9592 |
| 12 | | |
| 13 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>Daniel M. Hutchinson |
| 14 | | (admitted *pro hac vice*)<br>Email:  dhutchinson@lchb.com |
| 15 | | Alison Stocking<br>(admitted *pro hac vice*) |
| 16 | | Email: astocking@lchb.com<br>275 Battery Street, 29th floor |
| 17 | | San Francisco, CA  94111-3339<br>Telephone:  (415) 956-1000 |
| 18 | | Facsimile:   (415) 956-1008 |

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL
OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

7

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| | |
|---|---|
| 1 | MEYER WILSON CO., LPA |
| | David P. Meyer (0065205) |
| 2 | (admitted *pro hac vice*) |
| | Email: dmeyer@meyerwilson.com |
| 3 | Matthew R. Wilson (0072925) |
| | (admitted *pro hac vice*) |
| 4 | Email: mwilson@meyerwilson.com |
| | 1320 Dublin Road, Suite 100 |
| 5 | Columbus, OH 43215 |
| | Telephone: (614) 224-6000 |
| 6 | Facsimile: (614) 224-6066 |
| 7 | *Attorneys for Plaintiffs Arthur and Martinez, and the Proposed Class* |
| 8 | |
| | HYDE & SWIGART |
| 9 | Joshua Swigart |
| | (admitted *pro hac vice*) |
| 10 | Email: josh@westcoastlitigation.com |
| | 411 Camino Del Rio South, Suite 301 |
| 11 | San Diego, CA 92108-3551 |
| | Telephone: (619) 233-7770 |
| 12 | Facsimile: (619) 297-1022 |
| 13 | LAW OFFICES OF DOUGLAS J. CAMPION |
| | Douglas J. Campion |
| 14 | (admitted *pro hac vice*) |
| | Email: doug@djcampion.com |
| 15 | 409 Camino Del Rio South, Suite 303 |
| | San Diego, CA 92108-3507 |
| 16 | Telephone: (619) 299-2091 |
| | Facsimile: (619) 858-0034 |
| 17 | |
| | KAZEROUNIAN LAW GROUP |
| 18 | Abbas Kazerounian |
| | (admitted *pro hac vice*) |
| 19 | Email: ak@kazlg.com |
| | 2700 North Main Street, Suite 1050 |
| 20 | 409 Camino Del Rio South, Suite 303 |
| | Santa Ana, CA 92866 |
| 21 | Telephone: (800) 400-6806 |
| | Facsimile: (800) 520-5523 |
| 22 | |
| | *Attorneys for Plaintiff Najafi and the Proposed Class* |

PLAINTIFFS' SUPP. MEM. ISO PRELIM. APPROVAL
OF AMENDED SETTLEMENT
NO. 10-cv-00198-JLR
959763.3

8

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on February 9, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Kenneth E. Payson, WSBA #26369
>Email:  kenpayson@dwt.com
>DAVIS WRIGHT TREMAINE LLP
>1201 Third Avenue, Suite 2200
>Seattle, Washington  98101-3045
>Telephone:  206.622.3150
>Facsimile:  206.757.7700
>
>Lisa M. Simonetti, *Admitted Pro Hac Vice*
>Email:  lsimonetti@stroock.com
>Julia B. Strickland, *Admitted Pro Hac Vice*
>Email:  jstrickland@stroock.com
>STROOCK & STROOCK & LAVAN LLP
>2029 Century Park East, Suite 1600
>Los Angeles, California  90067
>Telephone:  310.556.5819
>Facsimile:  310.556.5959
>
>*Attorneys for Defendant*
>
>Steve Dashiak, WSBA #39836
>Email:  stevedashiak@gmail.com
>PHILLIPS & WEBSTER
>900 SW 16th Street, 16th Floor
>Renton, Washington  98057
>Telephone:  425.970.6700
>
>Darrell Palmer, *Admitted Pro Hac Vice*
>Email:  Darrell.palmer@palmerlegalteam.com
>LAW OFFICES OF DARRELL PALMER
>603 N. Highway 101, Suite A
>Solana Beach, California  92075
>Telephone:  858.792.5600

DEDCLARATION OF SERVICE
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| | |
|---|---|
| 1 | David Schafer, *Admitted Pro Hac Vice* |
| | Email:  david@helpingtexas.com |
| 2 | LAW OFFICES OF DAVID SCHAFER, PLLC |
| | 7800 IH-10 West, Suite 830 |
| 3 | San Antonio, Texas  78230 |
| | Telephone:  210.348.0500 |
| 4 | |
| 5 | Brian Trenz, *Admitted Pro Hac Vice* |
| | Email:  brian@helpingtexas.com |
| 6 | LAW OFFICES OF DAVID SCHAFER, PLLC |
| | 7800 IH-10 West, Suite 830 |
| 7 | San Antonio, Texas  78230 |
| | Telephone:  210.348.0500 |
| 8 | |
| 9 | *Attorneys for Objectors Patrick Sweeney and Sasha McBean* |

DATED this 9th day of February, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Beth E. Terrell, WSBA # 26759
     Beth E. Terrell, WSBA # 26759
     Email:  bterrell@tmdwlaw.com
     936 North 34th Street, Suite 400
     Seattle, Washington  98103-8869
     Telephone:  206.816.6603
     Facsimile:   206.350.3528

*Attorneys for Plaintiffs*

DEDCLARATION OF SERVICE
CASE NO. C10-0198 JLR