THE HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SALLIE MAE, INC., <br><br> Defendant. | **Case No. C 10-0198 JLR** <br><br> **DEFENDANT SALLIE MAE, INC.'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL** |
| JUDITH HARPER, <br><br> Plaintiff/Intervenor, <br><br> v. <br><br> ARROW FINANCIAL SERVICES, LLC, <br><br> Defendant. | |

Lisa M. Simonetti, Admitted Pro Hac Vice
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800  Facsimile: 310-556-5959

## I.   <u>INTRODUCTION</u>

Defendant Sallie Mae, Inc. ("Sallie Mae") submits this memorandum in support of plaintiffs' renewed motion for preliminary approval of the Amended Settlement (the "Renewed Motion").[1]  As the Court has instructed, Sallie Mae addresses herein:  (a) whether Class Members may properly be "required to provide a non-cellular telephone number" in connection with a Revocation Request form; and (b) "estimates of the maximum amount of damages recoverable in a successful litigation" of this action.  (Docket No. 206 at 20:12-21, 23 n.6.)  Based on this submission, as well as the arguments and evidence presented by plaintiffs, Sallie Mae requests that the Court grant the Renewed Motion and allow the Amended Settlement to proceed.

## II.   <u>ARGUMENT</u>

### A.      The Revocation Request Form Presents No Issue Here.

There is nothing wrong whatsoever with requiring some Class Members to identify a non-cellular telephone number in a Revocation Request form.[2]  At the January 5, 2012 hearing on preliminary settlement approval, plaintiff/intervenor Judith Harper ("Harper") argued for the first time that this requirement is improper because, under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (the "FDCPA"), "consumers may request that debt collectors cease <u>all</u> telephone calls …."  (Docket No. 206 at 20:16-19.)  There is no question that the FDCPA permits consumers to request that "debt collectors," as defined, cease communications with them.[3]  The FDCPA simply has no bearing here, however.  If a released party, subject to the FDCPA, receives a

---

[1]      Unless otherwise indicated, defined terms have the meaning assigned to them in the Court's Order Denying Plaintiffs' Motion for Preliminary Approval of Amended Settlement and Denying Intervenor's Motion to Lift Stay.  (<u>See</u> Docket No. 206.)

[2]      There are two types of Revocation Request forms.  One pertains to Class Members who have or had a lending or servicing relationship with Sallie Mae or another released party.  The other pertains to Class Members who have not (such as references).

[3]      Importantly, Harper fails to note certain limitations on the FDCPA.  <u>See</u> 15 U.S.C. § 1692A(6)(A) ("debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor").  Accordingly, the FDCPA does not apply to a creditor, for example, when it is engaged in calling on its own originated loans.  Similarly, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person …."  15 U.S.C. § 1692A(6)(F)(iii):

---

DEFENDANT SALLIE MAE, INC.'S
MEMORANDUM IN SUPPORT OF
PRELIMINARY APPROVAL -1-
(C 10-0198 JLR MJP)

Lisa M. Simonetti, Admitted Pro Hac Vice
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800  Facsimile: 310-556-5959

1   request to cease communications under the FDCPA, it would be honored in the ordinary course.

2   Class Members' rights under the FDCPA to request a cease and desist, as they existed in the past

3   and will exist in the future, remain completely intact.

4       Further, setting aside any supposed issue under the FDCPA, certain Class Members are

5   obligated by their promissory notes to keep their telephone information updated with Sallie Mae.

6   For instance, some student loans held by Class Members include an underlying form promissory

7   note that provides:  "I will send written notice to you, or any subsequent holder of this Note, within

8   10 days after any change in my name, address, <u>telephone number</u> or my school enrollment status

9   (Declaration of Lisa M. Simonetti ("Simonetti Decl."), Ex. A at ¶ K (emphasis added).)  The

10  Revocation Request merely tracks that obligation, which plainly is rational.  A servicer of a student

11  loan must have the information that allows it to attempt to reach its borrower.

12      In addition, and again setting aside any issue under the FDCPA, for those Class Members

13  who have certain federally guaranteed student loans, Sallie Mae is required by regulation to make

14  telephone calls to the borrowers when those loans are delinquent.  The regulation, entitled "Lender

15  Due Diligence in Collecting Guaranty Agency Loans," states, for loans that have reached specified

16  terms of delinquency, "<u>the lender must engage in at least four diligent efforts to contact the</u>

17  <u>borrower by telephone</u> and send at least four collection letters urging the borrower to make the

18  required payments on the loan."  34 C.F.R. § 682.411(d) (emphasis added).  Obviously, in order to

19  comply with the regulation, Sallie Mae must possess the borrower's telephone number.  The

20  Revocation Request form makes perfect sense.

21      **B.**    **The Settlement Amount Is Fair And Reasonable.  An Estimate Of Maximum**

22          **Recovery Is Not Meaningful In This Unique Case.**

23      "It is well-settled law that a cash settlement amounting to only a fraction of the potential

24  recovery does not per se render the settlement inadequate or unfair."  <u>Officers for Justice v. Civil</u>

25  <u>Serv. Comm'n</u>, 688 F.2d 615, 628 (9th Cir. 1982); <u>see also</u> <u>In re Mego Financial Corp.</u>, 213 F.3d

26  454, 459 (9th Cir. 2000) (considering "various estimates of the maximum amount of damages

27  recoverable in a successful litigation").  "This is particularly true in cases … where monetary relief

28   

---

DEFENDANT SALLIE MAE, INC.'S
MEMORANDUM IN SUPPORT OF
PRELIMINARY APPROVAL -2-
(C 10-0198 JLR MJP)

1    is but one form of the relief requested by the plaintiffs.  It is the complete package taken as a

2    whole, rather than the individual component parts, that must be examined for overall fairness."

3    Officers for Justice, 688 F.2d at 628.  Here, of course, "the primary focus of the Amended

4    Settlement is prospective practice changes."  (Docket Nos. 184 at 18:14-15, 206 at 3-4.)  Thus, the

5    settlement amount itself is not of paramount importance.

6         Moreover, here, the Court is presented with a very unique case.  Plaintiffs assert a novel

7    legal theory under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"),

8    which very much involves the risk that, in litigation, the Class Members would recover nothing.

9    As set forth in the Renewed Motion, the Class Members face the prospect of:  (1) failing to certify

10   a litigation class; (2) seeing their novel theory defeated, as it was in Moore v. Firstsource

11   Advantage, LLC, No. 07-CV-770, 2011 WL 4345703, *10 (W.D.N.Y. Sept. 15, 2011) (finding that

12   prior express consent under the TCPA may be given at any time in a credit relationship, not just at

13   origination); and/or (3) having to submit their claims to individual arbitration following the United

14   States Supreme Court's decision in AT&T Mobility LLC v. Concepcion, -- U.S. --, 131 S. Ct. 1740

15   (2011).  In fact, courts long have recognized that settlement may not be "unreasonable in light of

16   the perils plaintiffs face" in continuing to litigate their case even where "the total settlement fund is

17   small" in comparison to the possible recovery available after trial.  In re Critical Path, Inc., 2002

18   WL 32627559 at *7 (N.D. Cal. June 18, 2002); see also White v. Experian Information Solutions,

19   Inc., __ F.Supp. 2d __, 2011 WL 2972054, at *8 (C.D. Cal. July 15, 2011) ("Courts therefore

20   should tread cautiously when comparing the amount of a settlement to speculative figures

21   regarding 'what damages 'might have been won' had [plaintiffs] prevailed at trial.'")

22        Finally, plaintiffs seek damages in the amount of $500 for every autodialed call allegedly

23   made by any released party in violation of the TCPA.  On the one hand, the data that would allow

24   for a precise calculation of estimated damages throughout the entire class period does not exist.

25   (Docket No. 193 at 15-16.)  On the other hand, even if it did, the calculation would not assist the

26   Court in evaluating the Amended Settlement.  Assuming that only one call is at issue with respect

27   to each of the approximately 8,000,000 Class Members, the damages amount would total $4

28

DEFENDANT SALLIE MAE, INC.'S
MEMORANDUM IN SUPPORT OF
PRELIMINARY APPROVAL -3-
(C 10-0198 JLR MJP)

Lisa M. Simonetti, Admitted Pro Hac Vice
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800  Facsimile: 310-556-5959

1  billion.  Sallie Mae would not settle these claims for any amount approaching such a staggering

2  sum.  Sallie Mae also would possess substantial defenses, including based on Due Process

3  concerns, to any such judgment that would be sought in litigation.  See, e.g., Bateman v. American

4  Multi-Cinema, Inc., 623 F.3d 708, 723 (9th Cir. 2010) ("[w]e reserve judgment as to whether a

5  showing of 'ruinous liability' would warrant denial of class certification" in an action brought

6  under a federal consumer statute); London v. Wal-Mart Stores, 340 F.3d 1146, 1255 n.5 (11th Cir.

7  2003) (finding that, where a damages award threatens to destroy a company, it is appropriately

8  considered at class certification stage); White, 2011 WL 2972054, at *8 (finding class action

9  settlement of statutory damages claim to be adequate, in part, where claims raised concern that due

10  process requires a cap on the total amount of statutory damages recoverable); Murray v. GMAC

11  Mortg. Corp., 434 F.3d 948, 954 (7th Cir. 2006) ("An award that would be unconstitutionally

12  excessive may be reduced … after a class has been certified.").  Accordingly, the settlement before

13  the Court represents a fair and reasonable compromise of unique and highly contested claims,

14  which provides real and immediate benefits to Class Members.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

DEFENDANT SALLIE MAE, INC.'S
MEMORANDUM IN SUPPORT OF
PRELIMINARY APPROVAL -4-
(C 10-0198 JLR MJP)

Lisa M. Simonetti, Admitted Pro Hac Vice
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800  Facsimile: 310-556-5959

1

### III.   CONCLUSION

2          For the forgoing reasons, Sallie Mae respectfully requests that the Court grant plaintiffs'

3    Renewed Motion.

4

Dated:  February 9, 2012                         STROOCK & STROOCK & LAVAN LLP
5                                                 Attorneys for Defendant Sallie Mae, Inc.

6                                                 By:_____/s/ Lisa M. Simonetti_____

7                                                 Julia B. Strickland, Admitted Pro Hac Vice
                                                  Lisa M. Simonetti, Admitted Pro Hac Vice
8                                                 STROOCK & STROOCK & LAVAN LLP
                                                  2029 Century Park East, Suite 1600
9                                                 Los Angeles, CA  90067
                                                  Telephone: 310-556-5819
10                                                Fax:  310-407-6319
                                                  Email:  lsimonetti@stroock.com
11                                                        jstrickland@stroock.com

12                                                Kenneth E. Payson, WSBA #26369
                                                  1201 Third Avenue, Suite 2200
13                                                Seattle, Washington  98101-3045
                                                  Telephone: 206-622-3150
14                                                Fax: 206-757-7700
                                                  E-mail: kenpayson@dwt.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT SALLIE MAE, INC.'S                         Lisa M. Simonetti, Admitted Pro Hac Vice
MEMORANDUM IN SUPPORT OF                                  Stroock & Stroock & Lavan LLP
PRELIMINARY APPROVAL -5-                                      2029 Century Park East
(C 10-0198 JLR MJP)                                        Los Angeles, CA 90067-3086
                                                Telephone: 310-556-5800  Facsimile: 310-556-5959

1

**CERTIFICATE OF SERVICE**

2      I, Lisa M. Simonetti, hereby certify that, on February 9, 2012, I electronically filed the

3   foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4   such filing to the following:

5   TERRELL MARSHALL & DAUDT PLLC
    Beth E. Terrell
6   Email: bterrell@tmdlegal.com
    3600 Fremont Avenue North
7   Seattle, Washington 98103
    Telephone: (206) 816-6603
8   Facsimile: (206) 350-3528

9
    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
10  Jonathan D. Selbin
    Email: jselbin@lchb.com
11  250 Hudson Street, 8th Floor
    New York, NY 10013
12  Telephone: (212) 355-9500
    Facsimile: (212) 355-9592
13

14  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    Daniel M. Hutchinson
15  Email: dhutchinson@lchb.com
    Alison Stocking
16  Email: astocking@lchb.com
    275 Battery Street, 29th floor
17  San Francisco, California 94111-3339
    Telephone: (415) 956-1000
18  Facsimile: (415) 956-1008

19
    DAVID P. MEYER & ASSOCIATES CO., LPA
20  David P. Meyer (0065205)
    Email: dmeyer@dmlaws.com
21  Matthew R. Wilson (0072925)
    Email: mwilson@dmlaws.com
22  1320 Dublin Road, Ste. 100
    Columbus, Ohio 43215
23  Telephone: (614) 224-6000
    Facsimile: (614) 224-6066

24

25

26

27

28  DEFENDANT SALLIE MAE, INC.'S                      Lisa M. Simonetti, Admitted Pro Hac Vice
    MEMORANDUM IN SUPPORT OF                          Stroock & Stroock & Lavan LLP
    PRELIMINARY APPROVAL -6-                           2029 Century Park East
    (C 10-0198 JLR MJP)                               Los Angeles, CA 90067-3086
                                                      Telephone: 310-556-5800  Facsimile: 310-556-5959

HYDE & SWIGART
Joshua Swigart
Email: josh@westcoastlitigation.com
411 CAMINO DEL RIO SOUTH
STE 301
SAN DIEGO, CA 92108-3551
Telephone: (619) 233-7770


KAZEROUNIAN LAW GROUP
Abbas Kazerounian
Email: ak@kazlg.com
2700 NORTH MAIN STREET
STE 1050
SANTA ANA, CA 92866
Telephone: (800) 400-6806
Facsimile: (800) 520-5523


LAW OFFICES OF DOUGLAS J. CAMPION
Douglas J. Campion
Email: doug@djcampion.com
409 CAMINO DEL RIO SOUTH, STE 303
SAN DIEGO, CA 92108-3507
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiffs Arthur and Martinez, and the
Proposed Class*


PHILLIPS WEBSTER
Steve Dashiak
Email: stevedashiak@gmail.com
900 SW 16th Street, Ste 210
Renton, WA 98057
Telephone: 425.970.6700


LAW OFFICES OF DARRELL PALMER
Darrell Palmer
Email: Darrell.palmer@palmerlegalteam.com
603 North Highway 101, Suite A
Solana Beach, CA 92075
Telephone: 858.792.5600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT SALLIE MAE, INC.'S
MEMORANDUM IN SUPPORT OF
PRELIMINARY APPROVAL -7-
(C 10-0198 JLR MJP)

Lisa M. Simonetti, Admitted Pro Hac Vice
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800  Facsimile: 310-556-5959

1
2
3
4
5
6

LAW OFFICES OF DAVID SCHAFER
David Schafer
david@helpingtexas.com
Brian Trenz
brian@helpingtexas.com
7800 IH-10 West, Suite 830
San Antonio, Texas 782230
Telephone: 210.348.0500

*Attorney for Plaintiff-in-Intervention Judith Harper*

7   Dated:  February 9, 2012                    STROOCK & STROOCK & LAVAL LLP

8                                               By: _____/s/ Lisa M. Simonetti_____

9                                               Lisa M. Simonetti, Admitted Pro Hac Vice
10                                              STROOCK & STROOCK & LAVAN LLP
                                                2029 Century Park East, Suite 1600
11                                              Los Angeles, CA  90067
                                                Telephone: 310-556-5819
12                                              Fax:  310-407-6319
                                                Email:  lsimonetti@stroock.com
13
                                                *Attorneys for Defendant Sallie Mae, Inc.*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT SALLIE MAE, INC.'S
MEMORANDUM IN SUPPORT OF
PRELIMINARY APPROVAL -8-
(C 10-0198 JLR MJP)

Lisa M. Simonetti, Admitted Pro Hac Vice
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800  Facsimile: 310-556-5959