THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, HEATHER MCCUE and PARI NAJAFI on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SALLIE MAE, INC.,<br><br>    Defendant.<br><br>JUDITH HARPER,<br><br>    Plaintiff/Intervenor,<br><br>    v.<br><br>ARROW FINANCIAL SERVICES, LLC,<br><br>    Defendant. | NO. C10-0198 JLR<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF AMENDED SETTLEMENT**<br><br>**Noted for Consideration:**<br>   Friday, September 14, 2012, 1:30 p.m.<br><br>**ORAL ARGUMENT** |

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT
CASE No. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ...................................................................................................1

II. AUTHORITY AND ARGUMENT ........................................................................1

    A. The Settlement Is the Result of Informed, Arm's-Length Negotiations ..............1

    B. The Class Members Have Received the Best Notice Practicable .......................3

    C. The Amended Settlement Satisfies the Criteria for Final Approval....................6

        1. The Strength of Plaintiffs' Case................................................................6

        2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation..........................................................................................7

        3. The Risk of Maintaining Class Action Status .........................................8

        4. The Amount Offered in Settlement ..........................................................8

        5. The Extent of Discovery Completed and the Stage of the Proceedings............................................................................................. 10

        6. The Experience and Views of Counsel ................................................. 11

        7. The Presence of a Governmental Participant ....................................... 11

        8. The Reaction of the Settlement Class Members.................................. 12

III. CONCLUSION ................................................................................................... 12

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - i
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF AUTHORITIES

**Page No.**

**FEDERAL CASES**

*Farrell v. OpenTable, Inc.*,
   No. C 11-1785 SI, 2012 WL 1379661 (N.D. Cal. January 30, 2012) ........................... 10

*Fulford v. Logitech, Inc.*,
   No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS 29042 (N.D. Cal.
   Mar. 5, 2010) ..................................................................................................................8

*Garner v. State Farm Auto Ins. Co.*,
   No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) ............. 12

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ........................................................................................ 1

*Hughes v. Microsoft Corp.*,
   No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash.
   Mar. 26, 2001) ................................................................................................................ 3

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .......................................................................................... 6

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ............................................................................... 9, 10, 11

*In re Mercury Interactive Corp. Sec. Litig.*,
   618 F.3d 988 (9th Cir. 2010) .......................................................................................... 5

*In re Phenylpropanolamine (PPA) Prods. Liability Litig.*,
   227 F.R.D. 553 (W.D. Wash. 2004) .......................................................................... 3, 10

*Kavu, Inc. v. Omnipak Corp.*,
   246 F.R.D. 642 (W.D. Wash. 2007) ............................................................................... 8

*Kenro, Inc. v. Fax Daily, Inc.*,
   962 F. Supp. 1162 (S.D. Ind. 1997) ................................................................................ 8

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) ...................................................................................... 11

*Moore v. Firstsource Advantage, LLC*,
   No. 07-CV-770, 2011 WL 4345703 (W.D.N.Y. Sept. 15, 2011) .................................... 7

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - ii
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*Officers for Justice v. Civil Serv. Comm'n*,
 688 F.2d 615 (9th Cir. 1982) ................................................................................................ 7

*Pelletz v. Weyerhaeuser Co.*,
 255 F.R.D. 537 (W.D. Wash. 2009) ............................................................................ 3, 11, 12

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) ................................................................................................ 1

*True v. Am. Honda Motor Co.*,
 749 F. Supp. 2d 1052 (C.D. Cal. 2010) .............................................................................. 10

**OTHER AUTHORITIES**

*Manual for Complex Litigation* (Fourth) § 21.61 (2010) .............................................................. 1

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - iii
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## I. INTRODUCTION

Mark A. Arthur, Cirilo Martinez, Pari Najafi, and Heather McCue ("Plaintiffs") respectfully submit this memorandum in support of their motion for final approval of the Amended Settlement. For the reasons set forth in this memorandum and in the papers previously submitted in support of approval, the Amended Settlement is fair, adequate and reasonable and in the best interests of the Class. Accordingly, Plaintiffs respectfully request that the Court grant final approval to the Amended Settlement by: (1) approving the proposed Amended Settlement Agreement as fair, adequate, and reasonable for the certified Settlement Class; and (2) determining that adequate notice was provided to the Settlement Class.

## II. AUTHORITY AND ARGUMENT

When faced with a motion for final approval of a class action settlement under Rule 23, a court's inquiry is whether the settlement is "fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). A settlement is fair, adequate, and reasonable, and merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 480 (2010). The Court's role is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted).

### A. The Settlement Is the Result of Informed, Arm's-Length Negotiations

To reach this Amended Settlement, Plaintiffs and Sallie Mae engaged in extensive negotiations, including multiple in-person mediations before experienced former federal magistrate judge, the Honorable Edward A. Infante. Those discussions culminated in an Amended Settlement Agreement that provides substantial benefits to the Settlement Class, including 1) core equitable relief that requires Sallie Mae to stop calling Plaintiffs and Class Members on their cellular telephones if the Class Members so request, and 2) payment by

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 1
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Sallie Mae of $24.15 million into a settlement fund, the largest TCPA settlement of which Class Counsel are aware.

The Amended Settlement is also the result of a thorough investigation by the parties. Before filing the *Arthur* action in February 2010, *Arthur* Counsel spent months investigating and researching the relevant legal issues as well as the factual allegations made by consumers. Dkt. No. 52 (Selbin Decl.) ¶¶ 8–15. [1] Similarly, counsel for Plaintiff *Najafi* thoroughly investigated the potential claims of the co-signor plaintiffs before filing their Complaint. Dkt. No. 55 ¶ 6; Dkt. No. 56 ¶ 5; Dkt. No. 57 ¶ 5. After filing the complaint, *Arthur* Counsel continued to exchange legal arguments with Sallie Mae and conducted extensive informal and confirmatory discovery from Sallie Mae, and requested and received documents. Dkt. No. 52 ¶¶ 23–25, 37–38. *Arthur* Counsel also engaged in ongoing consultations with prospective class members, which proved helpful in permitting counsel to assess the strengths and weaknesses of the case. *Id.* ¶ 13. Plaintiffs were able to reach the original Settlement with Sallie Mae only after they received information from Sallie Mae regarding the size of the proposed Class. Dkt. No. 185 ¶¶ 3–10. Indeed, this information was crucial for Plaintiffs to evaluate class-wide damages. *See id.* When Sallie Mae informed Plaintiffs that the Class was substantially larger than Sallie Mae had originally believed, the parties re-opened settlement negotiations in order to address relief for the newly-disclosed Class Members. *See id.* ¶ 6. Following two Fed. R. Civ. P. 30(b)(6) depositions on issues relating to the newly-disclosed Class Members and additional written discovery, as well as further mediation sessions with Judge Infante, Plaintiffs secured an additional $4.65 million dollars for the Class. *See id.* ¶¶ 10–11.

As the Court recognized in its preliminary approval order, and as Judge Infante attests, the Amended Settlement "resulted from extensive arm's length negotiations." Dkt. No. 216 ¶ 1; see also Dkt. No. 186 ¶¶ 3–4. Arm's-length negotiations conducted by competent, informed

---

[1] *Arthur* Counsel are defined in the Amended Settlement Agreement as counsel to Plaintiffs Mark Arthur, Cirilo Martinez, and Heather McCue. Amended Agreement at 1.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 2
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

counsel are *prima-facie* evidence of a settlement that is fair and reasonable. *See Hughes v. Microsoft Corp.,* No. C98-1646C, C93-0178C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery."); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542–43 (W.D. Wash. 2009) (approving settlement "reached after good faith, arms-length negotiations"); *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith, following arms-length and non-collusive negotiations"). Accordingly, the Amended Settlement is entitled to a presumption of fairness.

**B.     Class Members Received the Best Notice Practicable**

This Court has already determined that the notice program in this case meets the requirements of due process and applicable law, provides the best notice practicable under the circumstances, and constitutes due and sufficient notice to all individuals entitled thereto. Dkt. No. 216 ¶ 9. This notice program has been fully implemented by independent claims administrator, The Garden City Group, Inc. ("GCG"). *See generally* Declaration of Jennifer M. Keough Regarding Notice Dissemination and Settlement Administration ("Keough Decl.").

Sallie Mae provided GCG with a list containing the names of each Settlement Class Member (the "Class List"). Keough Decl. ¶ 5. The Class List included email addresses for Settlement Class Members who were to receive email notice, notations if the Settlement Class Members had opted out of receiving email notices from Sallie Mae, and the Settlement Class Members' most recent mailing address if they were to receive mailed notice. *See id.*

After receiving the Class List, GCG contacted major Internet Service Providers ("ISPs") to inform them that they would receive a high volume of emails during the distribution process and to request their assistance and cooperation. Keough Decl. ¶ 8. GCG reviewed the email to be sent to Settlement Class Members ("Email Notice") to ensure that it did not contain content or parameters that would trigger SPAM filters and thus cause emails to be bounced back. *Id.*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 3
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

¶ 10. GCG monitored failed emails carefully and attempted to resend emails as many as three times. *See id.* For those emails that could not be delivered (377, 987 in total), GCG attempted to match the emails with a mailing address and to deliver the notice by direct mail. *See id.*

In addition to Email Notice, GCG mailed one of four Postcard Notices to the most recent mailing address of those individuals for whom Sallie Mae did not have an email address on record and/or who had opted out of receiving emails from Sallie Mae. Keough Decl. ¶ 13. Before mailing the Postcard Notices, GCG updated the addresses through the National Change of Address database maintained by the United States Postal Service. *Id.* ¶ 14. Of the 7,880,040 records provided, an updated address was located for 1,168,623 Settlement Class Members. If GCG had not been provided a mailing address for a particular Settlement Class Member, GCG performed additional research, which was highly successful. *Id.* ¶ 14 (noting 54,661 addresses were found for 132,523 records through reverse phone look ups).

The content of the Class Notice was tailored to reflect the status of individual Settlement Class Members. Specifically tailored versions were sent to (1) Settlement Class Members who received notice of the original Settlement and filed a Claim Form; (2) Settlement Class Members who received notice of the original Settlement and filed a revocation request only; (3) Settlement Class Members who received notice of the original Settlement and filed an exclusion request; and (4) all other Settlement Class Members, including newly identified Settlement Class Members. Dkt. No. 187 ¶ 8. All four versions informed Settlement Class Members of: (1) the Amended Settlement's benefits, including the new benefits; (2) new extended deadlines for all Settlement Class Members to file a Claim Form and/or Revocation Request, opt out of the Amended Settlement, withdraw a past exclusion request, and object to the Amended Settlement or to Class Counsel's attorneys' fees and costs request; (3) the amount being sought by Class Counsel in attorneys' fees and costs; (4) the address for the Settlement Website where they can obtain more information, download forms, and file claims and/or revocation requests; and (5) the date and location of the final approval hearing. *Id.* ¶ 4, Ex. B.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 4
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

In addition to email and mailed notice, GCG published the Publication Notice in *USA Today* on April 18, 2012, and in the Wall Street Journal on April 18 and 25, 2012. Keough Decl. at ¶ 17. As of May 6, 2012, approximately 107,120 persons have dialed the toll-free number operated by GCG, including 31,441 calls since commencement of the notice program for the Amended Settlement, and approximately 166,856 persons have visited the website, including 88,606 since the Amended Settlement's notice program commenced. *Id.* at ¶¶ 17–19.

In addition, *Arthur* Counsel has received and responded to well over 4,000 telephone calls from Class members. Declaration of Jonathan D. Selbin in Support of Motion for Final Approval of Amended Settlement and Motion for Award of Attorneys' Fees and Costs and Service Awards ("Selbin Decl.") ¶ 53. *Arthur* Counsel answered all questions regarding the Amended Settlement and assisted many Class Members in completing the revocation and claim forms. *Id.* *Arthur* Counsel has observed in those communications that Class members generally have positive views about the terms of the Amended Settlement and have been pleased to have the ability to make the automated calls to their cellular phones stop. *See id.*[2]

In sum, the notice program approved by this Court and implemented by GCG has provided due and adequate notice of these proceedings and of the matters set forth therein, including the Amended Agreement, to all parties entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of constitutional due process, and the requirements set forth in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). As of May 15, 2012, nearly 98 percent of the 7,792,256 Settlement Class Members have successfully been provided with notice of the Amended Settlement by email or mail. Keough Decl. ¶ 16. Due process is satisfied.

---

[2] Moreover, since most Class Members also received mail, email, and/or publication notice in 2010 of the original Settlement (which in many key respects was identical to the Amended Settlement), most Class Members effectively received the best practicable notice *twice*.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 5
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**C. The Amended Settlement Satisfies the Criteria for Final Approval**

In deciding whether to grant final approval to a class action settlement, courts consider several factors, including:

> [1] the strength of the Plaintiffs' case; [2] the risk, complexity, and duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement.

*See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Applied to this case, the relevant criteria support final approval of the Amended Settlement.

1. <u>The Strength of Plaintiffs' Case</u>

Although Plaintiffs have thoroughly investigated the factual and legal bases for their claims and have developed substantial evidence supporting their allegation that Sallie Mae violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, one cannot ignore the presence of significant risks in continuing the litigation had settlement not occurred. This case turns on competing interpretations of, among other things, the FCC's January 4, 2008 declaratory ruling, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (hereinafter "Declaratory Ruling"). The Declaratory Ruling is the FCC's official interpretation of the governing provisions of the TCPA. The FCC's Declaratory Ruling addresses the meaning of "prior express consent" and states: "prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.* ¶ 10. Plaintiffs maintain that Paragraph 10 requires that the cell phone number be "provided during the transaction that resulted in the debt owed," *i.e.* during loan "origination."

Sallie Mae, on the other hand, has interpreted the term "transaction" broadly to mean any time during the multi-year life of the loan. Sallie Mae has therefore steadfastly maintained

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 6
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

that some or all of the Class Members gave Sallie Mae prior express consent to contact them at their cellular phone numbers. Dkt. No. 208 at 4 (citing *Moore v. Firstsource Advantage, LLC*, No. 07-CV-770, 2011 WL 4345703, at *10 (W.D.N.Y. Sept. 15, 2011)). If the Court found that the FCC's Declaratory Ruling and/or the TCPA permits "prior express consent" to be given: (1) after loan origination on documents such as correspondence, updated information forms, forbearance requests, and the like, and/or (2) verbally, Sallie Mae could have effectively reduced the recoverable damages or eliminated them altogether. In addition, even if Plaintiffs prevailed on their interpretation of the FCC's Declaratory Ruling, this is an issue of first impression in this Circuit that, given the amount at stake, would be appealed to the Ninth Circuit and perhaps the Supreme Court.

The risks of continued litigation have only increased since this Court granted preliminary approval of the original Settlement. Since that time, the Supreme Court decided *AT&T Mobility LLC v. Concepcion*, -- U.S. --, 131 S. Ct. 1740 (2011), holding that class action waivers in many consumer arbitration agreements can be enforced. Without the Amended Settlement, Sallie Mae would argue that many Class Members' claims must be sent to individual arbitrations. The Supreme Court also has decided *Wal-Mart Stores, Inc. v. Dukes*, --- U.S. ---, 131 S. Ct. 2541 (2011), which potentially implicates certification of large, nationwide classes.

Under the Amended Settlement, Settlement Class Members avoid all of those risks and obstacles to recovery and receive substantial benefits, and in timely fashion. All Settlement Class Members receive the unambiguous right to end the telephone calls at the heart of this litigation. In addition, all but the charged-off Class Members can recover money damages, through a straightforward claim process that only requires completing a simple one-page form.

2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

Another factor in assessing the fairness of the proposed Amended Settlement is the complexity, expense, and likely duration of this lawsuit had settlement not been achieved. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Throughout the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 7
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

negotiation process, Sallie Mae vigorously defended its position and expressed every intention of continuing a spirited defense, absent a settlement, through trial and appeal. Class Counsel have a significant amount of experience in consumer class action litigation and know from their own experience that any case involving a nationwide class of consumers can, and often does, lead to costly litigation that goes on for years.

Moreover, there is a substantial risk of losing inherent in any jury trial. Even if Plaintiffs prevailed at trial, Sallie Mae would almost certainly appeal, threatening a reversal of any favorable outcome and causing significant delays in obtaining any relief for Class Members. *See Fulford v. Logitech, Inc.*, No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS 29042, at *8 (N.D. Cal. Mar. 5, 2010) ("[L]iability and damages issues—and the outcome of any appeals that would likely follow if the Class were successful at trial—present substantial risks and delays for Class member recovery.").

### 3. The Risk of Maintaining Class Action Status

Another risk Plaintiffs faced going forward is that this Court would decline to certify this case as a class action. Sallie Mae has strenuously denied that class certification is appropriate in this case. Beyond the more general issues involved in certification of nationwide classes, courts have split on class certification in TCPA cases. Compare *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D. Wash. 2007) (granting class certification) with *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification). If Sallie Mae persuaded the Court not to certify a class, Plaintiffs and all Class Members would have been left to try to pursue their small value individual claims on their own.

### 4. The Amount Offered in Settlement

The Amended Settlement provides relief for all Settlement Class Members who have received automated calls. All Settlement Class Members can revoke Sallie Mae's ability to make automated calls to them on a cellular telephone if they do not want to receive such calls, which is the core relief under the Amended Settlement and the focus of the TCPA. Dkt. No.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 8
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

184-1 (Amended Agreement) § III(C)(1). The process to effectuate this relief is simple and straightforward, involving the submission of a single-page form. The Amended Settlement also requires Sallie Mae to: (1) pay at least at least $24.15 million into a Fund, out of which eligible Settlement Class Members who file a qualified claim will receive a Cash Award or Reduction Award; (2) pay an additional Dedicated *Cy Pres* Distribution of $85,000; and (3) contribute $45,000 toward additional notice.

This Court has observed that at any final fairness hearing, it will be required to compare the Settlement Fund amount to "estimates of the maximum amount of damages recoverable in a successful litigation," and it instructed the Parties to address this issue in any renewed motion for preliminary approval of the Amended Settlement. Dkt. No. 206 at 23; *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming district court's determination after fairness hearing that final approval of settlement was appropriate based in part on comparison of settlement amount with potential recovery). Plaintiffs complied in their renewed motion, explaining that although the maximum potential recovery for the proposed Class could be close to $12 billion, obtaining — and retaining — such a judgment would be, as a practical and legal matter, impossible. *See* Dkt. No. 207 at 4:9–5:17.

The $24.15 million Settlement Fund is by far the largest TCPA settlement of which Class Counsel is aware. Based upon the claims data from the original Settlement, and many other factors (detailed in Plaintiffs' October 11, 2011 brief in support of preliminary approval of the Amended Settlement and the accompanying Selbin Declaration (Dkt. Nos. 184 at 13, 185 ¶ 12), each claimant is likely to receive $20-$40 each or more. Any Class Member who received many calls and believes that amount is inadequate can opt out and retain an attorney to file an individual lawsuit. The amount offered to the Settlement Class Members is reasonable.

Further, the Amended Settlement treats all Settlement Class Members fairly. The only segment of the Settlement Class not eligible for a cash payment consists of those Settlement Class Members who have become so delinquent on their accounts that they have been written

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 9
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

off as a matter of accounting ("Charged-Off Class Members"). These individuals will not receive a cash payment because, although they share legal claims with other Settlement Class Members, any damages they might recover would be offset by the debt they owe Sallie Mae and from which they have walked away. Dkt. No. 185 ¶ 16.

Because their damages claims are substantially weaker than the other Settlement Class Members, it is appropriate to allocate no monetary relief to Charged-Off Class Members (they are still entitled to the same prospective relief, to wit, stopping the calls). As this Court acknowledged on preliminary approval, such a principled allocation does not create a conflict or raise any adequacy issues. *See* Dkt. No. 206 at 21:12–16 (citing *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1057 (C.D. Cal. 2010); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 461–63 (no conflict where "a large portion of the class" was left "without recovery" under settlement distribution because they "could never get" damages); *Farrell v. OpenTable, Inc.*, No. C 11-1785 SI, 2012 WL 1379661, *3 (N.D. Cal. January 30, 2012) (rejecting objection to settlement that provided no monetary relief to certain class members, stating "the Ninth Circuit has held that it is permissible to award different relief to class members based upon objective differences in the positions of the class members") (citing *In re Mego*); *In re PPA Prod. Liab. Litig.*, 227 F.R.D. at 562 ("Placing a lower value on claims that would have been barred by a defense . . . is hardly evidence of a conflict"). Moreover, Plaintiff Heather McCue is a Charged-Off Class Member and fully supports the Amended Settlement despite the fact that she will receive no compensation of any kind. Declaration of Plaintiff Heather McCue in Support of Motion for Final Approval of Amended Settlement ¶¶ 12-15.

5. <u>The Extent of Discovery Completed and the Stage of the Proceedings</u>

Final approval is favored because substantial investigation and discovery were completed prior to the Amended Settlement. Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. Courts regularly approve prompt settlements, especially those

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 10
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

achieved after thorough pre-filing negotiations. *See, e.g.*, *Pelletz*, 255 F.R.D. at 539; *see also In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding that class counsel's significant investigation and research supported approval of settlement, even absent extensive formal discovery); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) ("[F]ormal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement.").

The Amended Settlement is the result of a thorough investigation, formal and informal discovery, and an evaluation of Plaintiffs' legal claims. This factor favors approval.

6. The Experience and Views of Counsel

Where class counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz*, 255 F.R.D. at 543. Here, Class Counsel advocates the proposed Amended Settlement as fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. Indeed, Class Counsel believe this proposed Amended Settlement to be an excellent result. *See* Selbin Decl. ¶ 71; *see also* Terrell Final Approval Decl. ¶ 18. And, while it is not a factor courts expressly consider, the fact that Judge Infante, a well-respected retired federal judge, also believes that the Amended Settlement is an excellent result (Dkt. No. 186 ¶ 8) further militates in favor of its approval.

7. The Presence of a Governmental Participant

No governmental entity is a party to this action. However, in compliance with the notice provision of CAFA 28 U.S.C. § 1715, notice of the Amended Settlement has been provided to the United States Attorney General, and the Attorneys General of each of the 50 states in which Settlement Class Members may reside. *See* Submission of Defendant Sallie Mae, Inc. Regarding Notice Pursuant to the Class Action Fairness Act of 2005 (Dkt. No. 217).

"Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to class action settlement, CAFA presumes that, once put on notice, either state of federal officials will raise any concerns that they may have during the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 11
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

normal course of the class action settlement procedures." *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010). Not one governmental entity has objected.

8. <u>The Reaction of Settlement Class Members</u>

A positive response to a settlement by the class—as evidenced by a small percentage of opt-outs and objections—further supports final approval. *See Pelletz*, 255 F.R.D. at 543. Here, the deadline to opt out or object to the Amended Settlement is July 3, 2012. Plaintiffs thus will fully analyze this factor and respond to any objections to the Amended Settlement in their reply papers, which are due on August 1, 2012.

The response to the Amended Settlement thus far strongly indicates that the reaction to the Amended Settlement will be resoundingly positive. As of May 6, 2012, GCG had received a total of 74 exclusion requests and zero objections to the Amended Settlement. *See* Keough Decl. ¶ 21. GCG also had received a total of 31,621 Claim Forms and 10,525 Revocation Request Forms in connection with the Amended Settlement. *Id.* ¶ 20. Moreover, 106,449 people filed Claim Forms and 76,702 people filed Revocation Request Forms in connection with the original Settlement, all of which are still valid and apply to the Amended Settlement.[3] The substantial number of people claiming settlement relief weighs in favor of final approval.

## III. CONCLUSION

The Amended Settlement is fair, adequate and reasonable. Settlement Class Members' ability to completely halt automated calls to their cellular phones, in addition to payment of $24.15 million to the Class, is an outstanding result in light of the recoveries potentially available under the law and the risks of continued litigation. Plaintiffs respectfully request that the Court grant final approval to the Amended Settlement.

---

[3] Only 23 people filed objections in connection with the original Settlement. *See* Keough Decl. ¶ 21.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 12
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

DATED this 17th day of May, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC


By: /s/ Beth E. Terrell, WSBA # 26759
    Beth E. Terrell, WSBA #26759
    Email:  bterrell@tmdwlaw.com
    Michael D. Daudt, WSBA #25690
    Email:  mdaudt@tmdwlaw.com
    Marc C. Cote, WSBA #39824
    Email:  mcote@tmdwlaw.com
    936 North 34th Street, Suite 400
    Seattle, Washington 98103-8869
    Telephone: 206.816.6603
    Facsimile: 206.350.3528

    Jonathan D. Selbin, *Admitted Pro Hac Vice*
    Email:  jselbin@lchb.com
    Alison Stocking, *Admitted Pro Hac Vice*
    Email:  astocking@lchb.com
    LIEFF, CABRASER, HEIMANN
      & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
    New York, New York 10013
    Telephone: 212.355.9500
    Facsimile: 212.355.9592

    Daniel M. Hutchinson, *Admitted Pro Hac Vice*
    Email:  dhutchinson@lchb.com
    LIEFF, CABRASER, HEIMANN
      & BERNSTEIN, LLP
    Embarcadero Center West
    275 Battery Street
    San Francisco, California 94111-3339
    Telephone: 415.956.1000
    Facsimile: 415.956.1008

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 13
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| | |
|---|---|
| 1 | David P. Meyer, *Admitted Pro Hac Vice* |
| | Email: dmeyer@meyerwilson.com |
| 2 | Matthew R. Wilson, *Admitted Pro Hac Vice* |
| | Email: mwilson@meyerwilson.com |
| 3 | MEYER WILSON CO LPA |
| | 1320 Dublin Road, Suite 100 |
| 4 | Columbus, Ohio 43215 |
| | Telephone: 614.224.6000 |
| 5 | Facsimile: 614.224.6066 |
| 6 | |
| | Joshua Swigart, *Admitted Pro Hac Vice* |
| 7 | Email: josh@westcoastlitigation.com |
| | Robert L. Hyde |
| 8 | Email: bob@westcoastlitigation.com |
| | David C. Leimbach |
| 9 | Email: dleimbach@westcoastlitigation.com |
| 10 | HYDE & SWIGART |
| | 411 Camino Del Rio South, Suite 301 |
| 11 | San Diego, CA 92108-3551 |
| | Telephone: (619) 233-7770 |
| 12 | Facsimile: (619) 297-1022 |
| 13 | |
| | Douglas J Campion, *Admitted Pro Hac Vice* |
| 14 | Email: doug@djcampion.com |
| | LAW OFFICES OF DOUGLAS J. CAMPION |
| 15 | 409 Camino Del Rio South, Suite 303 |
| | San Diego, CA 92108-3507 |
| 16 | Telephone: (619) 299-2091 |
| 17 | Facsimile: (619) 858-0034 |
| 18 | Abbas Kazerounian, *Admitted Pro Hac Vice* |
| | Email: ak@kazlg.com |
| 19 | KAZEROUNIAN LAW GROUP |
| | 2700 North Main Street, Suite 1050 |
| 20 | Santa Ana, CA 92866 |
| 21 | Telephone: (800) 400-6806 |
| | Facsimile: (800) 520-5523 |
| 22 | |
| | *Attorneys for Plaintiffs* |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 14
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on May 17, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Kenneth E. Payson, WSBA #26369
> Email: kenpayson@dwt.com
> DAVIS WRIGHT TREMAINE LLP
> 1201 Third Avenue, Suite 2200
> Seattle, Washington 98101-3045
> Telephone: 206.622.3150
> Facsimile: 206.757.7700
>
> Lisa M. Simonetti, *Admitted Pro Hac Vice*
> Email: lsimonetti@stroock.com
> Julia B. Strickland, *Admitted Pro Hac Vice*
> Email: jstrickland@stroock.com
> STROOCK & STROOCK & LAVAN LLP
> 2029 Century Park East, Suite 1600
> Los Angeles, California 90067
> Telephone: 310.556.5819
> Facsimile: 310.556.5959
>
> *Attorneys for Defendant*
>
> Steve Dashiak, WSBA #39836
> Email: stevedashiak@gmail.com
> PHILLIPS & WEBSTER
> 900 SW 16th Street, 16th Floor
> Renton, Washington 98057
> Telephone: 425.970.6700
>
> Darrell Palmer, *Admitted Pro Hac Vice*
> Email: Darrell.palmer@palmerlegalteam.com
> LAW OFFICES OF DARRELL PALMER
> 603 N. Highway 101, Suite A
> Solana Beach, California 92075
> Telephone: 858.792.5600

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 15
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| 1 | David Schafer, *Admitted Pro Hac Vice* |
|---|---|
| 2 | Email: david@helpingtexas.com |
|   | LAW OFFICES OF DAVID SCHAFER, PLLC |
| 3 | 7800 IH-10 West, Suite 830 |
|   | San Antonio, Texas 78230 |
| 4 | Telephone: 210.348.0500 |

Brian Trenz, *Admitted Pro Hac Vice*
Email: brian@helpingtexas.com
LAW OFFICES OF DAVID SCHAFER, PLLC
7800 IH-10 West, Suite 830
San Antonio, Texas 78230
Telephone: 210.348.0500

*Attorneys for Objectors Patrick Sweeney and Sasha McBean*

DATED this 17th day of May, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Beth E. Terrell, WSBA # 26759
    Beth E. Terrell, WSBA # 26759
    Email: bterrell@tmdwlaw.com
    936 North 34th Street, Suite 400
    Seattle, Washington 98103-8869
    Telephone: 206.816.6603
    Facsimile: 206.350.3528

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
AMENDED SETTLEMENT - 16
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com