1                                THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF WASHINGTON

9

10  MARK A. ARTHUR, CIRILO MARTINEZ,     CLASS ACTION
      PARI NAJAFI, and HEATHER MCCUE, on

11  behalf of themselves and all others similarly    NO. 10-cv-00198-JLR
      situated,

12                          **CLASS COUNSEL'S MOTION FOR**
                    Plaintiffs,     **AWARD OF ATTORNEYS' FEES**

13                          **AND COSTS AND SERVICE**
           v.                 **AWARDS IN CONNECTION WITH**

14                          **AMENDED SETTLEMENT**
      SALLIE MAE, INC.,

15                          **Noted for Consideration:**
                  Defendant.    **Friday, September 14, 2012, 1:30 p.m.**

16

17                          **ORAL ARGUMENT**

18  JUDITH HARPER,

19                   Plaintiff/Intervenor,
           v.

20  ARROW FINANCIAL SERVICES, LLC,

21                 Defendant.

22

23

24

25

26

---

                            TERRELL MARSHALL DAUDT & WILLIE PLLC
                                      936 NORTH 34TH STREET, SUITE 400
                                      SEATTLE, WASHINGTON  98103
                                      TELEPHONE:  (206) 816-6603

1

# TABLE OF CONTENTS

2

Page

3   I.    INTRODUCTION ............................................................................................. 1

4   II.   ARGUMENT. .................................................................................................. 2

    A.    Application of the Percentage-of-the-Fund Method Is Warranted ............ 2

5

    B.    The Percentage-of-the-Fund Analysis Supports Counsel's Fee
6         Request .......................................................................................................... 3

          1.    Class Counsel Have Obtained An Excellent Result........................ 4

7
          2.    The Risk Involved with the Litigation Supports the Fee
8               Request. ........................................................................................... 6

9         3.    Class Counsel Faced Substantial Risk of Non-Payment................. 7

          4.    Fees in Similar Actions. .................................................................. 7

10  C.    A Lodestar-Multiplier Cross-Check Confirms the Requested Fee. ........... 8

11        1.    Class Counsel's lodestar is reasonable........................................... 9

          2.    A multiplier is warranted. ............................................................. 10

12  D.    The Payment of Costs is Fair and Reasonable ......................................... 11

13  E.    Service Awards for Three Named Plaintiffs are Reasonable.................... 12

14  III.  CONCLUSION .............................................................................................. 12

15

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3                                          - i -

TERRELL MARSHALL & DAUDT PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*AT&T Mobility LLC v. Concepcion*,
    -- U.S. --, 131 S. Ct. 1740 (2011) ............................................................... 7

*Bellows v. NCO Financial Systems, Inc.*,
    2009 U.S. Dist. LEXIS 273 (S.D. Cal. Jan 5, 2009) ....................................... 9, 12

*Blum v. Stenson*,
    465 U.S. 886 (1994) ...................................................................................... 11

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980) ........................................................................................ 3

*Craft v. County of San Bernardino*,
    624 F. Supp. 2d 1113 (C.D. Cal. 2008) ......................................................... 10

*Glass v. UBS Fin. Servs.*,
    2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26, 2007) ................................ 10

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
    2008 U.S. Dist. LEXIS 106515 (W.D. Wash. Apr. 24, 2008) .................... 9, 12, 15

*Hanlon v. Chrysler Group*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................. passim

*Hartless v. Clorox Co.*,
    273 F.R.D. 630 (S.D. Cal. 2011) .................................................................. 14

*HCL Partners Ltd. P'ship v. Leap Wireless Int'l, Inc.*,
    2010 U.S. Dist. LEXIS 109829 (S.D. Cal. Oct. 15, 2010) ............................. 10

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ........................................................................................ 4

*In re Activision Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989) ............................................................... 4

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ................................................................. 3, 10, 11

*In re Broadcom Corp. Sec. Litig.*,
    2005 U.S. Dist. LEXIS 41993 (C.D. Cal. Sept. 12, 2005) ............................... 8

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) ......................................................... 14

*In re Media Vision Tech. Sec. Litig.*,
    913 F. Supp. 1362 (N.D. Cal. 1996) ............................................................. 14

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ........................................................................... 6

*In re Mercury Interactive Corp.*,
    618 F.3d 988 (9th Cir. 2010) ........................................................................... 2

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- ii -

TERRELL MARSHALL & DAUDT PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Merry-Go-Round Enterprises*,
    244 B.R. 327 (Bankr. D. Md. 2000) ................................................................. 13

*In re Omnivision Techs, Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ....................................................... 3, 5, 7

*In re Rite Aid Corp. Sec. Litig.*,
    362 F. Supp. 2d 587 (E.D. Pa. 2005) ............................................................... 13

*In re RJR Nabisco, Inc. Sec. Litig*,
    1992 WL 210138 (S.D.N.Y. Aug. 24, 1992) .................................................... 13

*In re Visa Check/Mastermoney Antitrust Litig.*,
    297 F. Supp. 2d 503 (E.D.N.Y 2003) ................................................................. 5

*In re Washington Public Power Supply System Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994)............................................................................... 8

*Kenro, Inc. v. Fax Daily, Inc.*,
    962 F. Supp. 1162 (S.D. Ind. 1997) ................................................................... 7

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975)............................................................................... 10

*Lealao v. Beneficial California, Inc.*,
    82 Cal. App. 4th 19 (2000) ................................................................................. 7

*Linney v. Cellular Alaska P'ship*,
    1997 WL 450064 (N.D. Cal. Jul. 18, 1997)..................................................... 5, 6

*Moore v. Firstsource Advantage, LLC*,
    No. 07-CV-770, 2011 WL 4345703 (W.D.N.Y. Sept. 15, 2011) ....................... 7

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) ....................................................... 6, 12, 15

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009)............................................................................. 14

*Satterfield v. Simon & Schuster, Inc. et al.*,
    No. 06-2893 (N.D. Cal. Aug. 6, 2010)................................................................ 9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir 2003).......................................................................... 2, 5

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007) .................................................................. 13

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993)................................................................................. 8

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002)....................................................................passim

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ........................................................................................ 7

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- iii -

TERRELL MARSHALL & DAUDT PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

**TABLE OF AUTHORITIES**
(continued)

Page

**OTHER AUTHORITIES**

Theodore Eisenberg & Geoffrey P. Millery, Attorneys' Fees and Expenses in Class
   Action Settlements: 1993-2008, 7 *Journal of Empirical Legal Studies* 248,
   (2010) ...................................................................................................................... 3

**RULES**

Federal Rules of Civil Procedure
   Rule 23(e)................................................................................................................. 2

**TREATISES**

Federal Judicial Center, *Manual for Complex Litigation* (4th ed. 2004)
   § 27.71..................................................................................................................... 5

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- iv -

TERRELL MARSHALL & DAUDT PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1

## I.     **INTRODUCTION**

2

Class Counsel file this memorandum in support of their motion for an award of attorneys'

3

fees and out-of-pocket costs in the total amount of $4.83 million, or 20% of the $24.15 million

4

Amended Settlement Fund (with no additional payment of costs), and Service Awards of $2,500

5

for three of the four representative Plaintiffs.

6

Although Class Counsel have performed significant work on behalf of the Class in the

7

nearly 18 months since the original Settlement was presented for approval in December 2010 --

8

including by conducting additional necessary discovery and depositions, negotiating a $4.65

9

million increased recovery for the Class, addressing multiple motions brought by the

10

Plaintiff/Intervenor, and re-noticing an expanded Class -- counsel do not seek any additional

11

payment.  Instead, counsel seek the same dollar amount sought with the original Settlement.[1]

12

Class Counsel's fee request of 20% of the Amended Settlement Fund, costs included, is

13

substantially lower (as percentage) than the 24.8% fee requested originally.

14

Class Counsel seek fees under the percentage-of-the-fund method.  The Ninth Circuit's

15

benchmark in such cases is 25% of the fund, *plus* recovery of costs.  Here, Class Counsel seek

16

20% of the Fund, without any additional payment for costs; if such costs are accounted for, the

17

effective percentage drops to 19%.  And this does not take into account the value of the equitable

18

relief that is the core benefit provided by the Settlement, and for which the Ninth Circuit enhances

19

the value of settlements for purposes of fee analyses.  *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290

20

F.3d 1043, 1049 (9th Cir. 2002) (prospective practice changes are the sort of "nonmonetary

21

benefits conferred by the litigation" that support a requested fee).  Class Counsel's request is also

22

23

---

[1] The original fee motion sought $4,875,000 in attorneys' fees.  Dkt No. 51.  Class Counsel
subsequently agreed to pay for a Supplemental Publication Notice rather than depleting the Fund

24

to pay for that Notice.  *See* Dkt. No. 92 at 5.  The subtraction of $45,000 from Class Counsel's
original requested fee, as reflected in the current fee request of $4,830,000, represents counsel's

25

payment of the $45,000 amount.  *See* Preliminary Approval of Amended Settlement ¶ 6(c) (Dkt.
No. 216).

26

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- 1 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  supported by a lodestar-multiplier cross-check.  Class Counsel seek a lodestar enhanced by a 2.59

2  multiplier, well within the range for such multipliers established by the Ninth Circuit.  *Id.* at 1051

3  & n.6.

4      Class Counsel respectfully submit that their fee request is appropriate in light of the

5  extraordinary result achieved for the Class, which includes the ability to stop the automated calls

6  to cellular phones that are the entire basis for this litigation, as well as total payment by Sallie

7  Mae of $24.15 million, the largest TCPA settlement of which Class Counsel are aware.  Service

8  Awards to three of the four representative Plaintiffs are also well-supported.

9  **II.   ARGUMENT.**

10     "Attorneys' fees provisions included in proposed class action settlement agreements are,

11  like every other aspect of such agreements, subject to the determination whether the settlement is

12  'fundamentally fair, adequate, and reasonable.'"  *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir

13  2003) (quoting Fed. R. Civ. P. 23(e)).  Where counsel seek fees from a common fund, courts have

14  discretion to use one of two methods to determine whether the request is reasonable: "percentage-

15  of-the-fund" or "lodestar/multiplier."  *Id.* at 963-64; *see also In re Mercury Interactive Corp.*, 618

16  F.3d 988, 992 (9th Cir. 2010); *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998).

17  "Though courts have discretion to choose which calculation method they use, their discretion

18  must be exercised so as to achieve a reasonable result."  *In re Bluetooth Headset Prods. Liab.*

19  *Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

20     **A.   Application of the Percentage-of-the-Fund Method Is Warranted**

21     The common fund doctrine rests on the understanding that attorneys should normally be

22  paid by their clients.  *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a

23  lawyer who recovers a common fund . . . is entitled to a reasonable attorney's fee from the fund

24  as a whole.").  Courts prefer a percentage-of-the-fund model over a lodestar-multiplier approach

25  in cases where it is possible to ascertain the value of the settlement through a common fund.  *See*

26  *In re Bluetooth*, 654 F.3d at 942 ("Because the benefit to the class is easily quantified in common-

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3
- 2 -
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    fund settlements, we have allowed courts to award attorneys a percentage of the common fund in

2    lieu of the often more time-consuming task of calculating the lodestar."); *In re Omnivision Techs,*

3    *Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("[U]se of the percentage method in common

4    fund cases appears to be dominant.").[2]

5          By contrast, courts rely on the lodestar method under circumstances not applicable here,

6    *i.e.*, when "there is no way to gauge the net value of the settlement or of any percentage thereof."

7    *Hanlon*, 150 F.3d at 1029;  *In re Bluetooth*, 654 F.3d at 941 (lodestar appropriate "where the

8    relief sought—and obtained—is often primarily injunctive in nature and thus not easily

9    monetized").  This limited use of the lodestar method relates in part to its potential deterrent

10   effect: "[I]t is widely recognized that the lodestar method creates incentives for counsel to expend

11   more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the

12   lodestar method does not reward early settlement."  *Vizcaino*, 290 F.3d at 1050 n.5; *see also In re*

13   *Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (application of the lodestar

14   method may encourage "abuses such as unjustified work" and therefore "does not achieve the

15   stated purposes of proportionality, predictability and protection of the class").

16         **B.**      **The Percentage-of-the-Fund Analysis Supports Counsel's Fee Request**

17         Class Counsel's request for $4.83 million in attorneys' fees and costs—20% of the

18   common fund, or 19% once costs are deducted—is fair and reasonable under the circumstances of

19   this case.  First, the requested percentage is less than the 25% benchmark for attorneys' fees in the

20   Ninth Circuit.  *See Vizcaino*, 290 F.3d at 1047-48.  The requested fee is also supported by factors

21

22   ─────────────────────

     [2] Further confirming courts' preference for awarding attorneys' fees in class cases on a

23   percentage-of-the-fund-basis, an empirical study based on eighteen years of published opinions
     on settlements in 689 common fund class action and shareholder derivative settlements in both

24   state and federal courts found that: (1) 83% of cases employed the percentage-of-the-recovery
     method, and (2) the number of courts employing the lodestar method has declined over time, from

25   13.6 percent from 1993-2002 to 9.6% from 2003 to 2008.  *See* Theodore Eisenberg & Geoffrey P.
     Millery, Attorneys' Fees and Expenses in Class Action Settlements: 1993-2008, 7 *Journal of*

26   *Empirical Legal Studies* 248, 267-69 (2010) (attached as Exhibit E to the Selbin Decl.).

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1  that courts in the Ninth Circuit use to assess the reasonableness of fees under the percentage-of-

2  the-fund approach: (1) the results achieved (including results beyond the benefits of a cash fund);

3  (2) the risk involved with the litigation; (3) the contingent nature of the fee; and (4) awards made

4  in similar cases.  *Id.* at 1048.[3]

5  **1.     <u>Class Counsel Have Obtained An Excellent Result.</u>**

6        In determining the amount of attorneys' fees to award, a court should examine "the degree

7  of success obtained."  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *In re Omnivision*, 559 F.

8  Supp. 2d at 1046 ("The overall result and benefit to the class from the litigation is the most

9  critical factor in granting a fee award."); Federal Judicial Center, *Manual for Complex Litigation*,

10  § 27.71, p.336 (4th ed. 2004) (the "fundamental focus is on the result actually achieved for class

11  members").  The Amended Settlement is a terrific result for the Class, comprising both core

12  prospective relief and the largest TCPA monetary settlement of which Counsel are aware.

13        **Equitable Relief**:  Courts "should consider the value of the injunctive relief obtained as a

14  'relevant circumstance' in determining what percentage of the common fund Class counsel

15  should receive as attorneys' fees."  *Staton*, 327 F.3d at 974; *Vizcaino*, 290 F.3d at 1049 (affirming

16  enhanced fee award where "counsel's performance generated benefits beyond the cash settlement

17  fund").[4]  Class Counsel's interviews with Plaintiffs and over 100 Class Members during their

18  workup and the pendency of this litigation revealed that putting a stop to the automated calls to

19  their cellular phones is the single most important goal of this litigation, something confirmed

20  subsequently by Class Counsel's post-settlement contact with well over 4,000 Class Members.

21  Declaration of Jonathan D. Selbin in Support of Motion for Final Approval of Amended

22

23  [3] Class Counsel will review and respond to any objections submitted by the July 3, 2012
    objection deadline in reply papers due August 1, 2012.

24  [4] *See also Linney v. Cellular Alaska P'ship*, 1997 WL 450064, at *7 (N.D. Cal. Jul. 18, 1997) (1/3
    fee award where settlement provided additional non-monetary relief); *In re Visa

25  Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 525 (E.D.N.Y 2003) ("[T]he
    substantial injunctive relief here should inform [the court's] decision on awarding fees.").

26

1    Settlement and Motion for Attorneys' Fees and Costs and Service Awards ("Selbin Decl.") ¶¶ 16,

2    53.  The Amended Settlement allows Class Members to *completely* end the automated calls at

3    issue via a simple and straightforward process.

4         **Monetary Relief**:  In addition to prospective relief, Class Counsel obtained a total

5    payment by Sallie Mae of $24.15 million, out of which eligible Class Members who file qualified

6    claims will receive Monetary Awards.  While the precise amount of each Class Member's

7    Monetary Award cannot yet be determined, the parties estimate that each qualified claimant will

8    receive an average recovery of at least $20-$40.  The fact that the $24.15 million Amended

9    Settlement does not constitute the full measure of statutory damages potentially available to the

10   Class does not merit any deviation from the 25% benchmark.  "The proposed settlement is not to

11   be judged against a hypothetical or speculative measure of what might have been achieved by the

12   negotiators," because "the very essence of a settlement is compromise, a yielding of absolutes and

13   an abandoning of highest hopes." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th

14   Cir. 1998) (citations omitted); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th

15   Cir. 2000) (settlement of only a fraction of potential recovery fair).

16        The meaningful prospective and monetary relief offered by the Amended Settlement

17   reflects the excellent work of skilled and experienced Class Counsel throughout pre-filing

18   investigations and negotiations, the drafting and filing of multiple complaints, discovery, and

19   several rounds of settlement negotiation.  This Court has specifically addressed the adequacy of

20   Class Counsel, and held that "[Class] counsel are qualified, competent, and have extensive

21   experience in prosecuting complex class actions."  Dkt. No. 206 at 17.

22        Class Counsel's efforts to master the relevant facts and legal questions early-on through

23   extensive investigation and informal discovery further support the fee, as those efforts made

24   favorable resolution possible prior to the filing of dispositive motions or motions to compel

25   arbitration that could have significantly weakened Plaintiffs' claims. *See, e.g.*, *Pelletz v.*

26   *Weyerhaeuser Co.*, 255 F.R.D. 537, 539 (W.D. Wash. 2009) (approving prompt settlement after

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- 5 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    thorough pre-filing negotiations).[5]  Given the results achieved, the requested fee is reasonable.

2             **2.      The Risk Involved with the Litigation Supports the Fee Request.**

3            "The risk that further litigation might result in Plaintiffs not recovering at all, particularly

4    a case involving complicated legal issues, is a significant factor in the award of fees." *In re*

5    *Omnivision*, 559 F. Supp. 2d at 1046-47; *see also Vizcaino*, 290 F.3d at 1048 (risk of dismissal or

6    loss on class certification is relevant to evaluation of a requested fee).

7            To prevail in any ongoing litigation of this case, Plaintiffs would be required to

8    successfully litigate a number of evolving legal issues at the center of their claims.[6]  Indeed, this

9    Court expressed agreement with Plaintiffs' contention that they "have good reason for not

10   pursuing litigation further given Sallie Mae's affirmative defenses, the risk that any judgment

11   they obtain in this case would be subject to remittitur, and the risk of protracted appeals."  Dkt.

12   No. 206 at 17.  A fee award of 20% of the Fund (*including* cost reimbursement) is appropriate

---

13   [5] Of course, because of the early settlement, Class Counsel spent fewer hours prosecuting this

14   action than they would had the case proceeded to trial.  As one court explained, however,
     "counsel should be rewarded, not punished" for obtaining a prompt settlement without running up

15   lodestar through needless litigation.  *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19,
     52-53 (2000).  Moreover, awarding Class Counsel a reasonable percentage of the common fund

16   promotes the public policy of encouraging timely settlements.  *Vizcaino*, 290 F.3d at 1051 (noting
     "it may be a relevant circumstance that counsel achieved a timely result for class members in

17   need of immediate relief").

18   [6] Substantial risks associated with ongoing litigation of Plaintiffs' claims include but are not
     limited to (1) the possibility that the Court could conclude that under the TCPA, the "prior

19   express consent" allowing an entity to make autodialed calls need not be received at the time the
     loan originates but may instead be received any time during the multi-year life of the loan, *see*

20   *Moore v. Firstsource Advantage, LLC*, No. 07-CV-770, 2011 WL 4345703, *10 (W.D.N.Y.
     Sept. 15, 2011) (holding that "prior express consent" may be provided after an account is

21   opened); (2) the difficulty of certifying a litigation class in a TCPA case, *see Kenro, Inc. v. Fax
     Daily, Inc*., 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification of TCPA

22   claims); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-57 (2011) (reversing
     class certification where plaintiffs failed to establish commonality); (3) the likelihood that Sallie

23   Mae would seek to compel individual arbitration of many Class Members' claims in light of
     *AT&T Mobility LLC v. Concepcion*, -- U.S. --, 131 S. Ct. 1740 (2011); (4) the risks inherent in

24   any jury trial; and (5) the risk that any favorable rulings, particularly on issues of first impression
     such as the definition of "prior express consent" under the TCPA, could be reversed on appeal.

25   *See also* Plaintiffs' Motion for Preliminary Approval of Amended Settlement Agreement at 24-25
     (Dkt. No. 184).  Sallie Mae's success on any one of these multiple fronts would substantially

26   reduce or entirely eliminate a class damages award.

---

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- 6 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    when considered against such risks.  *See*, *e.g.*, *In re Broadcom Corp. Sec. Litig.*, 2005 U.S. Dist.

2    LEXIS 41993, *19 (C.D. Cal. Sept. 12, 2005) (25% fee award appropriate where case involved

3    complex factual and legal disputes where "[m]uch of the law governing the parties' claims and

4    defenses is sparse, unsettled and still evolving").

**3.**     **Class Counsel Faced Substantial Risk of Non-Payment.**

6         The requested fee is also justified by the financial risks undertaken by Class Counsel in

7    representing the Class on a contingency basis.  *See Vizcaino*, 290 F.3d at 1050 (Class counsel's

8    representation of the class on a contingency basis is relevant to the assessment of the fee); *Torrisi*

9    *v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993) (affirming 25% fee as reward to

10   counsel "for carrying the financial burden of the case, effectively prosecuting it and, by reason of

11   their expert handling of the case, achieving a just settlement for the class").  The public interest is

12   served by rewarding attorneys who assume representation on a contingent basis with an enhanced

13   fee to compensate them for the risk they might be paid nothing at all for their work.  *In re*

14   *Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).

15        Class Counsel have devoted substantial resources to the prosecution of this case with no

16   guarantee that they would be compensated for their time or reimbursed for their expenses.  *See*

17   Selbin Decl. ¶ 67-68; Terrell Decl. ¶ 17; Wilson Decl. ¶ 3; Campion Decl. ¶ 4; Swigart Decl. ¶ 3;

18   Kazerounian Decl. ¶ 3.  To the contrary, there was a substantial risk of nonpayment, particularly

19   in light of the litigation risks outlined above.  In spite of these risks, Class Counsel zealously

20   represented the interests of the Class.

**4.**     **Fees in Similar Actions.**

22        Courts may refer to awards made in other settlements of comparable size when

23   determining whether an award is reasonable.  *See Vizcaino*, 290 F.3d at 1050 n.4.  Class Counsel

24   have requested an amount less than the 25% Ninth Circuit benchmark.  In addition, the requested

25   fee is consistent with or lower than the fees and costs awarded in cases involving similar TCPA

26   claims and/or similarly sized settlements.  *See*, *e.g.*, *Bellows v. NCO Financial Systems, Inc.*,

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- 7 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   2009 U.S. Dist. LEXIS 273, at *4-*5 (S.D. Cal. Jan 5, 2009) (awarding fees and costs equal to

2   31.6% of TCPA settlement); *Satterfield v. Simon & Schuster, Inc. et al*., No. 06-2893 (N.D. Cal.

3   Aug. 6, 2010) (collected in Ex. F to Selbin Decl.) (fees and costs of 25% of TCPA fund); *see also*

4   *Weinstein v. AIRIT2ME, et al.*, No. 06-cv-484 (N.D. Ill. Dec. 18, 2008) (collected in Ex. F to

5   Selbin Decl.) (fees and costs of 23% of TCPA fund); *Grays Harbor Adventist Christian Sch. v.*

6   *Carrier Corp.*, 2008 U.S. Dist. LEXIS 106515, at *13 (W.D. Wash. Apr. 24, 2008) (fee is

7   reasonable where it represents 21.8% of the combined value of the settlement of $38.3 million).[7]

8   In short, Class Counsel's fee request is reasonable under the "percentage of the fund" method.

9            **C.    A Lodestar-Multiplier Cross-Check Confirms the Requested Fee.**

10          The Ninth Circuit has encouraged, but not required, courts to conduct a lodestar cross-

11  check when assessing the reasonableness of a percentage fee award. *See In re Bluetooth*, 654

12  F.3d at 944 (stating "we have also encouraged courts to guard against an unreasonable result by

13  cross-checking their calculations against a second method" of determining fees).[8]  The first step

14  in the lodestar method is to multiply the number of hours counsel reasonably expended on the

15  litigation by a reasonable hourly rate.  *Hanlon*, 150 F.3d at 1029.  At that point, "the resulting

16  figure may be adjusted upward or downward to account for several factors including the quality

17  ────────────────

18  [7] It may be appropriate to award fees below the 25% benchmark in "megafund" cases with a very large common fund. *Vizcaino*, 290 F3d at 1047-48, 1052 (surveying fee awards where settlements ranged from $50-$200 million); *Craft v. County of San Bernardino*, 624 F. Supp. 2d

19  1113, 1127 (C.D. Cal. 2008) (discussing *Vizcaino* data and observing that fees of less than 25% are at times awarded in "megafund cases," described as "cases of $50 Million or more").  The

20  fund in this case is not a megafund.  The $24.15 million fund is comparable to funds in other cases in this Circuit in which courts have awarded fees at or above the benchmark. *See*, *e.g*.,

21  *Craft*, 624 F. Supp. 2d at 1127 (noting that while megafunds may merit a lower percentage fee, "[f]or cases of the size of this fund [$25.5 million], 25% is very much the norm").

22  [8] Some courts have opted not to perform a lodestar cross-check where counsel have achieved exceptional results through early settlement. *See, e.g., Glass v. UBS Fin. Servs.*, 2007 U.S. Dist.

23  LEXIS 8476, *49 (N.D. Cal. Jan. 26, 2007) ("where the early settlement resulted in a significant benefit to the class, the Court finds no need to conduct a lodestar cross-check"); *HCL Partners*

24  *Ltd. P'ship v. Leap Wireless Int'l, Inc.*, 2010 U.S. Dist. LEXIS 109829 (S.D. Cal. Oct. 15, 2010) (awarding 25% fee in settlement reached prior to decision on second motion to dismiss); *see also*

25  *Craft*, 624 F. Supp. 2d at 1122 ("A lodestar cross-check is not required in this circuit, and in some cases is not a useful reference point.").

26

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3                                          - 8 -        TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)); *see also In re Bluetooth*, 654 F.3d at 942. The lodestar-multiplier method confirms the propriety of the requested fee here.

### 1. Class Counsel's lodestar is reasonable.

Through April 30, 2012, Class Counsel devoted more than 3,963 hours to the investigation, litigation and resolution of this complex case, thereby incurring more than $1,729,885 in lodestar.[9] Counsel's time was spent investigating the claims of the Settlement Class Members, conducting discovery, researching and analyzing legal issues, engaging in settlement negotiations, briefing the fairness of the original and the Amended Settlement, litigating multiple motions brought by the Plaintiff/Intervenor, overseeing the creation and dissemination of Class Notice, and responding to Class Member inquiries.[10]

The time Class Counsel devoted to this case is reasonable. Class Counsel prosecuted the claims at issue efficiently and effectively, making every effort to prevent the duplication of work that might have resulted from having multiple firms working on this case. Selbin Decl. ¶ 63.

Class Counsel's hourly rates are also reasonable, and have been approved by this Court.[11] In assessing the reasonableness of an attorney's hourly rate, courts consider whether the claimed rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895

---

[9] Selbin Decl. ¶¶ 66, Ex. B; Terrell Decl. ¶ 8, Ex. A; Wilson Decl. ¶ 5, Ex. B; Campion Decl. ¶ 6, Ex. A; Swigart Decl. ¶ 6, Ex. A; Kazerounian Decl. ¶ 6, Ex. A.

[10] Class Counsel anticipate spending an additional several hundred hours seeing this case through its final resolution, including by overseeing the claims process and attending the final approval hearing. *See* Selbin Decl. ¶ 55. In providing this general overview, Plaintiffs and Class Counsel do not waive and, in fact, specifically reserve all protections afforded by the attorney-client privilege and work product doctrine.

[11] Courts apply each biller's current rates for all hours of work performed, regardless of when the work was performed, as a means of compensating for the delay in payment. *In re Wash. Pub. Power Supply Sys. Sec Litig.*, 19 F.3d at 1305.

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3
- 9 -
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

n.11 (1994).  Class Counsel are experienced, highly regarded members of the bar with extensive

expertise in the area of class actions and complex litigation involving consumer claims like those

at issue here.  *See* Selbin Decl. ¶¶ 2-7, Ex. A; Terrell Decl. ¶¶ 2-7; Wilson Decl. ¶ 2, Ex. A.  Class

Counsel's customary rates used in calculating the lodestar here have been approved by this Court

and other courts in this District.  *See Carideo v. Dell*, No. 06-cv-1772, at 4 (W.D. Wash. Dec. 17,

2010) (reviewing fee application submitted by, *inter alia*, Mr. Selbin and Ms. Terrell, and

concluding that "hourly rates used to calculate the requested fee are reasonable"), collected in Ex.

D to Selbin Decl.; *Pelletz*, 592 F. Supp. 2d at 1326 (approving hourly rates for work performed in

Seattle that ranged from $415 to $760)[12]; *Grays Harbor*, 2008 U.S. Dist. LEXIS 106515, at *5-

*16 (approving the hourly rates of Jonathan D Selbin following a reasonableness review, and

rejecting objections), collected in Ex. D to Selbin Decl.[13]

### 2.     A multiplier is warranted.

The fee requested by Class Counsel reflects a multiplier of 2.59 on the total lodestar of

Class Counsel.  Courts in the Ninth Circuit use similar factors in determining the reasonableness

of a percentage-of-the-fund-award as they do in determining an adjustment of lodestar when

conducting a lodestar-multiplier cross check, namely: results achieved, risks stemming from the

complexity of the case, and the risk of nonpayment.  *See Hanlon*, 150 F.3d at 1029*; see MCL 4th*

§ 14.122, at 261.  Class Counsel refer the Court to the above discussion of those factors.

By way of summary, the multiplier here is reasonable given the outstanding result of

$24.15 million *and prospective relief* that Class Counsel have achieved for the Class through their

skill, experience, and effort; the risks involved in this litigation, particularly given Sallie Mae's

---

[12] In *Pelletz*, Judge Coughenour found that Mr. Selbin and Lieff Cabraser Heimann, & Bernstein, LLP's rates were "reasonable for the work performed in each of [Counsel's] respective communities by attorneys of similar skill, experience, and reputation."  592 F.Supp.2d at 1326. The Bellows court also approved the rates of the Law Offices of Douglas J. Campion and Hyde & Swigart as being reasonable.  *Bellows*, 2009 U.S. Dist. LEXIS 273, at *4.

[13] *See also* Selbin Decl. ¶¶ 60-62 (listing federal courts specifically approving Class Counsel's rates as reasonable); Terrell Decl. ¶ 12 (same).

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- 10 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1   substantial opposition and the numerous issues of law that are complex and truly novel; and the

2   fact that counsel agreed to represent the Class on a contingent basis, thereby risking their own

3   resources with no guarantee of recovery.  *See Hanlon*, 150 F.3d at 1029.

4        Further, in *Vizcaino*, the Ninth Circuit noted that multipliers have ranged from 0.6 to 19.6,

5   and upheld an award with a 3.65 multiplier in that case.  *Vizcaino*, 290 F.3d at 1050-51 and n.6.

6   *See also Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (25% fee reasonable

7   where multiplier was 6.85); *Craft*, 624 F. Supp. 2d at 1123 (awarding 25% fee, plus costs, where

8   multiplier was 5.2).[14]  The multiplier of 2.58 is on the lower end of the spectrum of multipliers

9   identified in *Vizcaino*, and is in line with the multipliers awarded in other courts within the Ninth

10  Circuit.  The lodestar-multiplier cross check thus supports the fee request here.

11       **D.      The Payment of Costs is Fair and Reasonable**

12       Class Counsel are not seeking payment of costs in addition to their recovery of 20% of the

13  Fund, and will instead be reimbursed costs out of that 20%.  As such, there is no need for detailed

14  analysis.  Nonetheless, recovery of those costs is appropriate in its own right.  "Reasonable costs

15  and expenses incurred by an attorney who creates or preserves a common fund are reimbursed

16  proportionately by those class members who benefit from the settlement."  *In re Media Vision*

17  *Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).  Class Counsel incurred out-of-

18  pocket costs totaling $134,114.61, primarily to cover expenses related to legal research,

19  investigation, travel, mediation fees, and administrative costs such as copying, mailing, and

20  messenger expenses.[15]  These out-of-pocket costs were necessary to secure the resolution of this

21  _____

22  [14] *See also In re Rite Aid Corp. Sec. Litig.*, 362 F. Supp. 587, 589-90 (E.D. Pa. 2005) (awarding 25% of $126 million fund, representing a 6.96 multiplier; noting that multipliers "need not fall within any pre-defined range"); *In re RJR Nabisco, Inc. Sec. Litig*, 1992 WL 210138

23  (S.D.N.Y. Aug. 24, 1992) (25% of $72.5 million fund; multiplier of 6); *In re Merry-Go-Round Enterprises*, 244 B.R. 327 (Bankr. D. Md. 2000) (awarding 40% of settlement recovery in

24  accordance with terms of contingent fee agreement where substantial legal obstacles existed; multiplier was 19.6).

25  [15] Selbin Decl. ¶¶ 65-66, Ex. C; Terrell Decl. ¶ 16, Ex. B; Wilson Decl. ¶ 7, Ex. C; Swigart Decl. ¶ 8, Ex. B; Kazerounian Decl. ¶ 8.

26

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR                                                          - 11 -
1036196.3

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    litigation, and should be recouped.  *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166,

2    1177-1178 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel

3    expenses, postage, telephone and fax costs, computerized legal research fees, and mediation

4    expenses are relevant and necessary expenses in a class action litigation).

5            **E.    Service Awards for Three Named Plaintiffs are Reasonable.**

6            Modest service awards compensating named plaintiffs for work done on behalf of the

7    Class attempt to account for financial or reputational risks associated with litigation, and promote

8    the public policy of encouraging individual plaintiffs to undertake the responsibility of

9    representative lawsuits.  *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir.

10   2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal. 2011) ("Incentive awards are

11   fairly typical in class actions.").  The requested service awards of $2,500 are modest under the

12   circumstances, and well in line with awards approved by federal courts in Washington and

13   elsewhere.  *See Pelletz*, 592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 service awards and

14   collecting decisions approving awards ranging from $5,000 to $40,000); *Grays Harbor*, 2008

15   U.S. Dist. LEXIS 106515, at *16 (approving $3,500 awards).  These awards will compensate

16   Plaintiffs Arthur, Martinez and Najafi for their time and effort in stepping forward to serve as

17   proposed class representatives, assisting in the investigation, keeping abreast of the litigation, and

18   reviewing and approving the proposed settlement (and amended settlement) terms after consulting

19   with Class Counsel.  *See* Declarations of Mark A. Arthur, Cirilo Martinez, Para Najafi.  Sallie

20   Mae has agreed to pay these awards if approved.

21   **III.   CONCLUSION**

22           Class Counsel respectfully request that this Court award the requested attorneys' fees and

23   costs and Class Representative Service Awards in full.

24

25

26

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- 12 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1    Dated: May 17, 2012                    By:_____/s/ Beth E. Terrell, WSBA #26759_____
                                                       Beth E. Terrell, WSBA #26759
2
                                              TERRELL MARSHALL & DAUDT & WILLIE PLLC
3                                             936 North 34th Street, Suite 400
                                              Seattle, Washington  98103
4                                             Telephone:  206-816-6603
                                              Facsimile:   (206) 350-3528
5                                             Email:  bterrell@tmdlegal.com

6                                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                              Jonathan D. Selbin
7                                             (admitted *pro hac vice*)
                                              Email: jselbin@lchb.com
8                                             Email: astocking@lchb.com
                                              250 Hudson Street, 8th Floor
9                                             New York, NY  10013
                                              Telephone:  (212) 355-9500
10                                            Facsimile:  (212) 355-9592

11                                            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                              Daniel M. Hutchinson
12                                            (admitted *pro hac vice*)
                                              Alison Stocking
13                                            (admitted *pro hac vice*)
                                              Embarcadero Center West
14                                            275 Battery Street
                                              San Francisco, California  94111-3339
15                                            Telephone:  (415) 956-1000
                                              Facsimile:  (415) 956-1008
16                                            Email:  dhutchinson@lchb.com

17                                            MEYER WILSON CO., LPA
                                              David P. Meyer (0065205)
18                                            (admitted *pro hac vice*)
                                              Email:  dmeyer@meyerwilson.com
19                                            Mathew R. Wilson (0072925)
                                              (admitted *pro hac vice*)
20                                            Email:  mwilson@meyerwilson.com
                                              1320 Dublin Road, Ste. 100
21                                            Columbus, Ohio 43215
                                              Telephone:  (614) 224-6000
22                                            Facsimile:  (614) 224-6066

23                                            *Attorneys for Plaintiffs Arthur, Martinez, McCue, and the
                                              Proposed Class*
24

25

26

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR                                    - 13 -
1036196.3

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HYDE & SWIGART
Joshua Swigart
(admitted *pro hac vice*)
Email: josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:  (619) 297-1022

LAW OFFICES OF DOUGLAS J. CAMPION
Douglas J. Campion
(admitted *pro hac vice*)
Email: doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3507
Telephone:  (619) 299-2091
Facsimile:  (619) 858-0034

KAZEROUNIAN LAW GROUP
Abbas Kazerounian
(admitted *pro hac vice*)
Email: ak@kazlg.com
2700 North Main Street, Suite 1050
409 Camino Del Rio South, Suite 303
Santa Ana, CA 92866
Telephone:  (800) 400-6806
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff Najafi and the Proposed Class*

MOTION FOR ATTORNEYS' FEES
NO. 10-cv-00198-JLR
1036196.3

- 14 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 NORTH 34TH STREET, SUITE 400
SEATTLE, WASHINGTON  98103
TELEPHONE:  (206) 816-6603