

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, and PARI NAJAFI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC.,<br><br>Defendant. | Class Action No. 10-CV-00198-JLR<br><br>AMENDED OBJECTION TO THE PROPOSED SETTLEMENT AND REQUEST TO APPEAR AND SPEAK AT THE FAIRNESS HEARING EITHER IN PERSON OR THROUGH AN ATTORNEY<br><br>Noted for Consideration:<br>September 14, 2012, 1:30 p.m.<br><br>10-CV-00198-EXH |

TO THE HONORABLE JAMES L. ROBART:

Sara Sibley and Judith Brown ("Objectors") are members of the class and objected to the original settlement and file this Amended Objection to the Amended Class Action Settlement that is currently before the Court for the following reasons:

1. Sara Sibley, hereinafter "Sibley" and Judith Brown, hereinafter "Brown" are members of the class because each has received claims forms, a copy of each form was attached as Exhibits 1 and 2 to their original objection and is incorporated herein. Both are citizens of the United States and Judith Brown is a resident of Texas and Sara Sibley is a resident of Louisiana. Neither has requested to be excluded from this litigation. This amended objection is being filed according to the instructions contained in the revised notice of the settlement and material posted on the settlement website. Sibley has a financial relationship with the Defendant. Brown does not.

2. Sibley and Brown each object to settlement and request to speak to the Court either in person or through their attorney to voice their objections to the Court or in the alternative they wish to be able to appear by telephone.

Amended Objection to Proposed Settlement and Request to Appear
and Speak at the Fairness Hearing Either in Person or Through an Attorney – Page 1

### 3.  Objection to Certification

The Court found the class was proper under Federal Rule of Civil Procedure 23(c); however Sibley and Brown urge the Court to reconsider that ruling as the requirements of commonality, typicality and adequacy are not met.

The class in the instant matter is defined as:

> All persons to whom, on or after October 27, 2005 and through September 14, 2010, Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. Excluded from the Settlement Class are SLM Corporation, Sallie Mae, Inc. and other subsidiaries of SLM corporation, and any entities in which any of such companies has controlling interest, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class. Order Certifying Provisional Settlement DKT. 216, pg. 3.

The United States Supreme Court requires "intraclass equity" in any settlement, notwithstanding the class's common interest in "achieving a global settlement." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 858, 863 (1999). The court's preliminary approval of the Settlement ignores this binding requirement.

This Settlement unfairly and arbitrarily benefits some class members at the expense of others without any justification that satisfies Fed. R. Civ. P. 23(a)'s certification requirements. In particular, this Settlement is unfair because of the preferential treatment different groups. The settlement creates four groups for financial relief and the groups are Delinquent Class, Charged-off, No Lending/Servicing and Regular.

### 4. Subclasses need Separate Representation

Though the clear inequity demonstrated to the four different groups is ample reason to find the settlement unfair and inequitable, the Settlement also embody failures of Rule 23(a)(3)–(4)'s typicality and adequacy of representation requirements.

Subclasses are appropriate where a class includes groups divergent in interest. Fed. R. Civ. P. 23(a); *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 343 (3d Cir. 2010). Further, "when appropriate . . . (B) a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly." Fed. R. Civ. P. 23(c)(4). These statutes require all subclasses in a class action to comply with Rule 23(a) certification requirements as though they were regular classes. Fed. R. Civ. P. 23(c)(5).

Purported fairness alone cannot substitute for meeting Rule 23's certification requirements. Certifying a class merely because it is fair is a clear error of law. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 622 (1997). Crucially, before allowing a case to go forward as a class action a court must make all necessary legal and factual probes and consider all relevant evidence and arguments presented by the parties to ensure all of Rule 23(a)'s requirements are met. If they are not, the action cannot be certified as a class action. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2008); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

### 5. Objections to Class Representatives or Adequacy

The guiding principles in selecting class representatives are: "The class must have a "conscientious representative Plaintiff" (*Rand v. Monsanto*, 926 F.2d 596, 599 (7th Cir. 1991)) and . . . class representative must ". . .fairly and adequately protect the interest of the class." (Rule 23(a)(4).

A conflict of interest must not exist between the named Plaintiffs and the class. *Meridith v. Mid-Atlantic*, 129 F.R.D. 130, 133.

In this case, the lead Plaintiffs may have suffered the same type of damage, but more importantly, the proposed settlement shows clearly the partiality and self-dealing on the part of the class representatives as a substantial number of class members have no financial relationship with Defendant and will see $85,000 as a *cy pres* donation and the opportunity to opt out of receiving future telephone calls as their benefit. There is clearly a need for counsel for this subclass. The fact that a charged-off class member was added does still not fulfill the requirements

If in advancing their own interests, the named Plaintiffs had also advanced the interests of the class rather than a subset of the class; their burden would have been met. Unfortunately, they did not.

It has long been the law that an absent class member will not be bound to a judgment wherein he was not adequately represented. *Hornsberry v. Lee*, 311 U.S. 32 (40).

I request the court to appoint counsel for the subclass of individuals without a financial relationship with the Defendant. Other sub-classes include those with a financial arrangement with Defendant and those who have never been more than 180 days delinquent and those who have been delinquent for more than 180 days may also need separate representation.

6. **Objection to Failure of Rule 23(a)(3) Typicality**

Typicality requires representative parties' claims and defenses to be typical of the class. Fed. R. Civ. P. 23(a)(3); *Amchem Prods., Inc.*, 521 U.S. at 613. Commonality and typicality tend to merge due to sharing the same purpose — tools to determine under the circumstances "whether . . . maintenance of a class action is economical and . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence" — yet both are distinct requirements a potential

certification must satisfy. *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 157 n.13 (1982); FED. R. CIV. P. 23(a)(2)–(a)(3). The typicality requirement ensures named plaintiffs have incentives aligned with absent class members in order that the absent members' interests will be fairly represented. *Danvers Motor Co., v. Ford Motor Co.*, 543 F.3d 141, 149-50 (3d Cir. 2008). Typicality necessary for class certification only exists where "[1] the named plaintiffs' claims arise from the same event or course of conduct that gives rise to the claims of the class members and [2] are based on the same legal theory." *Id.* at 150. Typicality requires, at minimum, strong similarity between the legal theories utilized by the class representative and the rest of the class. Further, typicality must be determined with regard to the defendant's actions, not his potential defenses against individual class members. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 532 (3d Cir. 2004). If class members likely need to pursue differing, possibly conflicting legal theories to succeed, the class lacks sufficient typicality.

7. **Objection to the Settlement**

The class members are receiving minimal economic benefits and the relief is mainly in the form of prospective practice changes in Defendant's procedures.[1]

The settlement is an opt-out settlement meaning the class member must complete what class counsel describes as a simple, one page form. For there to be meaningful relief to class members, the settlement should be an opt-in settlement whereby class members consent to further communications from Defendant.

In the latest Motion for approval the affidavit of Jennifer Keough states that as of May 17, 2012, a total of 138,070 claims had been filed and 87,227 revocation requests had been received, a small percentage of the class.

---

[1] *See* Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement, Document 50, p. 3.
Amended Objection to Proposed Settlement and Request to Appear
and Speak at the Fairness Hearing Either in Person or Through an Attorney – Page 5

According to class counsel, the number of claims submitted as of November 16, 2010, for monetary relief was just under 56,000. The estimate of the monetary award of between $20 and $40 to class members as contained in the notice to class members. The deadline for filing a claim occurs before the Fairness Hearing and the Court should inquire as to the claims for monetary compensation filed as of August 31, 2012. Further, Sibley and Brown request the Court to inquire as to the anticipate settlement costs including notice so that the Court can perform a proper review of the benefits to the class. The substantial portion of dollars are going to places other than to class members. Considering what the class is being asked to give up and what little benefit the class will receive, the Court should reject the purported settlement. Contrary to Class Counsel's claims Sibley and Brown do not believe that this is a good settlement any way you slice it.

While it is certainly true, as class counsel suggests, that settlements of class actions are to be favored, it is not the Court's task to simply rubber-stamp a settlement. The court must thoroughly review the proposed settlement. Some court's have gone so far as to name the district judge in the settlement phase of the class action suit as a fiduciary of the class and to impose the high duty of care that the law requires of a fiduciary. *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 280 (7th Cir. 2002).

Likewise, as class counsel suggests, that the benefits of settlement v. continued litigation must be considered in approving or rejecting the settlement. This settlement is not fair, reasonable or adequate to the class members who are giving up much and receiving little as a large amount of the actual settlement fund is going for notice, attorneys' fees and cy pres awards. The Court needs to carefully consider the benefits all members are receiving.

8. **Objection to Requested Award of Attorneys' Fees**

The Court should reduce the requested award of attorneys' fees substantially.

(a) The Court should base the attorneys' fees on 15% of the actual class recovery.

(b) Objectors object to the attorneys' fees award in this case because it amount to unjust enrichment. Although 25% is a 'benchmark," the actual recovery should depend on the work expended, the time consumed and the results obtained. "Any single rate, however, is arbitrary and cannot capture variations in class actions' valuations." *Manual for Complex Litigation,* Fourth §14.11, p. 184).

While class counsel have made every effort to make their fees appear reasonable, it is incumbent on the court to make this decision in a common fund case. The case has been settled early in the process and the Court, serving as a fiduciary for the absent class, must critically examine class counsel's application and award no more than what is absolutely required to provide reasonable compensation to class counsel. While 25% of the common fund for attorneys' fees is the accepted starting point in this Circuit, the District court can depart from that standard. The District Court may exercise its discretion to choose between the Lodestar method and percentage method in calculating fees. See *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

In class counsel's First Motion for Fees and Expenses[2], counsel states that fees incurred to date amount to $760,000 with an estimate of an additional $300,000. That amount has now risen to $1,729,885 or 3,963 hours and is requesting a modifier of 2.59. Sibley and Brown would urge the Court if using Lodestar to use the Lodestar modifier of 1.75 or less. Such a fee structure would adequately compensate class counsel and benefit the class.

---

[2] Document 51, p. 16.
Amended Objection to Proposed Settlement and Request to Appear
and Speak at the Fairness Hearing Either in Person or Through an Attorney – Page 7

9. **Is *Cy Pres* Appropriate?**

The problem of distributing class funds to third party charities that have little or no connection to the class members was first considered in the frequently cited case of *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990). The problem, as that court noted, was that the benefit was given to a group too far removed from the class and suggested that if *cy pres* was used, it should be to the next best distribution. The Court in its role as a fiduciary should carefully review the intended *cy pres* recipients for any relationship with any class representatives, class counsel, the Defendants and their attorneys. Any relationship between the parties or their attorneys with the recipient should be grounds for disqualification of the intended recipient. This could be readily accomplished by the Court requiring a Disclosure Statement. In addition, to avoid any ethical issues, no recipient of a *cy pres* award should have a relationship with the Judge.

10. Sibley and Brown wish to incorporate in this objection the valid objections made by other objectors and specifically adopt the Judith Harper objections.

**RELIEF**

Objectors move the Court to reject the settlement or, in the alternative, reduce the amount of attorneys fees

Respectfully submitted,

Thomas L. Cox, Jr.
Texas Bar 04964400
4934 Tremont
Dallas, TX 75214
(469) 531-3313 Fax: (214) 855-7878
tcox009@yahoo.com

ATTORNEY FOR SARA SIBLEY AND
JUDITH BROWN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection was forwarded this 29th day of June, 2012, to the parties listed below:

Clerk of the Court
U.S. District Court
Western District of Washington
700 Stewart Street
Suite 2310
Seattle, WA 98101

Lisa M. Simonetti
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

Daniel M. Hutchinson
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

Thomas L. Cox, Jr.

**USPS Postage Mark:** $001.05, JUN 29 2012, MAILED FROM ZIP CODE 75201, 0003372580

1.50

**Return Stamp:** RETURNED FOR ____ ADDITIONAL POSTAGE. ADDRESSEE DOES NOT ACCEPT POSTAGE DUE MAIL

**Addressee:**
Clerk of the Court
United States District Court
Western District of Washington
700 Stewart Street
Suite 2310
Seattle, WA 98101

**Return Address:**
Thomas L. Cox, Jr.
4934 Tremont Street
Dallas, TX 75214

THOMAS L. COX, JR.
4934 Tremont
Dallas, Texas 75214
(469) 531-3313  FAX: (214) 855-7878
tcox009@yahoo.com

FILED
LODGED
RECEIVED
MAIL

JUL 19 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

June 29, 2012

Clerk of the Court
United States District Court
Western District of Washington
700 Stewart Street
Suite 2310
Seattle, WA 98101

Re:  Mark A. Arthur, et al. v. Sallie Mae, Inc.
     Case 10-cv-00198-JLR

     Amended Objection to Proposed Settlement, Request to Appear and Speak at the Fairness Hearing.

Dear Sir or Madam:

Enclosed for filing is Sara Sibley's and Judith Brown's Amended Objection to Proposed Settlement and Request to Appear and Speak at the Fairness Hearing Either in Person or Through an Attorney in the above-referenced matter.

By copy of this letter, I am serving the Objection on counsel as set forth below.

Respectfully,

Thomas L. Cox, Jr.

Enclosure

cc:  Lisa M. Simonetti
     Stroock & Stroock & Lavan LLP
     2029 Century Park East, 16th Floor
     Los Angeles, CA 90067

     Daniel M. Hutchison
     Lieff Cabraser Heimann & Bernstein LLP
     275 Battery Street, 29th Floor
     San Francisco, CA 94111