THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
WASHINGTON

8

9 MARK A. ARTHUR, CIRILO MARTINEZ,
HEATHER MCCUE and PARI NAJAFI on | NO.  C10-0198 JLR

10 behalf of themselves and all others similarly
situated,

11 | **PLAINTIFFS' RESPONSE TO**
Plaintiffs, | **OBJECTIONS SUBMITTED IN**

12 | **OPPOSITION TO FINAL APPROVAL**
| **OF CLASS ACTION SETTLEMENT**

13 v.

14 SALLIE MAE, INC.,

15 Defendant.

16 _____

JUDITH HARPER,
17
Plaintiff/Intervenor,

18 v.

19 ARROW FINANCIAL SERVICES, LLC,

20 Defendant.

21

22

23

24

25

26

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

**TABLE OF CONTENTS**

2

Page No.

3

I.      INTRODUCTION ................................................................................................1

4

II.     AUTHORITY .....................................................................................................1

5

A.      Class Members' Positive Reaction Supports Final Approval ................1

6

B.      The Objections Lack Merit ....................................................................1

7

1.      Objections to the Class Definition Should Be Overruled.........1

8

2.      Objections Regarding Misdialed Class Members Should
                Be Overruled ..............................................................................2

9

3.      Objections Regarding 180 Day Delinquent Class Members
                Are Moot .....................................................................................3

4.      The Oregon Notice Objection Should Be Overruled ................3

5.      Objections Based on the Scope of the Prospective Relief
                Should Be Overruled ..................................................................4

6.      Other Objections to the Revocation and Claim Forms
                Should Be Overruled ..................................................................4

7.      Objections to the Amount of the Monetary Award Should
                Be Overruled ..............................................................................5

8.      Objections to the *Cy Pres* Recipient Should Be Overruled......6

9.      Issues Raised By *Pro Se* Objectors Are Unrelated to the
                Settlement ...................................................................................7

III.    CONCLUSION ...................................................................................................7

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - i
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

## TABLE OF AUTHORITIES

2

**Page No.**

3

### FEDERAL CASES

4

*Class Plaintiffs v. City of Seattle*
5
     955 F.2d 1268 (9th Cir. 1992) ............................................................................................1

6

*Churchill Village, LLC v. Gen. Elec.*,
7
     361 F.3d 566 (9th Cir. 2004) ..............................................................................................1

8

*Dennis v. Kellogg Co.*,
     2012 U.S. App. LEXIS 14385 (9th Cir. 2012) ..................................................................6
9

*Hansen v. Ticket Track, Inc.*,
10
     213 F.R.D. 412 (W.D. Wash. 2003) ...................................................................................2

11

*In re Mego Fin. Corp. Sec. Litig.*,
     213 F.3d 454 (9th Cir. 2000) ..............................................................................................2
12

13

*Linney v. Cellular Alaska P'ship*,
     151 F.3d 1234 (9th Cir. 1998) ............................................................................................5
14

*Warth v. Seldin*,
15
     422 U.S. 490 (1975) ...........................................................................................................2

16

### FEDERAL RULES

17

18
Fed. R. Civ. P. 23(a)(3) ................................................................................................................2

19

### OTHER AUTHORITIES

20

21
Manual for Complex Litig. (Fourth) § 21.311 ...........................................................................3

22

23

24

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# I. INTRODUCTION

In a class that exceeds eight million individuals nearly all of whom have been given direct notice, twenty-eight objections have been submitted, only nine of which were submitted in response to the Amended Settlement. Of the nine new objections one does not relate to the Settlement (Hutchins), two provide no explanation for the objections (Kahaunaele, Palos), and two seek to preserve individual claims or to object to class actions generally (Gordon, Morgan). As for the remaining objections, this Court already has determined that many do not counsel against settlement approval, and changes in the Amended Settlement have rendered others moot. For these reasons, Plaintiffs respectfully request that all objections be overruled.

# II. AUTHORITY

## A. Class Members' Positive Reaction Supports Final Approval

A court may infer that a class action settlement is fair, adequate, and reasonable when few class members object to it. *See, e.g., Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement approval where 45 of approximately 90,000 notified class members objected and 500 opted out); *see also Class Plaintiffs v. City of Seattle* 955 F.2d 1268, 1291–96 (9th Cir. 1992) (upholding final approval over objections).

Here, Class member response to the Amended Settlement has been decisively positive. With a Class estimated at over eight million individuals (with direct, individual notice to almost all of them and, for over 5.4 million, direct individual notice *twice*), the 35 Class members who filed the 28 objections represent only 0.00046% of the Class, and the 398 opt outs only 0.0051%. *See* Keough Decl. ¶ 11. By contrast, 165,355 class members have submitted claim forms, revocation requests, or both, and the deadline is not until August 31, 2012. *Id.* ¶ 6. Such broad support for the Settlement supports approval.

## B. The Objections Lack Merit

### 1. Objections to the Class Definition Should Be Overruled

Objectors Sibley and Brown originally objected to the Class definition, asserting it is not precise, objective, and ascertainable, and would require a "mini-trial" to determine whether

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   each Class member received a call.  Dkt. No. 74 at 3–4 .[1]  Plaintiffs demonstrated this objection

2   is meritless, *see* Dkt. No. 80 at 5–6, and Sibley and Brown do not renew it.  *See* Dkt. No. 244.

3               2.      Objections Regarding Misdialed Class Members Should Be Overruled

4           Several Class Members, including Sibley and Brown, object to the adequacy of the

5   Class Representatives, asserting that the Court should appoint counsel for a subclass of

6   individuals without a credit relationship with Sallie Mae or any of its subsidiaries because,

7   under the terms of the Amended Settlement, this group receives only prospective relief, not

8   monetary relief.  *See* Dkt. Nos. 244 at 3–4; 67 at 2.[2]  These objections should be overruled.  As

9   an initial matter, none of the objectors apparently are such Class Members, *see* Keough Decl. ¶

10  10, and so they lack standing to assert that objection.  *See Warth v. Seldin*, 422 U.S. 490, 498

11  (1975) ("personal stake" in the outcome of an action is required for standing).  Moreover, as

12  previously briefed at length with regard to the Harper objections and as this Court has found,

13  differences in damage allocations are not a basis for a finding of inadequacy or a need for

14  subclasses, particularly where all Class members share the same injury and there is "a reasoned

15  basis for allocating monetary relief differently among different class members."  *See* Dkt. No.

16  206 at 21 (citing *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1067 (C.D. Cal. 2010));

17  *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (noting "practical

18  considerations" supported settlement approval).

19          Here, all Class Members' claims arise from automated telephone calls made without the

20  requisite consent.  All Class Members also receive the same core relief – the right to stop

21  automated calls to their cell phones.[3]  While individuals who do not have a credit relationship

---

[1] Sibley, Brown, and their attorney Thomas Cox are frequent objectors to class action settlements and thus their remarks should be treated with skepticism.  *See* Dkt. No. 80 at 4:11 – 5:2, n. 3–5.

[2] Harper makes a similar objection with respect to "charged off" class members.  *See* Dkt. No. 189 at 6–9.  In its Order Granting Plaintiffs' Renewed Motion for Preliminary Approval, this Court found Harper's objection "unpersuasive" and she has not renewed it.  *See* Dkt. No. 215 at 3.  Indeed, Ms. Harper has filed a fee petition, seeking compensation for her purported "role" in achieving the Settlement.  *See* Dkt. No. 232. Plaintiffs address her prior objections here, but Ms. Harper's inconsistent position should be viewed with suspicion.

[3] For the same reasons, Rule 23's typicality requirement is satisfied because Plaintiffs' TCPA claims, which are based on Sallie Mae's systematic use of automated calls to Plaintiffs and all members of the Settlement Class, are "reasonably coextensive with those of the absent class members."  *See* Fed. R. Civ. P. 23(a)(3); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - 2
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   with Sallie Mae, i.e. individuals whose cell phones were misdialed, receive cy pres rather than

2   monetary relief, that different treatment makes sense: Sallie Mae does not have a way to readily

3   identify them, and, because these individuals were misdialed, it is unlikely that they would be

4   subject to repeat calls as opposed to a one-off call.  As a practical matter, identifying and

5   notifying these Class members would be difficult if not impossible.  Rather than allocating

6   settlement proceeds to such one-off Class members, or devoting substantial amounts of the

7   Fund to trying to identify them, Plaintiffs and Class Counsel made the principled decision to

8   afford only prospective and cy pres relief to those Class Members.  Such a reasoned decision is

9   permitted and does not render Plaintiffs inadequate.  *See* Dkt. No. 206 at 21.

10          The Yarbrough Group objects that this same group of Class Members received "no

11  notice whatsoever."  *See* Dkt. No. 242 at 2.  This is not true.  To notify Class Members who

12  may not have received direct notice, the summary notice was published three times in the Wall

13  Street Journal and six times in USA Today.  *See* Keough Decl. ¶ 6.  Such notice constitutes the

14  "best notice practicable."  *See* Manual for Complex Litig. (Fourth) § 21.311 ("Publication in

15  magazines, newspapers, or trade journals may be necessary if individual class members are not

16  identifiable after reasonable effort or as a supplement to other notice efforts.").

17          3.      Objections Regarding 180 Day Delinquent Class Members Are Moot

18          Some objectors assert that Plaintiffs and Class Counsel are not adequate to represent

19  Class Members who have been delinquent for more than 180 days on their Sallie Mae loans.

20  *See, e.g.*, Dkt. Nos. 67 [Sweeney/McBean] at 5–6, 8–9; 244 [Sibley/Brown] at 4.  These

21  objections should be overruled.  Such Class Members are all entitled to monetary relief,

22  including persons who were at one time 180 days delinquent but later paid off their loans.  *See*

23  Amended Settlement § III.C.2.c.

24          4.      The Oregon Notice Objection Should Be Overruled

25          Brian Morgan objects that notice was not published in local Oregon papers.  *See* Dkt.

26  No. 240.  But most Class Members received direct mail notice, and the Wall Street Journal and

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - 3
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   USA Today are circulated throughout the country, including Oregon.  Keough Decl. ¶ 6.  There

2   is no requirement that notice be published in local newspapers in such circumstances.

3          5.     Objections Based on the Scope of the Prospective Relief Should Be Overruled

4          Some Class Members object to the scope of the prospective relief and claim that Sallie

5   Mae should be enjoined from making automated calls to the cellular phones of future

6   borrowers.  Dkt. Nos. 67 [Sweeney and McBean] at 6; No. 239 [Gordon] at 5.  As Plaintiffs

7   have explained, this objection should be overruled.  *See* Dkt. No. 80 at 6:17 –7:3.  Objections

8   that the prospective relief is "illusory" and that Class Members should not be required to

9   submit claim forms[4] are likewise meritless and already have been overruled.  Dkt. No. 206 at

10  22.  To the contrary, in light of recent case law, a settlement that permits Class Members to end

11  automated calls is fair.  *See id.*  This is especially so here where over 94% of all Class Members

12  have received direct notice, *see* Keough Decl. ¶ 5, and can end the calls by filling out and

13  submitting a simple form.

14         6.     Other Objections to the Revocation and Claim Forms Should Be Overruled

15         As Plaintiffs have previously explained, objections that the settlement claim and

16  revocation forms unnecessarily require Class Members to disclose private information also are

17  meritless.  *See* Dkt. No. 80 at 7:19–8:3.  Indeed, the Yarbrough Group maintains that *more*

18  *information* (specifically, each Class Member's account number) should be included on the

19  claim form.  *See* Dkt. No. 242 at 2.  The Yarbrough Group also objects that the notice is

20  "confusing" because Class Members may not be aware if they are 180 days delinquent on their

21  existing debt and thus may not know whether they are entitled to monetary relief.  *Id.* at 3–4.

22  These objections should be overruled.  The Amended Settlement provides monetary relief,

23  either as a Cash or Reduction Award, for <u>all</u> Class Members who are, or were, 180 days

24  delinquent on their debt, even if they subsequently paid off that debt in full.  Thus, they have

25  every reason to file a claim.  Further, the Claims Administrator, not the Class Member, will

26

---

[4] *See* Dkt. Nos. 189 [Harper] at 11:1–19; 77 [Heath] at 4–5; 244 [Sibley/Brown] at 5; 67 [Sweeney/McBean] at 5-6.

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - 4
CASE NO. C10-0198 JLR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdlaw.com

1  ultimately determine whether the Class Member qualifies for a Cash or Reduction Award, thus

2  resolving any confusion.  *See* Keough Decl. ¶ 9.[5]

3         7.     Objections to the Amount of the Monetary Award Should Be Overruled

4       Several Class members object to the overall amount of the settlement.  Dkt. Nos. 73

5  [Newman]; 88, 242 [Yarbrough]; 189 [Harper].  Such objections regarding the sufficiency of

6  the Settlement Fund "offer nothing more than speculation about what damages might have been

7  won had they prevailed at trial."  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th

8  Cir. 1998) (internal marks and quotation omitted).  They provide no basis for rejecting the

9  Amended Settlement.  *See* Dkt. No. 80 at 8:11–10:8.

10       While Plaintiffs understand that the plain terms of the TCPA allow for $500 per call

11  ($1,500 for willful violations), and alleged such damages in this case (Second Amended

12  Complaint ¶¶ 50, 55 (Dkt. No. 31)), attempting to obtain that amount, especially on behalf of a

13  class, is a prospect riddled with risk and delay.  *See* Dkt. Nos. 219 at 6:10 – 8:21; 192 at 5:11 –

14  6:22.  The notion that the Amended Settlement is "diluted" by the inclusion of those who may

15  have provided consent to receive the calls at issue (*see* Dkt. Nos. 88, 242 [Yarbrough]) ignores

16  the fact that, in the absence of the Amended Settlement, the parties would be forced to litigate

17  the consent issue.  As Class Counsel pointed out previously, Yarbrough faced this very issue in

18  a TCPA case in which he was counsel and *lost class certification on this basis*.  *See* Dkt. No. 80

19  at 9:14–10:3 (citing examples of TCPA cases in which courts have denied class certification,

20  including a case in which Yarbrough served as proposed class counsel). Yarbrough fails to

21  explain why this case is distinguishable.

22       Various objectors also assert that the Amended Settlement does not afford each Class

23  Member adequate monetary recovery.  *See* Dkt. Nos. 74 [Sibley/Brown]; 77 [Heath]; 73

24  [Newman]; 79-2 [Richardson]; 68 [Smith]; 47 [Keiser]; 235 [Palos]; 239 [Gordon]; 242

25
26  [5] Yarbrough also objects that a person who is called by an affiliate but also has a credit relationship with Sallie Mae may have to file two opt outs. Dkt. No. 242 ¶ 4.  But to opt out, Class Members had to send written notification that that "I/we request to be excluded from the class settlement in *Arthur, et al. v. Sallie Mae, Inc.*, W.D. Wash., Case No. C10-0198 JLR."  That language would presumably cover all released entities, thus there is no need to send separate opt outs for separate entities.

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN OPPOSITION TO FINAL SETTLEMENT APPROVAL - 5
CASE NO. C10-0198 JLR

[Fostano]; *see also* Selbin Decl., Ex. D.  These objectors offer no legal support for these objections, and it is certainly reasonable to compromise on the amount of monetary relief to each Class Member, given the legal and factual hurdles the Class would have to overcome to win these damages.  Dkt. No. 184 at 24–25.  Moreover, the objections do not address the fact that the primary benefit of the Amended Settlement is prospective relief.

Based on the number of claim forms received as of July 29, 2012, each Class Member stands to receive between $105 and $120 per claim after payment of the requested fees and all costs of notice and claims administration.  Keough Decl. ¶ 8.  In light of the substantial risks of continued litigation, this is a fair settlement and, as Plaintiffs' counsel explained in a letter to Mr. Yarbrough, Class Members who believe they can achieve more favorable results can opt out and pursue those claims individually.  *See* Selbin Decl., Ex. C.

8.     Objections to the *Cy Pres* Recipient Should Be Overruled

Sibley & Brown also advise the Court to "carefully review" the *cy pres* recipients to ensure they do not have a "relationship" with the Class Representatives, Sallie Mae, counsel, or the Court.  Dkt. No. 244 at 8.  The Amended Agreement designates the Posse Foundation, Inc., an organization with a substantial record of service promoting access to higher education nationwide, to receive *cy pres* funds.  Dkt. No. 184-1 (Amended Agreement § III.C.4.c).  The work of the Posse Foundation benefits people who, like a majority of Class Members, seek or have sought access to higher education, and its work is therefore "tethered to the . . . interests of the silent class members."  *Dennis v. Kellogg Co.*, 2012 U.S. App. LEXIS 14385, *17 (9th Cir. 2012) (internal quotation marks omitted).  Furthermore, Class Counsel is aware of no inappropriate "relationship" between the Posse Foundation and the Class Representatives, Sallie Mae, Class Counsel, defense counsel, or the Court, Selbin Decl. ¶ 4, and Sibley & Brown have presented no evidence of such a relationship.  The Amended Settlement's *cy pres* distribution is entirely appropriate.

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - 6
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

9.      Issues Raised By *Pro Se* Objectors Are Unrelated to the Settlement

Several Class members do not address the Settlement but suggest that Plaintiffs' claims lack merit.  *See* Dkt. Nos. 46 [Judkins]; 48 [Felt]; 63 [Nuth]; 49 [Suliman]; 64 [Harrison].  By arguing that a settlement consisting of no prospective and monetary relief would be reasonable, these objections implicitly concede that this Amended Settlement – consisting of substantial prospective and monetary relief – exceeds that standard.  Thus, they should be overruled.  The remaining pro se submissions are from individuals who are not members of the Class, do not present actual objections to the Amended Settlement, or are moot.  *See* Dkt. Nos. 241 [Hutchins] (asking the Court to order Sallie Mae to repair his credit); 52-9 [Sherrod] (disputing alleged debt with Sallie Mae); 79-4 [Lockridge] (objecting generally to automated calls); 148–150 [Porter, Daniels, Price] (objecting to the general use of their names); 90 [DeJulius] (objecting to fact original fee petition was not on website); *see also* Selbin Decl., Ex. E (asserting without explanation that the Class member "objects to the Amended Settlement").[6]

## III.  CONCLUSION

For all the above reasons, Plaintiffs respectfully request that the objections be overruled and final approval granted.

DATED this 1st day of August, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC


By:  /s/ Beth E. Terrell, WSBA # 26759
Beth E. Terrell, WSBA #26759
Email:  bterrell@tmdwlaw.com
Michael D. Daudt, WSBA #25690
Email:  mdaudt@tmdwlaw.com
Marc C. Cote, WSBA #39824
Email:  mcote@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
Telephone:  206.816.6603
Facsimile:  206.350.3528

---

[6] Ms. Maureen Smith objects that "no discovery has been conducted in this matter."  *See* Dkt. No. 68.  Plaintiffs have responded to this objection and Ms. Smith did not renew her objection.  *See* Dkt. No. 80 at 12:6–13.

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN OPPOSITION TO FINAL SETTLEMENT APPROVAL - 7
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Jonathan D. Selbin, *Admitted Pro Hac Vice*
Email:  jselbin@lchb.com
Alison Stocking, *Admitted Pro Hac Vice*
Email:  astocking@lchb.com
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
Telephone:  212.355.9500
Facsimile:  212.355.9592

Daniel M. Hutchinson, *Admitted Pro Hac Vice*
Email:  dhutchinson@lchb.com
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

David P. Meyer, *Admitted Pro Hac Vice*
Email:  dmeyer@meyerwilson.com
Matthew R. Wilson, *Admitted Pro Hac Vice*
Email:  mwilson@meyerwilson.com
MEYER WILSON CO LPA
1320 Dublin Road, Suite 100
Columbus, Ohio  43215
Telephone:  614.224.6000
Facsimile:  614.224.6066

Joshua Swigart, *Admitted Pro Hac Vice*
Email: josh@westcoastlitigation.com
Robert L. Hyde
Email: bob@westcoastlitigation.com
David C. Leimbach
Email: dleimbach@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - 8
CASE NO. C10-0198 JLR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Douglas J Campion, *Admitted Pro Hac Vice*
Email: doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3507
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Abbas Kazerounian, *Admitted Pro Hac Vice*
Email: ak@kazlg.com
KAZEROUNIAN LAW GROUP
2700 North Main Street, Suite 1050
Santa Ana, CA 92866
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - 9
CASE NO. C10-0198 JLR

<u>CERTIFICATE OF SERVICE</u>

1

2          I, Beth E. Terrell, hereby certify that on August 1, 2012, I electronically filed the

3    foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4    such filing to the following:

5
           Kenneth E. Payson, WSBA #26369
6          Email:  kenpayson@dwt.com
           DAVIS WRIGHT TREMAINE LLP
7          1201 Third Avenue, Suite 2200
           Seattle, Washington  98101-3045
8          Telephone:  206.622.3150
           Facsimile:  206.757.7700
9

10         Julia B. Strickland, *Admitted Pro Hac Vice*
           Email:  jstrickland@stroock.com
11         Lisa M. Simonetti, *Admitted Pro Hac Vice*
           Email:  lsimonetti@stroock.com
12         STROOCK & STROOCK & LAVAN LLP
           2029 Century Park East, Suite 1600
13         Los Angeles, California  90067
           Telephone:  310.556.5819
14         Facsimile:  310.556.5959

15
           *Attorneys for Defendant*
16

17         Steve Dashiak, WSBA #39836
           Email:  stevedashiak@gmail.com
18         PHILLIPS & WEBSTER
           900 SW 16th Street, 16th Floor
19         Renton, Washington  98057
           Telephone:  425.970.6700
20

21         Darrell Palmer, *Admitted Pro Hac Vice*
           Email:  Darrell.palmer@palmerlegalteam.com
22         LAW OFFICES OF DARRELL PALMER
           603 N. Highway 101, Suite A
23         Solana Beach, California  92075
           Telephone:  858.792.5600
24

25

26

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - 10
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

David Schafer, *Admitted Pro Hac Vice*
Email:  david@helpingtexas.com
LAW OFFICES OF DAVID SCHAFER, PLLC
7800 IH-10 West, Suite 830
San Antonio, Texas  78230
Telephone:  210.348.0500

5

6

7

8

Brian Trenz, *Admitted Pro Hac Vice*
Email:  brian@helpingtexas.com
LAW OFFICES OF DAVID SCHAFER, PLLC
7800 IH-10 West, Suite 830
San Antonio, Texas  78230
Telephone:  210.348.0500

9

*Attorneys for Objectors Patrick Sweeney and Sasha McBean*

10

DATED this 1st day of August, 2012.

11

TERRELL MARSHALL DAUDT & WILLIE PLLC

12

13

14

15

16

By: /s/ Beth E. Terrell, WSBA # 26759
       Beth E. Terrell, WSBA # 26759
       Email:  bterrell@tmdwlaw.com
       936 North 34th Street, Suite 400
       Seattle, Washington  98103-8869
       Telephone:  206.816.6603
       Facsimile:  206.350.3528

17

*Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

PLAINTIFFS' RESPONSE TO OBJECTIONS SUBMITTED IN
OPPOSITION TO FINAL SETTLEMENT APPROVAL - 11
CASE NO. C10-0198 JLR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com