FILED
LOGGED
RECEIVED

MAIL

ORE6    **10-CV-00198-NTC**

AUDITS DI

ORE-11-01-0002

CM/ECF
Release
Center

666B

ATTN: ALL US COURTS [COURT CLERKS]
OSC THE HONORABLE [JUDGE'S BALMER]
USSC THE HONORABLE [JUDGE ROBERTS]
FLSD THE HONORABLE [JUDGE'S KING]
WAWD THE HONORABLE [JUDGE'S ROBART]
MULT4D THE HONORABLE [JUDGE'S WALLER]
MULT4D THE HONORABLE [JUDGE'S MCKNIGHT]

AUG 16 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

13 AUG '12 10:37 RECVD USDC-ORP

Case 3:11-mc-09267 As of 08/12/2012 7:28 PM PDT Page 1 of 9 Page ID#: <pageID>

**U.S. District Court State Federal ( En Banc ( MODEL PROTOCOL – 1 ))**
**ORP ( Multnomah (4)), FLSD ( Miami (1)), WAWD ( Seattle (2)), ORD ( Portland (3))**

CASES NO.WAWD 2:10-cv-00198 & 2:12-cv-01282 MULT4D 930201117 FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562 aoss

Brian L. Morgan, Specialist US ARMY RA Counsel )
Plaintiff & Counter Claims & Defendant & AOSS )
)
v. )
)
In Re: Checking Account Overdraft Litigation, (AOSS) )
I/R: Arthur v. SLM Corp. ( Morgan v. Sallie Mae, (CEC)) )
Morgan v. Mueller, Katz, Khan, Frye, ( Olson, (Campbell)) )
Morgan v. Harden, Fred Meyer, K, K & R, & ( Kroger ) )
Morgan v. Subway Inc. 39099 ( Fresh & Healthy Inc.) )
Defendants & AOSS )

**MODEL PROTOCOL FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION IN CIVIL LITIGATION**

## I.    INTRODUCTION

*Experience increasingly demonstrates that discovery of electronically stored information ("ESI") poses challenges for litigants (both parties and their attorneys) and for courts beyond the issues typically encountered and addressed when dealing with discovery of traditional, hard-copy documents. The United States District Court for the Western District of Washington recognizes that ESI is now frequently the subject of discovery and that such discovery can be extremely burdensome, time-consuming, and expensive. The Court believes that establishing a framework for anticipating and addressing ESI-related discovery at the earliest stages of litigation will encourage mutual and cost-effective solutions and speedier and more informed resolution of disputes.*

*In furtherance of these goals, the Court has developed this Model Protocol as a framework that may be used by parties for addressing and resolving a wide range of ESI issues. The Protocol is not intended to be an inflexible checklist. It may be adopted in its*

MODEL PROTOCOL - 1
CASE NO. WAWD 2:10-cv-00198 & 2:12-cv-01282 MULT4D 930201117 FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562

1  *entirety by the parties without any changes, or it may be adapted, as appropriate. Not all*
2  *aspects of the Protocol may be applicable or practical for a particular matter, and if the*
3  *parties do not intend to seek discovery of ESI, it may not be applicable to a particular case.*
4  *The Court expects that the parties will consider the nature of the claim, the amount in*
5  *controversy, agreements of the parties, the relative ability of the parties to conduct discovery of*
6  *ESI, and such other factors as may be relevant under the circumstances in deciding on*
7  *adopting and/or tailoring the provisions of the Protocol. The Court encourages the parties to*
8  *use this Protocol in cases in which there will be discovery of ESI and to resolve ESI issues*
9  *informally, early, and without Court supervision whenever possible.*

10  *Part II below sets forth the basic provisions of the Model ESI Protocol which the Court*
11  *expects would apply in most cases involving ESI discovery. Part III sets forth provisions that*
12  *provide an additional level of detail for the parties that may be appropriate and useful in*
13  *addressing more complicated ESI discovery issues. The complexity of ESI discovery varies*
14  *from case to case, and is not necessarily tied to the number or size of the parties or the amount*
15  *in controversy. The additional provisions of Part III are designed to assist parties in*
16  *anticipating and addressing early-on more complicated ESI discovery issues. In other cases,*
17  *however, the parties may determine that they do not need the level of specificity of the Part III*
18  *provisions and may not use them entirely. The intent is to provide the parties with suggested*
19  *provisions from which the parties can pick and choose, taking into consideration the factors*
20  *listed above as may be relevant under the circumstances of the particular case.*

21              **II.    MODEL PROTOCOL FOR ESI DISCOVERY**

22  **A.    General Principles:**

23              1.     An attorney's zealous representation of a client is not compromised by
24  conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation
25  to cooperate in facilitating and reasonably limiting discovery requests and responses raises
26  litigation costs and contributes to the risk of sanctions.

27

MODEL PROTOCOL - 2
CASE NO. WAWD 2:10-cv-00198 & 2:12-cv-01282  MULT4D 930201117  FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562

2.     The proportionality standard set forth in *Fed. R. Civ. P. 26(b)(2)(C)* should be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

**B.     Standard for ESI Disclosures:**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1.     <u>Custodians</u>.  The custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.     <u>Non-custodial data sources</u>.  A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.     <u>Third Party Data Sources</u>.  A list of third party data sources, if any, likely to contain discoverable ESI (e.g. third party email and/or mobile device providers, "cloud" storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to preserve information stored in the third party data source.

4.     <u>Inaccessible Data</u>.  A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i). Note: Section C(2)(a)-(i) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

**C.     Standard for Preservation of ESI:**

A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to ESI, the following provisions apply:

1.     Absent a showing of good cause by the requesting party, the parties shall not be

MODEL PROTOCOL - 3
CASE NO.WAWD 2:10-cv-00198 & 2:12-cv-01282 MULT4D 930201117 FLSD 1:09-md-02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562

1   required to modify, on a going-forward basis, the procedures used by them in the ordinary

2   course of business to back up and archive data; provided, however, that the parties shall

3   preserve all discoverable ESI in their possession, custody or control.   All parties shall

4   supplement their disclosures in accordance with  Rule 26(e) with discoverable ESI responsive

5   to a particular discovery request or mandatory disclosure where that data is created after a

6   disclosure or response is made (unless excluded under (C)(2) or (D)(1)-(2) below).

7        2.        Absent a showing of good cause by the requesting party, the following

8   categories of ESI need not be preserved:

9            a.      Deleted, slack, fragmented, or other data only accessible by forensics.

10           b.      Random access memory (RAM), temporary files, or other ephemeral
                     data that are difficult to preserve without disabling the operating system.

11

12           c.      On-line access data such as temporary internet files, history, cache,
                     cookies, and the like.

13           d.      Data in metadata fields that are frequently updated automatically, such as
                     last-opened dates (see also Section (E)(5)).

14

15           e.      Back-up data that are substantially duplicative of data that are more
                     accessible elsewhere.

16           f.      Server, system or network logs.

17           g.      Data remaining from systems no longer in use that is unintelligible on
                     the systems in use.

18

19           h.      Electronic data (e.g. email, calendars, contact data, notes, and text
                     messages) sent to or from mobile devices (e.g., iPhone, iPad, Android,

20                   and Blackberry devices), *provided* that a copy of all such electronic data
                     is routinely saved elsewhere (such as on a server, laptop, desktop

21                   computer, or "cloud" storage).

22       3.        The parties are to confer on any other categories of ESI that may not need to be

23   preserved, in light of the General Principles set forth above, and determine whether the parties

24   can agree that such categories can be added to the non-preservation list in (C)(2) above.

**D.    Standard for Addressing Privilege:**

25

26       The parties are to confer on the nature and scope of privilege logs for the case,

27   including whether categories of information may be excluded from any logging requirements

MODEL PROTOCOL - 4
CASE NO. WAWD 2:10-cv-00198 & 2:12-cv-01282  MULT4D 930201117  FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562

1  and whether alternatives to document-by-document logs can be exchanged.

2      1.      With respect to privileged or attorney work product information generated after
3  the filing of the complaint, parties are not required to include any such information in privilege
4  logs.

5      2.      Activities undertaken in compliance with the duty to preserve information are
6  protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

7      3.      Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.
8  Until a non-waiver order is entered, information that contains privileged matter or attorney
9  work product shall be immediately returned to the producing party (i) if such information
10  appears on its face that it may have been inadvertently produced or (ii) if the producing party
11  provides notice within 15 days of discovery by the producing party of the inadvertent
12  production.

13  **E.      Other ESI Discovery Protocols:**

14      1.      <u>On-site inspection of electronic media.</u>   Such an inspection shall not be
15  permitted absent a demonstration by the requesting party of specific need and good cause or by
16  agreement of the parties.

17      2.      <u>Search methodology.</u> The Court presumes that in the majority of cases, the use
18  of search terms will be reasonably necessary to located ESI likely to contain discoverable
19  information. Parties shall try to reach agreement on appropriate search terms before any query
20  is performed.

21          a.      A producing party shall disclose what search terms, if any, were used to
22  locate ESI likely to contain discoverable information.  If search terms were not used, a party
23  shall disclose the search methodology used to locate ESI likely to contain discoverable
24  information.

25          b.      If search terms were used to locate ESI likely to contain discoverable
26  information, a requesting party is entitled to no more than 5 additional terms or queries to be
27  used in connection with further electronic searches absent a showing of good cause or

MODEL PROTOCOL - 5
CASE NO. WAWD 2:10-cv-00198 & 2:12-cv-01282  MULT4D 930201117  FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562

1 agreement of the parties. The parties shall confer in good faith on the 5 additional terms or
2 queries. Focused terms and queries, rather than overbroad ones (e.g., product and company
3 names), shall be employed.

4         c.     For the purposes of this Protocol, and absent a showing of good cause,
5 search terms returning more than 250 megabytes of data are presumed to be overbroad. The
6 producing party shall search non-custodial data sources, emails, and other ESI maintained by
7 the custodians identified above.

8     3.     Format. The parties shall confer and agree on the format in which they produce
9 ESI and non-ESI. It is presumed that ESI shall be produced to the requesting party with
10 searchable text, in a format to be decided between the parties (e.g., TIFF with a companion text
11 file).

12     4.     Native files. Unless otherwise agreed to by the parties, the only files that should
13 be produced in native format are files not easily converted to image format, such as Excel,
14 Access files, and drawing files.

15     5.     Metadata fields. The parties shall confer and agree on whether metadata is to be
16 produced and if so, what metadata will be produced, or whether metadata shall be excluded
17 from discovery.

18     6.     Costs. Generally, the costs of discovery shall be borne by each party. The
19 Court will, however, apportion the costs of discovery among the parties, including discovery of
20 ESI that is not reasonably accessible, upon a showing of unequal burdens, unreasonable
21 requests, or other good cause.

22     **III.     ADDITIONAL SUGGESTED PROVISIONS FOR ESI DISCOVERY**

23     *[As discussed in the introduction above, the following are suggested provisions that*
24 *provide an additional level of detail for parties that may be of assistance in cases either with*
25 *more complicated ESI discovery or where the parties believe that an additional level of*
26 *specificity would be beneficial to resolving or avoiding ESI discovery issues. The parties may*
27 *pick and choose any provisions they find useful, and cut and paste them into the ESI protocol*

MODEL PROTOCOL - 6
CASE NO. WAWD 2:10-cv-00198 & 2:12-cv-01282 MULT4D 930201117 FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562

1  *above as appropriate.]*

2       *1.*    <u>*Search methodology.*</u>

3            *Upon reasonable request and if appropriate for the particular case, a party*

4  *shall also disclose information relating to network design, the types of databases, database*

5  *dictionaries, the access control list and security access logs and rights of individuals to access*

6  *the system and specific files and applications, the ESI document retention policy,*

7  *organizational chart for information systems personnel, or the backup and systems recovery*

8  *routines, including, but not limited to, tape rotation and destruction/overwrite policy.*

9       *2.*    <u>*Format.*</u>

10            *a.*    *Each document image file shall be named with a unique Bates Number*

11  *(e.g. the unique Bates Number of the page of the document in question, followed by the*

12  *extension "TIF" or "PDF"). File names should not be more than twenty characters long or*

13  *contain spaces. When a text-searchable image file is produced, the producing party must*

14  *preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted*

15  *below) and, where applicable, the revision history. The parties shall produce their information*

16  *in the following format: single page images and associated multi-page text files containing*

17  *extracted text or with appropriate software load files containing all requisite information for*

18  *use with the document management system (e.g., Concordance® or Summation®), as agreed*

19  *to by the parties.*

20            *b.*    *If appropriate to the particular case, the parties shall consider whether*

21  *or not the full text of each electronic document shall be extracted ("Extracted Text") and*

22  *produced in a text file. If the parties so agree, the Extracted Text shall be provided in*

23  *searchable ASCII text format (or Unicode text format if the text is in a foreign language) and*

24  *shall be named with a unique Bates Number (e.g. the unique Bates Number of the first page of*

25  *the corresponding TIFF or PDF document followed by the extension ".txt" or ".pdf").*

26            *c.*    *If a document is more than one page, the unitization of the document and*

27  *any attachments and/or affixed notes shall be maintained as they existed in the original*

MODEL PROTOCOL - 7
CASE NO. WAWD 2:10-cv-00198 & 2:12-cv-01282  MULT4D 930201117 FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562

1    *document.*

2        3.    *Metadata fields.  The parties are to confer and agree on whether metadata is to*
3    *be produced or may be excluded from discovery.  Meta-Data may not be relevant to the issues*
4    *presented or, if relevant, not be reasonably subject to discovery given the Rule 26(b)(2)(C)*
5    *cost-benefit factors.  Therefore, it may be subject to cost-shifting under Fed.R.Civ.P.*
6    *26(b)(2)(C).  For example, if one party is producing only paper documents, and the other party*
7    *is producing ESI, the parties should confer on whether the additional cost and burden of*
8    *producing metadata by the party producing ESI is reasonable or should be shifted under the*
9    *facts and circumstances of the case.  If the parties agree to produce metadata, and unless other*
10   *agreed, each party shall produce the following metadata associated with ESI to the extent*
11   *reasonably accessible:  (a) the author(s) of the ESI; (b) the recipient(s) of the ESI; (c) the date*
12   *the ESI was created; and (d) the source from which the ESI was produced.  The "source" of*
13   *ESI shall be the name of the person who was the custodian of the ESI or, if the name of a*
14   *person is not available, the storage location (e.g., "Regulatory Shared Drive—Wayne, PA").*
15   *This information will be included in the "Author," "Recipient," "Date," and "Source" fields*
16   *(respectively) for each document in the Concordance or Summation load file associated with*
17   *the .TIF images.  Although it is presumed generally that the above list of metadata fields will be*
18   *provided, the list of metadata fields is intended to be flexible and may be changed by agreement*
19   *of the parties, particularly in light of advances and changes in technology, vendor and business*
20   *practices.*

21       4.    *Hard Copy Documents.  If the parties elect to produce hard copy documents in*
22   *an electronic format, the production of hard copy documents shall include a cross-reference*
23   *file that indicates document breaks and sets forth the Custodian or Source associated with each*
24   *produced document.    Hard copy documents shall be scanned using Optical Character*
25   *Recognition technology and searchable ASCII text files shall be produced (or Unicode text*
26   *format if the text is in a foreign language).  Each file shall be named with a unique Bates*
27   *Number (e.g. the Unique Bates Number of the first page of the corresponding TIFF or PDF*

MODEL PROTOCOL - 8
CASE NO. WAWD 2:10-cv-00198 & 2:12-cv-01282  MULT4D 930201117 FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562

1  *document followed by the extension ".txt" or ".pdf").*

2      DATED: _____

3  PARTY 1                          PARTY 2

4

5

6  By_____    By_____

7

8                          **ORDER**

9      Based on the foregoing, IT IS SO ORDERED.

10

11     DATED: _____

12

13                          _____
                            The Honorable _____
14                          United States District Court Judge

15     DATED: _____
                            _____
16                          The Honorable _____
                            US State of Oregon 4th District Court Judge

17 Plaintiffs Represented By

18 "s/" **Brian L. Morgan** *Brian L Morgan*   **DATED:** 08-13-2012

19 Specialist Morgan US Army RA Counsel

20 PRO SE, Veteran, Seaman, Military Cases

21 U.S. Courts Pacer & CM/ECF #: pp3576

22 8006 SE Taggart St

23 Portland, OR 97206-1071

24 503-703-5867

25 E-Mail: morganusarmy@live.com

26

27
MODEL PROTOCOL - 9
CASE NO. WAWD 2:10-cv-00198 & 2:12-cv-01282  MULT4D 930201117  FLSD 1:09-md-
02036 MULT4D 930195088 ORD 3:11-mc-09267 ORP 3:93-cv-00288 & 3:92-cv-01562