THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. ARTHUR, CIRILO MARTINEZ, PARI NAJAFI, and HEATHER MCCUE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC.,<br><br>Defendant.<br><br>JUDITH HARPER,<br><br>Plaintiff/Intervenor,<br><br>v.<br><br>ARROW FINANCIAL SERVICES, LLC,<br><br>Defendant. | CLASS ACTION<br><br>NO. 10-cv-00198-JLR<br><br>[~~PROPOSED~~] ORDER APPROVING CLASS COUNSELS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS IN CONNECTION WITH AMENDED SETTLEMENT |

*JLR* (signature)

[PROPOSED] ORDER RE ATTYS' FEES
NO. 10-cv-00198-JLR
1037604.1

TERRELL MARSHALL DAUDT & WILLIE PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

Class Counsel's Motion For Award of Attorneys' Fees and Costs and Service Awards in Connection With Amended Settlement ("Fee Motion") came before the Court for hearing on September 14, 2012, pursuant to this Court's April 2 & 3, 2012 Orders granting preliminary approval to the proposed Amended Settlement. *See* Dkt. Nos. 215, 216. The Court has read and considered the Fee Motion, all supporting declarations and all other materials relating to the Fee Motion.

I. **THE REQUESTED AWARD OF ATTORNEYS' FEES IS APPROPRIATE UNDER THE PERCENTAGE-OF-THE-FUND METHOD**

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir 2003) (quoting Fed. R. Civ. P. 23(e)). Courts have the discretion to choose either the "lodestar/multiplier" method or the "percentage" method to determine a reasonable attorneys' fee. *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998). "[U]se of the percentage method in common fund cases appears to be dominant." *In re Omnivision Techs, Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008). By contrast, courts rely on the lodestar method under circumstances not applicable here, *i.e.*, when "there is no way to gauge the net value of the settlement or of any percentage thereof." *Hanlon*, 150 F.3d at 1029. As this is a common fund case, the Court will evaluate Class Counsel's fee application pursuant to the percentage-of-the-fund method.

The benchmark for an attorneys' fee award in the Ninth Circuit is twenty-five percent of the common fund. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). Factors that federal courts in the Ninth Circuit use to determine the reasonableness of fees under the percentage-of-the-fund approach include: (1) the results achieved (including results beyond the benefits of a cash fund);

[PROPOSED] ORDER RE ATTYS' FEES
NO. 10-cv-00198-JLR
1037604.1

- 1 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

1  (2) the risk involved with the litigation; (3) the contingent nature of the fee; and (4) awards made
2  in similar cases. *Vizcaino*, 290 F.3d at 1048.
3        The Court has considered these factors and determines that the requested award of
4  attorneys' fees and reimbursement of expenses of $4,830,000.00—20 percent of the common
5  fund—is appropriate. First, the Amended Settlement provides meaningful equitable and
6  monetary relief—the largest TCPA settlement of which Class Counsel and the Court are aware—
7  and it reflects the diligent work of skilled and experienced Class Counsel. Second, the risks
8  involved in this litigation were notable given the evolving state of the law impacting Plaintiffs'
9  TCPA claims and Sallie Mae's numerous potential affirmative defenses. Furthermore, by
10 agreeing to litigate this case on a contingency basis, Class Counsel risked their own resources
11 with no guarantee of recovery. Finally, the percentage fee requested is consistent with or lower
12 than the fees and costs awarded in cases involving similar TCPA claims and/or similarly sized
13 class settlements.

## II. CLASS COUNSEL'S REQUEST FOR REIMBURSEMENT OF COSTS IS REASONABLE

16       The Court further finds that Class Counsel's request for reimbursement of costs is also
17 reasonable, particularly in light of the fact that Class Counsel do not seek costs in addition to the
18 $4.83 million requested fee. The Ninth Circuit allows recovery of pre-settlement litigation costs
19 in the context of class action settlement. *Staton*, 327 F.3d at 974; *In re Media Vision Tech. Sec.*
20 *Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). Reimbursement of reasonable costs is fully in
21 keeping with applicable law. Throughout the course of this litigation, Class Counsel incurred
22 out-of-pocket costs totaling $134,114.61.[1] Based on a review of Class Counsel's expense reports,
23 the Court is satisfied that the requested costs are relevant to the litigation and reasonable in
24 amount.

---

[1] *See* Selbin Decl. ¶¶ 65-66, Ex. C; Terrell Decl. ¶ 16, Ex. B; Wilson Decl. ¶ 7, Ex. C; Swigart Decl. ¶ 8, Ex. B; Kazerounian Decl. ¶ 8.

[PROPOSED] ORDER RE ATTYS' FEES
NO. 10-cv-00198-JLR
1037604.1
- 2 -
TERRELL MARSHALL DAUDT & WILLIE PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

### III. SERVICE AWARDS FOR THE NAMED PLAINTIFFS ARE APPROPRIATE

Plaintiffs request combined service payments of $7,500.00, consisting of $2,500.00 payments to the Mark Arthur, Cirilo Martinez, and Pari Najafi. The trial court has discretion to order service awards to be paid to class representatives. *In re Mego Fin'l Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329 (W.D. Wash. 2009). Here, the record indicates that Plaintiffs Arthur, Martinez, and Najafi contributed to the litigation by: (1) assisting counsel with the preparation of the complaints and amended complaints; (2) producing relevant documents and responding to other informal written discovery; (3) staying abreast of the multiple rounds of settlement negotiations; (4) reviewing the (original and amended) settlement terms; and (5) preparing and submitting declarations to the Court.[2] The Court finds these contributions to the litigation and settlement process sufficient to warrant the requested Service Awards. When compared to service awards in other cases, the $2,500 payments requested here are justified.[3]

\* \* \*

The Court having considered all papers filed and proceedings had herein, and otherwise being fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Court hereby finds and concludes that due and adequate notice has been directed to all persons and entities who are Class Members as required in this Court's April 3, 2012 (Dkt. No. 216), advising them of Class Counsel's intent to seek attorneys' fees and costs and Service Awards, and of their right to object thereto.[4]

---

[2] *See* Declarations of Mark Arthur, Cirilo Martinez, and Pari Najafi.

[3] *See Pelletz*, 592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000); *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, 2008 U.S. Dist. LEXIS 106515, at *16 (W.D. Wash. Apr. 24, 2008) (approving $3,500 awards).

[4] *See generally* Declaration of Jennifer Keough.

[PROPOSED] ORDER RE ATTYS' FEES
NO. 10-cv-00198-JLR
1037604.1

- 3 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

2.     A full and fair opportunity was accorded to all such persons and entities to be heard with respect to the Fee Motion.

3.     The Court hereby grants Class Counsel's request for fees in the amount of $4,830,000.00. That award amounts to 20 percent of the common fund, less than the 25 percent benchmark. When Class Counsel's expended costs of $134,114.61 are deducted, the remaining fee approximates 19% of the common fund.

4.     In addition to any relief they may receive under the Amended Settlement Agreement, the Court approves payment of a $2,500.00 incentive payment to Mark Arthur, Cirilo Martinez, and Pari Najafi.

5.     The awarded attorneys' fees and costs shall be paid pursuant to the terms, conditions and obligations of the Amended Settlement Agreement, which provides for payment to an escrow account in three tranches. The payment of the awarded fees and costs is conditioned on the Stipulated Undertaking for Repayment of Attorneys' Fees and Costs, which has been signed by the parties and was approved by this Court on April 3, 2012.

6.     The awarded fees and expenses shall be directed to Class Counsel for distribution in a manner that reflects each firm's contribution to the initiation, prosecution and resolution of this litigation. The Court authorizes the Class Counsel firm of Lieff Cabraser Heimann & Bernstein, LLP to allocate the fee award among the Plaintiffs' firms.

\\
\\
\\
\\
\\
\\
\\

[PROPOSED] ORDER RE ATTYS' FEES
NO. 10-cv-00198-JLR
1037604.1
- 4 -
TERRELL MARSHALL DAUDT & WILLIE PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603

7. Without affecting the finality of this Order, the Court reserves continuing and exclusive jurisdiction over parties to the Amended Settlement Agreement to settle any disputes related to the allocation of the costs and fees awarded by this Order.

IT IS SO ORDERED.

Dated: September 17, 2012

_____
The Honorable James L. Robart
United States District Judge

[PROPOSED] ORDER RE ATTYS' FEES
NO. 10-cv-00198-JLR
1037604.1

- 5 -

TERRELL MARSHALL DAUDT & WILLIE PLLC
3600 FREMONT AVENUE NORTH
SEATTLE, WASHINGTON 98103
TELEPHONE: (206) 816-6603